IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    *Plaintiff*,

v.

CIVIL ACTION No. 2:19-cv-00236

HONORABLE ANDREW NAPOLITANO (RET.);
FOX NEWS NETWORK, LLC;
CABLE NEWS NETWORK, INC.;
MSNBC CABLE LLC;
NATIONAL REPUBLICAN SENATORIAL COMMITTEE;
35TH INC.; ASSOCIATED PRESS;
BOSTON GLOBE MEDIA PARTNERS, LLC;
BREITBART NEWS NETWORK, LLC;
CLARITY MEDIA GROUP, INC.;
THE WASHINGTON TIMES, LLC;
TRIBUNE PUBLISHING COMPANY, LLC;
WP COMPANY LLC
d/b/a THE WASHINGTON POST;
NEIL CAVUTO; CHRIS HAYES;
SARAH ELIZABETH CUPP;
BRADLEY BLAKEMAN; JOHN LAYFIELD;
STEPHANIE HAMILL; KEVIN McLAUGHLIN;
LEIGH ANN CALDWELL;
MICHAEL PATRICK LEAHY; JOSH DAWSEY;
JENNA JOHNSON; BEN WOLFGANG;
MICHAEL WARREN; CATHLEEN DECKER;
and DOES 1–50 inclusive,

    *Defendants*.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Fox News Network, LLC ("Fox News") removes this action from the Circuit Court of Mingo County, West Virginia, to the Charleston Division of the United States District Court for the Southern District of West Virginia. The grounds for removal are:

1.      Plaintiff Don Blankenship commenced this $12 billion defamation action against Fox News and other defendants on March 14, 2019, by filing a civil complaint in the Circuit Court for Mingo County, West Virginia, captioned *Don Blankenship v. Honorable Andrew Napolitano (Ret.), et al.*, Civil Action No. 19-C-26.  Fox News has not been served with the complaint, but the complaint has been posted publicly on social media.  A copy of the publicly available complaint is attached hereto as Exhibit 1.

2.      In the complaint, Blankenship alleges he "has resided in West Virginia," Compl. ¶ 30, but he does not allege his state of citizenship or present domicile.  *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (explaining that for purposes of assessing diversity, an individual is a citizen of a State if he is a "domiciliary of that State," which "requires physical presence, coupled with an intent to make the State a home").

3.      On information and belief, Blankenship's domicile is the State of Nevada, and he is currently a citizen of Nevada.  In support thereof, Fox News notes that Blankenship asked this Court in 2017 to transfer jurisdiction over his supervised release to the District of Nevada based on his stated plan "to make the District of Nevada his primary domicile," and the Court granted that request.  *See United States v. Blankenship*, Case No. 5:14-cr-00244, (S.D. W. Va. Oct. 26, 2017) (ECF No. 659 at Page ID# 23061).  Last year, during Blankenship's campaign for the United States Senate, media outlets noted Blankenship maintained his primary residence in Nevada.  *See, e.g.*, Trip Gabriel & Stephanie Saul, *Don Blankenship Is a West Virginia Senate Candidate. He Lives in Nevada.*, New York Times (Apr. 25, 2018), https://www.nytimes.com/2018/04/25/us/politics/don-blankenship-china-west-virginia.html.

4.      On information and belief, no defendant is a citizen of Nevada.  In his complaint, Blankenship names more than two dozen defendants, but none of them is alleged to have any

connection to Nevada. *See* Compl. ¶¶ 31–59. On information and belief, the citizenships of the defendants named in the complaint are as follows:

a. Andrew Napolitano is a domiciliary of New Jersey;

b. Fox News Network, LLC is a limited liability company whose sole member is Fox Corporation, a Delaware corporation with its principal place of business in New York;

c. Cable News Network, Inc., is a Delaware corporation with its principal place of business in Georgia;

d. MSNBC Cable LLC is a limited liability company whose sole member is NBCUniversal Media, LLC, a limited liability company whose sole member is Comcast Corporation, a Delaware corporation with its principal place of business in Pennsylvania;

e. The National Republican Senatorial Committee is a Washington, D.C. non-profit corporation with its principal place of business in Washington, D.C.;

f. 35th, Inc., is a West Virginia non-profit corporation with its principal place of business in West Virginia;

g. Breitbart News Network, LLC is a limited liability company whose members are domiciliaries of California and New York.

h. The Associated Press is a New York non-profit corporation with its principal place of business in New York;

i. Boston Globe Media Partners, LLC is a limited liability company whose sole member is Globe Newspaper Company, Inc., a Delaware corporation with its principal place of business in Massachusetts;

j. Clarity Media Group, Inc., is a Delaware corporation with its principal place of business in Colorado;

k. The Washington Times, LLC is a limited liability company whose sole member is TWT Holdings LLC, a limited liability corporation whose sole member is Operations Holdings, Inc., a Delaware corporation with its principal place of business in New York;

l. Tribune Publishing Company is a Delaware corporation with its principal place of business in Illinois;

m. Los Angeles Times Communications LLC is a limited liability company whose sole member is Nant Capital, a limited liability company whose members are citizens of California;

n. WP Company LLC d/b/a The Washington Post is a limited liability company whose sole member is Nash Holdings LLC, a limited liability company whose member is a domiciliary of Washington State;

o. Neil Cavuto is a domiciliary of New Jersey;

p. Chris Hayes is a domiciliary of New York;

q. Sarah Elizabeth Cupp is a domiciliary of Connecticut;

r. Bradley Blakeman is a domiciliary of Virginia;

s. John Layfield is a domiciliary of Texas;

t. Stephanie Hamill is a domiciliary of Washington, D.C.;

u. Kevin McLaughlin is a domiciliary of Virginia;

v. Leigh Ann Caldwell is a domiciliary of California;

w. Michael Patrick Leahy is a domiciliary of Tennessee;

      x.      Josh Dawsey is a domiciliary of Washington, D.C.;

      y.      Jenna Johnson is a domiciliary of Washington, D.C.;

      z.      Ben Wolfgang is a domiciliary of Maryland;

      aa.      Michael Warren is a domiciliary of Virginia; and

      bb.      Cathleen Decker is a domiciliary of Washington, D.C.[1]

5.      To the extent Blankenship renounced his domicile in Nevada *before* filing this lawsuit and now maintains West Virginia as his domicile, *see Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (en banc) (observing diversity of citizenship for removal cases must be determined "both at the time the action was originally commenced in state court and at the time of filing the petition for removal"), complete diversity exists because 35th, Inc.—a West Virginia citizen—was joined solely for the purpose of defeating diversity jurisdiction.

6.      This Court has jurisdiction over this case, because it involves a matter in controversy alleged to exceed $75,000, *see* Compl. ¶¶ 24–25, and it arises between citizens of different States. *See* 28 U.S.C. § 1332.

7.      Removal of this action is proper under 28 U.S.C. § 1441. Although that statute bars removal of a case in which a defendant "is a citizen of the State in which such action is brought," that bar applies only when that defendant has been "properly joined *and served*." *See* 28 U.S.C. § 1441(b)(2) (emphasis added). The rule does not prevent removal when such a defendant has not been served. *See Gibbons v. Bristol-Myers Squibb Co.*, __ F.3d ___, 2019 WL 1339013, at *3–5 (2d Cir. Mar. 26, 2019) (recognizing that the forum defendant rule does not

---

[1] Blankenship also names "Does 1 through 50" as defendants. *See* Compl. ¶ 59. The citizenships of defendants sued under fictitious names are to be disregarded "in determining whether a civil action is removable on the basis of [diversity] jurisdiction under section 1332(a)." 28 U.S.C. § 1441(b)(1).

prevent removal before service on the home-state defendant); *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (same). According to the docket in the underlying proceeding in the Circuit Court for Mingo County, the State court has not issued any summonses, so no defendant has been served.

8. Removal also is timely and proper under 28 U.S.C. § 1446. Specifically, § 1446(b)(1) requires a defendant to remove within 30 days of receiving service, and § 1446(b)(2)(A) requires "all defendants who have been properly joined and served" to "join in or consent to the removal of the action." Because no defendant (including Fox News) has been served, Fox News's removal to this Court is timely, and no other defendant is required to consent to the removal at this time.

9. Section 1446(a) requires the attachment of all process, pleadings, and orders served upon the removing defendant in the State action. Because Fox News has not been served, no attachments are required under Section 1446(a). Nevertheless, the publicly available State court complaint is attached as Exhibit 1 and the Mingo County Circuit Court docket sheet is attached as Exhibit 2.

10. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on the plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Mingo County, West Virginia.

11. With this removal, Fox News does not waive any defense, including but not limited to insufficient service of process or personal jurisdiction. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *Beabout v. Wolfe*, 2005 WL 8162401, at *3 (N.D. W. Va. Aug. 2, 2005) (summarizing "the proposition that the filing of a notice of removal does not constitute a general

appearance that waives the defendant's right to challenge service of process or personal jurisdiction").

THEREFORE, Fox News removes this action from the Circuit Court for Mingo County, West Virginia, to the Charleston Division of the United States District Court for the Southern District of West Virginia.

**FOX NEWS NETWORK, LLC,**

By Counsel:

/s/ J. Zak Ritchie
J. Zak Ritchie (WVSB #11705)
Ryan McCune Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
zritchie@hfdrlaw.com
rdonovan@hfdrlaw.com

Elbert Lin (WVSB #12171)
Kevin S. Elliker (*pro hac vice* forthcoming)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
804-788-8200 *office*
804-788-8218 *fax*
elin@HuntonAK.com
kelliker@HuntonAK.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2019, I caused to be served via fax, email, and U.S. Mail the foregoing on the individuals listed below:

Jeffrey S. Simpkins, Esq.
Simpkins Law
102 E. 2nd Ave.
Williamson, WV 25661
(304) 235-2735
simpkinslawoffice@gmail.com

Eric P. Early, Esq.
(CA State Bar No. 166275)
Jeremy Gray, Esq.
(CA State Bar No. 150075)
Kevin S. Sinclair, Esq.
(CA State Bar No. 254069)
Early Sullivan Wright Gizer & McRae, LLP
6420 Wilshire Blvd. 17th Floor
Los Angeles, CA 90048
(323) 301-4660
(323) 301-4676 Fax
eearly@earlysullivan.com
jgray@earlysullivan.com
ksinclair@earlysullivan.com

*Counsel for Plaintiff Don Blankenship in the
Circuit Court for Mingo County, West Virginia*

                                                /s/ J. Zak Ritchie
                                                J. Zak Ritchie (WVSB #11705)