UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION



DON BLANKENSHIP,

    Plaintiff,

    v.                            Civil Action No.:  2:19-CV-00236

HONORABLE ANDREW NAPOLITANO  (RET.);
et al.

    Defendants.

### ANSWER, MOTION TO DISMISS AND MOTION FOR SANCTIONS BY JERRY WAYNE WILLIAMSON

NOW COMES JERRY WAYNE WILLIAMSON (hereafter referred to "Defendant"), and reserving his claim that there is not personal jurisdiction over him, answers and moves to dismiss plaintiff's First Amended Complaint (hereafter, "Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint against defendant fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff filed this action in the courts of West Virginia.  All actions upon which plaintiff bases his claims against defendant took place in North Carolina, and defendant

1

does not have, nor does plaintiff allege, the minimum contacts necessary to confer personal jurisdiction against him in West Virginia.  There is no personal jurisdiction over defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant are barred by the relevant statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any statements alleged by plaintiff to have been made by defendant are protected speech under the First Amendment of the United States Constitution's guarantee of Freedom of Speech.

### FIFTH AFFIRMATIVE DEFENSE

Any statements alleged by plaintiff to have been made by defendant are protected speech under the First Amendment of the United States Constitution's guarantee of Freedom of the Press.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged statements made by defendant about plaintiff, who was a public figure at the time of the alleged statements, were thought to be true at the time they were published and were based upon reasonable research and inquiry by defendant as to their truth. Furthermore, none of the alleged statements were false or misleading.  None of the alleged statements tended to defame the plaintiff and reflect shame, contumely, and disgrace upon him.

2

None of the statements were published with knowledge at the time of publication that they were false or misleading or were published with a reckless and willful disregard of truth. None of the statements were intended to injure the plaintiff through the knowing or reckless publication of the alleged statements.

## SEVENTH AFFIRMATIVE DEFENSE

"Watauga Watch" is the name of blog and is not a legal entity under North Carolina law or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's process and service of process upon defendant was insufficient.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff incurred no damage or injury as a result of any alleged statements by defendant. Furthermore, to the extent that plaintiff seeks damages from defendant, any such damages are remote, speculative and non-compensable.

## ELEVENTH DEFENSE AND ANSWER

Answering the specific allegations of the Complaint, defendant alleges and says:

1.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Complaint, and the same are therefore denied.

2.      Defendant admits that plaintiff sought the nomination for the United States

Senate from West Virginia. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 2 of the Complaint, and the same are therefore denied.

3.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 3, 4, 5, and 6 of the Complaint, and the same are therefore denied, but he denies that he was part of any concerted effort of any kind relating to plaintiff.

4.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 7, 8, 9, 10, 11, and 12 of the Complaint and the same are therefore denied.

5.     Defendant admits that plaintiff sought the nomination for the United States Senate from West Virginia, as alleged in paragraph 13 of the Complaint. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 13 of the Complaint and the same are therefore denied.

6.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 of the Complaint, and the same are therefore denied.

7.     Defendant denies the allegations of paragraphs 24 and 25 of the Complaint as they relate to him.  As for the recitation of what plaintiff is seeking in damages, the Complaint speaks for itself and requires no response. Defendant lacks sufficient

information to either admit or deny the remaining allegations contained in paragraphs 24 and 25 of the Complaint, and the same are therefore denied.

8.      Defendant denies the allegations of paragraph 26 of the Complaint.

9.      Defendant denies the allegations of paragraphs 27, 28 and 29 of the Complaint as they relate to him.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraphs 27, 28 and 29 of the Complaint, and the same are therefore denied.

10.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of the Complaint, and the same are therefore denied.

11.      Defendant denies that Watauga Watch is a legal entity, as alleged in paragraph 47 of the Complaint.  Defendant admits that he operates an on-line publication entitled, "Watauga Watch," which deals with a variety of subjects and provides parody and satire, among others regarding a variety of subjects.  Defendant denies the remaining allegations contained in paragraph 47 of the Complaint, and the same are therefore denied.

12.      Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90. 91, 92, 93, 94, 95, and 96 of the Complaint, and the same are therefore

denied.

13.     Defendant denies the allegations of paragraph 97 of the Complaint.

14.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, and 141.

15.     Defendant denies that the resources of the Federal Government are "infinite," as alleged in paragraph 142 of the complaint.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 142 of the Complaint, and the same are therefore denied.

16.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, and 154 of the Complaint, and the same are therefore denied.

17.     Defendant denies the allegations of paragraph 155 of the Complaint.

18.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178 and 179 of the Complaint, and the same are therefore denied.

19.     Defendant denies the allegations of paragraph 180 of the Complaint.

20.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 181, 182, 183, 184, 185, 186, 187, 188, and 189, and the same are therefore denied.

21.     Defendant admits that plaintiff lost his bid to be the GOP nominee for the United States Senate, as alleged in paragraph 190 of the Complaint.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 190 of the Complaint, and the same are therefore denied.

22.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, and 215, and the same are therefore denied.

23.     Defendant denies the allegations of paragraph 216 of the Complaint.

24.     Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 217, 218, 219, 220, and 221, and the same are therefore denied.

25.     In response to paragraph 222 of the Complaint, defendant realleges and reincorporates by reference his answers and defenses as have been set out above.

26.     As to himself, defendant denies the allegations of paragraphs 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 234, 235, 236, and 237 of the Complaint and further denies that he conspired with any person or was a part of any conspiracy relative to

Plaintiff. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraphs 223, 224, 225, 226, 227, 228, 229, 230, 231, 232. 233, 234, 235, 236, and 237, and the same are therefore denied.

27.     In response to paragraph 238 of the Complaint, defendant realleges and reincorporates by reference his answers and defenses as have been set out above.

28.     As to himself, defendant denies the allegations of paragraphs 239, 240, 241, 241, 242, 243, 244, 245, 246, 247, 248, 249, and 250 of the Complaint. He further denies that he conspired with any person or was a part of any conspiracy relative to Plaintiff or that he placed plaintiff in a "false light." Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraphs 239, 240, 241, 241, 242, 243, 244, 245, 246, 247, 248, 249, and 250 of the Complaint, and the same are therefore denied.

29.     Defendant realleges and incorporates by reference his affirmative defenses and paragraphs 1 through 28 of his answer, as if set out herein in full.

30.     Plaintiff's complaint contains many factual allegations and legal contentions against defendant which are untrue, have no evidentiary support, and which would not have been made if even a minimally reasonable inquiry into the facts had been made prior to the filing of the Complaint against him.

31.     Plaintiff's legal contentions against defendant are not warranted by existing law nor a nonfrivolous argument for extending, modifying or reversing existing law.

32.     Plaintiff and his counsel should be sanctioned for including false information, frivolous legal claims, and frivolous bases for those claims against defendant in his Complaint, including being required to pay defendant his reasonable expenses incurred in responding to this action, including reasonable attorney's fees, pursuant to Rule 11 of the Federal Rules of Civil Procedure. petitioners from sanctions for the original pleading under Rule 11(c)(2), despite their amendment.

WHEREFORE, Defendant Jerry Wayne Williamson prays that the Court:

1.     Dismiss the Complaint and deny plaintiff any relief whatsoever against him pursuant to his affirmative and general defenses, as well as his motion to dismiss;

2.     Tax costs of this action to plaintiff;

3.     That defendant have and recover his costs in defending this action, including travel costs and reasonable attorney's fees;

4.     Sanction plaintiff and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure; and

5.     Grant such other and further relief as it may deem just and proper under the circumstances of this case.

This 17th of JUNE          , 2019.

*Jerry Wayne Williamson*

Jerry Wayne Williamson, *Pro se*
375 Old Highway 421 South
Boone, NC  28607
(828) 262-5119
jww@boone.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

        Plaintiff,

v.                                Civil Action No.:  2:19-CV-00236

HONORABLE ANDREW NAPOLITANO  (RET.);
et al.

        Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the foregoing Answer, Motion to Dismiss and Motions for Sanctions upon the Plaintiff by depositing a copies thereof, postage prepaid, in the United States mail, addressed to his attorneys, as follows:

        Jeffrey S. Simpkins, Esq.
        SIMPKINS LAW
        102 E. 2nd Ave.
        Williamson, WV  25661

        Eric P. Early, Esq.
        Jeremy Gray, Esq.
        Kevin S. Sinclair, Esq.
        EARLY SULLIVAN WRIGHT GIZER & McRAE, LLP
        6420 Wilshire Blvd., 17th Floor
        Los Angeles, CA 90048

This _17th_ of ___JUNE___, 2019.

*Jerry Wayne Williamson*

10