```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**DON BLANKENSHIP,**

        **Plaintiff,**

**v.**                                                  **Civil Action No. 2:19-cv-00236**

**HONORABLE ANDREW NAPOLITANO (RET.);**
**et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the motion of the plaintiff, Don Blankenship, to remand this case to the Circuit Court of Mingo County, West Virginia, filed April 9, 2019. Defendant Fox News Network, LLC, ("Fox News") filed a response in opposition on April 23, 2019, to which the plaintiff replied on April 30, 2019.

This action commenced in the Circuit Court of Mingo County on March 14, 2019, upon the plaintiff's filing of a complaint of defamation against twenty-eight named defendants seeking $12 billion in damages.[1] The allegations of the complaint spur from the media's representation of Mr. Blankenship as he unsuccessfully vied for the West Virginia Republican Party nomination in the 2018 United States Senate

---

[1] The plaintiff has since amended his complaint to include over 100 defendants. ECF # 14.

1

race.

On March 29, 2019, prior to any party being served, defendant Fox News Network, LLC ("Fox News") removed the case to this court on the grounds of diversity jurisdiction. On April 9, 2019, the plaintiff filed a motion to remand, not disputing that the parties are totally diverse nor that the requisite amount in controversy is exceeded, but rather contending that removal is improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2), because at least one defendant is a West Virginia domiciliary.[2]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Removal jurisdiction is to be construed narrowly, and when jurisdiction is doubtful, remand is proper." Caufield v. EMC Mortg. Corp., 803 F. Supp. 2d 519, 529 (S.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chemicals Co. Inc., 29 F.3d

---

[2] Fox News devotes much of its notice of removal and opposition to the motion to remand presenting evidence that Mr. Blankenship is domiciled in Nevada rather than West Virginia; no defendants are domiciled in Nevada. The plaintiff, however, does not contest Fox News' representation that he is a Nevada domiciliary, nor that complete diversity exists. See Reply Memo., ECF # 16 at 4 ("Fox News spends much of its Opposition arguing that complete diversity exists, a point which Plaintiff does not contest.")

148, 151 (4th Cir.1994)).

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The parties do not dispute that defendant 35th Inc. is a West Virginia resident and that if 35th Inc. were served prior to removal, removal would have been barred by the forum defendant rule. The issue, rather, is whether the forum defendant rule bars removal when the forum defendant was not yet "properly joined <u>and</u> <u>served</u>" at the time of removal. <u>Id.</u> (emphasis added). Fox News contends that the plain meaning of the statute provides that removal is proper when the forum defendant has not been served prior to removal. The plaintiff does not dispute this literal interpretation of the statute, but rather argues that "such a rule leads to a result Congress plainly did not intend[.]" Memo. in Support, ECF # 6 at 6. The court notes that it is irrelevant that 35th Inc. has since been served, inasmuch as "[t]he removability of a case 'depends upon

the state of the pleadings and the record at the time of the application for removal. . . .'" Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013), quoting Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 216 (1906)).

In the Fourth Circuit, "[t]he general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language (the Plain Meaning Rule)." Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir.2001) (citing Caminetti v. United States, 242 U.S. 470, 485, (1917)). There are two exceptions to the plain meaning rule: (1) "when literal application of the statutory language at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary." Hillman, 263 F.3d at 342 (citing Sigmon Coal Co. v. Apfel, 226 F.3d 291, 304 (4th Cir.2000)); and (2) "when literal application of the statutory language at issue 'results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense." Id. (quoting Sigmon Coal Co., 226 F.3d at 304).

Few circuit courts, of which the Fourth Circuit is not one, have had opportunity to interpret the forum defendant rule in this context. The majority of those that have, however, have shown support for the interpretation that applies the plain

4

meaning rule and allows removal. Specifically, two circuits -- the Third and the Second -- have considered the issue over the past year. See Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147 (3d Cir. 2018), reh'g denied (Sept. 17, 2018), and Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019).

In Encompass, the Third Circuit reviewed a district court's decision denying remand after a forum defendant, the sole defendant in the case, filed a notice of removal prior to being served and the case was otherwise removable. 902 F.3d at 152. The court followed the traditional rules of statutory interpretation, concluding first that "the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." Id. The court then considered the two exceptions, but found that they did not apply:

> [C]ourts and commentators have determined that Congress enacted the ["properly joined and served" portion of the forum defendant rule] "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Arthur Hellman, et al., Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code, 9 Fed. Cts. L. Rev. 103, 108 (2016) (quoting Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 645 (D.N.J. 2008)); see also Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014) (noting the same).

5

> . . .
>
> Congress' inclusion of the phrase "properly joined and served" addresses a specific problem -- fraudulent joinder by a plaintiff -- with a bright-line rule. Permitting removal on the facts of this case does not contravene the apparent purpose to prohibit that particular tactic.
>
> . . .
>
> Furthermore, we do not perceive that the result in this case rises to the level of the absurd or bizarre.

Id. at 153-154.  The court thus adopted the literal interpretation and found that removal was proper.

In Gibbons, the Second Circuit reviewed a district court's decision allowing removal of multiple multidistrict litigation actions when the sole two defendants were sued in the state courts of their home state but removed the actions prior to being served.  The court agreed with the Third Circuit's literal interpretation of the text: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." Gibbons, 919 F.3d at 705.  It further agreed that neither exception to the plain meaning rule applied:

6

>Allowing a defendant that has not been served to remove a lawsuit to federal court "does not contravene" Congress's intent to combat fraudulent joinder. In fact, Congress may well have adopted the "properly joined and served" requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant.
>
>. . .
>
>Put simply, the result here -- that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship -- is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair.

Id. at 706-707 (citations omitted).

The Sixth Circuit, as well, has indicated support for utilizing the literal interpretation of the forum defendant rule. See McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir.), amended on denial of reh'g, 250 F.3d 997 (6th Cir. 2001) (finding that a claim of improper removal was waived, and nonetheless was "without merit" where a served non-forum defendant removed the case prior to a forum co-defendant being served: "Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." (emphasis in original)).

In addition, the Eleventh and Seventh Circuits have let stand district court findings on the issue, the district court in one instance having found removal proper but dismissing the case, and in another remanding the case, which the circuit court found to be unreviewable on appeal. See Goodwin v. Reynolds, 757 F. 3d 1216, 1221 (11th Cir. 2014) (finding that the district court did not abuse its discretion in dismissing a case under Rule 41(a)(2) so that the plaintiff could refile its complaint in state court and immediately serve the forum defendant, after the court found removal was proper when two non-forum defendants removed the case prior to a forum co-defendant being served: "Because the likely purpose of this [§ 1441(b)(2)] language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo Defendants' gamesmanship in the circumstances at bar." (emphasis in original)) and Holmstrom v. Peterson, 492 F.3d 833, 839 (7th Cir. 2007) (finding that a district court's remand order, where a non-forum defendant removed the case before any defendants, including a forum defendant, had been served, was not reviewable on appeal pursuant to 28 U.S.C. § 1447(d): "The district court's handling of the unique situation of lack of service on all defendants, including the resident defendant, whether correct or erroneous, is simply an interpretation of § 1441(b). Any remand

order falling within the scope of § 1447(c) lies outside our jurisdiction, regardless of the correctness of the district court's reasoning." (emphasis in original)).

The Fourth Circuit has not yet weighed in on the issue, and the district courts in the circuit are split. <u>Compare</u>, e.g., <u>Phillips Constr., LLC v. Daniels Law Firm, PLLC</u>, 93 F. Supp. 3d 544, 555 and 556 n. 3 (S.D.W. Va. 2015) (finding, in a case in which all defendants were forum defendants, that the literal interpretation of the statute should not apply, and that remand was appropriate: "The Court will not interpret Section 1441(b)(2) in a way that incentivizes . . . patently absurd gamesmanship on the part of defendants and provides a unique tool for savvy forum defendants to control the forum of litigation." It was further noted that "the Court does not reach the related issue of whether the forum-defendant rule bars pre-service removal when the case involves both resident and non-resident defendants."), <u>with</u> <u>Vitatoe v. Mylan Pharm., Inc.</u>, 1:08-cv-85, 2008 WL 3540462, at *5-6 (N.D.W. Va. Aug. 13, 2008) (applying the literal interpretation of the statute to find that removal was appropriate when a non-forum defendant removed the case before either defendant, the other of which was a forum defendant, had been served: "the statutory language of § 1441(b) requiring that the forum defendant be 'joined and served' to preclude removal is unambiguous and must be given its plain

9

meaning[;]" "no absurd result or 'procedural trap' is produced by applying a literal application of the statute.").

Upon review of the persuasive authority, the court herein applies the interpretation of the Second and Third Circuits.  There is apparently no dispute among the parties that the literal reading of the statute provides that if a forum defendant has not been served, removal is proper.  The court finds, as the Second and Third Circuits did, that this plain meaning is not clearly contrary to congress' intent nor so absurd that it cannot be given its plain meaning.  The plaintiff here attempts to argue that <u>Gibbons</u> and <u>Encompass</u> were wrongly decided because they only addressed the absurdity exception, yet it is clear from the above-quoted language in both cases that such is not the case.  <u>See</u> <u>Gibbons</u>, 919 F.3d at 706-707 and <u>Encompass</u>, 902 F.3d at 153-154.  Moreover, the court agrees with those courts' reasoning that congress enacted a bright-line rule and applying it as written is not clearly contrary to its intended purpose.  Nor is a literal application "so gross as to shock the general moral or common sense."  <u>Hillman</u>, 263 F.3d at 342.

Accordingly, the court applies the plain meaning of the statute and finds that since 35th Inc. was not served prior to Fox News' removal of this case, it was not "properly joined

and served," and the forum defendant rule does not bar removal.[3]

It is therefore ORDERED that the motion to remand be, and hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

DATED: July 17, 2019

John T. Copenhaver, Jr.
Senior United States District Judge

---

[3] The court does not address the argument of Fox News that 35th Inc. was procedurally misjoined and should be severed and remanded.  See Memo. in Opp., ECF # 15 at 7-10.  This argument was raised only as a means of restoring complete diversity in the event the court found that Mr. Blankenship was domiciled in West Virginia.  Mr. Blankenship conceded complete diversity, however, and the issue is thus not before the court.

11