UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **DON BLANKENSHIP,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**HONORABLE ANDREW NAPOLITANO (RET.);**<br>**FOX NEWS NETWORK, LLC;**<br>. . .<br><br>**GANNETT CO, INC;**<br><br>**and**<br><br>**MIKE ARGENTO**<br><br>        **Defendants.** | **Case No.: 2:19-cv-00236**<br>**[Honorable John T. Copenhaver, Jr.]** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

NOW COMES Defendant Michael Argento pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and other applicable law, and in support of his Motion to Dismiss for Lack of Personal Jurisdiction, respectfully states as follows:

**I.**       **BACKGROUND/PROCEDURAL STATUS**

In his Amended Complaint, Plaintiff Don Blankenship accurately states that movant Michael Argento is a resident of Pennsylvania. *Amended Complaint ¶127.* In fact, Mr. Argento, a 37-year employee of the York Daily Record, lives and works exclusively in Pennsylvania and has no relationship with the State of West Virginia. *See Affidavit of Michael Argento, ¶¶4, 7-11.*[1] The York Daily Record, for which Mr. Argento is a Reporter and Columnist, maintains its only

---

[1] The Affidavit of Michael Argento is attached to his Motion to Dismiss for Lack of Personal Jurisdiction as **EXHIBIT A**.

office in York County, Pennsylvania and is circulated primarily in York County and surrounding areas. *See Affidavit of Michael Argento*, *¶3*. [2]

The publication at issue in the Amended Complaint, titled "*Women Sue for Right to Go Topless in O.C.*" (the "Article"), is a satirical commentary on a lawsuit filed to overturn an ordinance in Ocean City, Maryland. The Article included a single illustrative peripheral reference to Mr. Blankenship. *See Affidavit of Michael Argento*, *¶5*. The Article, printed only in the York Daily Record and carried on its website, did not relate to any matter of importance or concern to West Virginia citizens and was not directed in any manner to West Virginia or targeted to its residents. *See Affidavit of Michael Argento*, *¶¶5,7*. Mr. Argento did not contact or communicate with anyone in West Virginia in researching or writing the Article and has never conducted business in West Virginia. *See Affidavit of Michael Argento*, *¶10*. In short, Mr. Argento has absolutely no relationship with the State of West Virginia and, consequently, the long-arm statute does not confer personal jurisdiction in West Virginia over Mr. Argento for purposes of Mr. Blankenship's claims.

More fundamentally, the Amended Complaint fails to plead jurisdictional facts adequate to subject Mr. Argento to the jurisdiction of this Court. Plaintiff states generically that the Mingo County Circuit Court has personal jurisdiction over all of the Defendants under W.Va. Code §56-3-33 because

> each of them, transacted business in this state; that they contracted to supply services or things in this state; that they caused tortious injury to Plaintiff by an act or omission in this state; and that they caused tortious injury in this state by an act or omission outside this state while regularly doing and/or soliciting business in this state and/or engaging in a persistent course of conduct and/or

---

[2] Although it maintains a website, the content of the online version of the York Daily Record is local to the York, Pennsylvania area and is not directed or marketed in any manner toward West Virginia and its citizens. *See Affidavit of Michael Argento*, *¶6*.

> deriving substantial revenue from goods used or consumed or serves rendered in this state.

*Amended Complaint ¶27.* Plaintiff further claims that

> West Virginia was the focal point of [Defendants'] comments and stories, both with respect to the underlying story itself (i.e. Mr. Blankenship's criminal proceedings in West Virginia) and with respect to a significant portion of the harm Mr. Blankenship suffered (i.e. the effect on the West Virginia election). Accordingly, all of the Defendants purposely directed their actions toward West Virginia and should reasonably have anticipated being haled into court in West Virginia.

*Amended Complaint ¶28.* Not one of these allegations is true of Mr. Argento or the Article, which was published several weeks after Mr. Blankenship lost the Republican primary and could not possibly have affected the election. *See Affidavit of Michael Argento, ¶5 and Amended Complaint ¶6.* Plaintiff provides no specific facts with respect to Mr. Argento, the Article or any alleged contacts with West Virginia to support his legal conclusion that Mr. Argento is subject to the personal jurisdiction of this Court. Now that the lack of personal jurisdiction has been asserted by this Motion to Dismiss, Mr. Blankenship must make a prima facie showing of personal jurisdiction in order to proceed with his claims against Mr. Argento in this Court.

## II. LAW AND ARGUMENT

### a. Motions to Dismiss under Fed. R. Civ. 12(b)(2)

Fed.R.Civ.P. 12(b)(2) provides for the presentation of a motion to dismiss for lack of personal jurisdiction by way of responsive pleading. When a Rule 12(b)(2) Motion is based solely on the complaint, motions and affidavits, the plaintiff bears the burden of making "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009).

Although Courts considering jurisdictional motions "must take all disputed facts and reasonable inferences in favor of the plaintiff," the Court need not "adopt the plaintiff's legal conclusions that the alleged facts meet jurisdictional requirements; it is the province of the court to determine whether, as a matter of law, personal jurisdiction exists." Williams v. Advertising Sex, LLC et al., No. 1:05-cv-51, 2009 U.S. Dist. LEXIS 24647 (N.D.W.Va. Mar. 17, 2009). See also Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003); Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009).

### b. Standard for Personal Jurisdiction

This Court, sitting in diversity, may exercise personal jurisdiction over an individual non-resident Defendant if the West Virginia long-arm statute establishes jurisdiction and the exercise "is consistent with constitutional due process." Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 188 (4th Cir. 2016) (quoting Nichols v. G.D. Searle & Co., 991 F. 2d 1195, 1199 (4th Cir. 1993). Our Courts have determined that West Virginia's long-arm statute, W.Va. Code §56-3-33, "is coextensive with the full reach of due process" so the Court is not required to apply "'the normal two-step formula.'" Knisely v. Nat'l Better Living Ass'n, No. 3:14-cv-15, 2015 U.S. Dist. LEXIS 53232, at *21 (N.D. W. Va. Apr. 23, 2015), (quoting Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997)). Rather, this Court need only determine whether the exercise of personal jurisdiction over Mr. Argento would be consistent with the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. See id.

It is well-settled that "[a] court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of

fair play and substantial justice.'" Carefirst of Md., Inc., 334 F.3d at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

"Each defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984). As such, the broad allegations of the Amended Complaint as to jurisdiction over each of the Defendants, including Mr. Argento, must be examined individually to protect their liberty interest in not being subject to suit in a far-flung forum.

### c. General vs. Specific Jurisdiction

Personal jurisdiction may be either general or specific. See ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002). General jurisdiction arises out of an individual's continuous and purposeful contacts with the forum. See Carefirst of Md., Inc., 334 F.3d at 397. With respect to individual Defendants, the individual's place of residence is ordinarily where general personal jurisdiction is proper. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Specific jurisdiction, on the other hand, requires that a defendant "purposefully direct" his activities at residents of the forum state and that the plaintiff's claims result from injuries that arise out of or relate to activities in the forum state. Perdue Foods, 814 F.3d at 189, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). "The contacts related to the cause of action must create a substantial connection with the forum state." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997) (*internal quotations omitted*). A court may exercise specific personal jurisdiction when a defendant's conduct in the forum state relates to the cause of action or when a defendant's activity is "expressly aimed" at the forum state, such that the forum state is the "focal point of both the story and the harm suffered." Calder, 465 U.S. at 789-90; Young v. New Haven Advocate, 315 F.3d 256, 261.

The "traditional standard" for establishing specific personal jurisdiction examines "(1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, (2) whether the plaintiff's claim arises out of the defendant's forum-related activities, and (3) whether the exercise of personal jurisdiction over the defendant would be constitutionally reasonable." ALS Scan, Inc., 293 F3d at 712; Universal Leather, LLC v. Koro, AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014).

To determine whether a defendant "purposefully avail[ed] himself of the privilege of conducting business under the laws of the forum state," courts consider several factors, such as whether the defendant maintains offices or agents in the forum, whether the defendant owns property in the forum, whether the defendant "reached into the forum state to solicit or initiate business," and whether the defendant "deliberately engaged in significant or long-term business activities in the forum." Consulting Engineers Corp., 561 F.3d at 278.

As an alternative to the traditional analysis, a court may properly assert specific jurisdiction over an individual non-resident defendant based on the effects of an intentional tort but only if defendant "expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity" and the plaintiff "felt the brunt of the harm in the forum." Carefirst of Md., Inc., 334 F.3d at 397-98 & n.7 (citing Calder, 465 U.S. at 789-90).

The article at issue in Calder subjected a Florida reporter to jurisdiction in California and was based on "the California activities of a California resident" and "concerned the California activities of a California resident." Calder, 465 U.S. at 787-89. The fact that the article in Calder was published in the *National Enquirer*, which had its largest circulation in the State of California, was also a crucial factor in finding specific personal jurisdiction. Id. at 790. The Calder Court found that California was "the focal point both of the story and of the harm

suffered." Id. at 789. The Calder "effects test" has been utilized in examining the existence of personal jurisdiction in libel cases. See e.g., Young v. New Haven Advocate, 315 F.3d 256 (4th Cir. 2002); Williams, 2009 U.S. Dist. LEXIS 24647; Lewin v. Columbia Univ. in N.Y., No. 86-1191, 1987 U.S. App. LEXIS 19463 (4th Cir. June 19, 1987) (*per curiam*); Dring v. Sullivan, 423 F. Supp. 2d 540 (D. Md. 2006).

The Fourth Circuit has both considered and limited the reach of the Calder "effects" test. Young, 315 F.3d 256. The court in Young specifically rejected the exercise of personal jurisdiction in the forum state "merely because the defendant knowingly posted defamatory statements on a website accessible to residents in the forum state, and because it knew that the plaintiff would feel the effects of those defamatory statements in the forum state where he lived and worked." Williams, 2009 U.S. Dist. LEXIS 24647, at *11-12, (citing Young, 315 F.3d at 262 ("*Although the place that the plaintiff feels the alleged injury is plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by the defendant's own [sufficient minimum] contacts with the state if jurisdiction . . . is to be upheld."*) (*internal citation omitted*)). Furthermore, the "application of Calder in the Internet context requires proof that the out-of-state defendant's Internet activity is **expressly targeted at or directed to** the forum state." Young, 315 F.3d at 262-63 (citing ALS Scan, 293 F.3d at 714) (*emphasis supplied*).

Even Courts reviewing publications with a nationwide reach have refused to exercise personal jurisdiction over non-resident defendants when the publication at issue did not specifically target a forum state audience. See Burleson v. Toback, 391 F. Supp. 2d 401, 415-16 (M.D.N.C. 2005) (*website targeted to miniature horse lovers*); Falwell v. Cohn, 2003 WL 751130, at *3 (W.D. Va. Mar. 4, 2003) (*website targeting a national audience*).

### d. This Court Lacks Personal Jurisdiction Over Michael Argento

Plaintiff's averments in the Amended Complaint regarding the basis for personal jurisdiction over Mr. Argento are nothing more than conclusory and vague suggestions of a possibility that he might have sufficient contacts with West Virginia to be answerable in our Courts. See Eclipse IP, LLC v. Cornerstone Brands, Inc., No. 5:12-cv-144, 2013 U.S. Dist. LEXIS 196424, at *2-3 (N.D. W. Va. Jan. 23, 2013). See Brighter Sky Prods., LLC v. Marriott Int'l, Inc., No. 5:17-cv-03254, 2018 U.S. Dist. LEXIS 82215, at *23 (S.D. W. Va. May 16, 2018) (*finding that the plaintiff's claims regarding personal jurisdiction were merely conclusory where the plaintiff offered no concrete, meaningful contacts with the forum outside of the defendant's website*). See also Farrar v. Cessna Aircraft Co., No. 2:18-cv-00461, 2018 U.S. Dist. LEXIS 191940 (S.D. W. Va. Nov. 9, 2018). The Amended Complaint is devoid of any substantive allegations that Mr. Argento, in particular, has any contacts with the forum or that his conduct has any relationship to this forum. Mr. Argento has provided an Affidavit, (*see Affidavit of Michael Argento, attached to Motion to Dismiss for Lack of Personal Jurisdiction as Exhibit A*) specifically refuting Plaintiff's vague statements of jurisdictional facts. Farrar, 2018 U.S. Dist. LEXIS 191940, at *7. It is now Mr. Blankenship's burden to come forward with factual support for his bare assertion of personal jurisdiction.

Mr. Blankenship has failed to plead any facts required to show that personal jurisdiction in West Virginia exists as to Mr. Argento. *Amended Complaint ¶127* ("*. . . Plaintiff is informed and believes, and based thereon alleges, that Mike Argento, is an individual domiciled in the State of Pennsylvania. Mike Argento is a reporter for the York Daily Record*"). The Amended Complaint contains no scintilla of support for the proposition that Mr. Argento has any

relationship to West Virginia or that jurisdiction in the Southern District of West Virginia is proper for Plaintiff's claims against him. Goodyear, 564 U.S. at 919.

The Plaintiff is unable to satisfy his obligation to make a prima facie showing of specific personal jurisdiction over Mr. Argento under the traditional analytical framework. There is no allegation that Mr. Argento "purposefully availed" himself of any privilege of doing business in West Virginia. See Young, 315 F.3d at 261. A reporter based in York, Pennsylvania, Mr. Argento owns no property in West Virginia, has no office and conducts no business in West Virginia and has not deliberately targeted West Virginia with his Article. *See Affidavit of Michael Argento*, ¶¶4, 7-12. The Article was directed to local readers in York, Pennsylvania and pertained to legislation passed in Ocean City, Maryland. *See Affidavit of Michael Argento*, ¶¶5-6.

The Complaint also fails to make the required showing that personal jurisdiction is proper pursuant to the Calder effects test, as that test has been construed in the Fourth Circuit. See Calder, 465 U.S. at 789-90. Mr. Argento never aimed his conduct at West Virginia and West Virginia was not a "focal point" of the Article. *See Affidavit of Michael Argento*, ¶¶5-6. Carefirst of Md., Inc., 334 F.3d at 397-98 & n.7. The Article very clearly has nothing to do with West Virginia or Mr. Blankenship who was referenced only for his curious use of the term "China persons." The Article in the York Daily Record specifically mentions an ordinance enacted in Ocean City, Maryland, and ensuing lawsuit, and had no connection to any other area. *See Affidavit of Michael Argento.* West Virginia was not the focus of the Article or the cause of the harm described by Plaintiff which he characterizes as general reputational damage and "the effect on the West Virginia election." *Amended Complaint ¶¶24, 28.*[3]

---

[3] Mr. Blankenship also claims that, due to the damage caused by the publications challenged in his Amended Complaint, "he has been prevented from pursuing other businesses and opportunities and generating similar returns of billions of dollars." Amended Complaint ¶24. However, there is no allegation that these lost opportunities were presented pursued in West Virginia.

9

It is worth noting that the Article dated May 27, 2018, was published after the May 8, 2018 primary election in which Mr. Blankenship was defeated so cannot possibly have played any role in the outcome. Furthermore, the York Daily Record is not aimed at West Virginia or even a national publication. Rather, it is a local newspaper specifically targeted, in content and advertising, to the residents of York County and surrounding areas. *See Affidavit of Michael Argento,* ¶6, 10-12. There is no connection at all between Mr. Argento or his Article and West Virginia and no plausibly alleged relationship between the Article and claimed harm.

Although the York Daily Record is available online, the fact that the Article would be accessible to West Virginians who have a computer is not enough to establish a basis for personal jurisdiction. See ALS Scan, 293 F.3d at 714 ("*a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received*"); Williams, 2009 U.S. Dist. LEXIS 24647, at *22 ("*Paramount to [the personal jurisdiction] determination is consideration of whether the [Defendants] purposefully directed electronic activity into West Virginia with the manifest intent of engaging in business here.*").

A finding that personal jurisdiction exists in this Court over Mr. Argento would be constitutionally unreasonable and violate due process. Plaintiff has the ability to bring his suit against any of the Defendants in any forum provided they are subject to jurisdiction. Mr. Blankenship's desire to join over a hundred Defendants in a single action is simply not a factor to be considered in any personal jurisdiction analysis. The Amended Complaint is wholly insufficient to sustain Plaintiff's burden of making a prima facie showing of personal jurisdiction over non-resident Defendant Mr. Argento and should be dismissed.

### III. <u>CONCLUSION</u>

WHEREFORE Defendant Michael Argento respectfully requests that this Honorable Court grant his Motion to Dismiss for Lack of Personal Jurisdiction, dismiss all claims asserted against him by Plaintiff Don Blankenship in his Amended Complaint, and for such other and further relief as this Court deems just and proper including an award of attorney fees if permitted.

*/s/ Holly S. Planinsic*
Holly S. Planinsic
W.Va. State Bar I.D. #6551
HERNDON, MORTON, HERNDON & YAEGER
83 Edgington Lane
Wheeling, West Virginia 26003
Telephone: (304) 242-2300
Fax: (304) 243-0890
E-mail: hplaninsic@hmhy.com

Robert P. Fitzsimmons, Esq.
W.Va. State Bar I.D. #1212
FITZSIMMONS LAW FIRM PLLC
1609 Warwood Ave
Wheeling WV 26003
Phone: (304) 277-1700
Fax: (304) 277-1705
E-mail: bob@fitzsimmonsfirm.com
*Counsel for Defendant Gannett Co, Inc. & Michael Argento*

HMHY#104099