IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**DON BLANKENSHIP**,

    Plaintiff,

  v.                                 CIVIL ACTION NO. 2:19-00236
                                         (Hon. John T. Copenhaver, Jr., Sr. Judge)

**HON. ANDREW NAPOLITANO**, *et al.*,

    Defendants.

### MEDIA DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS FOR BRIEFS IN SUPPORT OF MOTIONS TO DISMISS

Defendants American Broadcasting Companies, Inc.; Capitol Hill Publishing, Inc. d/b/a The Hill; The Daily Beast Company LLC; The Guardian News and Media, LLC; Hearst Magazine Media, Inc. d/b/a Esquire; Los Angeles Times Communications, LLC; The McClatchy Company; National Journal Group, LLC; National Public Radio, Inc.; NowThis Media, Inc.; Salem Media Group, Inc. d/b/a TownHall; The 74 Media, Inc.; Tribune Publishing Company, LLC; Vice Media LLC; Susan Davis; Cathleen Decker; Nicole Hensley; Josh Kraushaar (incorrectly sued as "John Kraushaar"); Kevin Mahnken; David Martosko; Martin Pengelly; Charles Pierce; Gideon Resnick; and Matt Taylor (together, **"Media Defendants"**) respectfully submit this Motion to file two separate motions to dismiss Plaintiff's First Amended Complaint, and to exceed the page limit for briefs set forth in Local Rule 7.1(a)(2).[1]  For the reasons stated herein, there is good cause to grant this unopposed Motion to which Plaintiff has consented to the relief requested.

---

[1] There may be additional individual defendants joining one or more of these motions, but that would not change the number of motions or length of memoranda submitted for either of these motions.

## I. DISCUSSION

In his First Amended Complaint (ECF No. 14) ("FAC"), Plaintiff Don Blankenship sued ***more than one hundred defendants***, including many media companies that never have conducted business in West Virginia, and individual journalists who never have visited this State. Blankenship's claims for defamation and false light invasion of privacy are, for the most part, based on the same alleged error in news reports mentioning his 2015 criminal conviction for conspiracy to willfully violate federal mine-safety laws (referring to it as a "felony" instead of a "Class A misdemeanor").

Because similar legal and factual issues preclude the exercise of personal jurisdiction over many of these Media Defendants, and because the claims against them suffer from the same legal defects, Media Defendants have endeavored to avoid burdening this Court with separate motions to dismiss from each of the many named parties. Accordingly, fifteen (15) of the media companies named as defendants in this case, along with approximately a dozen (12) individual journalists associated with those companies, hereby seek to file consolidated motions to dismiss the FAC in order to avoid duplication.

Some of the Media Defendants are moving to dismiss on the merits, under Fed. R. Civ. P. 12(b)(6). Others are asserting a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and in the alternative, may join in the merits motion. So that these issues may be discussed on behalf of multiple defendants, the moving Media Defendants seek leave to file two separate motions to dismiss – a jurisdiction motion, and a merits motion – and to exceed the page limits of Local Rule 7.1(a)(2) for the jurisdiction motion, as follows:

1. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), supported by a brief of no more than 20 pages, along with an appendix collating the specific published statements at issue in the case;

2. A motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), supported by a brief of no more than 25 pages, along with an appendix summarizing the relevant jurisdictional information about each moving defendant.

Under Local Rule 7.1(a), "[a] judicial officer for good cause shown may allow a supporting memorandum to exceed 20 pages." Pursuant to this Rule, courts in this District regularly allow oversized briefs and bifurcated motions where a party shows a reasonable need for such an enlargement – especially where (as here) the opposing party does not oppose the request. *See, e.g.*, *Michael T. v. Crouch*, 344 F. Supp. 3d 856, 861 (S.D.W. Va. 2018) (granting motion to exceed limit and finding good cause even though "Plaintiffs' [45-page] response to Defendant's motion is well over the page limit" and "the response was not accompanied by a motion for leave to exceed that limit"); *United Transp. Union v. Perdue*, No. 5:07-CV-00682, 2008 WL 4527177, at *1 (S.D.W. Va. Sept. 30, 2008) (granting motion to exceed page limits "[a]s good cause has been shown for the motions and because there were no objections to the motions"); *Tpk. Ford, Inc. v. Ford Motor Co.*, No. CIV A 205-CV-00398, 2008 WL 282791, at *1 (S.D.W. Va. Jan. 31, 2008) (same).

Here, the moving Media Defendants have good cause for the Court's approval to file their two separate motions to dismiss in the form set forth above. Plaintiff's 59-page complaint asserts claims against what Plaintiff refers to as "the entire establishment media spectrum." FAC ¶ 2. For each of the 100+ defendants to file overlapping or similar motions would be grossly burdensome for the Court, and inefficient for the parties. However, in order to efficiently consolidate the moving defendants' arguments, additional space is needed to cover the factual and legal issues that are specific to the nearly two dozen companies and individuals joining Media Defendants' proposed motions. The moving Media Defendants respectfully submit that

allowing them to file separate briefs on the jurisdiction and merits issues, and allowing the extended page limits with appendices as described above, will permit them to address the important constitutional issues raised by Plaintiff's lawsuit without unduly taxing this Court's resources.

## II. CONCLUSION

For the reasons set forth above, the Media Defendants respectfully request that the instant motion be granted, and that they be given leave to file separate motions to dismiss in the form set forth above.

Dated: August 15, 2019

        Respectfully Submitted,

        /s/ Sean McGinley, Esq.
        Sean P. McGinley, Esq., WV Bar No. 5238
        **DIPIERO SIMMONS**
        **McGINLEY & BASTRESS, PLLC**
        605 Virginia Street, East
        Charleston, WV 25301
        Tel: (304) 342-0133

        Kelli L. Sager (*pro hac vice*)
        **DAVIS WRIGHT TREMAINE LLP**
        865 South Figueroa Street, Suite 2400
        Los Angeles, CA 90017
        Tel.: (213) 633-6800

        Alison Schary (*pro hac vice*)
        Eric J. Feder (*pro hac vice*)
        **DAVIS WRIGHT TREMAINE LLP**
        1919 Pennsylvania Avenue, NW, Suite 800
        Washington, DC 20006
        New York, New York 10019
        Tel.: (202) 973-4248

        *Attorneys for Defendants Capitol Hill Publishing, Inc. d/b/a The Hill; The Daily Beast Company LLC; The Guardian News and Media, LLC; Los Angeles Times Communications, LLC; The McClatchy Company; National Journal Group, LLC; National*

*Public Radio, Inc.; NowThis Media, Inc.; The 74 Media, Inc.; Tribune Publishing Company, LLC; Vice Media LLC; Susan Davis; Cathleen Decker; Nicole Hensley; Josh Kraushaar; Kevin Mahnken; David Martosko; Martin Pengelly; Gideon Resnick; and Matt Taylor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**DON BLANKENSHIP**,

    Plaintiff,

v.                          CIVIL ACTION NO. 2:19-00236
                                (Hon. John T. Copenhaver, Jr., Sr. Judge)

**HON. ANDREW NAPOLITANO**, *et al.*,

    Defendants.

### CERTIFICATE OF SERVICE

    I, Sean P. McGinley, hereby certify that on this 15th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Jeffrey S. Simpkins
**SIMPKINS LAW**
102 E. 2nd Avenue
Williamson, WV 25661
Telephone: 304.235.2735

Eric P. Early (CA 166275) (pro hac vice)
Jeremy Gray (CA 150075) (pro hac vice )
Kevin S. Sinclair (CA 254069) (pro hac vice)
**EARLY SULLIVAN WRIGHT GIZER & MCCRAE**
6420 Wilshire Boulevard, 17 Floor
Los Angeles, CA 90048
Telephone: 323.301.4660

                                            /s/ Sean P. McGinley, Esq.
                                            Sean P. McGinley, Esquire (WV Bar # 5836)