**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

DON BLANKENSHIP,

        Plaintiff,

v.                                  Case No.: 2:19-cv-00236

HONORABLE ANDREW NAPOLITANO
(RET.), et al.,

        Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT, DAN RATHER'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), Defendant, Dan Rather, states as follows in support of his Motion to Dismiss Plaintiff Don Blankenship's ("Plaintiff") First Amended Complaint With Prejudice:

## INTRODUCTION

Out of two hundred and fifty paragraphs in Plaintiff's fifty-nine-page Amended Complaint, Defendant Dan Rather is only mentioned twice, in paragraphs 53 and 103:

> 53. … News and Guts is a news, media, and production company created by journalism icon Dan Rather in New York.

> 103. As to Defendant Dan Rather, Plaintiff is informed and believes, and based thereon alleges, that Dan Rather is an individual domiciled in the State of New York.  Dan Rather is a journalism icon that currently owns News and Guts.

Nowhere in the Amended Complaint does it assert any statement, publication, act, omission, or otherwise, by Mr. Rather that could subject him to personal jurisdiction or liability to Plaintiff for his claims of defamation and false light invasion of privacy. This undisputable fact alone justifies dismissal of the Amended Complaint against Mr. Rather as a matter of law in light of Plaintiff's failure to meet the requisite pleading requirements under Fed. R. Civ. P. 8. In

addition, the laws of the Fourth Circuit, the Supreme Court of Appeals of West Virginia, and the Supreme Court of the United States make clear that Plaintiff has not met the heightened pleading requirements imposed on public figures in connection with defamation and false light invasion-of-privacy claims. Mr. Rather, therefore, respectfully submits that the Amended Complaint should be dismissed as a matter of law.

## BACKGROUND

Mr. Rather is a citizen and resident of the State of New York. (Declaration of Dan Rather, ("Rather Decl.") ¶ 2). Mr. Rather does not own property in the State of West Virginia and has not visited or otherwise spent any time in West Virginia during the time period relevant to this dispute. (*Id*. at ¶¶ 3-4). Nor has Mr. Rather personally conducted any business activities in the State, or outside of the State that were intended to be directed at the State of West Virginia. (*Id*. at ¶¶ 5-6).

Defendant, News and Guts, LLC ("News and Guts") is a media company in which Mr. Rather has an ownership interest. News and Guts is a separate and distinct legal entity. On May 7, 2018, News and Guts caused an article to be published entitled, *Don Blankenship: A Felon, A Racist And A Possible GOP Senate Nominee*, (the "Article") (Amended Complaint, Doc. No. 14, ¶ 177). Other than the references to Mr. Rather in paragraphs 53 and 103 of the Amended Complaint, as identified above, and paragraph 177 which simply states that News and Guts published the Article, the Amended Complaint is completely devoid of any specific allegation relating to Mr. Rather, News and Guts, and/or the contents of the Article.

Additionally, the jurisdictional allegations in the Amended Complaint are not Defendant-specific and instead relate to jurisdiction of the Mingo County Circuit Court, not this Court. (*Id.* at ¶¶ 26 – 28). Indeed, Plaintiff has made a single allegation related to Mr. Rather (or News and Guts) that gives rise to Plaintiff's claims for defamation and false light invasion of privacy.

**LEGAL STANDARD**

**I.     Federal Rule of Civil Procedure 12(b)(2)**

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp*., 416 F.3d 290, 294 (4th Cir. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

A plaintiff must overcome two hurdles to make a showing of personal jurisdiction. *Bostic v. Drummond Ltd.,* 2016 U.S. Dist. LEXIS 156947, *5, 2016 WL 6699204. "First, he must identify, and bring the non-resident within, the terms of an applicable state long-arm statute." *Id.* "Second, the non-movant must show that the exercise of personal jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment." *Id.*; *See also Consulting Eng'rs Corp. v. Geometric Ltd*., 561 F.3d 273, 277 (4th Cir. 2009); *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).

Under West Virginia's long-arm statute West Virginia Code § 56-3-33, a state may enable its courts to exercise personal jurisdiction over non-residents who commit certain acts[1] within the state, or certain acts outside of the state, which have caused injury within the state.

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. USCS Const. Amend. 14; *See World-Wide Volkswagen Corp.*

---

[1] "(1) Transacting any business in this state; (2) Contracting to supply services or things in this state; (3) Causing tortious injury by an act or omission in this state; (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (6) Having an interest in, using or possessing real property in this state; or (7) Contracting to insure any person, property or risk located within this state at the time of contracting." W. Va. Code § 56-3-33

8563673                                                    3

*v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

Where the defendant's contacts with the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 397 (4th Cir. 2003). To determine whether specific jurisdiction exists, the Fourth Circuit considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711-12 (4th Cir. 2002)).

Where the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic." *Id.* (citing *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & n.9 (1984)). This is "a more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan, Inc.*, 293 F.3d at 712.

## II.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss challenging the sufficiency of the allegations in a complaint falls under Federal Rule of Civil Procedure 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). When deciding a Rule 12(b)(6) motion, the court accepts as true the facts alleged in the complaint and views them in the light most favorable to the plaintiff. *E.g., Trulock*, 275 F.3d at 405. "[O]nly material facts and not the unsupported conclusions of the pleader are considered in the light most favorable to the plaintiff." *Williamson v. Waugh*, 160 F. Supp. 72, 75 (S.D.W.Va. 1958). "Dismissal is appropriate if Plaintiff fails to assert a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory." *Hollis-Arrington v. PHH Mortgage Corp.*, 2005 WL 3077853 *7 (D.N.J. 2005).

In a defamation action, however, "[t]here is one significant exception to the general rule that the complaint will be construed liberally on a Rule 12(b)(6) motion." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 610 (1969). "When the claim alleged is a traditionally disfavored 'cause of action,' such as malicious prosecution, libel, and slander, the courts tend to construe the complaint by a somewhat stricter standard and are more inclined to grant a Rule 12(b)(6) motion to dismiss." *Id.* Courts in the Fourth Circuit, as well as the Supreme Court of Appeals of West Virginia, have adopted the stricter approach to analyzing the sufficiency of a complaint alleging claims for defamation and false light under a Rule 12(b)(6) motion inquiry. *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500, 2019 U.S. Dist. LEXIS 45553, *58-59, 2019 WL 1295055 ("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."); *Long v. Egnor,* 176 W. Va. 628, 635, 346 S.E.2d 778, 785, 1986 W. Va. LEXIS 510, *20, 13 Media L. Rep. 1855 (W. Va. July 3, 1986).

Under Fed. R. Civ. Proc. 8's notice pleading requirement, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S. Ct. at 1964-65; *see Trulock*, 275 F.3d at 405 ("A plaintiff often must offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant."). Under Fourth Circuit and West Virginia law, Plaintiff's claims against Mr. Rather for defamation and false light invasion of privacy fail to meet the Rule 8 pleading requirement necessary to survive a motion to dismiss. Specifically, Plaintiff has not alleged any facts supporting either this Court's exercise of personal jurisdiction over Mr. Rather or his claims against Mr. Rather.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Mr. Rather.

A. <u>Plaintiff cannot bring Mr. Rather within the confines of W. Va. Code § 56-3-33</u>

Mr. Rather has neither committed acts within or outside of the State of West Virginia, which have caused Plaintiff injury within the state. Indeed, Plaintiff's Amended Complaint is silent as to any "act" whatsoever that Mr. Rather individually took that resulted in any injury to Plaintiff in support of Plaintiff's causes of action against Mr. Rather.

Mr. Rather, in his individual capacity, has never (i) transacted business in West Virginia, (ii) contracted to supply services or things in West Virginia, (iii) engaged in any act or omission in West Virginia that caused tortious injury, or (iv) engaged in any act or omission outside West Virginia that caused injury within the State.[2] (*See* Rather Decl.). Accordingly, West Virginia's

---

[2] Plaintiff's causes of action for defamation and false light invasion of privacy are not founded in the remaining factors of the long-arm statute, W. Va. Code § 56-3-33, i.e. "(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state… (6) Having an interest in, using or possessing real property in this state; or (7) Contracting to insure any person, property or risk located within this state at the time of contracting," and those factors are therefore intentionally omitted from this analysis.

8563673        6

long-arm statute does not extend its reach over Mr. Rather such that he is subject to personal jurisdiction in this State. *See* W. Va. Code § 56-3-33.

Furthermore, Plaintiff's mere reference to Mr. Rather as the founder and owner of News and Guts (Am. Compl., ¶¶ 53 and 103) fails to establish personal jurisdiction over him as a matter of law. "Under the 'fiduciary shield' doctrine … the acts of a corporate officer or employee taken in his corporate capacity within the jurisdiction generally do not form the predicate for jurisdiction over him in his individual capacity." *Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052, 1053, 1983 U.S. App. LEXIS 25018, *1. "The fiduciary shield doctrine is not a constitutional principle, but is rather a doctrine based on judicial inference as to the intended scope of the long-arm statute." *Id.* "It is an equitable doctrine under the long arm statute which is not to be applied inflexibly or mechanically but rather to be applied by the court with a sound exercise of discretion in order to achieve the ultimate purpose of fairness arising out of an analysis of the particular facts of the case." *Id.*

The complete absence of any allegation relating to an actual act by Mr. Rather in support of Plaintiff's claims against him necessitates dismissal of Plaintiff's Amended Complaint. Plaintiff has not and cannot demonstrate (1) Mr. Rather's personal contacts with the State of West Virginia; or (2) why Mr. Rather would not be protected by the fiduciary shield doctrine for any alleged acts with respect to News and Guts and, thus, subject to personal jurisdiction.

"Determining the propriety of personal jurisdiction is a two-step process. First, we inquire whether the applicable long-arm statute, W.Va. Code § 56-3-33, authorizes the exercise of jurisdiction in these circumstances. Second, we determine if the exercise of jurisdiction in these circumstances comports with constitutional notions of due process." *P.M. Enterprises v. Color Works*, 946 F. Supp. 435, 438, 1996 U.S. Dist. LEXIS 16902, *5-6 (citing *Bashaw v. Belz Hotel Mgmt.*, 872 F. Supp. 323, 326 (S.D.W.Va. 1993) (additional citations omitted)). Here, because no

act or omission of Mr. Rather satisfies the test under West Virginia's long-arm statute to authorize the exercise of personal jurisdiction over Mr. Rather, the inquiry turns to the Due Process Clause of the Fourteenth Amendment.

B. <u>Exercising personal jurisdiction over Mr. Rather would not be consistent with the Due Process Clause of the Fourteenth Amendment.</u>

Mr. Rather has had no contacts with or directed at the State of West Virginia that could establish that he has "purposefully availed" himself of the privileges of conducting business within the State. Accordingly, exercising general or specific personal jurisdiction over Mr. Rather would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.

An exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment if "the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (internal citations omitted); *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

1. *Plaintiff cannot establish specific jurisdiction over Mr. Rather.*

a. <u>Purposeful Availment</u>

Where the defendant's contacts with the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 397 (4th Cir. 2003). A non-resident defendant who has "purposefully avail[ed] itself of conducting activities within the forum State, thus invoking the benefits and protections of the laws," can be subject to specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or

of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475. "[W]here the defendant 'deliberately' has engaged in significant activities within a State, . . . he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.*

The Fourth Circuit has noted that the purposeful availment "analysis is 'flexible,' and depends on a number of factors that courts consider on a case-by-case basis." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 560 (4th Cir. 2014). In particular, the Fourth Circuit has outlined the following "nonexclusive factors" to guide the inquiry:

> (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

*Id.* (internal quotations omitted).

Plaintiff's Amended Complaint does not allege a single fact showing that Mr. Rather has engaged in any activity – either individually or as an agent of News and Guts, LLC, which is a separate and distinct legal entity – that was purposefully directed at West Virginia. Plaintiff also does not allege that Mr. Rather maintains an office in West Virginia, owns any property in West Virginia, reached into the State to solicit business, deliberately engaged in significant or long-term business activities in the State, or ever contractually agreed to be bound by West Virginia law. Nor does the Amended Complaint assert that Mr. Rather ever made in-person contact with Plaintiff, engaged in any communications with Plaintiff, or owed and/or was owed the performance of

contractual duties within West Virginia. Instead, the Amended Complaint seemingly implies that Mr. Rather can somehow be subject to personal jurisdiction based on his purported ownership of Defendant News and Guts. However, the Amended Complaint is completely void of any mention of any single act or omission of Mr. Rather. As a result, Plaintiff failed to meet his pleading requirement and cannot demonstrate personal jurisdiction over Mr. Rather. Moreover, as identified *supra*, simply because the media company with which Mr. Rather is associated is also a named Defendant does not confer special jurisdiction over Mr. Rather. *Columbia Briargate Co.*, 713 F.2d at 1053.

      b.   <u>Claims "Arising Out Of" Contacts</u>

The Amended Complaint also fails to meet the second prong of the test for specific jurisdiction because Plaintiff has wholly failed to allege a single activity by Mr. Rather personally that was directed at the forum State, let alone how Plaintiff's claims arise out of any act or omission by Mr. Rather. Instead, Plaintiff's claims arise from a number of purported specific activities by other individuals and entities, none of whom are associated with Mr. Rather or News and Guts, which Plaintiff alleges were directed at and/or caused injury within the State. This is apparent by the clear and indefensible fact that the Amended Complaint does not include a single detail or allegation related to Mr. Rather other than his alleged citizenship and purported ownership interest in News and Guts.

      c.   <u>Constitutional Reasonableness</u>

Only if the court "has determined that a defendant has purposefully availed itself of the privilege of doing business there," does it analyze the "constitutional reasonableness" of exercising personal jurisdiction over the defendant. *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 275, 2009 U.S. App. LEXIS 6081, *1. Because Plaintiff has failed to meet the first two prongs of the specific jurisdiction requirements, the inquiry should end here.

Nonetheless, assuming *arguendo* that Plaintiff has somehow met the first two prongs of the specific jurisdiction test, exercising jurisdiction over Mr. Rather would be constitutionally unreasonable. Courts making this inquiry assess: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Id.*

Here, subjecting Mr. Rather to personal jurisdiction in a state where he has neither transacted business nor engaged in and/or directed any activity would impose a substantial and undue burden on Mr. Rather. Additionally, Plaintiff's failure to identify a single allegation relating to any activity on behalf of Mr. Rather underscores (i) the lack of any real dispute between Plaintiff and Mr. Rather, (ii) the lack of available relief by Plaintiff against Mr. Rather, (iii) the lack of any potential resolution (as no dispute exists), and (iv) highlights the adverse impact on social policies that would result if this State were to exercise personal jurisdiction over a defendant who has not only had zero contact with the State but whose purported activities subjecting him to personal jurisdiction are not even alleged in the complaint.

    2.    *Plaintiff cannot establish general jurisdiction over Mr. Rather.*

For the Court to exercise general jurisdiction over non-resident Mr. Rather, he must have substantial, continuing and systemic contacts with West Virginia; none of which exist. *ALS Scan, Inc.*, 293 F.3d at 712. Mr. Rather is a New York resident who does not visit or conduct any business in the State of West Virginia. (Rather Decl., ¶¶ 2, 4-5). Indeed, Mr. Rather has not directed any activity at or engaged in any activity in the State in the last three years or during any time period

relevant to this dispute. (*Id.* at ¶ 6). The Amended Complaint identifies nothing to the contrary. Thus, the stricter standard of this jurisdictional inquiry also cannot be met.[3]

## II. Plaintiff Has Failed to State A Claim Against Mr. Rather Upon Which Relief May Be Granted.

Plaintiff has failed to meet the relevant pleading requirements for stating a claim of defamation and false light invasion of privacy against Mr. Rather. As a result, Plaintiff's Amended Complaint against Mr. Rather should be dismissed as a matter of law.

### A. Count I: Defamation

As a candidate for public office, Plaintiff is considered a public official for purposes of determining the sufficiency of his allegations supporting his claim for defamation. *See* Syllabus Point 1, in part, *Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 211 S.E.2d 674, 95 A.L.R.3d 622, cert. denied, 423 U.S. 882, 96 S.Ct. 145, 46 L.Ed.2d 107 (1975). Plaintiff cannot meet this burden:

> [T]he First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution require that trial courts apply a stricter standard in appraising defamation actions filed by public officials or public figures under a motion to dismiss filed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

*Long v. Egnor*, 176 W. Va. 628, 636 (W. Va. July 3, 1986). "Unless the complaint demonstrates on its face sufficient facts to support the elements of a defamation action, the complaint should be dismissed under Rule 12(b)(6)." *Id*.

---

[3] Moreover, the Amended Complaint does not even state that News and Guts' purported contact with the State supports exercising personal jurisdiction over Mr. Rather. And nor could they be. "[T]he contacts of a company are not attributed to a corporate agent for jurisdictional purposes." *Felman Prod. v. Bannai*, 2007 U.S. Dist. LEXIS 81365, *11, 2007 WL 3244638 (quoting *ePlusTechnology, Inc., v. Aboud*, 313 F.3d 166, 177 (4th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).

1. *The Amended Complaint Does Not Identify a Single Statement By Mr. Rather.*

Nowhere in the Amended Complaint does Plaintiff identify a single statement or action by Mr. Rather, let alone a libelous publication that supports Plaintiff's claim for defamation. For this reason alone, Plaintiff fails to meet the pleading requirements under *Twombly* and Fed. R. Civ. P. 8 by the wholesale failure to identify even a single allegation relating to Mr. Rather individually that would entitle Plaintiff to relief. As a result, Plaintiff's claims against Mr. Rather should be dismissed as a matter of law.

2. *The Existence of the Article Does Not Support a Claim Against Mr. Rather.*

Plaintiff's mere reference to the Article does not and cannot state a claim against Mr. Rather in his individual capacity that could subject him to liability to Plaintiff. By not pleading a single allegation relating to any statement by Mr. Rather, Plaintiff has not met the pleading requirement for a claim of defamation of a public figure and has thus failed to state a claim against Mr. Rather for which relief can be granted. Because Plaintiff's Amended Complaint relies upon diversity jurisdiction, Mr. Rather relies upon West Virginia law to govern Plaintiff's claims for purposes of its Motion to Dismiss.[4]

> [A] public official . . . can sustain an action for libel only if he can prove that: (1) the alleged libelous statements were false or misleading; (2) the statements tended to defame the plaintiff and reflect shame, contumely, and disgrace upon him; (3) the statements were published with knowledge at the time of publication that they were false or misleading or were published with a reckless and willful disregard of truth; and, (4) the publisher intended to injure the plaintiff through the knowing or reckless publication of the alleged libelous material.

*Long*, 176 W. Va. at 636.

---

[4] Mr. Rather submits that Plaintiff's defamation and false light invasion of privacy claims fail as a matter of law under any potentially applicable state laws but reserves the right to address other potential state's laws regarding Plaintiff's claims if necessary.

8563673

13

Assessing a public figure's defamation claim first requires the court to determine whether the statements complained of are defamatory. *Id.* Here, Plaintiff neither identifies nor complains of any statement by Mr. Rather supporting his claim for defamation.

3. *Plaintiff Has Not Pleaded or Established Falsity and Actual Malice by Mr. Rather.*

Plaintiff has not asserted any facts that could support a determination that Mr. Rather acted in any manner that could be considered defamatory, much less that his conduct constituted "actual malice" under West Virginia law. "[T]o sustain a cause of action for defamation, a public official, after establishing the existence of an allegedly defamatory statement, must prove that the statement was (1) false and (2) published with actual malice." *Id.*

First, with respect to falsity, the Supreme Court of Appeals of West Virginia has stated as follows:

> The law of libel takes but one approach to the question of falsity, regardless of the form of the communication. It overlooks minor inaccuracies and concentrates upon substantial truth. Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. A statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.

*State ex rel. Suriano v. Gaughan*, 198 W. Va. 339, 480 S.E.2d 548 (1996). Since the Supreme Court of the United States' decision in *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964), "the right of public officials to sue for libel has been severely curtailed because of the actual malice requirement and other restrictions based upon the First Amendment's free speech right that have become critical factors in libel cases." *Long*, 176 W. Va. at 632. "The basis for this rule was to prevent stifling speech directed at criticizing the actions of public officials, as explained in *Sullivan*: '[t]hus we consider this case against the background of a profound national commitment to the principle that <u>debate on public issues should be uninhibited, robust, and wide-open</u>, and that **it may well include vehement, caustic, and**

**sometimes unpleasantly sharp attacks on government and public officials.**'" *Id.* (quoting *Sullivan*, 376 U.S. at 270) (emphasis added). Indeed, the court in *Sullivan* further expressed that "**erroneous statement is inevitable in free debate** . . . . [and] must be protected if the freedoms of expression are to have the 'breathing space' that they 'need . . . . to survive.'" *Id.* (internal citation omitted) (emphasis added).

Critical to the Court's analysis of the viability of Plaintiff's defamation claim is Plaintiff's failure to plead any facts in support of Mr. Rather's allegedly defamatory conduct, including any facts necessary to support an actual malice determination. Actual malice is found where the statement at issue was made "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 280. Plaintiff must also prove actual malice by clear and convincing evidence. "Plaintiffs who are public officials or public figures must prove by clear and convincing evidence that the defendants made their defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not." syl. pt. 2, in part, *Suriano*, 198 W. Va. 339, 480 S.E.2d 548. *See also Sullivan*, 376 U.S. at 285-86, (A public official must prove actual malice with "convincing clarity."). Plaintiff does not identify any statement by Mr. Rather, let alone one that constitutes defamation and was made with actual malice.

B.  False Light Invasion of Privacy

Count II of Plaintiff's Amended Complaint attempts to set forth a claim for false light invasion of privacy. Plaintiff's false light invasion of privacy claim against Mr. Rather fails for the same reasons his defamation claim must be dismissed.

Where, as here, a defamation claim and false light claim are linked to the same alleged publication (i.e. the Article), the Supreme Court of Appeals of West Virginia has previously approved a finding that the false light claim is "encompassed within the defamation claims."

*Chafin v. Gibson*, 578 S.E.2d 361, 365 n.3 (W.Va. 2003). Plaintiff's Amended Complaint does not assert any facts in support of Plaintiff's false light claim that are different than the inadequate assertions in support of Plaintiff's defamation claim, and this claim should be dismissed as to Mr. Rather as a matter of law.

Even assuming, *arguendo*, that Plaintiff were able to maintain a separate cause of action for false light invasion of privacy, the claim is similar to a cause of action for defamation and is governed by similar legal standards. *See generally* Restatement (Second) of Torts §652E, cmt. b; *Crump v. Beckley Newspapers,* 173 W. Va. 699, 703, 320 S.E.2d 70, 75, 1983 W. Va. LEXIS 672, *1, 10 Media L. Rep. 2225 (citing Restatement Sections 652A-E).

The elements of a claim for false light invasion of privacy include the following: "(1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed." *Benson v. AJR, Inc.*, 215 W. Va. 324, 599 S.E.2d 747, 752 (W. Va. 2004). Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff has failed to plead facts related to Mr. Rather that would satisfy the elements of a claim for false light invasion of privacy even if it were a stand-alone claim.

As was done by the trial court (and approved by the Supreme Court of Appeals for West Virginia) in *Chafin*, Plaintiff's false light claim is consumed within his claim for defamation and should be dismissed as a matter of law.

## **CONCLUSION**

A rudimentary review of the Amended Complaint demonstrates the fact that Plaintiff has not met his obligation to "provide the 'grounds' of his 'entitlement to relief' by setting forth "more than labels and conclusions, and a formulaic recitation of the elements," as is necessary under

*Twombly*. 127 S. Ct. at 1965. Indeed, the fact that the Amended Complaint is void of a single fact related to Mr. Rather beyond his state of residence of purported ownership interest in News and Guts underscores the failure of Plaintiff to state any valid claim against Mr. Rather and necessitates dismissal as a matter of law with prejudice.

        Respectfully submitted,

        /s/ William D. Wilmoth
        William D. Wilmoth (WV Bar No. 4075)
        STEPTOE & JOHNSON, PLLC
        1233 Main Street, Suite 3000
        Wheeling, WV 26003
        P: (304) 231-0456; F: (304) 933-8708
        William.Wilmoth@Steptoe-Johnson.com

        -and-

        Chris Vlahos (admitted *Pro Hac Vice*)
        BPR No. 20318
        Jenna Harris (admitted *Pro Hac Vice*)
        BPR No. 31150
        Ritholz Levy Fields, LLP
        1221 6th Ave N
        Nashville, TN 37208
        Phone: (615) 250-3939
        cvlahos@rlfllp.com
        jharris@rlfllp.com

        *Attorneys for Defendants*
        *News and Guts, LLC and Dan Rather*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

DON BLANKENSHIP,

        Plaintiff,

v.                                    Case No.: 2:19-cv-00236

HONORABLE ANDREW NAPOLITANO
(RET.), et al.,

        Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record in this action registered to receive CM/ECF notification.

                                              /s/ William D. Wilmoth
                                              William D. Wilmoth (WV Bar No. 4075)