**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

DON BLANKENSHIP,

        Plaintiff,

v.                                        Case No.: 2:19-cv-00236

HONORABLE ANDREW NAPOLITANO
(RET.), et al.,

        Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT NEWS AND GUTS, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant News and Guts, LLC ("Defendant" or "News and Guts") states as follows in support of its Motion to Dismiss Plaintiff Don Blankenship's ("Plaintiff") First Amended Complaint With Prejudice for failure to state a claim:

### INTRODUCTION

Plaintiff's Amended Complaint attempts to describe a far-reaching "conspiracy" between a disparate collection of individuals, media companies, local and national politicians, among others, to end Plaintiff's 2018 Senate campaign. Plaintiff fails to explain, because he cannot, how or why fiercely competitive media companies would agree to coordinate their collective efforts to prevent Plaintiff from becoming a United States Senator.

In his Amended Complaint, Plaintiff fails to provide any details regarding News and Guts' purported misconduct necessary to survive the instant Motion to Dismiss as a matter of law. Plaintiff's Amended Complaint relies, in large part, upon group pleadings and scattershot allegations against "Defendants" without **any details** regarding (1) specific actions by News and

Guts that constitute defamation or false light invasion of privacy against Plaintiff; (2) what, if any, aspect of News and Guts' May 7, 2018 article referenced only in Paragraph 177 of the Amended Complaint (the "Article") was defamatory; and (3) what, if any, aspect of the Article was false. Moreover, Plaintiff's Amended Complaint wholly fails to allege **a single fact** in support of its conclusion that News and Guts acted with "actual malice" in its publication of the Article. As a result, Plaintiff's allegations against News and Guts regarding its purported actual malice in its publication of the Article fail under the heightened standard of "clear and convincing evidence" required both the United States Supreme Court and West Virginia Supreme Court of Appeals. Finally, Blankenship again failed to allege a single fact regarding how he was damaged by News and Guts' publication of the Article.

> Specifically, Plaintiff's only allegations that relate to News and Guts are as follows:
>
> 53.     . . . Plaintiff is informed and believes, and based thereon alleges, that News & Guts is a Delaware limited liability company whose principal place of business is in New York. News and Guts is a news, media, and production company created by journalism icon Dan Rather in New York.
>
> 177.    On May 7, 2018, News and Guts published an article titled: *Don Blankenship: A Felon, A Racist and A Possible GOP Senate Nominee*.

None of Plaintiff's allegations against News and Guts are sufficient to overcome the qualified privileges provided to News and Guts by the United States and West Virginia Constitutions with respect to freedom of the press to report and comment on public officials. Under the laws of the Fourth Circuit, the West Virginia Supreme Court of Appeals, and the United States Supreme Court, Plaintiff failed to meet the heightened pleading requirements imposed on public figures in connection with defamation and false light invasion of privacy claims. News and Guts, therefore, respectfully submits that this Court should dismiss the Amended Complaint with prejudice with respect to claims against News and Guts.

## **LEGAL STANDARD**

**I.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss challenging the sufficiency of the allegations in a complaint falls under Federal Rule of Civil Procedure 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). When deciding a Rule 12(b)(6) motion, the court accepts as true the facts alleged in the complaint and views them in the light most favorable to the plaintiff. *E.g., Trulock*, 275 F.3d at 405. "[O]nly material facts and not the unsupported conclusions of the pleader are considered in the light most favorable to the plaintiff." *Williamson v. Waugh*, 160 F. Supp. 72, 75 (S.D.W.Va. 1958). "Dismissal is appropriate if Plaintiff fails to assert a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory." *Hollis-Arrington v. PHH Mortgage Corp.,* 2005 WL 3077853 *7 (D.N.J. 2005).

In a defamation action, however, "[t]here is one significant exception to the general rule that the complaint will be construed liberally on a Rule 12(b)(6) motion." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 610 (1969). "When the claim alleged is a traditionally disfavored 'cause of action,' such as malicious prosecution, libel, and slander, the courts tend to construe the complaint by a somewhat stricter standard and are more inclined to grant a Rule 12(b)(6) motion to dismiss." *Id.* Both the Fourth Circuit and West Virginia Supreme Court of Appeals have adopted the stricter approach to analyzing the sufficiency of a complaint for defamation on a Rule 12(b)(6) motion inquiry. *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500, 2019 U.S. Dist. LEXIS 45553, *58-59, 2019 WL 1295055("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."); *Long v. Egnor,* 176 W. Va. 628, 635, 346 S.E.2d 778, 785, 1986 W. Va. LEXIS 510, *20, 13 Media L. Rep. 1855 (W. Va. July 3, 1986).

Under Fed. R. Civ. Proc. 8's notice pleading requirement, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S. Ct. at 1964-65; *see Trulock*, 275 F.3d at 405 ("A plaintiff often must offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant.").

## ARGUMENT

### I. Plaintiff Has Failed to State A Claim Against News and Guts Upon Which Relief May Be Granted.

Plaintiff has failed to meet the relevant pleading requirements for stating a claim of defamation and false light invasion of privacy against News and Guts. As a result, Plaintiff's Amended Complaint against News and Guts should be dismissed as a matter of law.

#### A. Count I: Defamation

As a candidate for public office, Plaintiff is subjected to the same burden as a public official for sustaining an action for defamation. *See* Syllabus Point 1, in part, *Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 211 S.E.2d 674, 95 A.L.R.3d 622, cert. denied, 423 U.S. 882, 96 S.Ct. 145, 46 L.Ed.2d 107 (1975). "[T]he First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution require that trial courts apply a stricter standard in appraising defamation actions filed by public officials or public figures under a motion to dismiss filed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure." *Long*, 176 W. Va. at 636. "Unless the complaint demonstrates on its face sufficient facts to support the elements of a defamation action, the complaint should be dismissed under Rule 12(b)(6)." *Id.*; *see also*, *Edwards*, 378 F. Supp.3d at 500 (". . . courts in Virginia and the Fourth Circuit routinely dismiss at the outset defamation claims that are based on constitutionally protected speech.") As a public official, Plaintiff's sparse allegations against News and Guts are

wholly insufficient to support elements for his claims of defamation and false light invasion of privacy as a matter of law.

1. *News and Guts' Article is Not Capable of Defamatory Meaning.*

Even assuming, *arguendo*, that the Amended Complaint alleges that News and Guts published a defamatory statement, which it does not, Plaintiff has not met the pleading requirement for a claim of defamation of a public figure and has thus failed to state a claim for which relief can be granted. Because Plaintiff's Amended Complaint is dependent on diversity jurisdiction, News and Guts relies upon West Virginia law to govern Plaintiff's claims for purposes of its Motion to Dismiss.[1]

> [A] public official . . . can sustain an action for libel only if he can prove that: (1) the alleged libelous statements were false or misleading; (2) the statements tended to defame the plaintiff and reflect shame, contumely, and disgrace upon him; (3) the statements were published with knowledge at the time of publication that they were false or misleading or were published with a reckless and willful disregard of truth; and, (4) the publisher intended to injure the plaintiff through the knowing or reckless publication of the alleged libelous material.

*Long*, 176 W. Va. at 636 Assessing a public candidate's defamation claim requires the court to determine whether the statements complained of are defamatory. *Id.* The Amended Complaint still fails as a matter of law to state a claim for defamation because the title of the Article – the only purported "libelous" portion of the Article – is not capable of a defamatory meaning.

"A court must decide initially whether as a matter of law the challenged statements in a defamation action are capable of a defamatory meaning." *Id.* In Syllabus Point 1 of *Sprouse*, the Supreme Court of Appeals of West Virginia stated that a statement is defamatory if it reflects "shame, contumely, and disgrace" upon a person. *Sprouse*, 158 W.Va. 427. The title of the News and Guts Article alone does not constitute libel because the reference to "felon," when read in the

---

[1] News and Guts submits that Plaintiff's defamation and false light invasion of privacy claims fail as a matter of law under any potentially applicable state laws but reserves the right to address other potential state's laws regarding Plaintiffs' claims if necessary.

context of the full Article and title, does not expose Plaintiff to shame, contumely or disgrace under *Sprouse* because Plaintiff had, in fact, been charged with the commission of a felony.

        2.     *Plaintiff Has Not Pleaded Any Facts Supporting the Falsity of the Speech at Issue or Actual Malice by News and Guts.*

Even if the Court were to determine that the word "felon" in the title of the Article was capable of a defamatory meaning, Plaintiff still cannot establish a defamation claim under West Virginia law. ". . . to sustain a cause of action for defamation, a public official, after establishing the existence of an allegedly defamatory statement, must prove that the statement was (1) false and (2) published with actual malice." *Id.*

First, with respect to falsity, the Supreme Court of Appeals of West Virginia has stated as follows:

> The law of libel takes but one approach to the question of falsity, regardless of the form of the communication. It overlooks minor inaccuracies and concentrates upon substantial truth. Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. A statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.

*State ex rel. Suriano v. Gaughan*, 198 W. Va. 339, 480 S.E.2d 548 (1996). Since the United States Supreme Court's decision in *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964), "the right of public officials to sue for libel has been severely curtailed because of the actual malice requirement and other restrictions based upon the First Amendment's free speech right that have become critical factors in libel cases." *Long*, 176 W. Va. at 632:

> The basis for this rule was to prevent stifling speech directed at criticizing the actions of public officials, as explained in *Sullivan*: '[t]hus we consider this case against the background of a profound national commitment to the principle that <u>debate on public issues should be uninhibited, robust, and wide-open</u>, and that **it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials**.'

*Id.* (quoting *Sullivan*, 376 U.S. at 270) (emphasis added). Indeed, the court in *Sullivan* further expressed that "**erroneous statement is inevitable in free debate** . . . . [and] must be protected if the freedoms of expression are to have the 'breathing space' that they 'need . . . . to survive.'" *Id.* (internal citation omitted) (emphasis added).

      a. <u>Plaintiff fails to allege facts sufficient to demonstrate the falsity of the allegedly defamatory statement.</u>

The Amended Complaint does not state, but could be implied to suggest, that the Article's reference to the term "felon" is literally false because, although charged with a felony, Plaintiff was ultimately convicted of a misdemeanor, which Plaintiff asserts without support and solely through group pleadings all Defendants (presumably including News and Guts) knew. Regardless, a libel analysis requires the court to overlook "minor inaccuracies" and focus on the "substantial truth." *Suriano*, 198 W. Va. 339. Plaintiff does not contend that News and Guts ever asserted that Plaintiff was actually *convicted* of a felony, nor does the Article contain such a statement. Even so, the Article was published in connection with Plaintiff's Senate campaign, which inevitably necessitates free debate, including potentially erroneous statements. *Sullivan*, 376 U.S. at 270.

Similarly, in *Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6, 26 L. Ed. 2d 6, 90 S. Ct. 1537 (1970), a newspaper published a story about a local real estate developer's efforts to obtain certain zoning variances. The story reported on council meetings where attendees accused the developer of "blackmail." *Id.* It was not contested that the developer was a public figure. *Id.* The United States Supreme Court concluded as a matter of law that the term "blackmail," read in the context of the news article, could not be deemed to impute the crime of blackmail. *Id.* Here, as in *Greenbelt*, the Article's reference to Plaintiff as a "felon" does not ascribe that Plaintiff was actually convicted of a criminal felony but, rather, references conduct associated with criminal activities surrounding Plaintiff's business and for which Plaintiff had personally been charged.

b. <u>Plaintiff alleged no facts supporting a determination that News and Guts acted with actual malice in the publication of the Article.</u>

Plaintiff's allegations are devoid of any facts supporting its bare conclusion that all Defendants "made their respective defamatory statements with actual malice . . . ." (Am. Compl., ¶ 229). Apart from Plaintiff's reliance on generic group pleadings, Plaintiff makes no allegation of any fact supporting an inference that News and Guts published the allegedly defamatory statement with actual malice as required under United States Supreme Court and West Virginia law.

Actual malice is found where the statement at issue was made "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 280. Plaintiff merely asserts that News and Guts published an Article; the title of which referenced Plaintiff as a "felon, a racist and possible GOP Senate nominee." The Article identifies numerous xenophobic statements by Plaintiff, as well as the fact that Plaintiff served time in connection with the catastrophe that occurred at Plaintiff's company, Massey Energy, for which Plaintiff was also charged with at least one felony.

None of these statements or references provides any support for this Court's determination that News and Guts acted with actual malice when publishing the Article, an element that Plaintiff must prove by clear and convincing evidence. *Suriano*, 198 W. Va. 339, 480 S.E.2d 548 ("Plaintiffs who are public officials or public figures must prove by clear and convincing evidence that the defendants made their defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not."); *See also Sullivan*, 376 U.S. at 285-86, (A public official must prove actual malice with "convincing clarity."). Plaintiff makes no allegation of fact supporting even an inference that News and Guts published the Article with knowledge of its falsity or with reckless disregard of whether it was false or not. Plaintiff has, therefore, utterly

failed to allege any facts supporting an essential element of his claim, much less with the requisite "convincing clarity" required for his defamation claim. Plaintiff's failure to do so provides an independent basis for the dismissal of the Amended Complaint as to News and Guts.

> 3. <u>Plaintiff failed to allege any facts supporting his bare conclusion that News and Guts intended to injure or, in fact, did injure Plaintiff in the publication of the Article.</u>

Plaintiff also alleges no facts supporting his legal conclusion that all "Defendants, and each of them, intended to cause injury to Mr. Blankenship by publishing their false defamatory statements." (Am. Compl., ¶ 232). Apart from Plaintiff's reliance on generic group pleadings, Plaintiff makes no allegation of any fact supporting an inference that News and Guts published the allegedly defamatory statement with an intent to injure Plaintiff through the knowing or reckless publication of the alleged defamatory material as required to maintain a defamation claim. *Chafin v. Gibson*, 213 W. Va. 167, 171-72 (W. Va. Sup. Ct. App. 2001).[2]

B. <u>False Light Invasion of Privacy</u>

Count II of Plaintiff's Amended Complaint attempts to set forth a claim for false light invasion of privacy. Plaintiff's false light invasion of privacy claim against News and Guts fails for the same reasons his defamation claim must be dismissed.

Where, as here, a defamation claim and false light claim are linked to the same alleged publication (i.e. the Article), the Supreme Court of Appeals of West Virginia has previously approved a finding that the false light claim is "encompassed within the defamation claims." *Chafin v. Gibson*, 578 S.E.2d 361, 365 n.3 (W.Va. 2003). Plaintiff's Amended Complaint does not assert any facts in support of Plaintiff's false light claim that are different than the inadequate

---

[2] Even assuming *arguendo* that Plaintiff had sufficiently alleged facts supporting the four elements for defamation of a public figure, Plaintiff's Amended Complaint also does not allege any facts evidencing that Plaintiff was specifically damaged by News and Guts' May 8, 2018 Article in light of his allegations of similar defamatory statements by other third parties beginning in January of 2018.

assertions in support of Plaintiff's defamation claim, and this claim should be dismissed as to News and Guts as a matter of law.

Even assuming, *arguendo*, that Plaintiff were able to maintain a separate cause of action for false light invasion of privacy, the claim is similar to a cause of action for defamation and is governed by similar legal standards. *See generally* Restatement (Second) of Torts §652E, cmt. b; *Crump v. Beckley Newspapers,* 173 W. Va. 699, 703, 320 S.E.2d 70, 75, 1983 W. Va. LEXIS 672, *1, 10 Media L. Rep. 2225 (citing Restatement Sections 652A-E).

The elements of a claim for false light invasion of privacy include the following: "(1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed." *Benson v. AJR, Inc.*, 215 W. Va. 324, 599 S.E.2d 747, 752 (W. Va. 2004). Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff has failed to plead facts related to News and Guts that would satisfy the elements of a claim for false light invasion of privacy even if it were a stand-alone claim.

As was done by the trial court (and approved by the Supreme Court of Appeals for West Virginia) in *Chafin*, Plaintiff's false light claim is consumed within his claim for defamation and should be dismissed as a matter of law.

## **CONCLUSION**

News and Guts respectfully submits that Plaintiff's Amended Complaint fails to allege any facts supporting his defamation and false light invasion of privacy claims as a matter of law. As a result, this Court should dismiss with prejudice the Amended Complaint with respect to News and Guts.

Respectfully submitted,

/s/ William D. Wilmoth
William D. Wilmoth (WV Bar No. 4075)
STEPTOE & JOHNSON, PLLC
1233 Main Street, Suite 3000
Wheeling, WV 26003
P: (304) 231-0456; F: (304) 933-8708
William.Wilmoth@Steptoe-Johnson.com

-and-

Chris Vlahos (admitted *Pro Hac Vice*)
BPR No. 20318
Jenna Harris (admitted *Pro Hac Vice*)
BPR No. 31150
Ritholz Levy Fields, LLP
1221 6th Ave N
Nashville, TN 37208
Phone: (615) 250-3939
cvlahos@rlfllp.com
jharris@rlfllp.com

*Attorneys for Defendants*
*News and Guts, LLC and Dan Rather*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

DON BLANKENSHIP,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.: 2:19-cv-00236

HONORABLE ANDREW NAPOLITANO
(RET.), et al.,

       Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record in this action registered to receive CM/ECF notification.

                                              /s/ William D. Wilmoth
                                              William D. Wilmoth (WV Bar No. 4075)