**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

DON BLANKENSHIP,

        *Plaintiff*,

v.                                     Case No. 2:19-cv-00236

ANDREW NAPOLITANO, *et al.*,

        *Defendants.*


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S MOTION TO DISMISS**

/s/Melissa Foster Bird
Melissa Foster Bird
Christopher D. Smith
Nelson Mullins Riley & Scarborough LLP
949 Third Ave., Suite 200
Huntington, WV 25701
Tel: 304-526-3503
Fax: 304-526-3543
melissa.fosterbird@nelsonmullins.com


and


Michael A. Carvin (pro hac vice pending)
Anthony J. Dick (pro hac vice pending)
Stephen J. Kenny (pro hac vice pending)
JONES DAY
51 Louisiana Ave. NW
Washington, DC, 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
macarvin@jonesday.com


*Attorneys for Defendant National Republican*
*Senatorial Committee*

# **<u>TABLE OF CONTENTS</u>**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

BACKGROUND .................................................................................................................................. 2

STANDARD OF REVIEW ................................................................................................................. 3

ARGUMENT ........................................................................................................................................ 4

I.      THE COMPLAINT FAILS TO STATE A CLAIM ........................................................ 4

        A.      The Complaint Fails to State a Defamation or "False Light" Claim ............................ 5

        B.      The Complaint Fails to State a Claim of Conspiracy ................................ 6

CONCLUSION .................................................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*A Soc'y Without A Name v. Virginia,*
   655 F.3d 342 (4th Cir. 2011)..................................................................................6, 7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)........................................................................................ 4, 6, 7

*Ballengee v. CBS Broad., Inc.,*
   331 F. Supp. 3d 533 (S.D. W. Va. 2018)..............................................................4, 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)....................................................................................3, 4, 6, 7

*Crump v. Beckley Newspapers, Inc.,*
   320 S.E.2d 70 (W. Va. 1983) ....................................................................................5

*Dunn v. Rockwell,*
   689 S.E.2d 255 (W. Va. 2009) .................................................................................6

*Harte-Hanks Commc'ns, Inc. v. Connaughton,*
   491 U.S. 657 (1989)..................................................................................................1

*Kahl v. Bureau of Nat'l Affairs, Inc.,*
   856 F.3d 106 (D.C. Cir. 2017) .................................................................................4

*Masson v. New Yorker Magazine, Inc.,*
   501 U.S. 496 (1991)..................................................................................................1

*Michel v. NYP Holdings, Inc.,*
   816 F.3d 686 (11th Cir. 2016) ..............................................................................2, 4

*Monitor Patriot Co. v. Roy,*
   401 U.S. 265 (1971)..................................................................................................1

*N.Y. Times Co. v. Sullivan,*
   376 U.S. 254 (1964)...............................................................................................1, 5

*Parsi v. Daioleslam,*
   890 F. Supp. 2d 77 (D.D.C. 2012) ..........................................................................5

*Philadelphia Newspapers, Inc. v. Hepps,*
   475 U.S. 767 (1986)..................................................................................................4

*Pritt v. Republican Nat'l Comm.,*
   557 S.E.2d 853 (W. Va. 2001) .................................................................................1

*Republican Party of Minnesota v. White,*
   536 U.S. 765 (2002)..................................................................................................1

*Sines v. Kessler,*
   324 F. Supp. 3d 765 (W.D. Va. 2018) .................................................................6, 7

## TABLE OF AUTHORITIES

(continued)

Page(s)

*Snuffer v. Great Lakes Educ. Loan Servs., Inc.,*
   97 F. Supp. 3d 827 (S.D. W. Va. 2015) ................................................................. 3

*Taylor v. W. Virginia Dep't of Health & Human Res.,*
   788 S.E.2d 295 (W. Va. 2016) ............................................................................... 5

*United States v. Blankenship,*
   846 F.3d 663 (4th Cir. 2017) .................................................................................. 2

STATUTES

18 U.S.C. § 3559 ........................................................................................................ 3

OTHER AUTHORITIES

2 Robert D. Sack, Sack on Defamation § 16.2.1 (5th ed. 2017) ............................... 4

**INTRODUCTION**

The First Amendment embodies "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). It "has its fullest and most urgent application . . . to the conduct of campaigns for political office." *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971). Indeed, "debate on the qualifications of candidates is at the core of our electoral process and of the First Amendment freedoms." *Republican Party of Minnesota v. White*, 536 U.S. 765, 781 (2002). Accordingly, defamation claims brought by political candidates face a high bar. To prevail, the candidate must prove by "clear and convincing evidence" that the defamatory statement was materially false and that the defendant acted with "actual malice." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510, 516-17 (1991); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 659 (1989); *Pritt v. Republican Nat'l Comm.*, 557 S.E.2d 853, 861 (W. Va. 2001).

In last year's West Virginia Republican Senate primary, a significant issue was the criminal record of one of the candidates—and the plaintiff in this case—Don Blankenship. Blankenship had previously served a year in federal prison as a result of his criminal conviction for conspiracy to willfully violate mine safety standards, which led to a tragic accident at one of his coal mines that caused the deaths of 29 miners. Based on that offense, many commentators criticized him during the campaign for being a "convicted felon." That comports with the ordinary understanding of a "felony" as a serious crime that carries serious jail time. Indeed, under West Virginia law, a "felony" can refer to a crime punishable by a year in prison, which is the length of time that Blankenship served. Under the federal criminal code, however, a felony is, as a general matter, technically defined as a crime punishable by *more than* one year in prison. Thus, because Blankenship's crime was punishable by a year in prison, he was technically one day short of being a convicted "felon" for purposes of federal

law. Based on that technical one-day distinction, Blankenship has now filed the present defamation suit seeking *billions* of dollars in damages against a multitude of his political opponents.

In this brief, Defendant National Republican Senatorial Committee ("NRSC") moves for dismissal because Blankenship has failed to state a claim. The complaint must be dismissed for the fundamental reason that Blankenship does not allege that the NRSC or any of its employees made any defamatory statements about him at all. Instead, he tries to tag the NRSC with liability on the theory that it "conspired" with other defendants to defame him, but the complaint is completely bereft of any facts to substantiate that wild conjecture.

For these reasons, the Court should dismiss the claims against the NRSC in order to ensure that its core protected speech "is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

## BACKGROUND

Blankenship is the former President and CEO of Massey Energy Company, which was the largest coal producer in West Virginia during Blankenship's tenure. Am. Compl. ¶ 135. On April 5, 2010, there was an explosion at the Upper Big Branch Mine, which was owned and operated by Massey, causing the deaths of 29 miners. *Id.* ¶ 136. Blankenship was subsequently charged with conspiracy to willfully violate federal mine safety laws and to defraud federal mine safety regulators, as well as two securities-related offenses. *United States v. Blankenship*, 846 F.3d 663, 667 (4th Cir. 2017). Following a six-week trial, a jury convicted Blankenship of conspiring to violate federal mine safety laws and acquitted him of the other charges. *Id.* The district court sentenced Blankenship to one year in federal prison and assessed a $250,000 fine, both of which were the maximum permitted by law. *Id.* Blankenship was released from federal prison in the spring of 2017. Am. Compl. ¶ 145.

In January 2018, Blankenship formally announced that he would seek the Republican nomination for a U.S. Senate seat in West Virginia. The primary election was scheduled for May 8,

2018. Blankenship's primary opponents included West Virginia's Attorney General, Patrick Morrisey, and former Congressman Evan Jenkins. As would be expected, Blankenship's criminal record drew attention during the campaign. Morrisey won the nomination but subsequently lost the general election to incumbent Senator Joe Manchin.

Blankenship filed this lawsuit in the West Virginia Circuit Court of Mingo County on March 14, 2019, and one of the defendants subsequently removed the case to federal court. On July 17, this Court denied Blankenship's motion to remand the case back to state court (Dkt. 133), and ordered all defendants to file responsive pleadings by August 16 (Dkt. 134).

In his complaint, Blankenship alleges that numerous defendants defamed him during the campaign by describing him as a "felon," when in fact his criminal conviction was technically for a "misdemeanor" as defined by federal law. Under the federal criminal code, a "felony" is a crime punishable by "more than one year" in prison, while a "misdemeanor" is punishable by "one year or less." 18 U.S.C. § 3559(a)(5)-(6). Thus, because Blankenship was subject to only a year in prison, he was one day shy of qualifying as a "felon" for purposes of federal law.

As relevant here, Blankenship alleges that the NRSC defamed him and placed him in a false light. Am. Compl. ¶¶ 223, 239. But he does not allege that the NRSC itself actually made any defamatory statement about him. Instead, Blankenship alleges only that the NRSC conspired with other defendants to defame him in order to undermine his candidacy. *Id.* ¶¶ 233-36, 246-49.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a motion to dismiss "tests the legal sufficiency of a complaint or pleading." *Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 97 F. Supp. 3d 827, 829 (S.D. W. Va. 2015). A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint is deficient if it

contains only "[t]hreadbare recitals of the elements of a cause of action" and "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility[.]" *Twombly*, 550 U.S. at 557.

Courts have explained that "the plausibility pleading standard makes particular sense when examining public figure defamation suits," because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (collecting cases). Forcing speakers to "defend inappropriate suits through expensive discovery proceedings" would threaten First Amendment rights "in exactly the manner the actual malice standard was intended to prevent." *Id.* The burdens of defending "a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether." *Id.* For this reason, "the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017). Accordingly, courts "routinely consider" and "frequently grant" motions to dismiss defamation claims in order to avoid imposing burdens on protected speech. 2 Robert D. Sack, Sack on Defamation § 16.2.1 (5th ed. 2017).

## ARGUMENT

## I.    THE COMPLAINT FAILS TO STATE A CLAIM

A defamation claim requires a showing that the defendant made a materially false and defamatory statement that injured the plaintiff. *Ballengee v. CBS Broad., Inc.*, 331 F. Supp. 3d 533, 545 (S.D. W. Va. 2018). The plaintiff bears the burden of proof as to each element. *Id.* at 546; *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (holding that First Amendment requires that plaintiff bears the burden of proving falsity when statements relate to matters of public concern). Courts treat

"false light invasion of privacy" claims "in essentially the same manner as they have treated defamation." *Ballengee*, 331 F. Supp. 3d at 553 (citation omitted). In particular, "falsity is a necessary element of both." *Id.* at 554. And, if a plaintiff is a "public figure," such as a candidate for public office, then he must show "actual malice" for both types of claims. *Parsi v. Daioleslam*, 890 F. Supp. 2d 77, 92 (D.D.C. 2012); *N.Y. Times*, 376 U.S. at 279–80.

Here, Blankenship's claims against the NRSC fail because he does not allege that the NRSC made any defamatory statement whatsoever. Instead, he claims only that the NRSC "conspired" with other defendants to defame Blankenship, but he fails to allege any facts to support that speculation. For these reasons, the complaint must be dismissed.

### A.     The Complaint Fails to State a Defamation or "False Light" Claim.

To be liable for defamation, a defendant must have made a "defamatory statement" to a third party. *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W. Va. 1983); *Taylor v. W. Virginia Dep't of Health & Human Res.*, 788 S.E.2d 295, 316 (W. Va. 2016) (same for false light). Here, however, Blankenship does not allege that the NRSC or any of its employees made any defamatory statement about him. Accordingly, the Court must dismiss the defamation and false light claims as to the NRSC.

Even if the NRSC did call Blankenship a felon, or conspired with others to call him a felon, Blankenship still has not stated a claim against the NRSC. For the reasons articulated in the brief filed by co-defendant Kevin McLaughlin, the statement that Blankenship is a felon is "substantially true" and thus not false; the complaint fails to allege facts that show the NRSC acted with "actual malice"; and Blankenship did not plead special damages, as he was required to do. The NRSC hereby adopts and incorporates by reference the arguments contained at pages 9–18 of McLaughlin's brief supporting his motion to dismiss. These arguments further support the dismissal of Blankenship's claims against the NRSC.

**B.      The Complaint Fails to State a Claim of Conspiracy.**

Blankenship alleges that the NRSC conspired with other defendants to defame him and place him in a false light. Am. Compl. ¶¶ 233-36, 246-49. In order to plead a conspiracy, however, a plaintiff must allege facts that would "show an agreement or a meeting of the minds by the defendants." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011); *Dunn v. Rockwell*, 689 S.E.2d 255, 268 (W. Va. 2009) ("[A] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means."). "[A] bare assertion of conspiracy" is not sufficient to properly state a claim. *Twombly*, 550 U.S. at 556. "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 557. A plaintiff does not plausibly allege a conspiracy when the conduct is "more likely explained by[] lawful, unchoreographed" behavior. *Iqbal*, 556 U.S. at 680.

Conspiracy claims fail if "the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *A Soc'y Without A Name*, 655 F.3d at 346. Instead, the plaintiff must "allege with . . . specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made." *Id.* at 347; *see also Sines v. Kessler*, 324 F. Supp. 3d 765, 784 (W.D. Va. 2018) ("The plausibility of . . . factual allegations increase as Plaintiffs add specificity about the method of agreement, the time or place of the agreement, and the scope of the agreement.").

Here, Blankenship's accusation of a conspiracy is pure speculation. The complaint is completely lacking of any facts showing that the NRSC conspired with others to defame him. Blankenship alleges in conclusory fashion that the NRSC and others "shared in a common plan for the commission of the tort[s]" of defamation and false light and that they "agreed that McLaughlin and the Conspiracy Does would themselves disseminate, and cause and/or encourage others to disseminate the false claim that Plaintiff was a 'felon' or 'convicted felon.'" Am. Comp. ¶¶ 233-34,

246-47. The complaint also alleges that some individuals "determined and agreed" to "smear[] Mr. Blankenship in the media with false stories." *Id.* ¶ 150. But such "threadbare recital[s]" of the elements of a conspiracy claim and "naked assertion[s]" of an agreement are not enough to show an agreement or a meeting of the minds by the defendants. *Iqbal*, 556 U.S. at 678.

Blankenship attempts to insinuate a conspiracy by alleging that the NRSC and others "shared the common plan of ensuring that Plaintiff did not win the West Virginia Primary Election." Am. Comp. ¶¶ 234, 247. Blankenship also alleges that Senate Majority Leader Mitch McConnell held "clandestine meetings of the NRSC to formulate a plan" to stop him from winning the election. *Id.* ¶ 14. But these allegations, even assuming their truth, are fully "consistent with" perfectly lawful and constitutionally protected political activities. *Twombly*, 550 U.S. at 557. "[A]n allegation of parallel conduct and a bare assertion of conspiracy" does "not suffice" to plead a conspiracy. *Id.* at 556. Likewise, the complaint lacks specificity as to who from the NRSC participated in the "clandestine" meetings and what specific communications were made among the participants that would suggest a conspiracy to defame Blankenship. *Cf. A Soc'y Without A Name*, 655 F.3d at 347; *Sines*, 324 F. Supp. 3d at 784.

Although Blankenship is not required to produce evidence at the pleading stage, he must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Blankenship has not alleged any facts plausibly supporting the existence of an agreement between the NRSC and others to defame him or place him in a false light. The accusation is pure conjecture.

## **CONCLUSION**

The Defendant respectfully asks that the Court dismiss the claims against it.

/s/Melissa Foster Bird

Melissa Foster Bird
Christopher D. Smith
Nelson Mullins Riley & Scarborough LLP
949 Third Ave., Suite 200
Huntington, WV 25701
Tel: 304-526-3503
Fax: 304-526-3543
melissa.fosterbird@nelsonmullins.com


and


Michael A. Carvin (pro hac vice pending)
Anthony J. Dick (pro hac vice pending)
Stephen J. Kenny (pro hac vice pending)
JONES DAY
51 Louisiana Ave. NW
Washington, DC, 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
macarvin@jonesday.com


*Attorneys for Defendant National Republican
Senatorial Committee*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

DON BLANKENSHIP,

        *Plaintiff*,

v.                                       Case No. 2:19-cv-00236

ANDREW NAPOLITANO, *et al.*,

        *Defendants*.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing ***"National Republican Senatorial Committee's Motion to Dismiss"*** and ***"Memorandum of Points and Authorities in Support of the National Republican Senatorial Committee's Motion to Dismiss"*** and proposed ***"Order"*** was served on all counsel of record through the CM/ECF system.

                                       /s/Melissa Foster Bird