IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| DON BLANKENSHIP, | CIVIL ACTION NO. 2:19-cv-00236 |
| Plaintiff, | |
| v. | (Hon. John T. Copenhaver, Jr., District Judge) |
| HONORABLE ANDREW NAPOLITANO (RET.). et al., | |
| Defendants. | |

**MOTION TO STAY DISCOVERY AND RULE 26(F) OBLIGATIONS
PENDING RESOLUTION OF DISPOSITIVE MOTIONS
AND SUPPORTING MEMORANDUM OF LAW**

The undersigned 37 Defendants (the "Movants")—all media organizations, journalists, or other affiliated individuals—hereby jointly move the Court pursuant to Federal Rule of Civil Procedure 26(c)(1) for an order staying discovery, the Rule 26(f) meeting and report process (including the scheduling conference), and the Rule 26(a)(1) disclosures until such time as the Court rules upon the motions to dismiss filed by Defendants.  Movants request expedited consideration of this motion, in light of upcoming 26(f) deadlines under the Court's Amended Order and Notice (ECF No. 357).

**INTRODUCTION**

Plaintiff Don Blankenship has filed this sprawling libel action against more than 100 defendants, alleging that the defendants—in differing publications and at differing times—defamed him by referring to his criminal conviction as a felony instead of a misdemeanor.  He has sued not only journalists and media organizations, but also political groups and their employees.  In response, Movants and other defendants have filed more than twenty motions to dismiss, arguing that

1

Blankenship's claims are fundamentally flawed as a matter of law under well-settled First Amendment precedent—and that this Court lacks personal jurisdiction over many of the defendants, including individual journalists with no connection to West Virginia and multiple out-of-state media organizations. If granted, the motions would dispose of all claims.

On October 18, 2019, the Court issued an Amended Order and Notice (ECF No. 357) setting deadlines for the Rule 26(f) planning meeting, the report of the parties' meeting, a scheduling conference, and Rule 26(a)(1) disclosures. The Movants seek relief from the requirements imposed by that Order and request that, pursuant to Rule 26(c)(1), a stay of discovery be granted pending the outcome of the Movants' dispositive motions. If ever there were a case presenting good cause for such a stay, it is this one.

## LAW AND ARGUMENT

This Court has authority to stay discovery pending the outcome of dispositive motions under Federal Rule of Civil Procedure 26(c)(1). This rule permits the court to protect a party from "undue burden or expense" by issuing orders forbidding discovery or specifying terms for discovery. Staying discovery pending the resolution of dispositive motions is "'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *United States v. Daily Gazette Co.*, 2007 WL 7575700, at *2 (S.D. W. Va. Oct. 18, 2007) (Copenhaver, J.) (citation omitted).

As this Court has observed, "[a] number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion." *Citynet, LLC v. Frontier W. Va. Inc.*, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (Copenhaver, J.). The factors are: "(1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture

or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances." *Id.* (internal quotation marks omitted).

These factors uniformly support a stay of discovery and deferral of the Rule 26(f) process:

***The type of motion.*** Movants have filed motions to dismiss pursuant to Rule 12(b)(6), arguing that Blankenship fails to state a claim as a matter of law. These are case-dispositive motions based on well-settled law. Among the grounds raised are that referring to Blankenship's conviction as a felony is not materially false as a matter of law, especially in light of the undisputed circumstances of his conviction—including that he was sentenced to a year imprisonment. *See Masson v. New Yorker Magazine Inc.*, 501 U.S. 496, 516–17 (1991) ("Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge [is] justified." (internal quotation marks omitted)); *Nanji v. Nat'l Geographic Soc'y*, 403 F. Supp. 2d 425, 432–33 (D. Md. 2005) (granting motion to dismiss, noting that "this Court is careful to ensure that not every error or inaccuracy is actionable under the First Amendment"). Likewise, Movants argue that Blankenship has wholly failed to plausibly allege the required constitutional "actual malice" on the part of Movants under *New York Times v. Sullivan*, 376 U.S. 254 (1964). This is a stringent standard designed to protect the freedom of expression and—especially following *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—courts routinely dismiss complaints on the basis that they have failed to sufficiently allege actual malice.[1] Multiple defendants also argue that, as a threshold matter, this Court lacks personal jurisdiction over them at all because of their complete lack of connection to West Virginia.

---

[1] *See, e.g.*, *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (affirming grant of judgment on the pleadings); *Besen v. Parents & Friends of Ex-Gays, Inc.*, 2012 WL 1440183, at *6 (E.D. Va. Apr. 25, 2012) (granting motion to dismiss); *Watkins v. Washington Post*, 2018 WL 805394, at *6 (D. Md. Feb. 9, 2018) (same); *Hanks v. Wavy Broad., LLC*, 2012 WL 405065, at *13 (E.D. Va. Feb. 8, 2012) (same).

3

Again, if granted, these motions would dispose of the case against each Movant without any need for discovery. Thus, this factor strongly supports a stay. *See Citynet, LLC*, 2016 WL 6133844, at *1; *Bishop v. Quicken Loans, Inc.*, 2010 WL 3359604, at *3 (S.D. W. Va. Aug. 23, 2010) (Copenhaver, J.) (staying discovery where pending motion challenged the legal sufficiency of plaintiffs' claims).

***The nature and complexity of the action and expected extent of discovery.*** In contrast to what Movants submit are clear issues of law to be decided on a motion to dismiss, coordinating discovery in this matter promises to be a remarkably complicated endeavor. By virtue of the vast number of defendants—from cities and states across the country, involving different organizations and different publications—discovery involving all 60-plus remaining defendants would necessarily be "costly and burdensome." *Citynet, LLC*, 2016 WL 6133844 at *1. The very fact that there already are more than 350 entries on the docket, before motions to dismiss have been decided, is itself telling. The large number of defendants would make just conducting the Rule 26(f) meeting and preparing the report of the parties' planning meeting—addressing issues down to the level of ESI and the number of discovery requests allowed—a logistically challenging and highly burdensome exercise. Here, as in *Citynet*, both discovery and the 26(f) process should be deferred. *See Citynet, LLC v. Frontier W. Va. Inc.*, Case 2:14-cv-15947, Order (ECF No. 81) (S.D. W. Va. Oct. 19, 2016) (ordering that the Rule 26(f) meeting and report be deferred until further order).

If some or all of the defendants are dismissed as a result of the dispositive motions, "any resources devoted to those time consuming and expensive [discovery] efforts would be fruitless." *Bragg v. United States*, 2010 WL 3835080, at *2 (S.D. W. Va. Sept. 29, 2010) (Copenhaver, J.). It would be significantly more efficient to evaluate which (if any) defendants remain after motions are decided, and which (if any) claims involving which (if any) statements in which (if any)

4

publications, and then plan the organization and scheduling of the case based on that remaining universe of parties and allegations. Accordingly, this factor too plainly favors a stay.

*Counterclaims and/or cross-claims.* No counterclaims or cross-claims have been filed, and thus this factor clearly favors granting a stay. *See Citynet, LLC*, 2016 WL 6133844 at *1.

*Whether other parties agree to the stay.* In light of the sprawling nature of this complaint against dozens of defendants, some of whom have not yet been served and some of whom have not yet entered appearances in the case, it has not been possible to coordinate with all defendants on this subject. Movant's counsel certify that it met and conferred with counsel for Blankenship, who opposes the relief requested in the motion. However, the undersigned 37 Movants all agree that a discovery stay would be "'eminently logical.'" *Daily Gazette Co.*, 2007 WL 7575700 at *2. Thus, this factor also favors granting a stay.

*The posture or stage of the litigation.* This action "is in its infancy from a procedural standpoint." *Daily Gazette Co.*, 2007 WL 7575700 at *2; *Evans v. TRG Customer Sols., Inc.*, 2014 WL 2168931, at *1 (S.D. W. Va. May 23, 2014) (Copenhaver, J.) (ordering stay while "[l]itigation is in its early stages"). This factor weighs in favor of a stay.

*Any other relevant circumstances.* Finally, two additional considerations further underscore the particular need for a stay here.

*First*, many defendants have moved to dismiss Blankenship's claims for lack of personal jurisdiction pursuant to Rule 12(b)(2), including 27 of the undersigned Movants.[2] Courts have observed that challenges to "preliminary issues," including personal jurisdiction, are a factor that supports granting a stay of discovery pending resolution of dispositive motions. *See AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, at *1-2 (D. Nev. Oct. 10, 2012)

---

[2] All of the undersigned Movants who filed motions to dismiss pursuant to Rule 12(b)(2) also filed motions to dismiss pursuant to Rule 12(b)(6).

5

("preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. . . . a pending motion challenging [personal] jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved"); *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) ("if the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it"). This Court has recognized similar preliminary issues, such as qualified immunity, as relevant circumstances favoring a stay, and has noted, "by first determining whether any of the defendants are entitled to qualified immunity, the court can ensure that these parties do not lose some of the protections of that immunity by participating in discovery in the intervening time." *Citynet, LLC*, 2016 WL 6133844 at *2. Similarly, by first determining here whether the Court can properly exercise personal jurisdiction over certain defendants, the Court can ensure that those defendants do not lose the protections of Due Process.

*Second*, concerns about the burdens of discovery have "special significance in libel litigation, where the costs of litigation, in both time and money, are considerations that at least in part led to constitutional limits in the first place." 2 Robert D. Sack, *Sack on Defamation: Libel, Slander, and Related Problems*, § 14:1.1 (5th ed. 2017) (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. at 279). Indeed, "because the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions." *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500 (W.D. Va. 2019); *see also, e.g., Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) ("To preserve First Amendment freedoms and give reporters, commentators, bloggers, and tweeters (among

others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits.").

The Supreme Court has, in the context of a defamation case, voiced "concern about undue and uncontrolled discovery," and has stated that "district courts should not neglect their power to restrict discovery" and "should not hesitate to exercise appropriate control over the discovery process" pursuant to Rule 26(c). *Herbert v. Lando*, 441 U.S. 153, 176-77 (1979). Thus, courts across the country have frequently granted stays of discovery pending the resolution of dispositive First Amendment defenses, based on the "significant First Amendment issues raised" in such cases. *See, e.g.*, *Moldea v. N.Y. Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990); *Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. 2010) (granting stay of discovery pending motion to dismiss raising First Amendment defense); *Skolnick v. Corr. Med. Servs.*, 132 F. Supp. 2d 1116, 1122 (N.D. Ill. 2001) (noting court granted stay of discovery pending dispositive motion in libel case); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (affirming order staying discovery in libel case); *Bruno & Stillman v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) (explaining that the court should be satisfied that libel claim has merit before permitting discovery). Here, the sheer number of media defendants involved only multiplies constitutional implications.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court enter an Order staying discovery and Rule 26(a)(1) disclosures and deferring all Rule 26(f) obligations until such time as the Court rules upon the pending dispositive motions.

Respectfully submitted this 28th day of October, 2019,

7

DEFENDANTS CABLE NEWS NETWORK, INC, SARAH ELIZABETH CUPP, JOE LOCKHART, WP COMPANY LLC, d/b/a THE WASHINGTON POST, DANA MILBANK, JENNA JOHNSON, JOSH DAWSEY, and AMBER PHILLIPS

By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser WV # 6597
BAILEY GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bglasser@baileyglasser.com

-and-

Kevin T. Baine DC # 238600
Stephen J. Fuzesi DC # 496723
Sarah Golabek-Goldman DC # 1047833
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com
sfuzesi@wc.com
sgolabek-goldman@wc.com


DEFENDANTS FOX NEWS NETWORK LLC, BRADLEY BLAKEMAN, NEIL CAVUTO, STEPHANIE HAMILL, JOHN LAYFIELD, ELIZABETH MACDONALD, and ANDREW NAPOLITANO

By Counsel:

*/s/ J. Zak Ritchie*
J. Zak Ritchie WV #11705
Ryan McCune Donovan WV #11660
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
Telephone: 681-265-3802

Facsimile: 304-982-8056
zritchie@hfdrlaw.com
rdonovan@hfdrlaw.com

-and-

Elbert Lin WV #12171
David Parker (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: 804-788-8200
Facsimile: 804-788-8218
elin@HuntonAK.com
dparker@HuntonAK.com


DEFENDANTS MSNBC CABLE, LLC; NBCUNIVERSAL, LLC; CNBC, LLC; CHRIS HAYES; JOY ANN LOMENA-REID; LEIGH ANN CALDWELL; and BRIAN SCHWARTZ

By Counsel:

*/s/ Monica L. Dias*
Monica L. Dias OH #0073617
(*pro hac vice*)
FROST BROWN TODD LLC
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
Telephone: (513) 651-6783
Facsimile: (513) 651-6981 (fax)
mdias@fbtlaw.com

-and-

*/s/ Jared M. Tully*
Jared M. Tully WV # 9444
Elise N. McQuain WV # 12253
FROST BROWN TODD LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
Telephone: 304-345-0111
Facsimile: 304-345-0115
jtully@fbtlaw.com
emcquain@fbtlaw.com

DEFENDANT NEWS AND GUTS, LLC

By Counsel:

*/s/ William D. Wilmoth*
William D. Wilmoth
WV # 4075
Steptoe & Johnson, PLC
1233 Main Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 231-0456
Fax: (304) 231-0456
William.Wilmoth@Steptoe-Johnson.com

-and-

Chris Vlahos (admitted *Pro Hac Vice*)
BPR # 20318
Jenna Harris (admitted *Pro Hac Vice*)
BPR # 31150
Ritholz Levy Fields, LLP
1221 6th Ave N
Nashville, TN 37208
Phone: (615) 250-3939
cvlahos@rlfllp.com
jharris@rlfllp.com


DEFENDANTS FISCAL NOTE, INC. and GRIFFIN CONNOLLY

By Counsel:

*/s/ Allen M. Gardner*
Allen M. Gardner (admitted *Pro Hac Vice*)
DC #456723
Sarah M. Gragert (admitted *Pro Hac Vice*)
DC #977097
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2270
Facsimile: (202) 637-2201
allen.gardner@lw.com
sarah.gragert@lw.com

-and-

*/s/ John J. Polak*
John J. Polak WV # 2929
ATKINSON & POLAK, PLLC
300 Summers Street, Suite 1300
P.O. Box 549
Charleston, WV 25322-0549
Telephone: (304) 346-5100
Facsimile: (304) 346-4678
jjpolak@amplaw.com


DEFENDANTS THE WASHINGTON TIMES and BENJAMIN WOLFGANG

*/s/ Benjamin L. Bailey*
Benjamin L. Bailey WV # 200
BAILEY GLASSER LLP
209 Capitol Street
Charleston, WV 25301-1386
bbailey@baileyglasser.com

- and –

Mark H.M. Sosnowsky (*pro hac vice*)
James A. Barker, Jr. (*pro hac vice*)
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 20005
202-354-1327
mark.sosnowsky@dbr.com
james.barker@dbr.com

DEFENDANTS AMERICAN BROADCASTING COMPANIES, INC.; THE DAILY BEAST COMPANY LLC; DAILY NEWS L.P.; LOS ANGELES TIMES COMMUNICATIONS, LLC; NATIONAL JOURNAL GROUP LLC; CATHLEEN DECKER; NICOLE HENSLEY; JOSH KRAUSHAAR; DAVID MARTOSKO; and GIDEON RESNICK

By Counsel:

*/s/ Kelli L. Sager*
Kelli L. Sager (admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6800

Alison Schary (pro hac vice)
Eric J. Feder (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
New York, New York 10019
Telephone: (202) 973-4248

Sean P. McGinley, Esq., Bar No. 5836
DiPIERO SIMMONS McGINLEY & BASTRESS, PLLC
605 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 342-0133

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2019, I electronically filed the foregoing Motion To Stay Discovery And Rule 26(F) Obligations Pending Resolution Of Dispositive Motions and related papers with the Clerk of the Court using the CM/ECF system, and that I have mailed the documents by United States Postal Service to the non-CM/ECF participants identified in the Notice of Electronic Filing that will be generated upon the filing of these documents.

Dated: October 28, 2019                                   By: /s/ Sarah Golabek-Goldman
                                                                                    *Attorney for CNN and Post Defendants*