**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**


DON BLANKENSHIP,

        *Plaintiff,*

v.                                         Case No. 2:19-cv-00236

ANDREW NAPOLITANO, *et al.,*

        *Defendants.*


**NATIONAL REPUBLICAN SENATORIAL COMMITTEE AND KEVIN
MCLAUGHLIN'S MOTION TO STAY DISCOVERY AND RULE 26(F) OBLIGATIONS
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

        Undersigned Defendants National Republican Senatorial Committee ("NRSC") and Kevin

McLaughlin hereby move to stay discovery and Rule 26(f) obligations for substantially the same

reasons stated by the 37 Media Defendants in their Motion to Stay Discovery and Rule 26(f)

Obligations Pending Resolution of Dispositive Motions ("Motion") (Dkt. #372). Like the Media

Defendants, the Undersigned Defendants filed motions to dismiss Don Blankenship's meritless

claims at the outset of the case in order to avoid "expensive discovery proceedings" that "could chill

free speech." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). And, as with the Media

Defendants, allowing further proceedings and intrusive discovery before resolving the motions to

dismiss would burden the Undersigned Defendants' political speech, "which is at the core of our

electoral process and of the First Amendment freedoms." *Eu v. San Francisco Cty. Democratic Cent.

Comm.*, 489 U.S. 214, 222–23 (1989). Staying the case until the Court rules on the pending dispositive

motions is thus necessary to protect Undersigned Defendants' First Amendment rights and serve

the interests of judicial economy.

As the Media Defendants explain, courts typically consider several factors in deciding whether to grant a stay pending the outcome of dispositive motions. *See* Dkt. #372 at 2-3 (citing *Citynet, LLC v. Frontier W. Va. Inc.*, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (Copenhaver, J.)). These factors include "the type of motion"; the "nature and complexity of the action" and "expected extent of discovery"; "whether counterclaims and/or cross-claims have been interposed"; "whether other parties agree to the stay"; the "posture or stage of the litigation"; and "any other relevant circumstances." *Id.* These factors strongly support a stay here.[1]

As to the "type of motion," the Undersigned Defendants have filed motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6), which if granted would resolve all of Blankenship's claims against them. In addition, McLaughlin has moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). A 12(b)(6) motion "challenges [] the legal sufficiency of plaintiff['s] claims," *Bishop v. Quicken Loans, Inc.*, No. 2:09-01076, 2010 WL 3359604, at *3 (S.D. W. Va. Aug. 23, 2010) (Copenhaver, J.,), and thus "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). And a 12(b)(2) motion raises the "threshold issue that determines whether a court has the power to bind the defendant" and "supports a stay of merits discovery." *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014). Indeed, it would be especially improper to deny a stay when the court's fundamental jurisdiction has been called into serious question and has not yet been established. Thus, because the "resolution of these motions" could "narrow the issues[] or potentially terminate this case," it is "in the interests of efficiency and judicial economy to expeditiously resolve these motions" before allowing discovery to commence. *Wilt v. Household Life Ins. Co.*, No. 2:14-CV-31400, 2015 WL 5501751, at *2 (S.D. W. Va. Sept. 16, 2015).

---

[1] The Undersigned Defendants incorporate by reference the Media Defendants' arguments.

The "nature and complexity of the action" and "expected extent of discovery" also support a stay. In addition to the reasons offered by the Media Defendants, the nature of Blankenship's conspiracy allegations poses a particular threat to the First Amendment rights of the NRSC. In support of his wholly conclusory and speculative claim that the NRSC conspired to defame him, Blankenship will undoubtedly seek "internal campaign communications," the disclosure of which can "have a deterrent effect on the exercise of protected activities." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1162 (9th Cir. 2010). Indeed, in his parallel defamation suit against Donald Trump, Jr., Blankenship has stated that he intends to seek a vast amount of sensitive information, including communications among political operatives, details of meetings where Blankenship was discussed, and communications regarding the 2018 West Virginia Senate election. *See* Dkt. #13 at 2, *Blankenship v. Trump*, Case No. 2:19-cv-00549 (S.D. W. Va. Sept. 13, 2019). Before Blankenship is authorized to seek this information—and to avoid potentially unnecessary fights over application of the First Amendment privilege to these discovery requests—this Court should first resolve the pending motions to dismiss.

The remaining factors likewise counsel in favor of a stay: Multiple other parties have agreed to the stay (i.e., the 37 Media Defendants). In addition, the Undersigned Defendants have not filed any counterclaims or cross-claims, and the early stage of the litigation makes this an ideal time to winnow the parties before proceeding to complex and burdensome discovery. *See Citynet*, 2016 WL 6133844, at *1.

Finally, the Undersigned Defendants have at least an equally strong First Amendment interest as the Media Defendants in ensuring that their free speech is not "unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel*, 816 F.3d at 702. The First Amendment "has its fullest and most urgent application precisely to the conduct of campaigns for political office," *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971), and the "independent expression

of a political party's views is 'core' First Amendment activity no less than is the independent expression of individuals, candidates, or other political committees," *Colo. Republican Fed. Campaign Comm. v. FEC*, 518 U.S. 604, 616 (1996). The Supreme Court for more than a half-century has sought to give political speech the "breathing space" it needs to survive by limiting when a plaintiff can subject a speaker to litigation based on political speech in the course of a "free debate." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 271–72 (1964). In light of the important First Amendment interests at play here, and the dispositive motions currently pending, staying all discovery and Rule 26(f) proceedings would ensure that Undersigned Defendants' core protected speech is not unduly burdened.

For the foregoing reasons, and those offered by the Media Defendants, the Undersigned Defendants join their Motion to stay discovery and Rule 26(f) obligations pending resolution of the motions to dismiss.

/s/ Melissa Foster Bird
Melissa Foster Bird. Esq. (WVSBN 6588)
Christopher D. Smith, Esq. (WVSBN 13050)
NELSON MULLINS RILEY & SCARBOROUGH
P. O. Box 1856
Huntington, WV  25719-1856
(304) 56-3500
(304) 526-3599 (FAX)
melissa.fosterbird@nelsonmullins.com
chris.smith@nelsonmullins.com

Michael A. Carvin
Anthony J. Dick
Stephen J. Kenny
JONES DAY
51 Louisiana Ave. NW
Washington, DC, 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
macarvin@jonesday.com

*Attorneys for Defendant National Republican Senatorial Committee*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

     *Plaintiff*,

                                  Case No. 2:19-cv-00236

v.

ANDREW NAPOLITANO, *et al.*,

     *Defendants.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of October, 2019, I electronically filed the foregoing

***"National Republican Senatorial Committee and Kevin McLaughlin's Motion to Stay***

***Discovery and Rule 26(F) Obligations Pending Resolutions of Dispositive Motions"*** with the

United States District Court for the Southern District of West Virginia by using the CM/ECT

system, which will send notification of the filing to all counsel of record.


                                   /s/ Melissa Foster Bird
                                   Melissa Foster Bird. Esq.