UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DON BLANKENSHIP,

      Plaintiff,

v.                              Civil Action No. 2:19-cv-00236

ANDREW NAPOLITANO et al.,

      Defendants.


MEMORANDUM OPINION AND ORDER


Pending are the defendants' motions to stay discovery and Rule 26(f) obligations pending the resolution of dispositive motions, filed on October 28, 2019 and October 29, 2019.  The first motion was filed by thirty-seven (37) defendants, and the second motion was filed by two defendants.  Six other defendants filed joinders to the first motion, so that a total of forty-five (45) defendants seeks a stay out of the fifty-two (52) remaining named defendants in this action.


I.    Factual Background


The plaintiff, Don Blankenship, filed this action in West Virginia state court, which was later removed to this court, alleging claims of defamation and false light invasion of privacy against more than one-hundred individual and

organizational defendants across the United States.[1]  See Notice
of Removal, ECF No. 1.

Following an explosion in a West Virginia mine on
April 5, 2010 that resulted in the death of twenty-nine (29)
miners, the United States government initiated an investigation
into the cause of the explosion.  See First Am. Compl., ECF No.
14 at 32.  As one of the outcomes of this investigation, the
government charged the plaintiff with three felonies and a
misdemeanor.  Id. at 33.  At trial, a federal jury found the
plaintiff innocent of the felony charges but convicted him of
the misdemeanor offense.  Id.  The plaintiff was sentenced to
one year in jail, which the plaintiff served and from which he
was released in early 2017.  Id. at 34.

In January 2018, the plaintiff began a campaign to run
for a United States Senate seat in West Virginia.  Id. at 34.
In media coverage of this campaign, and even after the 2018
primary election, in which the plaintiff was unsuccessful, the
plaintiff alleges that the defendants smeared him by referring
to him as a "felon" or a "convicted felon,"[2] despite the fact

---

[1] These defendants include media organizations, political
organizations, news anchors, news reporters, writers, bloggers,
and individuals involved in politics.  See Notice of Removal,
ECF No. 1 at 13-31.

[2] The exact reference varies among the defendants.

that the plaintiff was cleared of the felony charges and was only convicted of the misdemeanor offense.  See id. at 35-53. The plaintiff filed this suit alleging four causes of action: (1) defamation, (2) conspiracy to defame the plaintiff, (3) false light invasion of privacy, and (4) conspiracy to commit false light invasion of privacy.  See id. at 53-58.

Twenty-two (22) motions to dismiss were filed by defendants, with several defendants joining in a single motion. These motions move for dismissal of the named defendants under Rule 12(b)(2) for lack of personal jurisdiction and/or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Seventeen (17) of these remain pending and they include forty-six (46) of the fifty-two (52) named defendants remaining in this case.[3]

The plaintiff opposes the motions to stay.  See Pl.'s First Opp., ECF No. 385; Pl.'s Second Opp., ECF No. 384.  As of the filing of these motions, the parties have not filed a Rule 26(f) report and it is the court's understanding that the parties have not yet held the Rule 26(f) conference, the last day for which has been rescheduled for November 21, 2019.

---

[3] Five of the motions to dismiss are effectively moot because the named defendants have been dismissed by court order or joint stipulation.  See, e.g., ECF No. 181; ECF No. 200; ECF No. 210; ECF No. 224; ECF No. 254.

## II.  Legal Standard

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
>> (A) forbidding the disclosure or discovery;
>> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

Under this rule, a district court has the discretion to stay discovery pending the outcome of a dispositive motion.[4]  See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion.").  Such a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  United States v. Daily Gazette Co., No.

---

[4] The Fourth Circuit has had little occasion to consider motions to stay discovery because orders granting or denying such motions are not final orders, nor are they appealable interlocutory or collateral orders.  See, e.g., Cervantes v. Bridgefield Cas. Ins. Co., 671 F. App'x 123, 124 (4th Cir. 2016) (per curiam); Poux v. FCI Bennettsville SC, 418 F. App'x 157, 157 (4th Cir. 2011) (per curiam).

CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007) (citation omitted).

District courts consider whether a motion to stay under Rule 26(c)(1) is warranted on a case-by-case basis because "such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991)).  Several factors guide the court's analysis, none of which alone is dispositive.  These factors are:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (7) and any other relevant circumstances.

Citynet, LLC v. Frontier W. Va. Inc., No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D.W. Va. Oct. 19, 2016) (internal quotation marks omitted); see also Tuell v. Deere Credit Servs., Inc., No. 2:17-CV-02715, 2017 WL 11249436, at *1 (S.D.W. Va. Oct. 4, 2017).  The plaintiff and defendants cite to this analysis in their pleadings.

Alternatively, a three-factor analysis has been applied when considering whether to grant a motion to stay discovery. These factors are: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Slone v. State Auto Prop. & Cas. Ins. Co., No. 2:19-CV-00408, 2019 WL 4733555, at *1 (S.D.W. Va. Sept. 26, 2019) (quoting White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)).

## III. Analysis

### 1. Type of Motion

As noted, seventeen (17) motions to dismiss by forty-six (46) individual and organizational defendants are pending. These motions to dismiss are for lack of personal jurisdiction under Rule 12(b)(2) and/or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Such motions are deemed dispositive because a ruling favorable to the movant frequently decides the case with respect to those movants. A stay to resolve such case-dispositive motions is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery." Rowe v. Citibank N.A., No. CIV.A. 5:13-21369, 2015 WL 1781559, at *2 (S.D.W. Va.

6

Apr. 17, 2015).  Such motions "streamline[] litigation by
dispensing with needless discovery and factfinding."  Neitzke v.
Williams, 490 U.S. 319, 326–27 (1989).  In the event that any of
the motions to dismiss are granted, any resources devoted to the
time-consuming and expensive discovery process would be
fruitless.  See Bragg v. United States, No. CIV.A. 2:10-0683,
2010 WL 3835080, at *2 (S.D.W. Va. Sept. 29, 2010).  This factor
weighs in support of granting the motions.


    2. Legal Challenge or Sufficiency of Allegations


        The second factor considers whether the challenge is a
"matter of law" or the "sufficiency" of the allegations.
Hachette Distribution, 136 F.R.D. at 358.  The defendants assert
that the pending motions to dismiss are for failure to state a
claim as a matter of law and/or for lack of personal
jurisdiction.  The plaintiff argues that a stay is inappropriate
because "it is unlikely that the pending motions to dismiss will
dispose of this case in its entirety."  Pl.'s First Opp., ECF
No. 385 at 5-6.  With respect to the personal jurisdiction
issue, the plaintiff aptly argues that he should be afforded the
opportunity to establish through jurisdictional discovery that
the defendants engaged in tortious conduct in or directed at
West Virginia.  See id. at 6-7.

While the court recognizes the use and purpose of jurisdictional discovery, the nature of such discovery is that it is limited.  See Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016).  The plaintiff's argument for the opportunity to conduct limited jurisdictional discovery as grounds for full discovery before the court has considered the pending motions to dismiss is unjustifiably broad.  Indeed, this factor weighs more in favor of granting the motions to stay.

3. Nature and Complexity

Of the more than one-hundred defendants named since the case was filed, many have been dismissed and there remain some fifty-two (52) named defendants that are a mix of individuals and organizations across the United States.  The defendants argue that the sheer number of defendants in different geographic locations makes coordinating discovery in this matter a "remarkably complicated endeavor" and "costly and burdensome."  Defs.' First Mot. Stay, ECF No. 372 at 4.  The plaintiff counters by arguing that the scheduled Rule 26(f) conference is "a valuable opportunity to streamline discovery, forestall costly and unnecessary future discovery disputes, and potentially even encourage early settlement of the case with respect to certain defendants."  Pl.'s First Opp., ECF No. 385 at 7.  The plaintiff further asserts that the issues in the case

are not overly complex because the four causes of action focus
on only two basic claims -- defamation and false light invasion
of privacy -- and discovery will therefore be "targeted and
manageable."  Id. at 7-8.

Although the nature of discovery here may be targeted
based on the two main causes of action, the large number of
defendants across several states makes coordination rather
complex.  A stay ensures that all the proper parties are
involved in formulating discovery following the resolution of
the potentially dispositive motions to dismiss.

The court agrees with the defendants that discovery at
this stage with fifty-two (52) remaining named defendants,
forty-six (46) of whom have filed motions to dismiss, makes even
the initial stage of conducting the Rule 26(f) meeting a
"logistically challenging and highly burdensome exercise.  See
Defs.' First Mot. Stay, ECF No. 372 at 4.  This factor favors
granting a stay.

4. Counterclaims or Cross-Claims

No parties have filed counterclaims or cross-claims in
this action.  The lack of counterclaims or cross-claims favors a
stay of discovery.  Rowe v. Citibank N.A., No. CIV.A. 5:13-
21369, 2015 WL 1781559, at *2 (S.D.W. Va. Apr. 17, 2015).

9

5. <u>Agreement to the Stay</u>

A total of forty-five (45) defendants seek a stay. None of the other seven named defendants has filed a motion or response in opposition to the motions to stay.  The plaintiff argues that not all the defendants have agreed to the stay motions, but he does not cite any defendants who are opposed to the stay.  Pl.'s First Opp., ECF No. 385 at 9.  The near unanimity of the many defendants in this case weighs in favor of granting the stay.

6. <u>Posture or Stage</u>

The defendants argue that this action "is in its infancy from a procedural standpoint."  Defs.' First Mot. Stay, ECF No. 372 at 5 (citing <u>United States v. Daily Gazette Co.</u>, No. CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007)).  The plaintiff argues that the lawsuit is not in its "infancy" because the action was filed several months ago, on March 14, 2019.  Pl.'s First Opp., ECF No. 385 at 9.

Granting a stay is more appropriate when the action is early in the litigation process, especially before discovery is underway.  Like the motion to stay discovery that was granted in <u>CityNet</u>, the motions to stay here were filed before the Rule

10

26(f) report has been filed and before a scheduling order has been entered.  See Citynet, 2016 WL 6133844 at *1.  In contrast, the motion in Hachette Distribution was denied, in part, because other defendants were already engaged in discovery, the plaintiff had responded to interrogatories from those defendants, and discovery was being "expeditiously pursued" with the exception of the movant defendants.  See 136 F.R.D. at 359. No significant discovery has occurred in this matter and the parties have not yet submitted a Rule 26(f) report, which weighs in favor of granting the motions.

### 7. Other Relevant Circumstances

The defendants assert two additional considerations for granting the stay.  First, the defendants argue that challenges to "preliminary issues" such as personal jurisdiction are a factor that support granting a stay of discovery pending the resolution of dispositive motions on such preliminary issues.  See Defs.' First Mot. Stay, ECF No. 372 at 5.  Second, the defendants argue that concerns about the burden of discovery have "special significance" in libel litigation.  See id. at 6. In particular, the defendants note that the plaintiff's allegations pose a particular threat to the First Amendment rights of the defendants and that discovery at this stage could have a deterrent effect on the exercise of those First Amendment

11

rights.  See Defs.' Second Mot. Stay, ECF No. 376 at 3.  The

sheer number of defendants involved multiplies the

constitutional implication of this consideration.  Defs.' First

Mot. Stay, ECF No. 372 at 7.

The plaintiff repeats his argument that the court has

personal jurisdiction over the defendants, and he requests an

opportunity to establish through jurisdictional discovery that

the defendants engaged in tortious conduct in or directed to

West Virginia.  See Pl.'s First Opp., ECF No. 385 at 9.  While

jurisdictional discovery may be found by the court to be

appropriate, it need not be granted at this juncture.

The court agrees that the resolution of dispositive

motions to dismiss is a preliminary issue that may avoid

fruitless expenditures in discovery should any of these motions

be granted.  See Bragg, 2010 WL 3835080 at *2.  The court also

finds merit in ensuring that the defendants' free speech is not

"unduly burdened by the necessity of defending against expensive

yet groundless litigation."  See Defs.' Second Mot. Stay, ECF

No. 376 at 3 (quoting Michel v. NYP Holdings, Inc., 816 F.3d

686, 702 (11th Cir. 2016)).  These factors weigh in favor of a

stay.

The court also considers two other factors.  The

interests of judicial economy favor reducing the burden of

12

discovery on parties when the motion to dismiss raises
potentially dispositive legal issues and "the resolution of
which may obviate the need for or limit discovery in this case."
See Slone, 2019 WL 4733555 at *1.  As previously discussed, a
stay to resolve case-dispositive motions is appropriate because
"a finding in defendant's favor could completely resolve the
case without any need for discovery."  Rowe, 2015 WL 1781559 at
*2.  This preserves judicial economy by avoiding the fruitless
expenditure of resources devoted to a time-consuming and
expensive discovery process.  See Bragg, 2010 WL 3835080 at *2.

As to potential prejudice to the non-moving party, the
plaintiff argues that granting a stay will "unfairly prejudice"
him by unnecessarily delaying discovery with respect to the
defendants who have not filed motions to dismiss.  Pl.'s First
Opp., ECF No. 385 at 5.  This argument is unpersuasive.  Its
adoption  would force a premature, cumbersome discovery process
for the many who have filed such motions.

IV.  Conclusion

The court finds that granting a stay at this stage in
the litigation is not prejudicial to any party.  The stay allows
more time for the court to evaluate the claims in the remaining
seventeen (17) motions to dismiss under Rule 12(b)(2) and/or

13

Rule 12(b)(6).  A stay may also provide more time for the parties, or at least some of them, to negotiate and come to an agreement outside of the court.[5]

For the foregoing reasons, it is ORDERED that the defendants' motions to stay discovery and Rule 26(f) obligations pending the resolution of dispositive motions be, and they hereby are, GRANTED insofar as the motions relate to the resolution of the motions to dismiss.  It is further ORDERED that discovery in this action be, and it hereby is, stayed pending resolution of the defendants' motions to dismiss and until the further order of the court.  It is also ORDERED that the Rule 26(f) conference, entry of the scheduling order, and Rule 26(a)(1) disclosures are also stayed until the further order of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: November 19, 2019

John T. Copenhaver, Jr.
Senior United States District Judge

---

[5] The court notes that the plaintiff has dismissed or filed a joint stipulation of dismissal for more than fifty named defendants since this action was filed.

14