**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

DON BLANKENSHIP,

      *Plaintiff*,

v.                                                                    Case No. 2:19-cv-00236

ANDREW NAPOLITANO, *et al.*,

      *Defendants*.

**NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

      Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), the

National Republican Senatorial Committee ("NRSC"), by and through its attorneys, hereby submits

its Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, dated

May 1, 2020. These Responses and Objections are served pursuant to a deadline of June 22, 2020

agreed to by counsel for Plaintiff and counsel for the NRSC. Responses and objections should not

be interpreted as an admission to the existence of the requested documents. The NRSC reserves the

right to supplement these Responses and Objections.

**GENERAL OBJECTIONS**

      1.     The NRSC objects to each and every request for production to the extent that it seeks

documents protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege or immunity.

      2.     The NRSC objects to each and every request for production to the extent that it

purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local

Rules or to the extent that it seeks information beyond that permitted by the Federal Rules or Local Rules.

3.      The NRSC objects to each and every request for production to the extent that it seeks to require the NRSC to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

4.      The NRSC objects to the request to produce all electronically stored information in native format.

5.      The NRSC objects to each and every request for production to the extent that it calls for the production of internal proprietary business information or other private or confidential information of the NRSC.

6.      The NRSC objects to the production of any documents before the adoption of an appropriate protective order.

7.      The NRSC objects to each and every request for production to the extent that it seeks production of documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

8.      The NRSC objects to each and every request for production to the extent that it seeks documents that are not relevant to the conspiracy claims made against the NRSC.  Fed. R. Civ. P. 26(b)(1).

9.      The NRSC objects to each and every request for production to the extent that it seeks documents generated before November 29, 2017, the date on which Blankenship announced his Senate candidacy, or after May 8, 2018, when he lost the Republican primary election, because documents from outside this time period do not meet the standards of Fed. R. Civ. P. 26(b)(1).

10.     The NRSC objects to each and every request for production to the extent that it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

a.      Many of the requests for production are not proportional to the needs of the case because numerous responsive documents are of no importance to "resolving the issues" in this case. Fed. R. Civ. P. 26(b)(1). Much of the proposed discovery is simply a fishing expedition into issues not important to resolving the Plaintiffs' claim that the NRSC joined an unlawful conspiracy.

b.      The production requests are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit," especially "in light of the parties' resources." Fed. R. Civ. P. 26(b)(1). Many of the document requests are exceptionally broad and would require substantial resources to collect, review, and produce. The NRSC's resources consist of contributions made by citizens, in the exercise of those citizens' "right to participate in democracy through political contributions." *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014). Forcing the NRSC to divert these contributions away from the election campaign, and toward addressing its political adversaries' broad discovery requests, amounts to a burden on that constitutional right. As the Supreme Court has noted, courts should "minim[ize] … discovery" in cases involving "political speech." *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 469 (2007) (opinion of Roberts, C.J.).

11.     The NRSC objects to each and every request for production to the extent that it is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from other sources, including publicly available information from the NRSC's reports filed with the Federal Election Commission. Fed. R. Civ. P. 26(b)(2)(C)(i).

12.     The NRSC objects to each and every request for production to the extent that it seeks documents protected from disclosure by the First Amendment, including the NRSC's internal

communications, communications with the Republican Party and other political groups, and communications with candidates, advisors, vendors, political supporters, and other individuals. The Supreme Court has recognized that the forced disclosure of political associations raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958). Compelled disclosure of campaign-related communications in civil discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010). Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Id.* at 1160 (citing *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003)); *see also Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), *vacated on other grounds*, 458 U.S. 1118 (1982).

## OBJECTIONS TO DEFINITIONS

1. The NRSC objects to Plaintiff's definition of "Documents" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

2. The NRSC objects to Plaintiff's definition of "Communications" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

3. The NRSC objects to Plaintiff's definition of "NRSC," "Responding Party," "Defendant," "You," and "Your" as vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). The definition is overly broad, and applying the definition would be unduly burdensome, because it purports to encompass a vast range of persons and entities, including (for

- 4 -

example) the many unpaid volunteers who worked to secure the election of Republican Senate candidates. Applying the definition would require the NRSC to disclose the identities of the persons covered by the definition in violation of the NRSC's rights under the First Amendment to keep such identities private. *See NAACP v. Patterson*, 357 U.S. 449, 463 (1958); *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and All Documents that Refer or Relate to Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

### REQUEST FOR PRODUCTION NO. 2:

Any and All Communications that Refer or Relate to Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because

it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation.  The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection.  The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.  Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 3:

Any and All Documents or Communications that Refer or Relate to the explosion at the Upper Big Branch Mine which occurred on or about April 5, 2010.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above.  The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation.  The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection.  The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.  Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 4:

Any and All Documents or Communications that Refer or Relate to Any investigation into

the explosion at the Upper Big Branch Mine which occurred on or about April 5, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 5:**

Any and All Documents that Refer or Relate to any indictment issued by the United States Government against the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing

objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 6:

Any and All Documents or Communications that Refer or Relate to the Trial.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 7:

Any and All Documents or Communications that Refer or Relate to any verdict in the Trial.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents

protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 8:**

Any and All Documents and/or Communications that Refer or Relate to Evan Jenkins.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 9:**

Any and All Documents and/or Communications that Refer or Relate to Evan Jenkins and which also reference Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks

any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 10:**

Any and All Documents and/or Communications that Refer or Relate to Patrick Morrisey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 11:**

Any and All Documents and/or Communications that Refer or Relate to Patrick Morrisey and which also reference Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 12:**

Any and All Documents and/or Communications that Refer or Relate to any communications by Senator Joe Manchin which Refer or Relate to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 13:**

Any and All Documents and/or Communications that Refer or Relate to any communications by Mitch McConnell which Refer or Relate to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 14:**

Any and All Documents and/or Communications that Refer or Relate to any meetings in which Mitch McConnell was a participant during which there was any discussion of Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents

protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 15:

Any and All Documents and/or Communications that Refer or Relate to any meetings in which Mitch McConnell was a participant during which there was any discussion of any plan or strategy to defeat Plaintiff candidacy in the 2018 West Virginia Primary.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

## REQUEST FOR PRODUCTION NO. 16:

Any and All Documents and/or Communications that Refer or Relate to any meetings in which Mitch McConnell was a participant during which there was any discussion of any plan or strategy to describe Plaintiff as a "felon" or "convicted felon" in connection with his candidacy in the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 17:**

Any and All Documents and/or Communications that Refer or Relate to any meetings in which any member of the United States Senate or United States House of Representatives was a participant during which there was any discussion of any plan or strategy to describe Plaintiff as a "felon" or "convicted felon" in connection with his candidacy in the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First

Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 18:**

Any and All Documents and/or Communications that refer or relate to the May 1, 2018 Fox News televised debate involving candidates running in the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 19:**

Any and All Communications involving the NRSC, on the one hand, and any third-party entity or individual, on the other hand, and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because

it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 20:**

Any and All Communications involving the NRSC, on the one hand, and any media entity or individual, on the other hand (including without limitation any reporter, editor or representative of any newspaper, television network or station, on-line publication, or any other operation for the distribution of news or information), and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 21:**

Any and All Communications involving the NRSC, on the one hand, and any representative

or employee of the White House, (including without limitation President Trump, Bill Stepien, and/or any member of the White House Political staff), and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 22:**

Any and All Communications involving the NRSC, on the one hand, and any commentator, pundit, and/or operative on the other hand (including without limitation Karl Rove, Rush Limbaugh, Andrew Wilkow, Judge Napolitano, Laura Ingraham, Bill Stepien, and/or Chris Stirewalt) and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents

protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 23:**

Any and All Communications involving the NRSC, on the one hand, and any agent or representative of Fox News on the other hand (including without limitation any employee or executive of Fox News) and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 24:**

Any and All Communications involving the NRSC, on the one hand, and Joe Manchin, on the other hand, and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because

it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 25:**

Any and All Communications involving the NRSC, on the one hand, and any candidate running in the 2018 West Virginia Primary on the other hand (including without limitation the candidates themselves (including Patrick Morrisey and/or Evan Jenkins), as well as any staff members or consultants for any candidate, and/or any supporters of any candidate, and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 26:**

Any and All Communications involving the NRSC, on the one hand, and Governor Jim Justice or any of his staff, on the other hand, and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 27:**

Any and All Communications involving the NRSC, on the one hand, and any member or representative of the West Virginia Republican Party, on the other hand, and which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, and/or the Conviction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to any the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First

Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 28:**

Any and All Documents and/or Communications which Refer or Relate to any agreement between the NRSC and any third-party, (including without limitation any member of the media, any political operative, any representative of government, any political action committee, and/or any commentator or pundit) and which concerns any plan, concept, or idea of communicating that Plaintiff was a felon, a convicted felon, or any variation of that description.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 29:**

Any and All Documents and/or Communications which are dated prior to the first of Donald Trump Jr.'s Tweets about Plaintiff which were published on May 3, 2018, and which concern any plan, concept, or idea of having Donald Trump Jr. publish Tweets about Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 30:**

Any and All Documents and/or Communications which concern any plan, concept, or idea of having Donald Trump Jr. make any public statement or communication about Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 31:**

Any and All Documents and/or Communications that Refer or Relate to a meeting or gathering in South Florida on May 3, 2018 attended by Donald Trump Jr. and individuals affiliated with the RNC and/or the NRSC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 32:**

Any and All Documents and/or Communications that Refer or Relate to a meeting or gathering in South Florida on May 3, 2018 attended by Donald Trump Jr. and individuals affiliated with the RNC and/or the NRSC, including without limitation any agendas, meeting notes, PowerPoints, and/or any other information or Documents relating to the planning, organization, operation and/or attendees at any such meeting or gathering.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 33:**

Any and All Documents and/or Communications that Refer or Relate to any meetings or gatherings in South Florida on the days directly prior to or after May 3, 2018 attended by Donald Trump Jr. and individuals affiliated with the RNC and/or the NRSC, including without limitation any agendas, meeting notes, PowerPoints, and/or any other information or Documents relating to the planning, organization, operation and/or attendees at any such meeting or gathering.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 34:**

Any and All Documents and/or Communications that Refer or Relate to anyone who met with Donald Trump Jr. on May 3, 2018 and discussed Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, the Conviction, and/or Senator Joe Manchin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and

unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

## REQUEST FOR PRODUCTION NO. 35:

Any and All Documents and/or Communications that Refer or Relate to Any and All Tweets published by Donald Trump Jr. on May 3, 2018, including without limitation any Tweets which refer, directly or indirectly, to Plaintiff.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

## REQUEST FOR PRODUCTION NO. 36:

Any and all drafts of any Tweets ultimately published by Donald Trump Jr. on May 3, 2018.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and

unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 37:**

Any and All Documents and/or Communications which Refer or Relate to any plan, strategy, scheme, tactics, or ideas for the purpose or reason of defeating Plaintiff's candidacy for the Senate in West Virginia in 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 38:**

Any and All Communications by and between the NRSC and the 35th Inc. political action committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions

as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 39:**

Any and All Communications by and between the NRSC and the 35th Inc. political action committee, which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, the Conviction, and/or Senator Joe Manchin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 40:**

Any and All Documents and/or Communications that Refer or Relate to any political action committee seeking to have input and/or influence the 2018 West Virginia Primary, and any of its donors or contributors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions

as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 41:**

Any and All Documents and/or Communications involving Jim Booth and which concern Plaintiff, the Upper Big Branch Mine, the Trial, the Conviction and/or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. Use of the term "involving" is vague, ambiguous, and does not "describe with reasonable particularity" the items requested. Fed. R. Civ. P. 34(b)(1)(A). The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 42:**

Any and All Documents and/or Communications involving Bob Murray and which concern Plaintiff, the Upper Big Branch Mine, the Trial, the Conviction and/or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. Use of the term "involving" is vague, ambiguous, and does not "describe with reasonable particularity" the items requested. Fed. R. Civ. P. 34(b)(1)(A). The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 43:**

Any and All Documents and/or Communications involving Joe Craft and which concern Plaintiff, the Upper Big Branch Mine, the Trial, the Conviction and/or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. Use of the term "involving" is vague, ambiguous, and does not "describe with reasonable particularity" the items requested. Fed. R. Civ. P. 34(b)(1)(A). The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The

NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 44:**

Any and All Documents and/or Communications involving any West Virginia based businessperson(s) and/or coal operators and which concern Plaintiff, the Upper Big Branch Mine, the Trial, the Conviction and/or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. Use of the term "involving" is vague, ambiguous, and does not "describe with reasonable particularity" the items requested. Fed. R. Civ. P. 34(b)(1)(A). The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 45:**

Any and All Documents that Refer or Relate to any polls, surveys or focus groups concerning

the views of potential voters in the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 46:**

Any and All Documents that Refer or Relate to any polls, surveys or focus groups concerning the views of Plaintiff held by potential voters in the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing

objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 47:**

Any and All Documents that Refer or Relate to any polls, surveys or focus groups concerning the views of potential voters regarding a hypothetical general election in West Virginia in 2018 between Joe Manchin and Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 48:**

Any and All Documents that Refer or Relate to any polls, surveys or focus groups concerning the views of potential voters in the 2018 West Virginia Primary in which there was any questioning regarding Plaintiffs criminal history and/or which referred to him as a felon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because

it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 49:**

Any and All Documents that Refer or Relate to any fundraising for the opponents of Plaintiff in connection with the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 50:**

Any and All Communications by and between the National Republican Congressional

Committee and the NRSC which Refer or Relate to Plaintiff and/ or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 51:**

Any and All Documents or Communications by and between the National Republican Congressional Committee and the NRSC which Refer or Relate to any transfer of funds prior to the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First

Amendment as stated in the NRSC's Twelfth General Objection.

**REQUEST FOR PRODUCTION NO. 52:**

Any and All Documents or Communications which refer or relate to any communications by and between the NRSC and any political action committee and which Refer or Relate to the Plaintiff and/or the 2018 West Virginia Primary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 53:**

Any and All Communications by and between the NRSC and the West Virginia Republican Party which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, the Conviction, Patrick Morrisey, Evan Jenkins, and/or Senator Joe Manchin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because

it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 54:**

Any and All Communications by and between the NRSC and Melody Potter which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, the Conviction, Patrick Morrisey, Evan Jenkins, and/or Senator Joe Manchin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

**REQUEST FOR PRODUCTION NO. 55:**

Any and All Communications by and between the NRSC and Roman Stauffer which Refer or Relate to Plaintiff, the explosion at the Upper Big Branch Mine, the 2018 West Virginia Primary, the Trial, the Conviction, Patrick Morrisey, Evan Jenkins, and/or Senator Joe Manchin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

The NRSC incorporates its General Objections and Objections to the Plaintiff's Definitions as stated above. The NRSC objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC and lacks any reasonable time-period limitation. The NRSC also objects to this request as overly broad and unduly burdensome because it is not "proportional to the needs of the case" as stated in the NRSC's Tenth General Objection. The NRSC objects to this request to the extent it seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment as stated in the NRSC's Twelfth General Objection. Without waiving the foregoing objections, the NRSC responds that it will produce non-privileged documents relevant to the Plaintiff's conspiracy claims.

/s/Melissa Foster Bird
Melissa Foster Bird. Esq.
Nathan R. Hamons, Esq.
NELSON MULLINS RILEY &
SCARBOROUGH
P. O. Box 1856
Huntington, WV 25719-1856
(304) 56-3500
(304) 526-3599 (FAX)
melissa.fosterbird@nelsonmullins.com
nathan.hamons@nelsonmullins.com

Michael A. Carvin
Anthony J. Dick
Stephen J. Kenny
JONES DAY
51 Louisiana Ave. NW
Washington, DC, 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
macarvin@jonesday.com

*Attorneys for Defendant National*
*Republican Senatorial Committee*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

DON BLANKENSHIP,

        *Plaintiff*,

                                      Case No. 2:19-cv-00236

v.

ANDREW NAPOLITANO, *et al.*,

        *Defendants*.

## CERTIFICATE  OF SERVICE

I hereby certify that on the 22nd day of June, 2020, I electronically served on all counsel of record the National Republican Senatorial Committee's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents. Service on the Plaintiff's counsel of record was also made by regular U.S. mail.

/s/ Melissa Foster Bird