

**EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP**
ATTORNEYS AT LAW

**JEREMY J. F. GRAY**
(323) 301-4674
jgray@earlysullivan.com

June 22, 2020

**VIA E-MAIL ONLY**

Melissa Foster Bird. Esq.
Nathan R. Hamons, Esq.
**NELSON MULLINS RILEY &
SCARBOROUGH**
P. O. Box 1856
Huntington, WV 25719-1856
(304) 56-3500
(304) 526-3599 (FAX)
*melissa.fosterbird@nelsonmullins.com*
*nathan.hamons@nelsonmullins.com*

Michael A. Carvin, Esq.
Anthony J. Dick, Esq.
Stephen J. Kenny, Esq.
**JONES DAY**
51 Louisiana Ave. NW
Washington, DC 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
*macarvin@jonesday.com*

> **Re:** **Blankenship v. Fox News Network, et al.**
> **Case No.: 2-19-CV-00236**

Counsel:

We have received and reviewed Defendant National Republican Senatorial Committee's ("Defendant") responses and objections to Plaintiff Don Blankenship's ("Plaintiff' or "Mr. Blankenship") First Set of Requests for Production of Documents ("RFPs"). Despite Plaintiff's agreement to provide the requested extension of time to respond to the RFPs, we find Defendant's responses to be insufficient, incomplete, and/or evasive. Pursuant to Local Rule of Civil Procedure 37.1(b), this letter constitutes our preliminary good faith effort to meet and confer with respect to Defendant's deficient discovery responses.

> **I.** **In Violation of Rule 34(b)(2)(C), Defendant's Objections Do Not State Whether Defendant Is Withholding Responsive Documents**

As a preliminary matter, none of Defendant's responses are compliant with Federal Rule of Civil Procedure 34(b)(2)(C), which requires that objections to RFPs specifically "state whether any responsive materials are being withheld on the basis of that objection." Due to Defendant's failure to comply with this rule, it is impossible to determine whether Defendant's objection-only responses are causing any responsive documents to be withheld. For this reason alone, Defendant must supplement its responses.

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP | 6420 WILSHIRE BOULEVARD | 17TH FLOOR | LOS ANGELES, CALIFORNIA 90048
TEL: (323) 301-4660 | FAX: (323) 301-4676| WWW.EARLYSULLIVAN.COM

LAS VEGAS | LOS ANGELES | NEW YORK | PHOENIX | TAMPA

June 22, 2020
Page 2



## II.  **Defendant's Boilerplate Objections Are Without Merit**

Defendant improperly asserts a litany of purported "General Objections" to all requests, as well as boilerplate objections in response to each of the individual document requests.  *See* RFP Nos. 1-55.  For example and without limitation, Defendant "incorporates the General Objections and Objections to Plaintiff's Definitions and Instructions," and objects to each request as "overly broad and unduly burdensome because it seeks documents that are not relevant to the conspiracy claims made against the NRSC."  Defendant also objects to each request "because it is not 'proportional to the needs of the case'" and "to the extent is seeks documents protected by any applicable privilege, including documents protected from disclosure by the First Amendment."

Defendant's responses to the document requests are a classic example of improperly-asserted boilerplate general objections.  *See Jones v. Bank of Am., N.A.*, 2015 WL 1808916, at \*4–5 (S.D.W. Va. Apr. 21, 2015) (rejecting boilerplate general objections and granting motion to compel); *Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) (mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W. Va. 2010) ("general objections to discovery, without more, do not satisfy the burden of the responding party ... because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 358–59 (D.Md. 2008) (court disapproves of a general objection asserted "to the extent" that it applies).  Furthermore, by continuing to raise improper, non-particularized objections, counsel runs the risk of waiving any valid objections that may exist.  *Id.* at 359; *see also Mezu v. Morgan State University,* 269 F.R.D. 565, 573 (D. Md. 2010).

With respect to Defendant's objections based on purported undue burden, courts in the Fourth Circuit have found similarly general objections to be without merit.  *See Jones*, 2015 WL 1808916, at \*4–5.  For example, the Court in *Jones* emphasized that it is the answering party's obligation to support such objections with proof of the burden.  *Id*. at \*4.  However, like here, the responding party in *Jones* failed to supply any evidentiary foundation for its objections.  *Id.*  The Court rejected counsel's contention that the "burden and cost" of locating and producing documents responsive to Plaintiffs' requests would clearly outweigh any potential benefits to be realized from their production because counsel failed to produce any evidence to support that conclusion. *Id.*  The Court in *Jones* held in relevant part:  "In the absence of specific information demonstrating a genuine burden to BANA that can be weighed against the anticipated usefulness of the documents requested, BANA's objections are not justified."  *Id*. at \*5.  The same reasoning applies here.  Defendant has failed to provide specific information showing a genuine burden to Defendant that can be weighed against the anticipated benefit of the requested documents, and therefore, Defendant's objections are unjustified.  *See id.*

June 22, 2020
Page 3



For the reasons demonstrated above, Defendant' objections are without merit.  Subject to these improper objections, Defendant has indicated that it will produce documents in response to RFP Nos. 1 – 28, 37–50 and 52–55.  However, we have not received any documents to date.  Please provide the requested documents immediately, as they are now long overdue.

### III.    Defendant's Blanket Assertion Of "Any Applicable Privilege" Is Improper

Defendant improperly objects to each document request "to the extent it seeks documents protected by any applicable privilege…."  As previously discussed, such generalized objections are improper.  *See e.g*., *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 358–59 (D.Md. 2008) (court disapproves of a general objection asserted "to the extent" that it applies).

#### A.    Defendant's Reliance on the Attorney-Client Privilege Is Misplaced

Federal Rule of Evidence 501 governs the attorney-client privilege in federal court, which provides in relevant part*,* "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  In the instant case, the substantive claims and defenses are matters of state law.  Thus, whether a particular document is privileged as an attorney-client communication or subject to work product protection will be determined under West Virginia law.  Critically, "the burden of establishing the attorney-client privilege ... always rests upon the person asserting it."  *Jones*, 2015 WL 1808916, at *3 (citing *State ex rel. U.S. Fid. and Guar. Co. v. Canady,* 460 S.E.2d 677, 684 (W.Va. 1995)). Defendant has failed to meet this burden and establish that any of the requested information is protected by the attorney-client privilege and/or work product doctrine.

Further, when a party withholds information from discovery on the basis of the attorney-client privilege or work product doctrine, the party is *required* to produce contemporaneously with its discovery response a privilege log that satisfies the requirements of Federal Rule of Civil Procedure 26(b)(5).  Courts have held that the failure to supply a privilege log as required by Rule 26(b)(5) may result in waiver of the objection.  *See Jones*, 2015 WL 1808916, at *5 (citing cases).  Although Defendant repeatedly asserts the attorney-client privilege and work product objection throughout its answers to Plaintiff's document requests, it has failed to produce a privilege log.  Thus, Defendant has waived these objections.  *See id*.  Accordingly, please provide the requested documents and/or a privilege log immediately.

#### B.    Defendant's Objections Based on the First Amendment Are Unsupported

Defendant improperly objects to the document requests to the extent they seek documents "protected from disclosure by the First Amendment."  These objections are also inappropriate.  Although there is a qualified privilege against the discovery of information where compelled disclosure would likely chill associational rights, it is not absolute.  *Pulte Home Corp. v. Montgomery Cty. Maryland*, 2017 WL 1104670, at *3 (D. Md. Mar. 24, 2017) (citing cases).  In applying this framework, "courts must carefully scrutinize the need for First Amendment

June 22, 2020
Page 4



protection." *Id*. "***The first part of the framework requires the party asserting the privilege to make a prima facie showing that the privilege applies***." *Id*. at *4 (emphasis added). To make this showing, the party must "demonstrate an objectively reasonable probability that compelled disclosure will chill associational rights, *i.e.*, that disclosure will deter membership due to fears of threats, harassment, or reprisal ... which may affect members' physical well-being, political activities or economic interests." *Id*. "If the party asserting the privilege is unable to make a prima facie showing, there is no First Amendment privilege protecting against disclosure." The NRSC has made absolutely no attempt to make this required prima facie showing and its First Amendment objections are without merit for this reason alone.

The irony of the NRSC's reliance on the First Amendment to shield it from any discovery should not go unaddressed. Indeed, there can be no more clear attack on the First Amendment than in this case where the United States Senate Majority Leader directs a political action committee (the NRSC) that he controls to engage in unprotected defamatory speech to stop a public figure from winning a United States Senate race. Here, the public figure is not only criticizing the government, but is also publicly calling for removal of that Senate Majority Leader. If a Senate Majority Leader can direct a smear campaign while also controlling hundreds of millions of dollars with which he can defame or cause to be defamed his critics, this begs the question—how is an American citizen ever to impact government policies? The First Amendment operates as bulwark against *government* actions to stifle free expression. In the instant case, however, the NRSC's misconduct operated to stifle Mr. Blankenship's free expression, in violation of that Constitutional protection. Nonetheless, the NRSC's defamatory comments had the devastating effect of destroying Mr. Blankenship's credibility, as well as his ability to gain the trust of the public and to influence public opinion. Accordingly, Mr. Blankenship's right to speak freely is at the core of his claims in this action and his allegations that the NRSC unlawfully interfered in his campaign and election. As alleged in the FAC, Mr. Blankenship was viewed by the NRSC and Leader McConnell as a non-establishment candidate who expressed views to which they objected. Because Mr. Blankenship was targeted due to his non-establishment views by individuals at the highest levels of the United States government, his claims fall within the heart of the First Amendment.

As alleged in the First Amended Complaint ("FAC"), the NRSC effectively placed a "gag order" on Mr. Blankenship when he ran for United States Senate. That "gag order" came from the NRSC's orchestration of a weaponized defamation campaign against Mr. Blankenship, in order to undermine his Senate race and silence his public voice—which would have become materially louder and more influential if, as many expected (and the NRSC expressly feared)—Mr. Blankenship had been elected. The weaponized defamation began after Mr. Blankenship criticized and vowed that he would vote against the current Senate Majority Leader if elected. Mr. Blankenship was then verbally disparaged by Republican Senators as unfit to represent the Republican Party and also was defamed by a single-candidate super PAC supporting Patrick Morrisey (Defendant 35th PAC).

June 22, 2020
Page 5



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Furthermore, the NRSC's reliance on *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) is misplaced. Notably, *Perry* emphasized that where, like here, the "campaign information" is essential to establishing a plaintiff's case, the balance weighs in favor of disclosure. *Id*. at 1161.

For the above reasons, the NRSC's objections based on the First Amendment are without any basis and the requested documents should be produced immediately.

**IV.     The Requests (RFP Nos. 29-36, 51) Seek Information Directly Relevant To Plaintiff's Claims, Including The Conspiracy To Defeat Mr. Blankenship)**

Notwithstanding the above, Defendant has refused to produce documents in response to the following requests, apparently on relevance grounds. *See* RFP Nos. 29-36, and 51. As demonstrated below, Defendant's objections to these requests are wholly improper as they appropriately seek nonprivileged information that is highly relevant to Plaintiff's claims. *See Pinnacle Mining Co., LLC v. Bluestone Coal Corp.*, 2015 WL 1482305, at *2 (S.D.W. Va. Mar. 31, 2015) (discovery may include nonprivileged information which is relevant to any party's claim or defense).

With respect to document requests relating to documents and communications that refer or relate to a meeting in South Florida on May 3, 2018 attended by Donald Trump, Jr. and individuals affiliated with the RNC and/or the NRSC, as well as any documents and communications by and between the National Republican Congressional Committee and the NRSC which concern any transfer of funds prior to the 2018 West Virginia Primary, Defendant's objections are without merit. *See* RFP Nos. 29-36, and 51. These documents relate directly to the flow of information and resources in service of the conspiracy, which included the NRSC, persons in attendance at the meetings, and persons and entities who received material support from the NRSC to further the conspiracy. The requested communications are directly relevant to Plaintiff's claims, which allege that Defendants and various third parties commenced a "search and destroy mission" and otherwise conspired to stop Mr. Blankenship from winning the West Virginia Primary Election by launching a campaign of defamation against him. (ECF No. 14, FAC, ¶ 2.) Specifically, Plaintiff alleges that various Conspiracy Defendants, including the NRSC, "shared the common plan of ensuring that Plaintiff did not win the West Virginia Primary Election," and "agreed that they would themselves disseminate, and cause and/or encourage others to disseminate the false claim that Plaintiff was a 'felon' or 'convicted felon.'" (FAC, ¶ 234.) Thus, the requested information is highly relevant to Plaintiff's claims, and to who participated in this common plan.

In addition to improperly asserting various boilerplate objections, Defendant claims that these requests purportedly seek documents irrelevant to the parties' claims and defenses, and are without any reasonable scope limitation. The communications sought all relate to specific events or statements during the 2018 election cycle, and, thus, are reasonably limited in time. Defendant's objections are meritless and all responsive documents should be produced.

June 22, 2020
Page 6



For the reasons demonstrated above, Defendant's responses to Plaintiff's First Set of Requests for Production of Documents are materially deficient and Defendant's objections are without merit.  Once you have reviewed the foregoing, we would like to schedule a telephone call to further meet and confer in good faith and to narrow the areas of disagreement to the greatest possible extent, as required by Local Rule of Civil Procedure 37.1(b), in order to avoid unnecessary motion practice.  In light of the upcoming motion to compel deadline, please advise as to your availability for a telephone conference on or before **June 24, 2020**.

Very truly yours,

*/s/ Jeremy J.F. Gray*

Jeremy J. F. Gray
of EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

JJFG:A

560834.1