**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**


DON BLANKENSHIP,

       *Plaintiff*,

v.                                  Case No. 2:19-cv-00236

ANDREW NAPOLITANO, *et al.*,

       *Defendants*.

## FOX NEWS NETWORK, LLC' S MOTION FOR TEMPORARY STAY OF THE <u>MAGISTRATE JUDGE'S DISCOVERY ORDER</u>

Defendant Fox News Network, LLC ("Fox News") respectfully moves for a temporary stay of the Magistrate Judge's order, ECF 573 ("Discovery Order") as to Fox News, pending this Court's resolution of Fox News's objection under Federal Rule of Civil Procedure 72(a), ECF 589.

Even though Fox News agreed to collect and produce electronically stored information ("ESI") from 16 different Fox-affiliated custodians and continues to do so, the Discovery Order commands Fox News to undertake additional record searches from dozens more, including (i) directors and executives of its separate, corporate parent Fox Corporation ("Fox Corp.") and Fox Corporation's predecessor (21st Century Fox")—including Chairman Rupert Murdoch himself— and (ii) senior executives of Fox News that had no involvement with the events surrounding Plaintiff's claims. For reasons fully explained in Fox News's objection, ECF 589, the Discovery Order must be modified or set aside, in part, as to Fox News.

A temporary stay pending this Court's resolution of Fox News's objection is both prudent and necessary because "a magistrate judge's ruling on a non-dispositive pretrial motion," like the Discovery Order, "remains in full force and effect" even if timely objections are lodged. Local R. Civ. P. 72.2. Here, Fox News is likely to succeed on the merits of its objection and will suffer

irreparable harm without a stay. And a temporary stay will not prejudice Mr. Blankenship or materially delay these proceedings. Accordingly, this Court should enter a temporary stay of the Discovery Order as to Fox News pending resolution of Fox News's objection under Federal Rule of Civil Procedure 72(a).

## ARGUMENT

Local Rule of Civil Procedure 72.2 acknowledges a district judge's power to stay "a magistrate judge's ruling on a non-dispositive pretrial motion," which is inherent in the Court's power to manage its docket. And courts have generally recognized that a motion to stay a magistrate judge's discovery order is the proper way for avoiding the discovery undertakings mandated by that order while objections are pending before the district judge. *See e.g.*, *Kelly v. Market U.S.A.*, 83 Fed. Appx. 284, 285 (10th Cir. Dec. 11, 2003).

Although the Fourth Circuit has not mandated that district judges consider particular factors on a motion to stay a magistrate judge's discovery order, reported decisions indicate that district judges weigh traditional stay factors, including whether the applicant is likely to succeed on the merits, the likelihood of irreparable harm to the applicant, and prejudice to other parties. *See, e.g.*, *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 09-123, 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009); *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019); *Zander v. Craig Hosp.*, No. 09-2121, 2010 WL 1571213, at *1-2 (D. Colo. Apr. 20, 2010).

A recent unreported order from this District granted a temporary stay of a magistrate judge's discovery order pending resolution of the movant's objections by balancing the potential harms to the applicant and other parties. *See Brickstreet Mut. Ins. Co. v. Chartis Cas. Co.*, No. 5:19-cv-00212, ECF No. 37 (S.D. W. Va. Feb. 25, 2020) (Volk, J.) (Exhibit). In that order, Judge Volk stayed the magistrate's ruling because the information to be produced was "highly sensitive and proprietary" and the stay would "not materially impact or delay the proceedings." *Id*.

2

I.      **Fox News is likely to succeed on the merits of its objection.**

For the reasons set forth in the objection filed by Fox News contemporaneously with this motion, ECF 589, the objection is likely to result in the modification or setting aside of the Discovery Order, in part, as to Plaintiff's motion to compel against Fox News.

II.     **Fox News will suffer irreparable harm absent a stay.**

If this Court does not issue a stay, Fox News is virtually certain to spend significant financial resources to comply with the Discovery Order, all of which will be unrecoverable. *See Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) ("[N]umerous courts have held that the inability to recover monetary damages . . . renders the harm suffered irreparable."). And even if this Court ultimately requires Plaintiff to share in the costs of the discovery he seeks—as Fox News requested in the alternative—the resources expended by Fox News to comply with the Discovery Order in the meantime cannot be recouped.

As Fox News explained in opposition to Mr. Blankenship's motion to compel, relying on the unrebutted Declaration of Jennifer Schettler, the resource, time and cost burdens of collecting electronically stored information ("ESI") are truly substantial. ECF 565-2. Here, the costs of processing, managing, and hosting the 190 GB of data and approximately 2.6 million files of the 16 custodians Fox News has *already collected* from was over $15,000—*exclusive* of attorney's fees relating to the time spent on responsiveness and privilege reviews or production. *Id.*, ¶¶ 6—7. Extrapolating from the volume of data collected from previous custodians, the costs of processing, managing, and hosting the data to be collected under the Discovery Order from the numerous additional custodians can reasonably be expected to approximate more than $45,000 over an initial period of approximately one month—*exclusive* of attorney's fees. *Id.*, ¶¶ 8—9.

**III.     A stay will not harm Mr. Blankenship or materially delay the proceedings.**

A temporary stay pending this Court's resolution of Fox News's objection to the Discovery Order will not harm Mr. Blankenship. Nor will it "materially impact or delay the proceedings." *Brickstreet Mut. Ins. Co. v. Chartis Cas. Co.*, No. 5:19-cv-00212, ECF No. 37 (S.D. W. Va. Feb. 25, 2020) (Volk, J.) (Exhibit).

*First*, the temporary stay requested here by Fox News will not affect Plaintiff's ability to take or continue to take discovery from the other numerous defendants he named in this sprawling civil action. Nor would a temporary stay negate the other methods that Blankenship can employ— and is employing—to take discovery from Fox News. For example, apart from the dispute over custodial search and collections, Blankenship has already noticed the deposition of several individuals affiliated with Fox News, for which there is now agreement with undersigned counsel on scheduling at least as to two such persons' depositions. Further, Blankenship can also take additional written discovery from Fox, so long as it is outside of the issues fairly brought into controversy by Plaintiff's motion to compel Fox and the resulting Discovery Order. Indeed, for reasons of judicial economy, Fox News will be producing documents from many of the custodians Plaintiff has requested, such as those involved in the debate and hosts of programs in which no allegedly defamatory statements were made. *See* ECF 589 at *10—11.

*Second*, the longer-than-normal period of discovery in this case effectively eliminates any hypothetical harm to Plaintiff that might attend a temporary stay. Under the scheduling order entered on May 13, 2020, ECF 444, discovery does not close until June 3, *2021*. Resolution of Fox News's objection by this Court in the ordinary course will result in no prejudice to Plaintiff's ability under the scheduling order to take such additional discovery as may be needed following this Court's decision. In short, this Court's wisdom in providing a longer discovery period

contemplated events just like this one: a good-faith, substantial discovery dispute among the parties.

## CONCLUSION

For the foregoing reasons, this Court should grant a temporary stay of the Discovery Order as to Fox News pending resolution of its objection to the Discovery Order under Federal Rule of Civil Procedure 72(a), ECF 589.

Respectfully submitted,

**FOX NEWS NETWORK, LLC**

By Counsel:

/s/ J. Zak Ritchie
J. Zak Ritchie (WVSB #11705)
Ryan McCune Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
zritchie@hfdrlaw.com
rdonovan@hfdrlaw.com

Elbert Lin (WVSB #12171)
David Parker (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
804-788-8200 *office*
804-788-8218 *fax*
elin@HuntonAK.com
dparker@HuntonAK.com

Shawn Patrick Regan (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
212-309-1000 *office*
212-309-1100 *fax*
sregan@HuntonAK.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October 2020, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send a notification of such

filing to all CM/ECF participants and will cause to send to other parties by U.S. Mail as follows:

Jim Heath
2716 Saratoga Avenue
Lake Havasu City, AZ 86406

/s/ J. Zak Ritchie
J. Zak Ritchie (WVSB #11705)