UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    Plaintiff,

v.                                                                Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, et al.,

    Defendants.
_____

**PLAINTIFF DON BLANKENSHIP'S AMENDED MOTION FOR
SANCTIONS AGAINST DEFENDANT FOX NEWS NETWORK LLC**
_____

    Plaintiff Don Blankenship ("Plaintiff Blankenship"), pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, respectfully moves that sanctions be issued against Defendant Fox News Network LLC ("Defendant Fox") for violating the Discovery Order.[1]

## INTRODUCTION

    Defendant Fox has acted in bad faith throughout the discovery process and particularly by disobeying the directives in the Discovery Order. Plaintiff Blankenship has been significantly prejudiced by Defendant Fox's gamesmanship. Deterring further intransigence by Defendant Fox is necessary to promote a just, speedy, and inexpensive determination of this civil action. Less drastic sanctions will be

---

[1] "Discovery Order" is used as a term for ECF No. 573.

1

ineffective and may even encourage further noncompliance by Defendant Fox.

## SUMMARY OF DISCOVERY DISPUTE

On 01 May 2020, Plaintiff Blankenship served Defendant Fox with requests for production of documents ("RPDs"). (ECF No. 428)

On 04 June 2020, Defendant Fox's served objections and responses to the RPDs without producing a single document. (ECF No. 486 ¶ 25)

On 12 June 2020, Plaintiff Blankenship sent a letter to Defendant Fox as a good faith attempt to obtain discovery from Defendant Fox before seeking judicial intervention. Plaintiff Blankenship subsequently communicated with Defendant Fox by phone on multiple occasions in an unsuccessful effort to prompt Defendant Fox to engage in meaningful discovery.

On 01 July 2020, Plaintiff Blankenship moved to compel the production of documents from Defendant Fox. (ECF No. 486)

On 05 August 2020, Defendant Fox designated sixteen custodians from whom responsive documents would be produced.

On 21 September 2020, Magistrate Judge Omar J. Aboulhosn issued the Discovery Order compelling Defendant Fox to produce responsive documents from the sixteen designated custodians, as well as an expanded list of additional custodians.

On 05 October 2020, Defendant Fox filed an objection to the Discovery Order's mandate to produce materials from Fox[2] executives and directors. (ECF No. 589).

---

[2] "Fox" is used as a collective term for Fox News Network LLC, Fox Corporation, and 21st Century Fox INC.

However, Defendant Fox did not object to the Discovery Order's mandate to produce materials from the remaining custodians identified in the Discovery Order. (ECF No. 589 at 10)

On 29 October 2019, Defendant Fox's counsel represented in an email that Defendant Fox was "planning on making additional productions" later in the week regarding the sixteen designated custodians. *See* Exhibit #1.

In response, Plaintiff Blankenship's counsel noted that Defendant Fox did not communicate any intention to commence production from the expanded list of custodians. *See* Exhibit #2. Defendant Fox was encouraged to contact Plaintiff Blankenship's counsel by telephone to address the production deficiencies. *Id.* Notice was given that Plaintiff Blankenship intended to file a motion for sanctions against Defendant Fox if Defendant Fox failed to substantially comply with the Discovery Order before the close of business on 02 November 2020. *Id.*

Defendant Fox's counsel agreed to meet and confer by telephone on the afternoon of 02 November 2020. *See* Exhibit #3.

Plaintiff Blankenship's counsel noted Defendant Fox's reluctance to firmly commit to document production by a date certain, underscored Defendant Fox's prior dilatory conduct, reiterated the document production deadline, and stressed Plaintiff Blankenship's resolve to enforce discovery obligations. *See* Exhibit #4.

On 30 October 2020, Defendant Fox produced 1,500 pages of documents which were principally comprised of otherwise obtainable generic political reports from various news agencies. Not a single document was produced from any of the

sixteen designated custodians.

On 02 November 2020, the parties conferred by telephone. Defendant Fox agreed to complete production by 09 November 2020 and requested that Plaintiff Blankenship refrain from filing a motion for sanctions. *See* Exhibit #5.

Defendant Fox's cooperativeness during the meet and confer was a radical departure from prior gamesmanship. However, Plaintiff Blankenship was not convinced that Defendant Fox would remain cooperative without the threat of sanctions. Accordingly, Plaintiff Blankenship explained to Defendant Fox that a motion for sanctions was both justified and necessary under the circumstances. However, Plaintiff Blankenship assured Defendant Fox that the motion for sanctions would be withdrawn if Defendant Fox timely completed production as specified. *Id.*

On 03 November 2020, Defendant Fox produced additional documents. This was the first production by Defendant Fox that included probative documents.

## SUMMARY OF LAW

The purpose of pretrial discovery is to "obtain information from the opposing party … which in many cases is not otherwise obtainable. *See Pack v. South Carolina Wildlife & Marine Res. Dept.,* 92 F.R.D. 22, 25 (D.S.C. 1981). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides authority to issue the following sanctions when a party fails to comply with a discovery order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit a physical or mental examination. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Instead of or in addition to the foregoing sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" *See* Fed. R. Civ. P. 37(b)(2)(C). The burden is on the disobedient party to avoid monetary sanctions when a court order is disobeyed. *See* Fed R. Civ. P. 37 Notes of Advisory Committee on Rules–1970 Amendment. There is broad judicial discretion to fashion and impose multiple and diverse sanctions for discovery violations as deemed necessary. *See Law Funder, L.L.C. v. Munoz,* 924 F.3d 753, 758 (5th Cir. 2019).

In the Fourth Circuit, district courts have been instructed to apply the following four-part test when determining the appropriateness of the most severe sanctions under Rule 37(b) of the Federal Rules of Civil Procedure:

> (1) whether the non-compliant party acted in bad faith; (2) the

amount of prejudice sustained by the adverse party, which necessarily includes an inquiry into the materiality of the evidence that has not been produced; (3) the need for deterrence of the particular type of non-compliance; and (4) the effectiveness of less drastic sanctions. *See Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503-505 (4th Cir. 1977). *See also Mutual Federal Savings and Loan Association v. Richards Associates, Inc.* 872 F.2d 88, 92 (4th Cir. 1989). *See also Belk v. Charlotte-Mecklenburg Board of Education,* 269 F.3d 305, 348 (4th Cir. 2001) (en banc).

"Gamesmanship to evade answering [discovery requests] is not allowed." *See Wagner v. St. Paul Fire & Marine Insurance Co.,* 238 F.R.D. 418, 422 (N.D.W. Va. 2006). "Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Northwest National Insurance Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994).

## ARGUMENT

### I. Defendant Fox has Acted in Bad Faith.

Defendant Fox has purposely engaged in gamesmanship during the entire discovery process. In fact, Plaintiff Blankenship did not receive a single probative document from Defendant Fox until yesterday. Plaintiff Blankenship expended substantial legal fees and threatened to seek sanctions before obtaining meaningful discovery.

In the Discovery Order, Magistrate Judge Aboulhosn summarized Defendant Fox's discovery abuses as follows:

> In short, based on FNN's own conduct, the undersigned has no reason to believe that FNN would have engaged in any meaningful discovery unless Plaintiff filed his motion to compel. It is apparent that FNN is continuously dragging its feet in

6

>responding to Plaintiff's production requests and appears intent on continuing to do so as this litigation proceeds. (ECF 573 at 33)

Magistrate Judge Aboulhosn described the curtailment of Plaintiff Blankenship's discovery requests as "senseless." (ECF 573 at 34)

Plaintiff Blankenship is rightly concerned that relevant electronically stored information ("ESI") has been deleted by Fox custodians. Defendant Fox has admitted that Fox News Channel ("FNC") Politics Editor Christopher W. Stirewalt deleted electronically stored information ("ESI") from his phone. The deleted ESI included a text message conversation between Stirewalt and Plaintiff Blankenship's campaign manager, Greg Thomas, which is summarized as follows:

- Thomas notified Stirewalt that there were "legal consequences" regarding FNC Senior Judicial Analyst Andrew Peter Napolitano's defamatory "manslaughter" statement.

- After relaying the warning to Napolitano, Stirewalt asserted that the text message did not constitute "legal notice."

"If electronically stored information that should have been preserved in anticipation … of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced with additional discovery, the court may … (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." *See* Fed. R. Civ. P. 37(e)(2)(A)-(C). Moreover, "West Virginia recognizes intentional spoliation of evidence as a stand-alone tort when done by either a party to a civil action or a third party." *See* Syl. Pt. 9, *Hannah v. Heeter,* 213 W. Va. 704, 584 S.E.2d 560 (2003).

7

It is inconceivable that Stirewalt and Napolitano were unaware of the legal obligation to retain this ESI. Fortunately, Plaintiff Blankenship obtained this ESI elsewhere. However, it is highly likely that additional relevant ESI was deleted by Stirewalt. Defendant Fox has an ethical duty to search for and disclose any other responsive ESI that was deleted by Stirewalt and other designated custodians.

Defendant Fox has indicated that document collection is completed with respect to William Bret Baier and Martha Bowles MacCallum. Prior productions did not include any agendas, meeting minutes, program notes, research, question lists, discussion points, ESI, or other documents regarding the debate. The absence of a no document trail related to the 2018 West Virginia GOP senatorial debate nationally broadcast by Fox News Channel ("FNC") is profoundly implausible.

## II. Plaintiff Blankenship has been Significantly Prejudiced by Defendant Fox's Discovery Gamesmanship.

The failure of Defendant Fox to timely produce discoverable documents has significantly hindered Plaintiff Blankenship's ability to obtain evidence that goes to the heart of Plaintiff Blankenship's defamation, false light, and conspiracy claims. Indeed, Magistrate Judge Aboulhosn has specifically ruled that Plaintiff Blankenship has been "handicapped in obtaining responsive documents that has ostensibly been agreed upon by the parties." (ECF 573 at 34)

The requested discovery "concern[s] issues that are actually at stake in this litigation" and "provide[s] the impetus" for Plaintiff Blankenship's claim that "this lawsuit is about 'weaponized defamation' employed to derail his senatorial campaign." (ECF No. 573 at 30). Furthermore, the requested discovery is necessary to

"determine how and why the defamation was allowed to happen" and to demonstrate that Defendant Fox had actual malice towards Plaintiff Blankenship "when it [FNN and FBN] broadcast clearly false statements" regarding Plaintiff Blankenship's conviction "during a critical primary election when other members within that organization [Fox] were aware of the truth." *Id.* at 29. Finally, preparation for upcoming depositions has been hampered by Defendant Fox's belated and primarily trivial productions.

### III. Defendant Fox has Engaged in Non-Compliance that Requires Deterrence.

Plaintiff Blankenship has incurred considerable legal fees in the quest to obtain responsive discovery from Defendant Fox. Moreover, the Court has necessarily intervened to govern the discovery process. This needless allocation of private and public time, energy, and resources could have been avoided if Defendant Fox simply acted in good faith during the discovery process.

### IV. Less Drastic Sanctions may be Ineffective.

Rendering default judgment against Defendant Fox is a sanction that may be justified if Defendant Fox's persists in wrongdoing. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). Prohibiting Defendant Fox from opposing Plaintiff Blankenship's conspiracy claim is a feasible less severe sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court can also hold Defendant Fox in contempt of court for failing to obey the Discovery Order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii). Given the fact that ESI has been deleted by Stirewalt and possibly other designated custodians, the Court can direct Defendant Fox to employ an information technology specialist to retrieve the deleted ESI. At a

minimum, Stirewalt and any other guilty parties who deleted ESI should be required in a verified affidavit to give the substance of the deleted ESI and the date(s) the ESI was deleted.

Requiring Defendant Fox to pay monetary sanctions, including Plaintiff Blankenship's legal expenses, is a reasonable, if not compulsory, sanction under the circumstances. *See* Fed. R. Civ. P. 37(b)(2)(C). The Court has discretion to impose multiple sanctions. *See Law Funder, L.L.C. v. Munoz,* 924 F.3d 753, 758 (5th Cir. 2019).

## CONCLUSION

Defendant Fox has defied the Federal Rules of Civil Procedure, the Discovery Order, and the rights of Plaintiff Blankenship. The discovery process has been relegated to a game in which Defendant Fox plays by its own rules. Leniency will only serve to reward Defendant Fox's misconduct and encourage others to disregard discovery obligations. Defendant Fox will most certainly continue to be dilatory in furtherance of its filibustering litigation strategy until punitive sanctions are imposed.

Nonetheless, Plaintiff Fox will withdraw the request for sanctions against Defendant Fox if document production is competed as specified.

## EPILOGUE

This is not a conventional public figure defamation case. To the contrary, the issues at stake in this case are of the utmost importance to the American people. Does the First Amendment grant the press freedom to conspire with federal government officials to engage in federal election tampering and effect the object

of the conspiracy by defaming a United States Senate candidate? Of course not. Is the politico-media complex above the law? By no means.

Lest we become distracted from the truth by legal complexities, Defendant Fox sabotaged a federal election by deliberately defaming Plaintiff Blankenship. Plaintiff Blankenship was convicted of a misdemeanor on 03 December 2018. No writer, reporter, correspondent, panelist, commentator, analyst, editor, or anchor of Defendant Fox falsely reported the nature or classification of Plaintiff Blankenship's conviction until 25 April 2018, less than ten days after Senate Majority Leader Mitch McConnell and other Republican senators met with the NRSC in McConnell's Capitol office to discuss how to defeat Plaintiff Blankenship's candidacy. The connection between the goal of preventing Plaintiff Blankenship from winning the primary election and the ensuing defamatory publications of Defendant Fox is clear and unmistakable.

The media, including Defendant Fox, often composes the first rough draft of history. The Court must seize the opportunity to compose the final chronicle of the 2018 West Virginia Republican US Senate primary election. Otherwise, American democracy will have been dealt another blow.

## RELIEF REQUESTED

Wherefore, Plaintiff Blankenship respectfully requests that sanctions be issued against Defendant Fox News in accordance with Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and such other relief deemed appropriate under the circumstances.

                DON BLANKENSHIP
                By Counsel

/s/ Jeffrey S. Simpkins
Jeffrey S. Simpkins ESQ
WVSB #9806
SIMPKINS LAW
102 E. 2nd AVE
Williamson, WV 25661
304.235.2735
simpkinslawoffice@gmail.com

Jeremy Gray ESQ
CASB #150075 *pro hac vice*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire BLVD 17th FL
Los Angeles, CA 90048
323.301.4660
jgray@earlysullivan.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    Plaintiff,

v.   Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, et al.,

    Defendants.

_____

### CERTIFICATE OF SERVICE
_____

I hereby certify that I electronically filed the foregoing **"Plaintiff Don Blankenship's Amended Motion for Sanctions Against Defendant Fox News Network, LLC"** with the Clerk of Court using the CM/ECF system which will send notice to all CM/ECF participants.

Date: 04 November 2020


/s/ Jeffrey S. Simpkins
Jeffrey S. Simpkins ESQ
WVSB #9806
*SIMPKINS LAW*
102 E. 2nd AVE
Williamson, WV 25661
304.235.2735
simpkinslawoffice@gmail.com