UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    Plaintiff,

v.                                            Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, et al.,

    Defendants.

_____

**PLAINTIFF DON BLANKENSHIP'S OBJECTIONS TO ORDER GRANTING DEFENDANT FOX NEWS NETWORK LLC'S MOTION FOR DISCOVERY ORDER REGARDING DISCLOSURE OF PLAINTIFF DON BLANKENSHIP'S TAX RETURNS**

_____

Plaintiff Don Blankenship ("Plaintiff Blankenship"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, hereby files objections to the non-dispositive order ("Fox Order") entered on 21 December 2020 by United States Magistrate Judge Omar J. Aboulhosn. *See* ECF No. 700.

## PROCEDURAL HISTORY

On Friday, 18 December 2020, Defendant Fox filed a motion ("Fox Motion") for entry of an order resolving a discovery dispute between Plaintiff Blankenship and Defendant Fox regarding the disclosure of federal and state tax returns filed by Plaintiff Blankenship since 01 January 2015. (ECF No. 697) The Fox Order was entered the next business day on Monday, 21 December 2020. Plaintiff Blankenship was not given an opportunity to respond to the Fox Motion.

1

The Fox Order binds Plaintiff Blankenship and Defendant Fox to the final resolution of an order ("Boston Globe Order") entered on 01 September 2020 in *Don Blankenship v. Boston Globe Media Partners, LLC, et al.,* Case No. 2:19-cv-00589 ("Boston Globe case"). *See* ECF No. 49. On 15 September 2020, Plaintiff Blankenship filed objections to the Boston Globe Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. *See* ECF No. 50. The Boston Globe Order remains pending before Senior United States District Judge John T. Copenhaver Jr.

## SUMMARY OF ARGUMENT

First, the Fox Order is improper because it binds the parties in this case to a ruling in the Boston Globe case. Crucially, there has been no consolidation of these cases under the Federal Rules of Civil Procedure.

The Court generalized without elaboration that the issues raised in the Fox motion "mirror those already argued and decided" in the Boston Globe case. However, the nature and scope of liability, culpability, and damages in the respective cases are sufficiently different to render the resolution of the Boston Globe Order inapplicable to this case. Moreover, Plaintiff Blankenship has since given sworn deposition testimony that is probative to the subject matter in dispute. Regrettably, Plaintiff Blankenship was not afforded an opportunity to explain the disparities or enlighten the Court regarding the evidence gleaned from Plaintiff Blankenship's deposition.

//

//

The Court was taken aback by Plaintiff Blankenship's refusal to sign the stipulation proposed by Defendant Fox. (ECF No. 699) It appears that the Court was particularly displeased with the modification suggested by Plaintiff Blankenship which, in hindsight, was an inartful attempt to both preserve Plaintiff Blankenship's procedural flexibility and avoid motions practice. In any event, the refusal to sign the proposed stipulation was neither "absurd" nor "illogical" upon closer examination.

Plaintiff Blankenship would have relinquished fundamental privacy and procedural rights by signing the proposed stipulation. There would be no record in this case of Plaintiff Blankenship asserting a qualified privilege regarding his tax returns. Moreover, Plaintiff Blankenship has learned from prior injustices the value of safeguarding his appellate rights, including the preservation of his right to file objections to an order that requires him to produce privileged financial information to a party whom he vehemently mistrusts.

Defendant Fox was instrumental in sabotaging Plaintiff Blankenship's bid to become a United States Senator. Indeed, Plaintiff Blankenship was repeatedly defamed and disparaged by Defendant Fox during the last two weeks of his campaign. Emails obtained during discovery reveal that Defendant Fox rejected overtures from Fox News Channel Senior Judicial Analyst, Judge Andrew Peter Napolitano (ret.), to "explain the complex legal issues around Don Blankenship … who was unjustly prosecuted by the Obama DOJ" and "correct the record on WV senate candidate Don Blankenship's legal record" in a timely fashion. *See* Exhibit #1.

Plaintiff Blankenship's skepticism toward Defendant Fox is certainly justified under the circumstances.

Second, the Fox Order conflicts with the prevailing judicial consensus which disfavors disclosure of tax returns as a matter of federal policy.[1] There is no indication that the Court applied the compulsory two-prong test to determine if the qualified privilege protecting Plaintiff Blankenship's tax returns was overcome.[2] Instead, the Court ordered that the parties will be bound by the final resolution of the Boston Globe Order "in the interests of judicial economy" without any substantive application of law to the facts. *See* ECF No. 700.

Plaintiff Blankenship can only assume *arguendo* that the Court employed the same legal reasoning in this case that the Court previously used in the Boston Globe case. If so, then the Court again failed to recognize the factors that render the requested tax returns irrelevant to Plaintiff Blankenship's impairment of future earning capacity damages claim.

//

//

---

[1] *See Nesselrodte v. Divas, LLC*, No. 3:11-CV-95, 2012 WL 13191331, at *4 (N.D. W. Va. Oct. 15, 2012). *See also King v. Chipotle Services, LLC*, Case No.: 3:17-cv-00804, 2017 WL 3193655 (S.D. W. Va. July 27, 2017) (citing *Ying-Jun Chen v. Md. Dept. of Health and Human Servs.*, No. ELH-15-1796, 2017 WL 1533988, at 3 (D.Md. Apr. 27, 2017). *See also Susko v. City of Weirton* (N.D. W. Va., Sept. 10, 2010, No. 5:09-CV-1) 2010 WL 3584425, at *3, aff'd (N.D. W. Va., Nov. 3, 2010, No. CIV.A. 5:09CV1) 2010 WL 4554189 (the general federal rule is that disclosure of tax returns is disfavored).

[2] *See Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997). *See also Nesselrodte v. Divas, LLC*, No. 3:11-CV-95, 2012 WL 13191331, at *4 (N.D. W. Va. Oct. 15, 2012) (quoting *Terwilliger*). *See also Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02CV00146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004) (noting the majority rule in federal courts "a two-prong test should be applied to determine when the qualified privilege protecting income tax returns is overcome").

Third, the Internal Revenue Service (IRS) recognizes three primary types of income: active income, portfolio income, and passive income.[3] Active income is derived from salaries, wages, commissions, tips, and business activity in which there is material participation by the taxpayer.[4] Portfolio income includes capital gains, dividends, and interest from various types of investments such as stocks, bonds, mutual funds, and annuities.[5] Passive income is derived from sources in which a taxpayer is not actively involved such as rental property and limited partnerships.[6]

Only active income is relevant to the subject matter in dispute. However, the tax returns requested by Defendant Fox contain no active income information.

Plaintiff Blankenship derived substantial active income from 2000 to 2010 when he served as Chairman and Chief Executive Officer (CEO) of Massey Energy Company ("Massey Energy"). In fact, Plaintiff Blankenship's active income as Massey Energy's Chairman and CEO is arguably more congruent to a meaningful calculation of Plaintiff Blankenship's future earning capacity than the information in the requested tax returns.

Portfolio income and passive income are unaffected by reputational status. Plaintiff Blankenship derived and will continue to derive the same portfolio income and passive income irrespective of public sentiment. Plaintiff Blankenship acknowledges that being falsely smeared by Defendant Fox had no impact

---

[3] *See* https://wallethub.com/blog/types-of-income/372.
[4] *See* https://www.investopedia.com/terms/a/activeincome.asp.
[5] *See* https://www.investopedia.com/terms/p/portfolioincome.asp.
[6] *See* https://www.investopedia.com/terms/p/passiveincome.asp.

whatsoever on his portfolio income or passive income. Therefore, there is no portfolio income information or passive income information in the requested tax returns that is relevant to the subject matter in dispute.

Plaintiff Blankenship is seeking damages for impairment of **future** earning capacity. These damages will be established through expert witness testimony and Plaintiff Blankenship's own testimony. Defendant Fox has failed to demonstrate the relevancy of the requested tax returns to Plaintiff Blankenship's impairment of future earning capacity damages claim. Regardless, no compelling need exists for the requested tax returns because the information therein is readily obtainable through less obtrusive financial documents previously produced to Defendant Fox.

The Fox Order is clearly erroneous and contrary to law as contemplated by Rule 72(a) of the Federal Rules of Civil Procedure. Accordingly, the Fox Order should be set aside in its entirety as a matter of law.

## SUMMARY OF FACTS

Plaintiff Blankenship previously served as Chairman and CEO of Massey Energy from 30 November 2000 until his retirement on 31 December 2010. A Retirement Agreement with Massey Energy contained a non-competition clause in which Plaintiff Blankenship agreed not to "provide services to or engage in any other activities (whether as an owner, principal, agent, employer, director, officer, employee, partner, consultant or otherwise) for any company, business or other person engaged in operations or businesses that are the same or substantially similar to, or are otherwise competitive with" Massey Energy for a period of two years

6

(2011-2012) after his retirement date. *See* Exhibit #2.

In 2013-2014, Plaintiff Blankenship endeavored to establish the truth surrounding the Upper Big Branch ("UBB") mine tragedy after the Mine Safety and Health Administration ("MSHA") issued an inaccurate report that contradicted its own public pronouncements.

In Spring 2014, Plaintiff Blankenship published a documentary presenting scientific proof that a sudden inundation of natural gas triggered the UBB mine explosion after MSHA forced Massey Energy to implement an inadequate ventilation plan.[7]

A dormant federal criminal investigation of Plaintiff Blankenship was abruptly revived after the documentary was aired. Plaintiff Blankenship was eventually indicted on 13 November 2014. The criminal trial began on 01 October 2015. Commencing on 17 November 2015, the jury ultimately deliberated for ten days and twice reported to the trial court that they could not unanimously agree on a verdict. On 03 December 2015, the jury acquitted Plaintiff Blankenship of all felony charges but returned a guilty verdict on a single misdemeanor charge.

On 06 April 2016, Plaintiff Blankenship was sentenced to a term of one year in federal prison. Plaintiff Blankenship was housed at CI Taft from May 2016 until March 2017 when he was released to a residential reentry center. Plaintiff Blankenship was technically in federal custody from 12 May 2016 until 10 May 2017,

---

[7] *See* https://www.ehstoday.com/safety/article/21916222/blankenship-documentary-blames-msha-for-upper-big-branch-mine-disaster.

but his freedom of travel was restricted from 13 November 2014 until 09 May 2018.

Plaintiff Blankenship ran for United States Senate in the 2018 West Virginia GOP primary. During the last two weeks of the campaign, Plaintiff Blankenship was repeatedly called a "felon" and "convicted felon" by Defendant Fox and other national media organizations as election day approached. In addition, Judge Napolitano (ret.) stated that Plaintiff Blankenship "went to prison for manslaughter." It is no wonder that Plaintiff Blankenship lost the election.

## SUMMARY OF LAW

"[J]udicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns." *See Terwilliger v. York Intern. Corp.,* 175 F.R.D. 214, 216 (W.D. Va. 1997). *See also Natural Gas Pipeline Co. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir. 1993), *cert. denied,* 510 U.S. 1073, 114 S.Ct. 882, 127 L.Ed.2d 77 (1994). Unnecessary disclosure of tax returns is to be avoided. *Id.* at 216. *See also Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975).

"Examination of case law reveals the emergence of a judicially developed 'qualified privilege ... that disfavors the disclosure of income tax returns as a matter of general federal policy.'" *Id.* at 216. *See also Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.,* 96 F.R.D. 147, 148-149 (E.D. Va. 1982)(citations omitted). *See also Nesselrodte v. Divas, LLC,* No. 3:11-CV-95, 2012 WL 13191331, at *4 (N.D. W. Va. Oct. 15, 2012) (quoting Terwilliger v. York International Corp., 176 F.R.D. 214, 216 (W.D. Va. 1997)). *See also King v. Chipotle Services, LLC,* Case No.: 3:17-cv-00804, 2017 WL

3193655 (S.D. W.Va July 27, 2017) (citing *Ying-Jun Chen v. Md. Dept. of Health and Human Servs.*, No. ELH-15-1796, 2017 WL 1533988, at 3 (D. Md. Apr. 27, 2017). *See also Susko v. City of Weirton* (N.D. W. Va., Sept. 10, 2010, No. 5:09-CV-1) 2010 WL 3584425, at *3, aff'd (N.D. W. Va., Nov. 3, 2010, No. CIV.A. 5:09CV1) 2010 WL 4554189 (the general federal rule is that disclosure of tax returns is disfavored).

To assess whether the qualified privilege should be overcome, "[t]he Court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources." *Id*. at 217. *See also Eastern Auto Distribs., Inc.,* 96 F.R.D. at 148. *See also Hawkins v. South Plains Int'l Trucks, Inc.,* 139 F.R.D. 679, 681-682 (D. Colo. 1991). *See also S.E.C. v. Crymatic Corp.,* 106 F.R.D. 545. 547 (S.D.N.Y. 1985).

"While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information." *Id*. at 217. *See also Eastern Auto Distribs., Inc.,* 96 F.R.D. at 149 (citing *Biliske v. American Live Stock Ins. Co.,* 73 F.R.D. 124 (W.D. Okla. 1977)); *See also Kelling v. Bridgestone/Firestone, Inc.,* 157 F.R.D. 496, 497 (D. Kan. 1994). It is well settled that a motion to compel tax returns should be denied where the information may be obtained via less intrusive means. *King v. Chipotle Services, LLC,* Case No.: 3:17-cv-00804, 2017 WL 3193655, at *2 (S.D. W.Va July 27, 2017).

//

//

## ARGUMENT

The following request for production is the subject of dispute:

REQUEST FOR PRODUCTION NO. 38:

All federal and state tax returns you have filed since January 1, 2015.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Plaintiff adopts the general objections by reference as if fully set forth verbatim herein. Plaintiff further objects that this request seeks documents which are protected from disclosure by privacy protections set forth in federal and state law. Plaintiff Blankenship further objects to this request on the grounds that it seeks documents that are not within the scope of discovery under FRCP 26(b)(1) because the information sought is not relevant to any claim by Defendant in this matter and is also not proportional given the invasive nature of this request and the highly confidential nature of the documents sought. Plaintiff Blankenship further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege and/or work product doctrine. (ECF No. 697-2 at 30)

### I. The Fox Order improperly binds the parties to a ruling in a separate case.

It is unorthodox to bind the parties in this case to a ruling in the Boston Globe case. The respective cases have not been consolidated in accordance with the Federal Rules of Civil Procedure. Moreover, Defendant Fox is not even a party in the Boston Globe case.

//

The nature and scope of liability, culpability, and damages is distinguishable from the Boston Globe case. Critically, there is probative evidence from Plaintiff Blankenship's deposition that was not available to the Court when the Boston Globe Order was entered. Thus, the prior application of the law to the facts in the Boston Globe case is incompatible with this case.

The Court's disapproval of Plaintiff Blankenship's decision not to execute the proposed stipulation is baffling. Signing the proposed stipulation would have severely limited Plaintiff Blankenship's strategic options in this case. For example, Plaintiff Blankenship would have effectively waived the qualified privilege and surrendered the right to file objections or a motion for reconsideration in response to an adverse ruling. It is unjustly punitive for the Court to "invite" Defendant Fox to seek attorney fees and costs simply because Plaintiff Blankenship did not capitulate to an unreasonable discovery request that was contrary to his best interests. (ECF No. 699)

## II. The Fox Order conflicts with the prevailing judicial consensus and general federal policy disfavoring the disclosure of tax returns.

In contradiction to case law, the Court threw "great caution" to the wind and diverged from the prevailing judicial consensus and general federal policy disfavoring the disclosure of tax returns. There is no exposition of legal analysis in either Defendant Fox's underlying motion or the Fox Order itself. (ECF No. 697 and ECF No. 700) Neither Defendant Fox in its motion nor the Court in the Fox Order established the relevance of the requested tax returns to Plaintiff Blankenship's impairment of future earning capacity damages claim. Finally, the Fox Order does

11

not convey that the Court considered whether the information sought by Defendant Fox could be obtained by less obtrusive means.

### III. The information in the requested tax returns is not relevant to the subject matter in dispute.

Plaintiff Blankenship was indicted in November 2014 and subject to strict travel restrictions while awaiting trial.[8] The criminal trial occurred from October 2015 to December 2015. Plaintiff Blankenship was sentenced in April 2016 and in federal custody from May 2016 until May 2017. Plaintiff Blankenship then actively engaged in a campaign for a United States Senate seat until the 2018 West Virginia GOP primary election in May 2018.

The requested tax returns do not contain any active income information. Plaintiff Blankenship's life events and the constraints on his liberty between November 2014 and May 2018 corroborate that he did not derive and could not have derived active income from salaries, wages, commissions, tips, or self-employed business activities. The requested tax returns contain only information about portfolio income such as capital gains and losses, dividends, and interest from Plaintiff Blankenship's investments in stocks, bonds, mutual funds, and other financial instruments. Thus, the requested tax returns is irrelevant to the subject matter in dispute.

//

//

---

[8] *See* https://www.wvgazettemail.com/news/special_reports/blankenship-pleads-not-guilty-released-on-5-million-bail/article_6d0124e9-a8d6-5d52-8401-122c7bbedbb9.html.

To be relevant, the information sought must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." See *Alberts v. Wheeling Jesuit University* (N.D. W. Va., Apr. 19, 2010, No. CIV.A. 5:09-CV-109) 2010 WL 1539852, at *2 (*citing Hickman v. Taylor*, U.S. 495, 501 (1947)). Plaintiff Blankenship has not and will not claim that the reputational harm he sustained from Defendant Fox's defamatory publications has impaired or will impair his portfolio income. Consequently, Defendant Fox cannot establish the relevance of the information in the requested tax returns.

Even if this Court concludes that the requested tax returns are relevant, the information therein is obtainable from the less obtrusive financial records (Form W-2 Wage and Tax Statements, Form 1099s, etc.) previously produced to Defendant Fox. Hence, Defendant Fox has no "compelling need" for the requested tax returns.

## CONCLUSION

The Fox Order improperly binds the parties to a ruling in the incongruous Boston Globe case. Furthermore, the Fox Order conflicts with the prevailing judicial consensus and general federal policy disfavoring the disclosure of tax returns. The portfolio income information in the requested tax returns is not relevant to Plaintiff Blankenship's impairment of future earning capacity damages claim. Nonetheless, there is no compelling need for the requested tax returns because the information therein is obtainable from less obtrusive financial records previously produced to Defendant Fox.

The Fox Order is clearly erroneous and contrary to law as contemplated by

Rule 72(a) of the Federal Rules of Civil Procedure. Accordingly, the Fox Order should be set aside in its entirety as a matter of law.

                                                                    **DON BLANKENSHIP**
                                                                    By Counsel

**/s/ Jeffrey S. Simpkins**
Jeffrey S. Simpkins ESQ
WVSB #9806
*SIMPKINS LAW*
102 E. 2nd AVE
Williamson, WV 25661
304.235.2735
simpkinslawoffice@gmail.com


Jeremy Gray ESQ
CASB #150075 *pro hac vice*
**EARLY SULLIVAN WRIGHT GIZER & McRAE LLP**
6420 Wilshire BLVD 17th FL
Los Angeles, CA 90048
323.301.4660
jgray@earlysullivan.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    Plaintiff,

v.                                                                  Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, et al.,

    Defendants.

_____

CERTIFICATE OF SERVICE
_____

I hereby certify that I electronically filed the foregoing "Plaintiff Don Blankenship's Objections to Order Granting Defendant Fox News Network LLC's Motion for Discovery Order Regarding Disclosure of Plaintiff Don Blankenship's Tax Returns" with the Clerk of Court using the CM/ECF system which will send notice to all CM/ECF participants.

    Date: 30 December 2020


/s/ Jeffrey S. Simpkins
Jeffrey S. Simpkins ESQ
WVSB #9806
SIMPKINS LAW
102 E. 2nd AVE
Williamson, WV 25661
304.235.2735
simpkinslawoffice@gmail.com