IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DON BLANKENSHIP,

    *Plaintiff*,

v.                                                                       Case No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, *et al.*,

    *Defendants*.

**FOX NEWS NETWORK, LLC'S OPPOSITION TO PLAINTIFF'S RULE 72(a) OBJECTION TO DISCOVERY ORDERS COMPELLING THE DISCLOSURE OF <u>PLAINTIFF'S TAX RETURNS</u>**

Defendant Fox News Network, LLC ("FNN") respectfully submits this Opposition to Plaintiff's Rule 72(a) Objection to discovery orders compelling his disclosure of his tax returns.

## BACKGROUND

FNN's First Set of Document Requests to Plaintiff requested production of Plaintiff's tax returns. ECF 697-1, Request No. 38. Plaintiff objected to this request. *See id*. Plaintiff's objections are identical to the objections he lodged in response to the defendant's request for his tax returns in *Blankenship v. Boston Globe Media Partners, LLC, et al.*, Case No. 2:19-cv-00589 (the "*Boston Globe* case"), ECF 697-2, at 11.

Plaintiff's claims and allegations in the *Boston Globe* case are substantively identical to those in Plaintiff's First Amended Complaint here. *Compare* ECF 1-1, (No. 19-0589) *with* ECF 14 (No. 19-2036). In both cases, Plaintiff alleges he was defamed by publication of statements that referred to his criminal conviction inaccurately and that he was thereby injured to the tune of

*billions* of dollars. *See* ECF No. 14, ¶ 24 (Plaintiff alleging he was "prevent[ed] from pursuing other business and opportunities and generating similar returns of *billions of dollars*").[1]

In the *Boston Globe* case, the Magistrate Judge previously overruled Plaintiff's objections and directed Plaintiff to produce tax returns covering a certain period, ECF 49 (No. 19-0589) (the "*Boston Globe* Order"). Plaintiff thereafter filed an objection to the *Boston Globe* Order under Federal Rule of Civil Procedure 72(a), which remains pending before this Court. *See* ECF 50 (No. 19-0589).

In the interests of judicial economy and conservation of the court's and the parties' resources, FNN proposed to Plaintiff that the parties in this case resolve Plaintiff's objection to FNN's corresponding request by stipulating that its resolution be governed by this Court's final ruling on the same issue in the *Boston Globe* case. *See* ECF 697, at 3 & 697-3. Rather than agreeing he would produce to FNN materials Plaintiff is "ordered to produce" by this Court, Plaintiff proposed to produce to FNN only those materials that *he* actually "produces" in the *Boston Globe* case. *Compare* ECF 697-3 (Fox News proposal) *with* ECF 679-4, at 2 (Blankenship redline). Plaintiff's revision indicated that he anticipates differentiating between what the Court orders him to produce and what he will produce.

Because allowing Plaintiff the option to "opt out" of complying with this Court's decision regarding the *Boston Globe* Order would defeat the purpose of an efficient resolution to this discovery dispute, FNN filed a motion to compel, seeking as relief from the Magistrate Judge the imposition of the effect of the proposed stipulation. *See* ECF 679. FNN also expressly incorporated all of the arguments raised by the defendant in *Boston Globe* and the reasoning of

---

[1] Many of the allegedly defamatory statements were published months before any of the allegedly defamatory statements for which Plaintiff is now attempting to hold FNN liable. *See, e.g.*, ECF 14, ¶¶ 149, 151, 152, 153, 154, 155.

the Magistrate Judge in the *Boston Globe* Order. *See id*. at 4.

In response, the Magistrate Judge granted FNN's motion to compel disclosure of Plaintiff's tax returns "for the same reasons articulated in the September 1, 2020 order entered in the *Boston Globe* action." ECF 699 at 2 (citing ECF 49, No. 2:19-cv-00589). The Magistrate Judge found FNN's discovery requests "reasonable, relevant, and proportional to the needs in this case." *Id*. And the Magistrate Judge bemoaned the "additional needless motions practice" required by Plaintiff's refusal to agree to the proposed stipulation. Under the circumstances, the Magistrate Judge invited FNN to submit a "pleading asserting why attorneys' fees and costs should be awarded."[2] Explaining its expedited action, the Magistrate Judge minced no words:

> Plaintiff's suggestion that he would not produce the documents ordered by the Court but instead would only produce what he decided to produce is what makes the suggested modification absurd. Litigants must follow court orders. If, after considering objections to the undersigned's order in the *Boston Globe* matter, Judge Copenhaver orders the Plaintiff to disclose the requested tax documents, then Plaintiff must comply. To suggest or imply otherwise tests the patience of the Court. In this case, [FNN] simply wanted its requested discovery to be on par with Boston Globe. Nothing in Plaintiff's suggested modification indicates that Plaintiff disagrees with that concept. Instead, Plaintiff suggests or implies that he may not disclose what the Court orders to be disclosed but instead would send to [FNN] what he decided to disclose. For these reasons, the undersigned has found that further briefing or argument on Plaintiff's absurd suggestion for modification was not a good use of the Court's or parties' time.

ECF 699 at 2, n.1. The Magistrate Judge then entered FNN's proposed stipulation as an order, ECF 700, thereby aligning Plaintiff's obligation to disclose his tax returns to Fox News to this Court's resolution of the identical issue in the *Boston Globe* case, a dispute which remains pending. *See* ECF 700 (collectively with ECF 699, the "Tax Return Orders").

Plaintiff initially filed an objection to ECF 700 on December 30, 2020. *See* ECF 709 at 1. Plaintiff filed a corrected version of the initial objection on January 4, 2021. *See* ECF 710.

---

[2] FNN's deadline to file a fee petition was stayed by operation of the Magistrate Judge's order upon Plaintiff's filing of the pending objection. *See* ECF 699 at 3, n.2.

# ARGUMENT

## I. The Tax Return Orders are procedurally proper.

Plaintiff first argues that the Magistrate Judge's orders—which granted FNN's motion and tie Plaintiff's obligation to disclose his tax returns to this Court's resolution of the same issue in the *Boston Globe* case—"improperly" bind the parties to a ruling in a separate case. ECF 710, at 10–11. But this is presented without any legal support. Describing the solution as "unorthodox," Plaintiff's position rests on an array of irrelevant facts that, even if true, have no bearing on the Magistrate Judge's authority to manage his docket in a common-sense and efficient way. *See id*. It does not matter that the *Boston Globe* case is not consolidated with this one, or that FNN is not a party to that case. Plaintiff asserts that the "nature and scope of liability, culpability, and damages" in this case "is distinguishable from the *Boston Globe* case." How that is the case, Plaintiff does not say. And the pleadings confirm there is no difference, let alone one material to the question of discoverability of tax returns.

Plaintiff asserts that "there is probative evidence from Plaintiff Blankenship's deposition that was not available to the Court" when the Magistrate Judge entered the *Boston Globe* Order. ECF 710, at 11. Yet Plaintiff has not been deposed in this case. Assuming Plaintiff is referring to a deposition given in a related (but now dismissed case) in the Eastern District of Virginia in which FNN was not a party, Plaintiff again fails to identify the so-called "probative evidence" adduced there or describe why it matters here. Fox News and this Court are left only to guess.[3]

Finally, Plaintiff complains that the proposed stipulation would have "severely limited" Plaintiff's "strategic options" in this case. ECF 70, at 11. He argues that the stipulation "would

---

[3] It is ironic that Plaintiff seeks to rely on deposition testimony from a case in another court where FNN was not a party while also arguing that it was improper for the same Magistrate Judge that decided this issue in a plainly related case in this same Court to have decided his ruling should apply to both cases.

have effectively waived the qualified privilege and surrendered the right to file objections" to any adverse ruling. *Id*. But all this is also beside the point, because the Magistrate Judge has now granted Fox News's motion to compel disclosure of Plaintiff's tax returns, tying Plaintiff's duty to disclose them to this Court's ruling on the same issue in *Boston Globe* case.

Plaintiff does not claim, nor could he, that he lacked a full opportunity to participate in the *Boston Globe* proceedings on precisely the same issue—including by raising whatever rights or privileges against disclosure of his tax returns that he thinks apply. Plaintiff's protest rings hollow that the Magistrate Judge's solution precludes his right to "to file" unidentified further "objections" or seek "reconsideration" on grounds he may conjure in the future. *Id*. Plaintiff has not been without opportunities to raise specific and detailed objections to the order compelling production of his tax returns, as his unqualified right to file this objection under Federal Rule of Civil Procedure 72(a) itself attests. He has failed to do so.

II.     **The Tax Return Orders are substantively proper.**

The Magistrate Judge was right to grant Fox News's motion to compel production of Plaintiff's tax returns. For the reasons explained in the defendant's response to Plaintiff's objection to the effectively identical discovery order entered by the Magistrate Judge in the *Boston Globe* case, Plaintiff's tax returns are subject to discovery in this case. *See* No. 19-589, ECF 51. Although FNN will rest on the incorporation of the defendants' arguments in *Boston Globe*, *see id.*, just as the Magistrate Judge incorporated his prior order from that case, a brief response to Plaintiff's objection here is warranted.

In a brief paragraph, Plaintiff argues that the Tax Return Orders "conflicts with the prevailing judicial consensus" and "general federal policy" against disclosing tax returns. ECF 710, at 11. In support, Plaintiff simply notes that neither Fox News's underlying motion to compel nor the Tax Return Orders contain an "exposition of legal analysis" or "established the

5

relevance of the requested tax returns *to Plaintiff Blankenship's impairment of future earning capacity damages claim.*" *Id*. (emphasis added). Nor, Plaintiff asserts, did the Tax Return Order address whether the information sought "could be obtained by less obtrusive means." *Id*.

Plaintiff misses the point. For starters, Plaintiff is simply wrong that neither FNN nor the Magistrate Judge properly analyzed the issue. Both Fox News's motion to compel and the Tax Return Orders specifically reference and rely upon the grounds for disclosure of Plaintiff's tax returns that were stated at length in the motion practice and subsequent order on this same issue in the *Boston Globe* case. *See* ECF 697, at 2 (FNN summarizing and incorporating *Boston Globe* motion and arguments) & ECF 699, at 2 (Magistrate Judge explaining, "for the same reasons articulated in the September 1, 2020 order entered in the *Boston Globe* action, . . . the undersigned finds [Fox News's] discovery requests reasonable, relevant, and proportional to the needs in this case"). After all, the entire point of the stipulation and motion to compel was to promote judicial and litigant economy—not to needlessly waste everyone's time and resources by regurgitating well-worn arguments already made to the Magistrate Judge and this Court.

On the merits, the briefing of the parties in the *Boston Globe* case on this issue— including from Plaintiff himself in opposition to the motion to compel and on his Rule 72(a) objection—comprehensively addresses the issues Plaintiff claims were not fully aired again here.

Specifically, Plaintiff disputes the relevance of his returns to only a narrow aspect of his damages claims: the "impairment of future earning capacity." ECF 710, at 11. Even if one were to accept Plaintiff's erroneous proposition that his returns are not relevant to his claim of impaired "future" earning capacity, the scope of Plaintiff's alleged damages—as he alleges them—is plainly not limited to future earnings impairment. In his first amended complaint, Plaintiff alleges he lost—in the past—business interests, opportunities, employment, and income as a result of defendants' allegedly defamatory remarks. Specifically, Plaintiff alleges that the

6

allegedly defamatory statements so damaged his reputation that "he has been *prevented* from pursuing other business and opportunities and generating similar returns of *billions of dollars*." ECF No. 14, ¶ 24 (emphasis added). Plaintiff further alleges that defendants' alleged defamation "affect[ed] his business, trade, profession and/or office." *Id.*, ¶ 226. There is no question that Plaintiff's tax returns are highly relevant to ascertaining whether the allegedly defamatory remarks, in fact, "prevented" Plaintiff from "generating similar returns of billions of dollars" from lost "business" and "opportunities." Indeed, Plaintiff has argued in this case that, but for the alleged defamation, his "marketability as an energy industry consultant, as a corporate board member, and/or as a partner in large venture capital transactions would have been notably enhanced, especially after running in the general election as the Republican Party nominee. . . ." ECF 566, at 11; *see also id*. (arguing that Plaintiff "could have reasonably expected his net worth to increase by an average of 15.4% per year as a United States Senator").

Plaintiff's remaining objections to relevance—including that the tax returns "do not contain any active income information" from the end of his time at Massey and through his release from federal prison—are red herrings. As the Boston Globe explained, this objection goes to the potential weight that the evidence of his income sources may have, not to the relevance or discoverability of the tax documents themselves.

Finally, Plaintiff weakly suggests that a smattering of other documents constitute "less obtrusive financial records," implying that these documents are all that FNN needs to evaluate Plaintiff's damages claims. ECF 710, at 13 (citing to Form W-2 and Form 1099s statements). Plaintiff is wrong. Those documents are no substitute for the information that can be learned from Plaintiff's returns, as the defendant in *Boston Globe* has already explained to this Court in detail. *See* ECF 51, at 8–10 (No. 19-589). And again, Plaintiff has tellingly failed to identify

material differences in his damages allegations between the operative complaints in this and the *Boston Globe* case. There are none.

## CONCLUSION

Accordingly, for the foregoing reasons, this Court should overrule Plaintiff's Rule 72(a) objection, ECF 710, in its entirety.

Respectfully submitted,

**FOX NEWS NETWORK, LLC**

By Counsel:

/s/ J. Zak Ritchie
J. Zak Ritchie (WVSB #11705)
Ryan McCune Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
zritchie@hfdrlaw.com
rdonovan@hfdrlaw.com

Elbert Lin (WVSB #12171)
David Parker (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
804-788-8200 *office*
804-788-8218 *fax*
elin@HuntonAK.com
dparker@HuntonAK.com

Shawn Patrick Regan (*pro hac vice*)
Silvia Ostrower (*pro hac vic*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
212-309-1000 *office*
212-309-1100 *fax*
sregan@HuntonAK.com
sostrower@HuntonAK.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of January 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants and will cause to send to other parties by U.S. Mail as follows:

Jim Heath
2716 Saratoga Avenue
Lake Havasu City, AZ 86406

                                      /s/ J. Zak Ritchie
                                      J. Zak Ritchie (WVSB #11705)