IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DON BLANKENSHIP,**

            **Plaintiff,**

vs.                                              Civil Action No. 2:19-cv-00236

**FOX NEWS NETWORK, LLC,**
*ET AL.*,

            **Defendants.**

## ORDER

On April 12, 2021, the undersigned hosted another informal telephone conference concerning: ***Plaintiff Don Blankenship's Motion to Compel Defendant Fox News Network LLC to Produce Witnesses for Depositions***; ***Defendant Fox News Network, LLC's Motion to Compel Plaintiff to Produce Documents Improperly Withheld Under Claims of Privilege***; ***Defendants American Broadcasting Companies, Inc., Cable News Network, Inc., MSNBC Cable, LLC, and WP Company LLC's Notice of Joinder in Defendant Fox News Network, LLC's Motion to Compel Plaintiff to Produce Documents Improperly Withheld Under Claims of Privilege***; and ***Defendants American Broadcasting Companies, Inc., Cable News Network, Inc., MSNBC Cable, LLC, and WP Company LLC's Motion to Compel Plaintiff to Produce Improperly Withheld Responsive Documents*** [ECF Nos. 790, 799, 806, 818].

On April 11, 2021, Plaintiff and Defendant Fox News Network, LLC filed a Stipulation with the Court [ECF No. 820] which resolved the outstanding issues related to ***Plaintiff Don Blankenship's Motion to Compel Defendant Fox News Network LLC to Produce Witnesses for***

***Depositions*** [ECF No. 790]; accordingly, the ***Motion*** is **TERMINATED** as **MOOT** based on the parties' agreement.[1]

With regard to ***Plaintiff Don Blankenship's Motion to Seal*** [ECF No. 789], which concerns his Memorandum of Law in Support of Plaintiff Don Blankenship's Motion to Compel Defendant Fox News Network LLC to Produce Witnesses for Depositions and supporting exhibits [i.e., ECF Nos. 789-1, 789-2, 791, 791-1], the Court notes that during the discussions, the parties did not advance the necessary showing as to why these pleadings needed to be sealed or redacted in such a matter, as there appeared to be no precise correlation with the Protective Order [ECF No. 495], except out of abundance of caution because Defendant Fox News Network, LLC had marked certain disclosures as "CONFIDENTIAL". It is noted that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, the Fourth Circuit observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public

---

[1] It is noted that Plaintiff reserved a right to renew his motion to compel the deposition of Martha MacCallum, if necessary and that Defendant Fox News Network, LLC reserved its right to oppose any such motion. In any event, the Court will uphold the terms set forth and agreed to in the Stipulation.

has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

Assuming the First Amendment right applies to the particular documents described by the parties, the movant's burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

As stated *supra*, the parties have not made the showing necessary to obtain a sealing order as to the exhibits attached to the Motion to Seal or as to the Memorandum of Law in Support of Plaintiff's Motion to Compel, and indeed, the parties do not advance any, and have endorsed that based on their Stipulation, the unredacted versions of these pleadings shall be filed publicly. Accordingly, based on agreement reached between Plaintiff and Defendant Fox News Network, LLC, and the Stipulation filed herein memorializing same, and as the right of public access is paramount, the Motion(s) to Seal [ECF Nos. 789, 794] are hereby **DENIED**.

To that extent, the Clerk is directed to make public the unredacted pleadings and redacted documents previously filed under seal, to-wit: ECF Nos. 789, 789-1, 794, 794-1, 794-2. Plaintiff is invited to resubmit his exhibit to the original motion to seal, ECF No. 789-2, in order to allow him to redact only the private email accounts concerning non-parties to this action by the **end of business on Friday, April 16, 2021**. If Plaintiff elects not to do so, the Court will order the Clerk to make public the entire exhibit, ECF No. 789-2.

Also pending before this Court is Defendant **Fox News Network, LLC's Motion to Seal Plaintiff's Confidential Privilege Log** [ECF No. 800], filed on April 6, 2021. Subsequently, on

April 8, 2021, a redacted version of Plaintiff's Confidential Privilege Log was filed with the Court wherein private email addresses concerning numerous non-parties were redacted [ECF No. 813]. Accordingly, Defendant ***Fox News Network, LLC's Motion to Seal Plaintiff's Confidential Privilege Log*** [ECF No. 800] is hereby **GRANTED** to the extent that private email addresses be redacted, but **DENIED** to the extent that the entire Privilege Log be sealed.

Also pending before this Court is Defendant ***Fox News Network, LLC's Motion to Seal Rule 11 Letter*** [ECF No. 802] which concerns an exhibit filed in support of Defendant Fox News Network LLC's Opposition to Plaintiff's Motion to Compel Defendant Fox News Network LLC to Produce Witnesses for Depositions [ECF No. 801]. It is noted that this exhibit concerns an unsigned pleading that was never filed in a related civil action pending before a different United States District Court as the matters between those parties were resolved.[2] It is further noted that the provision under Rule 11(c)(2) of the Federal Rules of Civil Procedure mandates that a motion under this Rule "must not be filed or be presented to the court" if the issue giving rise to the motion was withdrawn or appropriately corrected; to that extent, it is apparent that denial of the public's interest in access to the court "is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co., 457 U.S. at 606-07. Further, having heard no objection thereto, the ***Motion to Seal*** [ECF No. 802] is hereby **GRANTED**.

Although there are many outstanding issues as described in the remaining pending Motions before this Court, the parties represented to the undersigned that an additional telephone conference would be beneficial in furtherance of resolving the outstanding issues. Therefore, the parties shall reconvene for another telephone conference with the undersigned on **Wednesday, April 14, 2021 at 3:30 p.m. (Eastern)**. Counsel have been provided the call-in information for

---

[2] The other matter was initiated by this Plaintiff, however, the issue concerned a different defendant.

4

this conference.

In preparation for this telephone conference, counsel for Plaintiff has agreed, and is therefore so **ORDERED**, to provide to counsel for these Defendants, as well as the Court, a list of those documents Plaintiff has withheld as described in ***Defendants American Broadcasting Companies, Inc., Cable News Network, Inc., MSNBC Cable, LLC, and WP Company LLC's Motion to Compel Plaintiff to Produce Improperly Withheld Responsive Documents*** [see ECF No. 818][3] no later than **9:00 a.m. (Eastern) on April 14, 2021.** Plaintiff is directed to email a courtesy copy this list to the Court.

The Clerk is requested to distribute a copy of this Order to all counsel of record.

**ENTER: April 13, 2021.**



Omar J. Aboulhosn
United States Magistrate Judge

---

[3] On April 12, 2021, Defendant Fox News Network, LLC filed its ***Notice of Joinder*** in this motion [ECF No. 824].