IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DON BLANKENSHIP,

          **Plaintiff,**

vs.                                    Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC,
*ET AL.*,

          **Defendants.**

### ORDER

Pending before the Court are Plaintiff's ***Renewed Motion to Compel Defendant Fox News Network LLC to Produce Martha Bowes MacCallum for Deposition*** filed on April 27, 2021 and ***Motion for Leave to Take Depositions After Discovery Deadline*** filed on May 3, 2021 (ECF Nos. 854, 861). For the reasons stated *infra*, the undersigned **DENIES** Plaintiff's ***Renewed Motion to Compel*** and **DENIES** Plaintiff's ***Motion for Leave***:[1]

As an initial matter, with regard to Plaintiff's Renewed Motion to Compel Defendant Fox News Network LLC (hereinafter referred to as "FNN") to Produce Martha Bowes MacCallum for Deposition, the undersigned notes that the parties had resolved an earlier dispute concerning Plaintiff's motion to compel FNN to produce this witnesses for deposition (ECF No. 790), and that Plaintiff reserved the right to renew his motion to compel the deposition of Ms. MacCallum if

---

[1] In accordance with the authority endorsed by Local Rule 72.1 of the Local Rules of Civil Procedure, the undersigned has elected to decide these pending motions prior to the expiration of the filing deadlines for any replies endorsed by the Local Rules because the issues raised herein are not so complex that would require the filing of additional pleadings.

necessary and that FNN reserved its right to oppose any such motion (See ECF No. 826 at 2, n.1).

### Plaintiff's Argument in Support of Renewed Motion to Compel Deposition

Plaintiff explains that Ms. MacCallum is a high-profile personality at FNN who hosts the program *The Story with Martha MacCallum*. Plaintiff asserts that Ms. MacCallum assisted in Senator Mitch McConnell's machinations to prevent Plaintiff from winning the 2018 primary election by broadcasting a "nationally televised character assassination" of Plaintiff on her show. (ECF No. 855 at 8) Plaintiff previously deposed Ms. MacCallum's senior booking producer, Karrah Kaplan, who testified that Ms. MacCallum exercises considerable influence at FNN and enjoys broad discretion concerning what topics and guests will appear on her show. Therefore, Plaintiff wants to depose Ms. MacCallum because she will give testimony that is relevant to Plaintiff's claim and is proportional to the needs of this case. He argues that FNN had previously indicated willingness to produce this witness for deposition. Because Plaintiff had obtained email communications in discovery that indicated a relationship between Ms. MacCallum and Senator McConnell, and because Ms. Kaplan testified she knew nothing about their communications, only Ms. MacCallum can provide such testimony. Plaintiff further states that Ms. Kaplan, incredibly, denied knowing why a show topic was not aired that would have ostensibly cast Plaintiff as a victim of the politics orchestrated by the Obama Administration when he was prosecuted over the coal mine disaster that claimed the lives of several miners – the reasoning behind why this topic was rejected to be aired can be explained by Ms. MacCallum.

### FNN Response in Opposition

In response, FNN argues that it never specifically agreed to produce Ms. MacCallum for deposition – it had to continuously work on getting dates for depositions for Plaintiff because he was continuously changing the list of would-be deponents. Despite the stipulation between

Plaintiff and FNN, a deposition of Ms. MacCallum is unnecessary: Plaintiff only relies on speculation in an attempt to link Ms. MacCallum to his claim, as he never alleged she defamed him or even communicated with speakers alleged to have defamed him. Ms. Kaplan already provided testimony that she declined to air the show topic, that it was her job to decide what topics to air, and that she did not involve Ms. MacCallum in her decision, and there is no evidence otherwise. There is also no evidence of a conspiracy between Ms. MacCallum and Senator McConnell; Plaintiff never alleged a conspiracy claim against FNN, and legally, Plaintiff cannot allege a conspiracy between FNN and its own employees.[2] Plaintiff's proposed deposition will do nothing but badger and harass Ms. MacCallum, and only because of her critical examination of a political candidate – Plaintiff. Plaintiff provides no basis for his allegations that Ms. Kaplan's deposition testimony was incredible, and instead relies on this conclusory statement to justify the legitimacy for deposing Ms. MacCallum. Plaintiff's attempt to force the deposition of Ms. MacCallum also implicates First Amendment interests.

FNN also contends that Plaintiff's Renewed Motion is untimely as it was filed just four business days before the discovery deadline, despite having information from other deponents at minimum two weeks earlier. Plaintiff also failed to notice a deposition for Ms. MacCallum or issue a subpoena to procure her attendance; though Plaintiff had done so earlier, the parties resolved that via stipulation, and the matter was moot; this Court cannot compel this deposition that was never noticed.

**Relevant Law**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is

---

[2] Citing Cook v. Heck's Inc., 176 W. Va. 368, 375 (1986); Lee v. Allstate Ins. Co., 2010 WL 4806886, at *3 (N.D.W. Va. Nov. 18, 2010).

relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless of the individual to whom a request is made." Cook v. Howard, 484 Fed. App'x. 802, 812 (4th Cir. 2012). This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)). To ensure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). "[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D. W.Va. Aug. 17, 2016) (Eifert, M.J.) (quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D. W.Va. Dec. 18, 2013)).

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Local Rule 26.4 provides that movants must demonstrate with specificity that the information qualifies for protection under Rule 26(c), and that good cause exists for restricting dissemination on the ground that harm would result from its disclosure. See also, Marfork Coal Co., Inc. v. Smith, 274 F.R.D. 193, 206 (S.D.W. Va. 2011); Johnson v. Ford Motor Co., No. 3:13-cv-6529, 2017 WL 1904259, at *2 (S.D.W. Va. May 9, 2019).

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required,

4

on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Rule 30(a)(1) for the Federal Rules of Civil Procedure establishes the framework governing the appearance of persons for depositions:

> A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Fed.R.Civ.P. 30(a)(1). Additionally, Rule 45(b)(2) of the Federal Rules of Civil Procedure sets the limits on service of a subpoena:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed.R.Civ.P. 45(b)(2)(A)-(D). Rule 30(b)(1) provides: "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition[.]"

**Discussion**

Pursuant to the Court's Order, the discovery deadline in this civil action has already passed, having been on May 3, 2021. (ECF No. 444) There is no question that Plaintiff did not file a renewed notice or a subpoena for Ms. MacCallum's deposition, despite having moved to compel it.[3] Significantly, Plaintiff has already taken the depositions or had opportunities to take the depositions of several others[4] who would have had personal knowledge concerning Ms. MacCallum's program or Plaintiff's alleged defamation claims against FNN. In short, it is clear that Plaintiff has already had, and exhausted, ample opportunities to obtain whatever information he is now attempting to glean from Ms. MacCallum, and furthermore, has had numerous other sources from which he could have obtained this information. As for Plaintiff's preference to take the deposition of Ms. MacCallum, a less burdensome means was also available to him by way of written discovery.

In sum, based on the foregoing, notwithstanding the fact that the deadline for discovery has now closed, Plaintiff has not followed the procedural and notice requirements to depose Ms. MacCallum, his **_Renewed Motion to Compel Defendant Fox News Network LLC to Produce Martha Bowes MacCallum for Deposition_** (ECF No. 854) is hereby **DENIED**.[5] Having determined Plaintiff's Renewed Motion fails to comport with the Federal Rules of Civil Procedure, the Court declines to consider the merits of Plaintiff's alleged conspiracy theories concerning Ms.

---

[3] The docket sheet indicates that Plaintiff had issued a notice of subpoena to Ms. MacCallum back in October 2020 (ECF No. 611) and subsequently filed additional notices for her deposition in March 2021 (ECF Nos. 776, 781, 785); Plaintiff initially moved to compel Ms. MacCallum's deposition, but the parties resolved that issue per their Stipulation (ECF No. 820) on April 11, 2021.

[4] As noted *supra*, Plaintiff has already deposed Karrah Kaplan (ECF Nos. 841, 868-1), as well as Gavin Hadden (ECF No. 840), Judge Andrew Napolitano (ECF Nos. 774, 855-1 at 52-60), Chris Stirewalt (ECF Nos. 645, 868 at 6), Neil Cavuto (ECF No. 755), Karl Rove (ECF No. 779), and FNN's Rule 30(b)(6) representative (ECF No. 748). Although Plaintiff intended to depose Gary Villapiano, since this witness had no personal recollection or knowledge concerning emails involving FNN staff, Plaintiff was satisfied with FNN's stipulation as to the authenticity of the emails (See ECF No. 820 at 1-2, ¶2).

[5] See also, Standiford v. Humberto, 2011 WL 400013 (N.D.W. Va. Feb. 2, 2011) (plaintiff's motion to compel deposition denied for failure to issue notice of deposition).

MacCallum and Senator McConnell or the First Amendment implications.[6]

With regard to Plaintiff's ***Motion for Leave to Take Depositions After Discovery Deadline*** (ECF No. 861), it is **DENIED** as it concerns Ms. MacCallum, for the reasons stated *supra*, and **DENIED** to the extent that it seeks the deposition testimony of nameless FNN media officers and board members as there is no indication in the record that such individuals were properly noticed or issued subpoenas for their deposition testimonies as endorsed by the Federal Rules of Civil Procedure.[7]

Plaintiff's ***Motion for Leave*** is also **DENIED** as it concerns Donald John Trump, Jr.: although Plaintiff has demonstrated that he issued a subpoena prior to the discovery deadline, and that it was accepted by Mr. Trump's counsel, Plaintiff failed to take his deposition prior to the discovery deadline. As noted *supra*, the discovery deadline has already expired, and no party has filed a motion to modify the scheduling order or extend the deadlines outlined therein.[8] The undersigned agrees with FNN that Plaintiff failed to show good cause due to his lack of due diligence to depose Mr. Trump before the discovery deadline, despite Plaintiff's attempt to secure a date for the deposition a month ago (ECF Nos. 861-1, 870 at 2-3). On that note, the undersigned finds Plaintiff's motion is also untimely, notwithstanding the fact he filed it in the final hour on the discovery deadline.[9]

---

[6] Accordingly, to the extent FNN requested a protective order with respect to Ms. MacCallum's deposition, the cross-motion is **DENIED as MOOT** (ECF No. 868).

[7] FNN filed its ***Opposition to Plaintiff's Motion for Leave to Take Depositions After Discovery Deadline*** on May 17, 2021 (ECF No. 870), arguing many of the same points it made in its opposition to Plaintiff's Renewed Motion in addition to underscoring the fact that Plaintiff has failed to demonstrate good cause for taking depositions after the discovery deadline despite having had over a year to do so. Additionally, FNN contends that despite having taken the depositions of numerous FNN staff members, associates, and a corporate representative, none have testified having any communications with media officers or board members that would suggest any would have personal knowledge of the events surrounding Plaintiff's claims.

[8] As an additional matter, the undersigned lacks the authority to modify Judge Copenhaver's Order, which obviously includes the discovery deadline itself.

[9] According to the time stamp on the docket receipt, the motion was filed at 11:12 PM EDT.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive Motion may be contested by filing within 14 days objections to this Order with District Judge John T. Copenhaver, Jr. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to distribute a copy of this Order to all counsel of record.

**ENTER: May 18, 2021.**



Omar J. Aboulhosn
United States Magistrate Judge