```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON


DON BLANKENSHIP,

          Plaintiff,

v.                                Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC et al.,

          Defendants.
```

MEMORDANDUM OPINION AND ORDER

Pending are the objection by the defendant Fox News Network, LLC ("Fox News") to the Magistrate Judge's order granting the plaintiff's motion to compel, filed on October 5, 2020 (ECF No. 589); Fox News's motion to stay the Magistrate Judge's order, filed on October 5, 2020 (ECF No. 590); Fox News's motion for leave to file a reply in support of its objection, filed on October 19, 2020 (ECF No. 596); and the plaintiff's motion for leave to file a sur-reply in opposition to Fox News's objection, filed on October 22, 2020 (ECF No. 599).

I.   Background

In the operative amended complaint, the plaintiff alleges that, during the 2018 election cycle, in which he campaigned for the Republican nomination to be United States Senator from West Virginia, "mainstream" Republicans engaged in a

"clandestine campaign" along with "contacts in the establishment media, including Fox News in particular," to defeat the plaintiff's candidacy. ECF No. 14 ¶¶ 3-4. As part of this "concerted plot," the plaintiff alleges that, in the days leading up to the West Virginia Republican primary election, numerous news media outlets, including Fox News and several of its reporters and contributors, falsely referred to him as a "'convicted felon,'" resulting in his losing the primary election and sustaining reputational and financial injuries. Id. ¶ 6; see also id. ¶¶ 24, 190. Based on these allegations, plaintiff asserts claims against Fox News, along with many other news media outlets and figures, for defamation and conspiracy to defame (Count I) and false light invasion of privacy and conspiracy (Count II). See id. ¶¶ 222-250.

During discovery, Fox News proposed to collect and produce materials from 16 custodians who were likely to have been involved in the matters alleged in the amended complaint. See ECF No. 589 at 6. The plaintiff, however, complained that the proposed field of custodians was too limited and filed a motion to compel production from 37 named individuals, which included the 16 identified by Fox News, as well as other unnamed individuals, all of whom the plaintiff sought to designate as custodians. See ECF No. 486; ECF No. 536; ECF No. 551. Fox News divides these proposed custodians into five categories:

2

1.  seven individuals alleged to have made defamatory statements as well as personnel involved in producing the programs on which the statements were made (Andrew Napolitano, Neil Cavuto, John Layfield, Bradley Blakeman, Stephanie Hamill, Elizabeth MacDonald, Chris Stirewalt, and others)[1];

2.  eight commentators appearing on programs other than those on which the plaintiff alleges he was defamed (Bret Baier, Martha MacCallum, Dana Perino, Tucker Carlson, Sean Hannity, Karl Rove, Peter Doocy, and Melissa Francis);

3.  six Fox News senior business executives (John Fiedler, Danny O'Brien, Sharri Berg, Irena Briganti, Suzanne Scott, and Jay Wallace);

4.  fifteen current or former executives or directors of Fox Corporation or its predecessor 21st Century Fox, Inc. (Rupert Murdoch, Lachlan Murdoch, James Murdoch, Viet D. Dinh, Chase Carey, Anne Dias, Roland A. Hernandez, Jacques Nasser, Paul D. Ryan, Sir Roderick Eddington, Delphine Arnault, David DeVoe, Robert Silberman, Tidjane Thiam, and Jim Breyer); and

5.  one executive of Fox Television Studios (Jack Abernathy).

See ECF No. 565 at 2 n.1; ECF No. 589 at 6 n.1, 7-9.

The plaintiff argued that collection and production from the expanded list of custodians is relevant in light of his claim that Fox News conspired with establishment Republicans to defame him. See ECF No. 536; ECF No. 551. He asserted that a close relationship between establishment Republicans and Fox News

---

[1] Fox News states that, in addition to Chris Stirewalt, personnel involved in producing the programs at issue include Dana Blanton, Danielle Blue, Joanna Chow, Ralph Giordano, Marie Harf, Veronica Martin, Pam Ritter, Michael Robinson, and Gary Villapiano. See ECF No. 589 at 6 n.1.

3

officers has been well-documented in the press and that designating as custodians Fox News officials – especially senior level officials – beyond those involved in producing the programs on which the allegedly defamatory statements were made would be probative of his conspiracy claims.  See ECF No. 536; ECF No. 551.

In a September 21, 2020 order, the Magistrate Judge granted the plaintiff's motion to compel.  See ECF No. 573 at 28-34.  The Magistrate Judge rejected Fox News's argument that the plaintiff's requested expansion of custodians was based on speculation.  See id.  The Magistrate Judge explained that the amended complaint alleges a conspiracy between Fox News and establishment Republicans to defame the plaintiff and that such a conspiracy would likely involve senior Fox News officials beyond those who produced the programs on which the allegedly defamatory statements were made.  See id.  The Magistrate Judge also pointed to documentation – specifically, press reports cited in the plaintiff's briefing – evidencing an "intertwining relationship between [Fox News] executives and Board members" and "high-ranking Republican officials."  Id. (citing ECF No. 551 at 20-23).  The Magistrate Judge further noted that some Fox News broadcasts had accurately reported that the plaintiff had been convicted of a misdemeanor, indicating that Fox News was aware of the falsity of the allegedly defamatory statements made in other broadcasts, and concluded that the plaintiff was thus entitled to seek discovery

4

from the additional requested custodians in order to explore further evidence of actual malice. See id.[2]

Fox News timely filed its objection to the Magistrate Judge's order granting the plaintiff's motion to compel and filed a motion to stay the order's enforcement pending resolution of the objection. See ECF No. 589; ECF No. 590. The parties have briefed the objection and motion to stay and have filed motions for leave to submit additional briefing on the objection. See EFC No. 589; EFC No. 590; ECF No. 593; ECF No. 594; ECF No. 596; ECF No. 597; ECF No. 599.

## II. Legal Standard

A magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465,

---

[2] The Magistrate Judge also ruled that the plaintiff's production requests from the expanded list of custodians was proportional to the needs of the case, that First Amendment concerns did not alter the analysis, and that shifting the cost of additional discovery to the plaintiff was not appropriate. See ECF No. 573 at 28-34. Although Fox News quibbles with the Magistrate Judge's observation that it had been dragging its feet in discovery, see ECF No. 589 at 7 n.2, Fox News does not ultimately object to these rulings.

479 (D. Md. 2014). Under the "clearly erroneous" standard, "[a] district court should reverse a magistrate judge's decision in a discovery dispute . . . only if the district court is left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003) (citing Clark v. Milam, 155 F.R.FD. 546, 547 (S.D.W. Va. 1994)). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes . . . are accorded greater deference." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted) (citing, inter alia, In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)).

In light of the discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014). "The objecting party bears the 'high burden' of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law." Courtland Co., Inc. v. Union Carbide Corp., No. 2:19-cv-00894, 2021 WL 1320714, at *4 (S.D.W. Va. Apr. 8, 2021) (quoting Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014)).

III. Discussion

In its objection, Fox News challenges the Magistrate Judge's decision to compel the designation of individuals listed in categories 3, 4, and 5, as set forth earlier herein, as custodians from whom discoverable materials are to be collected and produced.[3]

First, Fox News argues that the Magistrate Judge clearly erred in compelling discovery from the six Fox News senior business executives listed in category 3 earlier herein. See ECF No. 589 at 11-14. Primarily, Fox News asserts that the ruling is clearly erroneous because the Magistrate Judge incorrectly concluded that the amended complaint adequately alleged a relationship between the six senior executives and establishment Republicans. See id. Fox News points out that the plaintiff does not identify a connection between these six specific executives and establishment Republicans in its amended complaint or briefing and, citing out-of-circuit decisions, argues that a request for discovery from a corporate party's senior executives should be denied absent a showing that the executives have personal knowledge of or involvement in the events at issue. See id. at

---

[3] Notably, Fox News expressly states that it does not object to the Magistrate Judge's order insofar as it compels the designation of individuals identified in categories 1 and 2 as custodians. See ECF No. 589 at 10-11.

7

12-13. Fox News further argues that the Magistrate Judge's decision granting the plaintiff's motion to compel with respect to Fox News's six executives is incongruous with his decision denying the plaintiff's motion to compel the designation of additional custodians with respect to defendants MSNBC Cable LLC ("MSNBC") and Cable News Network, Inc. ("CNN"). See ECF No. 589 at 13-14; see also ECF No. 484; ECF No. 489; ECF No. 573 at 34-47.

The court is not persuaded by Fox News's argument. The Magistrate Judge determined that the amended complaint's allegations and press reports regarding a relationship between Fox News's senior officials and establishment Republicans provided a sufficient basis for compelling the requested discovery from the six executives, and the court is not left with a definite and firm conviction that this determination was a mistake. More specifically, the court is not persuaded by Fox News's assertion that, in order to justify such discovery, the plaintiff was obligated to provide evidence connecting each of the six specific executives with particular establishment Republicans.[4] To the

---

[4] Fox News argues in passing that "[m]ere 'speculation that an individual's position as a senior executive might increase the relevance of his files is not a basis for designating him as a custodian.'" ECF No. 589 at 13 (brackets omitted) (quoting Mortg. Resol. Serv., LLC v. JPMorgan Chase Bank, N.A., 2017 WL 2305398, at *3 (S.D.N.Y. May 18, 2017)). To the extent Fox News asserts that the Magistrate Judge relied on such speculation, the court is not persuaded. As the Magistrate Judge explained, the fact that the six individuals at issue are Fox News senior executives makes it more likely that they would have discoverable information

8

extent Fox News attempts to bolster its position by asserting that executives are entitled to heightened protection from discovery requests generally, the very cases it cites are to the contrary. See Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc., Nos. 12 Civ. 1579(HB)(JCF), 12 Civ. 7322(HB)(JCF), 2013 WL 1195545, at *4 (S.D.N.Y. March 25, 2013) ("[N]o special exemptions from discovery exist for senior executives who possess relevant information . . . ."); see also Haber v. ASN 50th Street, LLC, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) ("There is . . . no blanket prohibition on taking discovery from high-level executives.").[5]

Nor is the court persuaded that the Magistrate Judge's decision to grant the plaintiff's motion with respect to Fox News is inconsistent with his decision to deny the plaintiff's motions with respect to MSNBC and CNN. Unlike with Fox News, the Magistrate Judge denied the plaintiff's motions to compel MSNBC

---

regarding Fox News's coordinated efforts with establishment Republicans to defeat the plaintiff's candidacy. See Mortg. Resol. Serv., 2017 WL 2305398, at *3 (discovery request is speculative when the individual's position as an executive makes it no more likely that he or she has relevant information).

[5] Fox News's argument that a party's senior executives are protected from being designated as custodians unless the party seeking such designation shows they possess unique, personal knowledge or information about the events underlying the case appears to call for application of the so-called "apex doctrine," which the Fourth Circuit has not adopted and which typically applies only to protect senior executives from attending costly and distracting depositions rather than from merely collecting and producing documents. See Rosinbaum v. Flowers Foods, Inc., 238 F. Supp. 3d 738, 748-50 (E.D.N.C. 2017).

and CNN to designate certain executives as custodians. However, the different rulings are the result of differences in the underlying motions.

With respect to MSNBC, the Magistrate Judge concluded that the plaintiff's evidence – which, rather than numerous news reports connecting the executives to establishment Republicans, consisted of emails that do not involve any of the executives at issue – was insufficient to demonstrate the relevance of any materials that might be collected from the executives. See ECF No. 573 at 35-36; ECF No. 551 at 28. The Magistrate Judge also agreed with MSNBC that, because most of the individuals identified were executives of NBCUniversal, LLC ("NBCUniversal") and Comcast Corporation instead of MSNBC, there remained a dispute whether MSNBC had control, custody, or possession of any of the executives' documents. See ECF No. 573 at 36; ECF No. 563 at 13; see also Fed. R. Civ. P. 34(a)(1). Further, the Magistrate Judge explained that, if the plaintiff sought production from NBCUniversal executives, he should do so in the related case, Blankenship v. NBCUniversal LLC, No. 2:20-cv-00278 (S.D.W. Va.). See ECF No. 573 at 36.

Likewise, with respect to CNN, the Magistrate Judge explained that the plaintiff, unlike he had with Fox News, presented no evidence or argument for expanding CNN's custodians

10

to include the executives he identified. See id. at 45-46; see also ECF No. 551 at 28-32. The Magistrate Judge also agreed with CNN that many of the identified individuals were executives of AT&T instead of CNN and that the plaintiff had not demonstrated that CNN had control, custody, or possession of these executives' documents. See ECF No. 573 at 46; ECF No. 564 at 16-17.[6]

Because the Magistrate Judge decided to grant the motion to compel Fox News for reasons that were absent from the motions to compel MSNBC and CNN, which he denied, the differing results provide no basis for objection.

Second, Fox News argues that the Magistrate Judge clearly erred in compelling discovery from the sixteen executives and directors of Fox Corporation, 21st Century Fox, and Fox Television Studios listed in categories 4 and 5 earlier herein. See ECF No. 589 at 14-19. Fox News asserts that Fox Corporation is (and its predecessor, 21st Century Fox, was) Fox News's parent corporation, that Fox Television Studios is a separate

---

[6] Fox News also points to the Magistrate Judge's observation that, because "CNN has represented . . . that it has performed a reasonable investigation into which custodians could have responsive documentation and still continues to search for responsive documentation, the [Magistrate Judge] [wa]s hard-repressed to find that compelled production in this instance is warranted." ECF No. 573 at 44 (emphasis in original). A review of the Magistrate Judge's order, however, reveals that this observation was not made in relation to the plaintiff's request to compel CNN to designate executives as custodians.

corporation, and that the Magistrate Judge clearly erred by ordering discovery from these separate corporations' executives and directors without first requiring the plaintiff to establish that Fox News has control, custody, or possession of the executives' and directors' documents. See id. at 14-16; see Fed. R. Civ. P. 34(a)(1).  Fox News notes that the Magistrate Judge denied the plaintiff's motions to compel with respect to MSNBC and CNN in part because the motions sought discovery from executives of MSNBC's and CNN's parent corporations when the plaintiff had not established that MSNBC and CNN had control, custody, or possession of those executives' documents.  See id. at 15-16.

The court notes that, unlike MSNBC and CNN, Fox News did not advance any argument before the Magistrate Judge that the relief the plaintiff sought was improper because he had not shown that Fox News had control, custody, or possession of executives' and directors' documents.  Compare ECF No. 563 at 13 and ECF No. 564 at 16-17, with ECF No. 565.  "Generally, a magistrate judge's ruling on a non-dispositive issue should not be disturbed based on arguments not presented to him."  Courtland, 2021 WL 1320714, at *5 (citing Baird v. CCDC/CCSCC, No. 2:08-00044, 2008 WL 4999252, at *2 (S.D.W. Va. Nov. 20, 2008)).  The court will not conclude that the Magistrate Judge's resolution of a discovery dispute was clearly erroneous or contrary to law based on an argument raised

12

for the first time in an objection to his ruling when the argument could have been raised with the Magistrate Judge.

Lastly, Fox News argues that the Magistrate Judge clearly erred in compelling discovery from the sixteen executives and directors in categories 4 and 5 because neither the amended complaint nor the plaintiff's briefing establish a connection between each of the sixteen executives or directors and particular establishment Republicans. For the reasons expressed earlier herein, however, the court is not left with a definite and firm conviction that the Magistrate Judge's determination in this regard was a mistake.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Fox News's objection to the Magistrate Judge's order (ECF No. 589) be, and hereby it is, overruled;

2. Fox News's motion to stay the Magistrate Judge's order (ECF No. 590) be, and hereby it is, denied as moot;

3. Fox News's motion for leave to file a reply in support of its objection (ECF No. 596) be, and hereby it is, granted; and

4. the plaintiff's motion for leave to file a sur-reply in opposition to Fox News's objection (ECF No. 599) be, and hereby it is, denied as moot.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: June 8, 2021

John T. Copenhaver, Jr.
Senior United States District Judge