```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**DON BLANKENSHIP,**

       Plaintiff,

v.                                         Civil Action No. 2:19-cv-00236

**FOX NEWS NETWORK, LLC et al.,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the plaintiff's objections to the Magistrate Judge's order granting the motion by defendant Fox News Network, LLC ("Fox News"), for a discovery order, filed on December 30, 2020 (ECF No. 709) and the plaintiff's amended objections to the Magistrate Judge's order granting Fox News's motion for a discovery order, filed on January 4, 2021 (ECF No. 710).

### I. Background

The plaintiff initiated this action on or about March 14, 2019, in Mingo County circuit court, against numerous news media organizations and figures. See ECF No. 1-1. The action was later removed to this court. See ECF No. 1. According to the operative amended complaint, during the 2018 election cycle, in which the plaintiff campaigned for the Republican nomination to be United States Senator from West Virginia, the media defendants,

including Fox News and several of its reporters and contributors, referred to him as a "'convicted felon'" or stated that he had "'gone to jail for manslaughter.'" ECF No. 14 ¶¶ 2, 6. The plaintiff alleges this description was false because he is not a convicted felon and was never convicted or sentenced for manslaughter, and he therefore asserts claims for defamation and false light invasion of privacy. See id. ¶¶ 6, 222-250.

The plaintiff alleges that he "possesses a proven record of adding billions of dollars in value to an enterprise," noting that, as a former executive, he "grew [a] company from a valuation of $150 million to $7.8 billion." Id. ¶ 24. He further alleges that the media defendants' false statement "so smeared his reputation that he has been prevented from pursuing other businesses and opportunities and generating similar returns of billions of dollars." Id. Based on "this harm," the plaintiff "seeks damages," among other relief, id.; see also id. ¶¶ 237, 250, and he states specifically that he seeks "general" and "special damages" for the defamation and false-light claims, id. at 58.

In a related case, Blankenship v. Boston Globe Media Partners, LLC, No. 2:19-cv-00589 (S.D.W. Va.), the plaintiff asserts the same allegations and claims against the defendant Boston Globe Media Partners, LLC ("Boston Globe"). See Boston

2

Globe, ECF No. 1-1. In discovery, Boston Globe filed a motion to compel the production of the plaintiff's federal and state income tax returns from 2010 to the present. See id., ECF No. 28. On September 1, 2020, the Magistrate Judge granted Boston Globe's motion. See id., ECF No. 49. The Magistrate Judge concluded that the production of tax returns, though generally disfavored, may be compelled if they are relevant and if they are needed because the relevant information is not available from other sources and that, in applying this test, the requesting party bears the burden to show they are relevant while the responding party bears the burden to identify an alternative source for the information. See id. at 6 (quoting King v. Chipotle Servs., LLC, No. 3:17-cv-00804, 2017 WL 3193655, at *2 (S.D.W. Va. July 27, 2017)). Applying this test, the Magistrate Judge found that Boston Globe had satisfied its burden to show that the plaintiff's tax returns contained "clearly relevant" information regarding the damages he alleges in his complaint in that action. Id. at 8. The Magistrate Judge also found that the plaintiff had not met his burden to identify an alternative source for the information. See id. at 7–8. The plaintiff timely objected, which, pursuant to the order, stayed application of the order pending the undersigned judge's ruling on the objection. See id. ECF No. 49; id. ECF No. 50.

In this action, Fox News requested the production of the plaintiff's federal and state income tax returns from 2015 to the

3

present. See ECF No. 697-2 at 30. The plaintiff lodged the same objections he had raised in the Boston Globe matter. Compare id., with Boston Globe, ECF No. 28-2 at 11. Thereafter, Fox News proposed that the parties resolve the dispute by binding themselves to the Boston Globe order. See ECF No. 697-4. Specifically, Fox News offered a proposed stipulation, which provided that, if the Boston Globe order is upheld over the plaintiff's objection, the plaintiff would thereafter produce to Fox News "the same tax return materials ordered to be produced in the Boston Globe case." Id. at 2 (emphasis added). As a counterproposal, the plaintiff suggested modifying the stipulation to provide that, if the Boston Globe order is upheld, the plaintiff would produce to Fox News "the same tax return materials that Plaintiff produces in the Boston Globe case." ECF No. 697-5 at 2 (emphasis added).

Thereafter, on December 18, 2020, Fox News filed a motion for a discovery order. See ECF No. 697. In the motion, Fox News requested an order that would bind the plaintiff and Fox News to the order in Boston Globe compelling plaintiff to produce his tax return materials. See id. Fox News explained that the plaintiff's counterproposal "suggest[ed] that [he] anticipates differentiating between what the [c]ourt orders him to produce and what he will choose to produce." Id. at 4 (emphasis omitted). Fox News argued that the Magistrate Judge should enter an order

4

binding the plaintiff and Fox News to the Boston Globe order in order to avoid needless, duplicative discovery motions practice and wasted judicial resources. See id.

On December 21, 2020 – three days after the motion was filed and before the plaintiff filed any response – the Magistrate Judge granted the motion and entered the proposed order provided by Fox News, which, in effect, binds the plaintiff and Fox News to the Boston Globe order. See ECF No. 699; ECF No. 700.[1] The

---

[1] Specifically, the order binds the plaintiff and Fox News as follows:

- (i) If [the undersigned judge] upholds the [Boston Globe] Order, in whole or part, or Plaintiff withdraws [his] FRCP 72(a) Objection [to the Boston Globe order], Plaintiff shall produce to Fox News . . . within seven days of the date of such ruling the same tax return materials ordered to be produced in the Boston Globe case;

- (ii) If [the undersigned judge] reverses the [Boston Globe] Order and orders no such materials need be produced, Fox News shall be bound by [the undersigned judge's] order; and

- (iii) If [Boston Globe] withdraws its underlying request or if Plaintiff's FRCP 72(a) Objection is mooted for any other reason, then (a) Fox News . . . need not file a new motion to compel but the [Boston Globe] Order and the reasons set forth therein shall govern the rights of the parties here, and (b) Plaintiff shall within seven days of such event produce all materials responsive to [Fox News's request for production of tax returns] or, within that same seven day period file his Rule 72(a) objection in this case based on the [Boston Globe] Order and this Order.

ECF No. 700 at 2.

5

Magistrate Judge explained that the issues raised by Fox News's motion "mirror those already argued and decided by the [Magistrate Judge] in the [Boston Globe] case," and, "for the same reasons articulated in the [Boston Globe] order," the Magistrate Judge "f[ou]nd[] [Fox News]'s discovery requests reasonable, relevant, and proportional to the needs in this case" and granted the motion on that basis.  ECF No. 699 at 1-2.

The Magistrate Judge also determined that a decision on Fox News's motion did not require any further briefing or argument on the matter.  See id. at 2 & n.1.  In this regard, the Magistrate Judge noted that the plaintiff's counterproposal indicated he did not disagree with the notion that discovery into his tax returns in this matter should be on par with that in Boston Globe.  See id. at 2 n.1.  Instead, the plaintiff's counterproposal implied that he believed he need not disclose the materials the court ordered him to disclose and rather would disclose materials as he saw fit.  See id. at 2 n.1.  In the Magistrate Judge's view, the plaintiff's suggested modification was "absurd" and resulted in a "ludicrous" discovery dispute that wasted both the court's and the parties' time.  Id. at 2 & n.1.  Having concluded that the plaintiff provoked pointless discovery motions practice, needlessly demanding the court's intervention,

6

the Magistrate Judge determined that "expeditious[] disposi[tion]" of the dispute was warranted.  Id. at 2.[2]

On December 30, 2020, the plaintiff timely filed objections to the Magistrate Judge's order and, on January 4, 2021, timely filed amended objections to the order.  See ECF No. 709; ECF No. 710.  The objections are fully briefed.  See ECF No. 720.

By a memorandum opinion and order entered in the Boston Globe case, the court sustained in part and overruled in part the plaintiff's objection to the Boston Globe order.  The court concluded that the Magistrate Judge's application of the two-part test to determine whether the plaintiff's tax returns should be produced was neither clearly erroneous or contrary to law and thus that the compelled production of the requested tax returns was appropriate.  The court sustained the plaintiff's objection, and set aside the Magistrate Judge's order, only to the extent it required the plaintiff to produce information from his tax returns related to investment income.  The court so modified the order only after finding that the plaintiff had made a binding judicial admission that he cannot prove that Boston Globe's allegedly false statement affected his investments in any way and that therefore

---

[2] The Magistrate Judge also invited Fox News to submit a motion seeking an award of fees and costs associated with the filing of its motion for a discovery order.  See ECF No. 699 at 2-3.

he will not attempt in any way to prove damages relating to his investment income or to otherwise litigate the issue.

## II. Legal Standard

When a magistrate judge rules on a non-dispositive pretrial matter, a party may object to that ruling within fourteen days after being served with the decision. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). If a timely objection is made, the district court will modify or set aside the magistrate judge's ruling only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003).

"The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014). A finding is "'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." Marks, 218 F.R.D. at 495 (citing Clark v. Milam, 155 F.R.D. 546, 547 (S.D.W. Va. 1994)). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted) (citing,

8

inter alia, In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)). In light of the discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014).

### III. Discussion

The plaintiff raises three objections to the Magistrate Judge's order. See ECF No. 710 at 10-13. The court addresses them in turn.

First, the plaintiff argues that the Magistrate Judge's decision to bind him to a discovery ruling in Boston Globe is improper. See id. at 10-11. The plaintiff asserts that employing a discovery ruling from one of two related, but unconsolidated, cases in the other case is unorthodox and improper. See id. at 10. He also argues that the nature and scope of the Boston Globe case differ from the nature and scope of this action and that, unlike when he ruled in the Boston Globe case, the Magistrate Judge could have had the benefit of the plaintiff's deposition testimony when ruling on this matter. See id. at 11.[3]

---

[3] The plaintiff also says he is "baffl[ed]" by what he describes as the Magistrate Judge's "disapproval" of his "decision not to execute [Fox News's] proposed stipulation." ECF No. 710 at 11.

9

The court is not persuaded by the plaintiff's argument. The plaintiff cites no authority for the proposition that a magistrate judge's discovery order may not bind a party with a discovery order that is based on the same grounds as that entered in a related case involving the same plaintiff and a similar issue. In view of the plaintiff's failure to point to any legal authority on point and the Magistrate Judge's discretion in resolving non-dispositive discovery disputes, the court cannot conclude that the Magistrate Judge's decision to bind the plaintiff to a similar ruling in a related case brought by the same plaintiff is contrary to law.

Nor is the court persuaded by the plaintiff's arguments regarding differences between this action and <u>Boston Globe</u>. Although the plaintiff asserts that the nature and scope of the two cases differ, he fails to explain how they differ in any way that might have a bearing on the current discovery issue. And, in the absence of explanation, the court perceives no meaningful

---

This, of course, mischaracterizes the basis for the Magistrate Judge's exasperation. As the Magistrate Judge explained, the plaintiff did not simply refuse to execute the proffered stipulation, which is undoubtedly his right; rather, as a counter-proposal, he modified the stipulation in a way strongly suggesting that he had no objection to it aside from a desire to flout the court's discovery orders if he so desired. Thus, the Magistrate Judge was presented with what appears to be a dispute regarding whether the plaintiff could ignore discovery orders at his choosing. Viewed this way, the dispute was indeed absurd and ludicrous, and the Magistrate Judge's consternation is hardly baffling.

distinction between the two cases. Likewise, although the plaintiff points out that his deposition testimony was available at the time Fox News filed its motion but was unavailable at the time Boston Globe filed its motion, he fails to explain how the availability of his deposition testimony has any bearing on Fox News's motion. And, again, the court fails to see how the plaintiff's deposition testimony changes the analysis in any way.

<u>Second</u>, the plaintiff argues that there is "no indication" that the Magistrate Judge employed the requisite two-part test employed when a party seeks the production of tax returns in discovery. ECF No. 710 at 4; <u>see id.</u> at 11-12; <u>see also</u> <u>King</u>, 2017 WL 3193655, at *2. The court disagrees. The Magistrate Judge accurately observed that the issues raised by Fox News's motion mirror the issues argued and decided in the <u>Boston Globe</u> case, in which both the parties and the Magistrate Judge employed the two-part test the plaintiff relies on. Further, the Magistrate Judge expressly stated that he granted Fox News's motion for the same reasons articulated in the <u>Boston Globe</u> order, in which the Magistrate Judge assiduously applied the two-part test. <u>See</u> ECF No. 699. This is more than enough "indication" that the Magistrate Judge employed the two-part test in deciding Fox News's motion in this action.

11

Third, the plaintiff asserts that Fox News failed to meet its burden, under the first part of the two-part test, to demonstrate that the information in the tax returns is relevant. See ECF No. 710 at 12-13. In discussing this issue, the plaintiff raises some of the arguments he raised in his objection to the Boston Globe order. Compare id., with Boston Globe, ECF No. 50. The plaintiff also states that he "has not and will not claim that the reputational harm he sustained from [] Fox[ News]'s [allegedly] defamatory publications has impaired or will impair his [investment] income." ECF No. 710 at 13.

In its recent memorandum opinion and order entered in the Boston Globe case, the court concluded that the Magistrate Judge did not clearly err in determining that the plaintiff's tax returns are relevant, and the court rejected the plaintiff's arguments, such as those raised here, to the contrary.[4] For the reasons expressed in the Boston Globe case, the court reaches the same conclusion here, with the exception set forth in the following paragraph.[5]

---

[4] To the extent the plaintiff argues that returns from certain tax years are irrelevant due to the affect prosecution, incarceration, and campaigning had on his earned income during those years, the court concludes that the Magistrate Judge did not clearly err in determining that the tax returns nonetheless remain relevant for purposes of discovery.

[5] In a two-sentence paragraph, the plaintiff argues that Fox News has no compelling need for the tax returns because the relevant information sought from the tax returns is obtainable in other

As in the Boston Globe case, the court understands the plaintiff to have made a binding judicial admission that he cannot prove that Fox News's allegedly false statements affected his investments in any way and that therefore he will not attempt in any way to prove damages relating to his investment income or to otherwise litigate the issue. See Everett v. Pitt Cnty. Bd. of Educ., 788 F.3d 132, 141 (4th Cir. 2015) (discussing judicial admissions). In light of this admission, the court sustains the plaintiff's objections to the Magistrate Judge's order to the extent the order contemplates that the plaintiff is required to produce to Fox News information related to his investment income in his tax returns.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. the plaintiff's initial objections to the Magistrate Judge's order (ECF No. 709) be, and hereby they are, dismissed as moot;

2. the plaintiff's amended objections to the Magistrate Judge's order (ECF No. 710) be, and hereby they are, sustained in part and overruled in part;

---

financial records, such as the plaintiff's W-2 and 1099 forms. See ECF No. 710 at 13. This unexplained ipse dixit is insufficient to demonstrate clear error on the part of the Magistrate Judge with respect to the second part of the two-part test, which places on the plaintiff the burden of identifying an available alternative source of the information sought. See King, 2017 WL 3193655, at *2.

3. the Magistrate Judge's order (ECF No. 700) is modified and set aside only to the extent it requires the plaintiff to produce information related to investment income contained in his tax returns; and

4. otherwise the objection is overruled, and the Magistrate Judge's order (ECF No. 700) is accepted and affirmed.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: June 8, 2021

John T. Copenhaver, Jr.
Senior United States District Judge