UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DON BLANKENSHIP,

      Plaintiff,

v.                              Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC et al.,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


Pending are the plaintiff's objections to the order entered on December 23, 2020 by Magistrate Judge Omar Aboulhosn granting a motion to compel, filed on January 6, 2021 (ECF No. 713).


I.   Background


The plaintiff commenced this action by filing his complaint on or about March 14, 2019, in Mingo County Circuit Court against 27 named defendants, many of them news media organizations and figures.  <u>See</u> ECF No. 1-1.  The action was removed to this court on March 29, 2019, <u>see</u> ECF No. 1, and, on April 9, 2019, the plaintiff filed the operative amended

complaint, naming an additional 75 defendants, many of them also news media organizations and figures, <u>see</u> ECF No. 14.[1]

By a November 19, 2019 memorandum opinion and order, the court stayed discovery in this matter pending the resolution of numerous then-pending motions to dismiss.  <u>See</u> ECF No. 390.  In a March 31, 2020 memorandum opinion and order, the court resolved the pending motions to dismiss and lifted the stay, <u>see</u> ECF No. 398, and discovery resumed.

On August 3, 2020, defendant American Broadcasting Companies, Inc. ("ABC") served its first request for production ("RFP") on the plaintiff.  <u>See</u> ECF No. 693-1.  The RFP instructed the plaintiff to respond by September 2, 2020, and to produce responsive emails and other electronically stored information ("ESI") in a TIFF image format from native files, along with load files.  <u>See id.</u>  There appears to be no dispute that the scope of ABC's requests was proper, as the plaintiff responded that he would produce all non-privileged responsive documents in his custody or control.  <u>See</u> ECF No. 693-2.

---

[1] One defendant named in the initial complaint, Boston Globe Media Partners, LLC, was dropped as a defendant in the amended complaint and is now the subject of a related case before the court, <u>Blankenship v. Boston Globe Media Partners, LLC</u>, No. 2:19-cv-00589 (S.D.W. Va.).

ABC represents that the plaintiff served four productions in response to the RFP — on August 6, September 12, October 9, and October 20, 2020 — consisting of more than 33,000 pages in total.  See ECF No. 693 at 6-9.  ABC further represents that the productions consisted almost entirely of publicly available documents — such as press clippings, filings in the plaintiff's criminal trial retrieved from PACER, and transcripts of congressional hearings.  See id.  The emails and other ESI that the plaintiff did produce had been printed in hard copy and then scanned as PDF files before being provided to ABC, stripping them of the metadata that would be available had the plaintiff provided them in the format instructed by the RFP.  See id.[2]

On September 22, 2020, following the plaintiff's first two productions, the parties met and conferred regarding what ABC viewed as the productions' deficiencies.  See id. at 7-8; see also ECF No. 576.  As a result of these meet-and-confers, the parties stipulated, in hopes of avoiding motions practice, that ABC would be given until thirty days after the plaintiff completed

---

[2] ABC also represents that the plaintiff initially combined the documents into a small number of PDF files, such that several files received by ABC consisted or more than eight thousand pages. See ECF No. 693 at 7.  The plaintiff's fourth production on October 20, 2020, appears to have been aimed chiefly at re-producing the same documents from earlier productions but in separate PDF files.  See id. at 8.

3

production to file any motion to compel.  See ECF No. 693 at 7-8;
ECF No. 576.

On October 23 and November 2, 2020, ABC contacted the
plaintiff, raising concerns about the productions.  See ECF No.
693 at 9 (citing ECF No. 693-7; EFC No. 693-9).  Specifically, ABC
noted that, based on the content of his productions to that point,
the plaintiff did not appear to have completed a comprehensive
search for and collection of responsive emails and other ESI, and
ABC demanded that plaintiff provide a date certain for completing
his productions.  See id. (citing ECF No. 693-7).  On November 3,
2020, the plaintiff's counsel emailed a brief reply: "Plaintiff
can complete the ESI document production by November 20, 2020."
ECF No. 693-9 at 2 (emphasis added).  When ABC questioned whether
this deadline was reasonable in light of pending discovery motions
and depositions, plaintiff's counsel responded on November 5,
2020, that counsel had "been informed that [the plaintiff] can
have a substantial ESI production completed by . . . November
11[,] [2020]."  ECF No. 693-11 at 2 (emphasis added).[3]

However, in a November 19, 2020 telephone conference
with another defendant, Fox News Network, LLC ("Fox News"), the

---

[3] In a November 10, 2020 email to another defendant, the
plaintiff's counsel stated that the plaintiff "plann[ed] to
substantially complete [the] [p]laintiff's ESI production by . . .
November 11[,] [2020]."  ECF No. 701-3 (emphasis added).

plaintiff's counsel disclosed that, up to that point, they had not undertaken a comprehensive collection of ESI from the plaintiff or other custodians and had instead only produced materials hand selected by the plaintiff and his campaign manager.  See ECF No. 681-4 at 1.  And, in a November 25, 2020 letter to counsel for Fox News, the plaintiff's counsel indicated that the plaintiff had not, as of that date, engaged the services of an ESI vendor to search, collect, and cull responsive ESI from the plaintiff and other custodians.  See ECF No. 681-7 at 1.

ABC states that, on November 25, 2020,[4] after learning that the plaintiff had not yet undertaken a comprehensive search and collection of ESI and had not yet retained an ESI vendor, it contacted the plaintiff's counsel and asked them to identify the categories of unproduced documents remaining to be searched, collected, and produced and to provide a date certain for the completion of production.  See ECF No. 693-13 at 2.  The plaintiff's counsel responded on November 30, 2020, to "assure"

---

[4] ABC represents that, on November 11, 2020, the plaintiff served a small production of emails apparently hand-selected by the plaintiff.  See ECF No. 693 at 10.  ABC further represents that, on November 24, 2020, the plaintiff served another production that, although comprising over 20,000 pages of documents, again consisted almost entirely of publicly available documents such as filings from the plaintiff's criminal case retrieved from PACER and regulatory filings by Massey Energy, for which the plaintiff previously served as chief executive officer, retrieved from the Security and Exchange Commission's website.  See id. at 12 n.11.

5

ABC that counsel was "working on the ESI issue."  ECF No. 693-14
at 2.

On December 17, 2020, ABC filed a motion to compel the
plaintiff to produce documents in response to its RFP.  See ECF
No. 693.  In the motion, ABC complained that, despite the
plaintiff's counsel's November 3, 2020 representation that
production would be completed by November 20, 2020, the plaintiff
had not undertaken to comprehensively search for and collect
responsive ESI and had not engaged an ESI vendor until sometime in
December 2020.  See id.  ABC emphasized that the plaintiff had
chosen to sue numerous defendants and to aggressively pursue
discovery from them, filing motions to compel against some of them
less than a month after they had not made productions by the
deadlines set by the plaintiff's RFPs, see id.; see also EFC No.
484; ECF No. 486; ECF No. 487; ECF No. 488; ECF No. 489; ECF No.
503, and arguing that, "given the current state of technology,"
"conducting searches of email accounts" for responsive documents
"should be simple and straightforward" for these defendants, ECF
No. 564-5 at 1-2; see also ECF No. 693.  ABC thus asked for an
order compelling the plaintiff to complete his productions in
response to ABC's RFP by December 31, 2020.  See ECF No. 693.

On December 18, 2020, the Magistrate Judge entered an
order scheduling an on-the-record telephonic conference for ABC's

6

motion to compel for 2:30 p.m. on December 22, 2020.  See ECF No. 696.  The order stated that the "[p]laintiff is invited to file a response to [ABC's] motion no later than 10:00 a.m. . . . [on] December 22, 2020."  Id. (emphasis omitted).

        Following the Magistrate Judge's Order, four other defendants – Cable News Network, Inc., WP Company LLC, MSNBC Cable LLC, and Fox News – filed notices joining in ABC's motion to compel.  See ECF No. 698; ECF No. 701; ECF No. 702.  Like ABC, the other defendants argued that, despite the plaintiff's assurances that he would complete his productions in response to their RFPs in November 2020, the plaintiff had not undertaken a comprehensive search and collection of ESI under his control and had not retained an ESI vendor until December 2020 and thus had stated that he did not expect to complete his productions until February 2021.  See ECF No. 698; ECF No. 701; ECF No. 702.  Like ABC, the other defendants emphasized that the plaintiff appears not to have begun searching for or collecting responsive ESI at the time he was filing motions to compel the defendants to expeditiously complete their productions of ESI.  See ECF No. 698; ECF No. 701; ECF No. 702.  They asked that the plaintiff be compelled to conduct a reasonable search for and collection of responsive ESI and to complete his productions by a date certain.  See ECF No. 698; ECF No. 701; ECF No. 702.

Additionally, the other defendants argued that the plaintiff should be ordered to produce ESI in compliance with their RFP's instructions, i.e., in their native format, with metadata, and with attachments and complete email chains. See ECF No. 698; ECF No. 701; ECF No. 702. They also noted that the plaintiff's productions had been made to the defendants collectively without any specification regarding which of the produced documents were responsive to which of the defendants' particular requests. See ECF No. 701; ECF No. 702. They further noted that the plaintiff had agreed to produce responsive materials not only from the plaintiff himself but also from other custodians related to his campaign. See ECF No. 698; ECF No. 701. They thus argued that the plaintiff should be compelled to conduct a reasonable search for and collection of these custodians' responsive ESI as well and to produce it in compliance with their RFPs' instructions by a date certain. See ECF No. 698; ECF No. 701.

On the morning of December 22, 2020, the plaintiff timely submitted a letter-form response, which he described as a "preliminary" response, to the motion to compel. ECF No. 703. In the plaintiff's view, the issues raised by the defendants concerned only the formatting of his productions. See id. The plaintiff explained that he had retained an ESI vendor to search for and collect ESI from the plaintiff and from other campaign-

related custodians, whose materials he claimed to not control, and
that he expected to begin rolling ESI productions no later than
January 15, 2021.  See id.  The letter also stated that the
plaintiff had produced ESI in PDF format after scanning printed
hard copies because the plaintiff had provided counsel copies of
the ESI in hard copy format.  See id.

On the afternoon of December 22, 2020, the Magistrate
Judge held the previously scheduled telephonic conference on the
motion to compel.  See ECF No. 705; ECF No. 708.  The Magistrate
Judge proceeded by presenting his "initial thoughts" on the motion
and then asking the plaintiff's counsel to respond to them.  ECF
No. 708 at 4-5.  The Magistrate Judge said he was "dumbfounded"
and "frustrated" by the plaintiff's counsel's November 3, 2020
email to ABC stating that the plaintiff's production would be
complete by November 20, 2020, when, at the time the email was
sent and even beyond November 20, 2020, the plaintiff had not
undertaken a comprehensive search and collection of ESI and had
not retained an ESI vendor.  Id. at 4.  Asked by the Magistrate
Judge to explain how the email was not a "complete
misrepresentation" or "such [an] illogical mistake[] that it begs
credulity," the plaintiff's counsel stated that the plaintiff and
counsel had been negotiating with several ESI vendors at the time
the email was sent, that counsel believed at that time that a
completion deadline of November 20, 2020, was achievable, and thus

that the email was not a misrepresentation when it was sent.  Id. at 4-9.  The Magistrate Judge found that counsel's explanation was "unacceptable" and that the representation made in counsel's email to ABC was either "an outright misrepresentation" or "totally . . . irresponsible."  Id. at 8, 13.  The Magistrate Judge further noted that he was "shocked" and "perplexed" at the plaintiff's lackadaisical discovery efforts in light of the plaintiff's earlier hardball tactics in seeking to compel expeditious production from the defendants.  Id. at 22; see also id. at 9.

The Magistrate Judge also questioned why the plaintiff had produced ESI in PDF format by scanning hard-copy printouts and was not impressed with counsel's explanation that such formatting was acceptable because counsel had received only hard-copy printouts from the plaintiff, who is not technologically sophisticated.  See id. at 9-10.  The Magistrate Judge further stated that, in producing documents in response to RFPs, the plaintiff should identify the request to which each document is responsive.  See id. at 15-16.

Ultimately, the Magistrate Judge decided that he would grant the motion to compel.  See id. at 22.  Specifically, the Magistrate Judge stated that the plaintiff would be required to fully complete production in response to the RFPs, with respect to the plaintiff's email account, by January 15, 2021, and, with

respect to the other custodians the plaintiff had identified, by
February 1, 2021.  See id.  The Magistrate Judge further stated
that he expected the productions to be compliant with the
defendants' RFPs with respect to formatting and identifying the
requests to which each document responds.  See id. at 22-23.

        In an order entered the following day, the Magistrate
Judge granted the motion to compel.  See ECF No. 704.  The order
stated that, "[p]rior to the [December 22, 2020] telephone
conference, it became apparent to the [Magistrate Judge] that
[the] [p]laintiff's counsel absolutely misrepresented to [the]
[d]efendants' counsel when production would be made."  Id. at 2.
The Magistrate Judge explained that, based on the plaintiff's
counsel's November 3, 2020 email, he had "grave concerns" that the
plaintiff's counsel "misrepresented the facts" regarding the
plaintiff's ability to complete production, and he "implored"
counsel during the conference to "provide a logical explanation as
to how such a representation could be made when no ESI vendor had
yet been retained."  Id. at 2 n.2.  The Magistrate Judge "was not
satisfied with the explanation provided" by the plaintiff's
counsel.  Id.  The Magistrate Judge thus had "grave concerns" that
the plaintiff's counsel had "not followed" ethical obligations
established by the West Virginia Rules of Professional Conduct.
Id.  In the order, the Magistrate Judge further explained that the
plaintiff had produced ESI in an improper format, produced

11

material without reference to specific production requests, and engaged in these inadequate production practices after having aggressively pursued discovery from the defendants.  See id. at 2-3.

The Magistrate Judge ordered the plaintiff to "complete production responsive to all outstanding requests, including all ESI, as it relates to [the] [p]laintiff's email accounts, no later than January 15, 2021" and to "complete production responsive to [the] [d]efendants' ESI requests as they pertain to the other custodians named by [the] [p]laintiff no later than February 1, 2021" and required that the "productions shall be 100% in compliance with [the] [d]efendants' outstanding discovery requests for production."  Id. at 3.  The Magistrate Judge also invited the defendants to file motions for reasonable attorneys' fees and costs associated with the motion to compel by February 15, 2021.  See id. at 3.[5]

The plaintiff timely filed the current objections to the Magistrate Judge's order on January 6, 2021.  See ECF No. 713.

---

[5] During the telephonic conference, the Magistrate Judge had also invited the defendants to file motions seeking attorneys' fees, asking that they wait to do so until February 15, 2021, in order to provide an opportunity to assess the status of the plaintiff's productions.  See ECF No. 708 at 23-24.

12

The objections have been fully briefed and are ready for disposition.  See ECF No. 721; ECF No. 723; ECF No. 724.

## II.  Legal Standard

A magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'"  Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014).  Under the "clearly erroneous" standard, "[a] district court should reverse a magistrate judge's decision in a discovery dispute . . . only if the district court is left with a definite and firm conviction that a mistake has been made."  Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003) (citing Clark v. Milam, 155 F.R.FD. 546, 547 (S.D.W. Va. 1994)).  "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes . . . are accorded greater deference."  Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted) (citing, inter alia, In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)).

In light of the discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court

should only overrule a magistrate judge's determination if this discretion is abused.  Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014).  "The objecting party bears the 'high burden' of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law."  Courtland Co., Inc. v. Union Carbide Corp., No. 2:19-cv-00894, 2021 WL 1320714, at *4 (S.D.W. Va. Apr. 8, 2021) (quoting Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014)).

### III. Discussion

The plaintiff raises three objections to the Magistrate Judge's order: (A) that the Magistrate Judge incorrectly determined that the plaintiff's counsel misrepresented facts, (B) that the plaintiff should be permitted to produce ESI from custodians other than the plaintiff in a less intrusive manner that that required by the Magistrate Judge, and (C) that the Magistrate Judge imposed an undue burden by requiring the plaintiff to identify the requests to which each produced document is responsive.  See ECF No. 713 at 5-12.  The court takes each objection up in turn.

A.   The plaintiff's counsel's misrepresentation

       The plaintiff challenges the Magistrate Judge's
determination that the plaintiff's counsel misrepresented the
facts to defense counsel regarding the plaintiff's ability to
complete production by November 20, 2020.  See id. at 5-10.[6]  The
plaintiff's challenge in this regard is a scattershot of
arguments, none of which have merit.

       First, the plaintiff argues that the Magistrate Judge
granted the motion to compel without providing him a meaningful
opportunity to file a comprehensive response to it.  See id. at 2,
5.  The plaintiff asserts that, for previous discovery disputes
brought for his consideration in this case, the Magistrate Judge
afforded parties the 14-day period for responding to motions set
forth in LR Civ P 7.1(a)(7).  See id.  He further asserts that
plaintiff's counsel believed that the telephonic conference would
be an informal conference to determine if resolution of the

_____

[6] The plaintiff also argues that the plaintiff's counsel did not
violate the West Virginia Rules of Professional Conduct and asks
that the court strike the portions of the Magistrate Judge's order
in which the Magistrate Judge states his "'grave concerns'" that
counsel did so.  See ECF No. 713 at 5-6 (quoting ECF No. 704 at 2
n.2).  The court notes that the Magistrate Judge did not find that
the plaintiff's counsel had violated the Rules, nor was such a
violation the basis of the Magistrate Judge's decision to grant
the motion to compel.  Accordingly, the court need not address
this argument, and the court will not strike the portion of the
Magistrate Judge's order the plaintiff takes exception to.

discovery dispute could be achieved without motions practice and that counsel would be afforded the opportunity to fully brief the issue if needed.  See id.

The court is not persuaded by this argument.  As an initial matter, the Magistrate Judge's order scheduling the telephonic conference clearly states that the plaintiff's "response to [ABC's] motion" was due "no later than 10:00 a.m. . . . [on] December 22, 2020."  ECF No. 696 (emphasis omitted).  The Local Rules authorize a magistrate judge to shorten the typical 14-day period for filing responsive memoranda in this manner, see LR Civ P 7.1(a)(7) ("The[] times for serving memoranda may be modified by the judicial officer to whom the motion is addressed."), and the plaintiff has not shown that the Magistrate Judge's decision to do so here was clearly erroneous or contrary to law.

Further, the plaintiff fails to explain what evidence or argument he might have presented in a full response brief that would have resulted in a different outcome.  To the extent the Magistrate Judge intended to set an informal telephonic conference and delay additional briefing until after he determined whether further briefing was needed to resolve the parties' dispute, his decision accomplished this goal.  After reviewing the parties' submissions, the Magistrate Judge perceived that the plaintiff had

assured the completion of his productions by a date certain even though he had not taken steps — a comprehensive search and collection of ESI and the retention of an ESI vendor — reasonably necessary to offer such an assurance and determined that this conduct warranted an order granting the motion to compel.  At the conference, the Magistrate Judge asked plaintiff's counsel to provide an explanation that might dispel this perception, and the Magistrate Judge found counsel's explanation lacking and thus concluded that no further briefing was needed.  In the current objections, the plaintiff points to no evidence or argument it could have raised in a full response brief that the Magistrate Judge did not consider and reject.  Accordingly, the court overrules the plaintiff's objection in this regard.

Second, the plaintiff argues that the plaintiff's counsel did not mispresent the facts to defense counsel.  See ECF No. 713 at 6-7.  As he did before the Magistrate Judge, the plaintiff argues that the November 3, 2020 email was truthful at the time it was sent, apparently because, based on negotiations with ESI vendors, counsel believed a November 20, 2020 deadline for the completion of productions was feasible at the time.  See id.  The plaintiff thus argues that the Magistrate Judge's statements that plaintiff's counsel misrepresented the facts should be stricken.  See id. at 7 n.4.

The court again is not persuaded.  The Magistrate Judge considered the defendants' evidence concerning the circumstances under which the plaintiff's counsel represented that production would be completed by November 20, 2020, and he also considered the plaintiff's arguments regarding why the plaintiff's counsel believed that deadline could be met.  Based on the argument and evidence presented, the Magistrate Judge found that the plaintiff's counsel's email amounted to a misrepresentation or such an unreasonable representation that it strained credulity. The court is not left with a definite and firm conviction that this finding is mistaken.  Thus, the court overrules the plaintiff's objection in this regard and will not strike the challenged language in the Magistrate Judge's order.

Third, the plaintiff argues that, because he produced some of his emails — albeit in PDF format after scanning printed-out hard copies — by the dates he promised, there is no basis for the conclusion that he failed to search for, collect, and produce responsive ESI.  See id. at 7.  He maintains that "the primary issue in dispute is the format in which the ESI was produced rather than the failure to timely produce the ESI."  Id.

Contrary to the plaintiff's misguided characterization, the primary dispute concerns the plaintiff's delay in conducting a comprehensive search for and collection of responsive ESI while

representing to the defendants that his production of responsive
ESI was nearly complete.  This appears to have been the Magistrate
Judge's understanding of the dispute, and this understanding is
not clearly erroneous or contrary to law.  The fact that the
plaintiff produced some responsive ESI by some of the deadlines he
set for himself is beside the point.

Fourth, the plaintiff argues that the Magistrate Judge's
order impermissibly penalized him for not retaining an ESI vendor.
See id. at 7-9.  The plaintiff notes that a self-selection search
method of identifying and collecting responsive documents is not
per se improper and that the Federal Rules of Civil Procedure do
not require the use of ESI vendors.  See id.  He thus argues that
the Magistrate Judge's order is contrary to law because it is
based on the plaintiff's failure to obtain an ESI vendor.  See id.

This argument badly mischaracterizes the basis for the
Magistrate Judge's order.  The Magistrate Judge did not grant the
motion to compel based merely on the plaintiff's failure to retain
an ESI vendor; rather, the order was based on the plaintiff's
failure to conduct a comprehensive search for and collection of
responsive ESI — which was exacerbated by his failure to retain an
ESI vendor — resulting in his continually failing to complete his
productions, while representing to the defendants that the
productions were nearly complete.  The Magistrate Judge further

19

noted that the plaintiff's failure came after he had aggressively
demanded that the defendants meet their production deadlines and
after the defendants had, on numerous occasions, pointed out large
gaps in the plaintiff's ESI productions.  There is no indication
in the Magistrate Judge's order that he believed an ESI vendor is
required by law; rather, the Magistrate Judge appears to have
viewed the plaintiff's failure to retain an ESI vendor in these
circumstances to be an unreasonable approach to meeting discovery
obligations.  The Magistrate Judge's determination in this regard
was not clearly erroneous or contrary to law.

Fifth, the plaintiff argues that the Magistrate Judge
incorrectly found that he is technologically sophisticated enough
to understand his electronic discovery obligations.  See id. at 9-
10.  The plaintiff argues that he did not engage in the electronic
discovery process when he was an executive over a decade ago and
that he became acquainted with the process only recently.  See id.

The court has difficulty understanding the point of this
argument aside from a reflexive inclination to disagree with the
Magistrate Judge.  Regardless of the degree of the plaintiff's
technological sophistication and familiarity with the electronic
discovery process, the Magistrate Judge found that his decision to
hand select the ESI he would produce to the defendants – rather
than employ counsel's aid in the selection process or retain an

20

ESI vendor to comprehensively search and collect ESI — resulted in large gaps in his productions along with concomitant delays in completing them.  Further, the plaintiff's assertion that he is technologically unsophisticated and unfamiliar with the electronic discovery process significantly undermines his argument that the Magistrate Judge erred to the extent that he faulted the plaintiff for conducting his own self-selection of responsive ESI rather than retaining an ESI vendor.  In any event, the court sees nothing in the Magistrate Judge's observations about the plaintiff's technological sophistication or familiarity with electronic discovery that is clearly erroneous or contrary to law.

B.   Production of ESI from other custodians

         Next, the plaintiff challenges the Magistrate Judge's order to the extent it requires him to "forensically acquire" the ESI of custodians he has identified other the plaintiff himself. See id. at 10-11.  The plaintiff acknowledges that he agreed to seek these custodians' cooperation and consent to forensic acquisition of their ESI (apparently through the services of an ESI vendor), but now he says that he "cannot in good faith" ask for their consent out of concern for their privacy interests.  Id. at 10.  He fears that, once an ESI vendor acquires the custodians' ESI, their confidential information might become susceptible to "[c]omputer hacking, data breaches, and identity theft."  Id. at

21

11.  He argues that he should be permitted to produce ESI from these custodians through less intrusive means, for instance, by having the custodians select responsive ESI and provide it for the defendants' or the plaintiff's analysis.  See id.

The court will not sustain an objection based on the plaintiff's new-found qualms about asking for these custodians' consent for the plaintiff's ESI vendor to access their ESI.  In correspondence with defense counsel, the plaintiff's counsel agreed that the plaintiff would retain an ESI vendor to search for, collect, and cull responsive ESI from the other custodians, which would then be produced to the defendants.  See ECF No. 681-7; ECF No. 693-15 at 2.  Later, at the telephonic conference, in an effort to demonstrate good faith, the plaintiff's counsel represented to the Magistrate Judge that counsel "ha[d] reached out" to the other custodians, who, in response, had "indicated to [counsel] they will make their e-mails available to our vendor and would be included in our production."  ECF No. 708 at 10-11.  Notably, the plaintiff made these representations both to assuage the defendants' and the Magistrate Judge's concerns regarding his discovery efforts and to provide guidance for the Magistrate Judge in crafting the details of the order challenged herein.  See id. at 10-12; see also ECF No. 681-7; ECF No. 693-15 at 2.

The plaintiff represented to the defendants and to the Magistrate Judge not only that his ESI vendor would search for and collect ESI from the other custodians but also that he had already asked for, and had received, the other custodians' consent for the ESI vendor to do so.  Presumably, the defendants structured their discovery requests, and the Magistrate Judge crafted his order, in reliance on these representations.  The Magistrate Judge's order is not clearly erroneous or contrary to law merely because the Magistrate Judge took the plaintiff's counsel at his word and incorporated these representations into the order.[7]

C.    Undue burden

Lastly, the plaintiff challenges the Magistrate Judge's order to the extent it requires him "to organize and label documents to correspond to specific production requests."  See ECF No. 713 at 11.  He argues that, under Fed. R. Civ. P. 34, a party responding to a discovery request is required to produce documents either "as they are kept in the usual course of business" or "organize[d] and label[ed] . . . to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E)(i).  The plaintiff

---

[7] The court emphasizes that the plaintiff balks at asking for the custodians' consent.  There is no indication in the record that the custodians would independently refuse their consent; in fact, the only evidence in the record on that point indicates that they would grant their consent.

appears to argue that the Magistrate Judge improperly required him to organize and label the documents he produces while not requiring the same of the defendants. See ECF No. 713 at 11; ECF No. 729 at 12.[8]

Typically, if a party responding to a discovery request produces documents as they are kept in the ordinary course of business, he has no obligation under Rule 34(b)(2)(E)(i) to organize and label them to correspond to the categories in the request. See CTL Eng'g of W. Va., Inc. v. MS Consultants, Inc., No. 3:14-cv-90, 2015 WL 1468395, at *4 (N.D.W. Va. March 30, 2015) (collecting cases). However, the default alternatives available to a responding party under Rule 34(b)(2)(E)(i) are subject to an order of the court directing the form of production. See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 528 (S.D.W. Va. 2007).

To the extent the plaintiff argues the Magistrate Judge lacked authority to require him to organize and label his produced documents, he is mistaken. See id. The plaintiff presents no reason why the Magistrate Judge's exercise of his authority, requiring the plaintiff to identify the specific discovery

---

[8] The plaintiff states that he intends to provide the defendants with a list that identifies to which of the defendants' proposed search terms each of the documents correspond. See ECF No. 729 at 12.

requests to which each produced document is responsive,[9] is either
clearly erroneous or contrary to law other than to assert, in
passing, that the Magistrate Judge has not required the same of
the defendants.  The court notes, however, that the Magistrate
Judge gave ample reason to differentiate between the plaintiff's
productions and the defendants' productions.  The Magistrate Judge
explained that the delays caused by the deficiencies in the
plaintiff's productions were much worse than those caused by the
defendants' productions' deficiencies.  See ECF No. 708 at 9-10.
The Magistrate Judge also noted that the plaintiff — beyond not
producing documents either as they are kept in the usual course of
business or organizing and labeling them to correspond to the
defendants' individual requests — had not even identified the
defendants to which any of his productions were directed.
Accordingly, the court sees no clear error in the Magistrate
Judge's decision to require the plaintiff to be more transparent
in his productions.

---

[9] The Magistrate Judge's order required that the plaintiff's
productions be "100% in compliance with [the] [d]efendants'
outstanding discovery requests," and contemplated that the
plaintiff would therefore "separately identify the production
being made in response to specific requests."  ECF No. 704 at 3.
Absent any instructions in the RFPs, which have not been made
available on the record, the Magistrate Judge's order, by its
terms, does not expressly require the plaintiff to "organize and
label" the documents in his production so long as he otherwise
identifies the specific discovery requests to which each produced
document is responsive.

IV.   Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's objections to the Magistrate Judge's order (ECF No. 713) be, and hereby they are, overruled.  It is further ordered that the Magistrate Judge's order (ECF No. 704) be, and hereby it is, accepted and affirmed in its entirety.[10]

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: June 14, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

---

[10] In their response to the plaintiff's objections, the defendants argue in passing that the court should award them attorneys' fees and costs incurred in connection with filing their response.  See ECF No. 721 at 3, 13.  Such a request should be made, if at all, by separate motion rather than in a response brief.  See Fed. R. Civ. P. 7(b).