**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**DON BLANKENSHIP,**

                    **Plaintiff,**

**vs.**                                                         **Civil Action No. 2:19-cv-00236**

**FOX NEWS NETWORK, LLC,**
***ET AL.*,**

                    **Defendants.**

**<u>ORDER</u>**

On July 7, 2021, came the Plaintiff, in person, and by counsel, as well as Defendants Fox News Network, LLC ("FNN"), American Broadcasting Companies, Inc. ("ABC"), Cable News Network, Inc. ("CNN"), MSNBC Cable, Inc. ("MSNBC"), and WP Company LLC ("WP"), by counsel, all for a hearing on the following:

***<u>Defendants' Motion for a Discovery Conference & For Relief Under Fed. R. Civ. P. 37(b)(2)(A)</u>*** [ECF No. 729], filed on February 8, 2021 by FNN, ABC, CNN, MSNBC, and WP; ***<u>Motion Pursuant to Rule 54(b) for Reconsideration by the Magistrate Judge of Prior Discovery Order Given Intervening Events and Integrated Memorandum of Law</u>*** [ECF No. 949], filed on June 21, 2021 by FNN, ***<u>Plaintiff Don Blankenship's Request for Clarification Regarding Production by Fox News Network, LLC</u>*** [ECF No. 952], filed on June 22, 2021, and a ***<u>Letter-Form Motion</u>*** [ECF No. 955] filed on June 25, 2021 by FNN.

As an initial matter, the ***<u>Letter-Form Motion</u>*** [ECF No. 955] is **MOOT** given that FNN has filed a reply [ECF No. 962] to Plaintiff's response in opposition to FNN's Rule 54(b) Motion

[ECF No. 954].

Additionally, during the hearing, counsel for the remaining co-Defendants, who also co-authored the ***Motion for a Discovery Conference & For Relief Under Fed. R. Civ. P. 37(b)(2)(A)*** [ECF No. 729], advised the Court that the matters raised therein as related to their interests have been resolved. Thus, to the extent this Motion pertains to ABC, CNN, MSNBC, and WP, the Motion is **MOOT**. In any event, this particular Motion was filed by these Defendants in an effort to enforce the undersigned's order entered on December 23, 2020 which ordered Plaintiff to produce certain ESI-related discovery [See ECF No. 704]. Since then, the District Court affirmed that order on June 14, 2021[ECF No. 931]. Despite allowing the parties ample time to discuss what issues remained outstanding with respect to that order and to see if any resolution could be made, FNN represented that it had not received certain lists of custodians from Plaintiff as this Court ordered. Further, FNN asserts that in the December 23, 2020 Order, this Court invited the parties to submit a motion for attorney's fees and costs due to the time spent litigating these issues, which are substantial. Plaintiff contends that he has produced everything he has in compliance with this Court's December 23, 2020 Order.

Accordingly, FNN shall file its motion for appropriate attorney's fees and costs in connection with the ***Motion for a Discovery Conference & For Relief Under Fed. R. Civ. P. 37(b)(2)(A)*** [ECF No. 729] within fourteen (14) days of the date of this Order; Plaintiff shall have seven (7) days in which to file a response; and FNN shall have three (3) days in which to file any reply.

Regarding FNN's ***Motion Pursuant to Rule 54(b) for Reconsideration by the Magistrate Judge of Prior Discovery Order Given Intervening Events and Integrated Memorandum of Law*** [ECF No. 949], it became clear during the hearing that the Plaintiff and FNN had not

communicated with each other in order to resolve any of the outstanding discovery matters that the undersigned had already ruled upon since entry of the September 21, 2020 Order [ECF No. 573]. The undersigned notes that the District Court had affirmed that order on June 8, 2021 [ECF No. 919].

In its Motion, FNN asks the undersigned to modify the September 21, 2020 Order to the extent that FNN was ordered to produce discovery (essentially communications) involving its employees, agents, executives and/or directors and others with former co-Defendants NRSC and Kevin McLaughlin that relate to his claim that Senator McConnell and FNN and/or individuals with Fox Corporation conspired to derail Plaintiff's senatorial campaign through defaming him on national television. FNN asserts that since then, Plaintiff has voluntarily dismissed his conspiracy claims against the NRSC, and in an unrelated case in the Eastern District of Virginia, he dismissed his claim against Kevin McLaughlin. Further, FNN states that Plaintiff recently conceded summary judgment to co-Defendant 35th PAC on his conspiracy claims. FNN insists that Plaintiff cannot pursue a conspiracy claim against FNN only, because he did not allege such a claim in his Complaint, plus all the other alleged co-conspirators have been dismissed outright or moved without opposition to summary judgment.

Moreover, FNN has reviewed all communications with its potential custodians regarding any such communications, as well as all such communications involved in the programs during which Plaintiff alleged to have been defamed, and these materials have already been produced to him. FNN argues Plaintiff wants to reopen and expand the scope of discovery despite not having diligently pursued this avenue when it was available to him, such as during the depositions of FNN employees and staff, including a 30(b)(6) corporate representative. In short, Plaintiff had an opportunity to ask questions about information from these potential custodians however,

questioning during depositions indicated that Plaintiff seemed to abandon his original discovery requests because he failed to ask about communications with any senior management or board members about himself or his conviction. Due to these intervening events, the scope of this litigation has changed to the extent that Plaintiff's claims have changed, even with respect to FNN, therefore, FNN asks the undersigned to modify the September Order as it pertains to FNN in order to accommodate these changes.

In response, Plaintiff argues he did allege a conspiracy claim between FNN and Senator McConnell, and regardless, this Court has already ruled Plaintiff can explore discovery related to those claims. Plaintiff contends that discovery has shown communications between the Senator McConnell's staff and FNN personality Martha MacCallum that they orchestrated a nationally televised character assassination of Plaintiff. Plaintiff points out that this Court overruled FNN's objections to the undersigned's Order and reminds the Court that motions to reconsider are extraordinary remedies that ought to be used sparingly – there are no facts or substantially different evidence here that would warrant a reconsideration. Plaintiff also states that FNN's claim that it exercises no custody, control, or possession over communications involving Fox Corporation is of no moment, as this was not raised in its earlier objections to the District Court.

During the hearing concerning this remaining Motion, FNN proffered a variety of speculative circumstances or suppositions as to what the outstanding discovery previously ordered could entail, however, FNN could not identify what information would be relevant, privileged or otherwise should not be disclosed, or be amenable to itemization in a privilege log. FNN admitted that although the remaining discovery subject to the September 21, 2020 can be produced to Plaintiff, and that FNN has no objection to doing so, and that counsel for Fox Corporation agreed to accept a subpoena in order to facilitate production, FNN was adamant that Plaintiff was not

entitled to the production of intra-executive communications, as these are not relevant to Plaintiff's claims. In response to the Court's inquiries, FNN conceded that the September 21, 2020 Order encompassed such communications to be disclosed, and further conceded that it did not raise this objection before the District Court. However, FNN argued that given the intervening events, it should nevertheless not be compelled to produce such intra-executive communications to Plaintiff.

Plaintiff expressed apprehension as to what he would be giving up that he was previously granted should he agree to FNN's proposed modifications to its production obligations. Further, Plaintiff disagrees that intra-executive communications are irrelevant to his claims, and FNN cannot lodge a new objection to the September 21, 2020 Order when it could have done so months ago before the District Court. Because this Court has ordered FNN to produce those communications, in addition to numerous others, and FNN has yet to produce same, even after the District Court overruled its objections, Plaintiff argues he is entitled to this information and the September 21, 2020 Order should not be modified.

As the lingering production issues related to the September 21, 2020 Order appeared to hinge solely on the intra-executive communications, the undersigned recessed the proceedings to allow the parties ample additional time to discuss between themselves to see if any resolution can be achieved. Unfortunately, they reached an impasse.

The undersigned appreciates that litigation can change over time and that claims and defenses may change accordingly, however, this can and does happen often in civil actions. Further, should the undersigned entertain or enter a revised discovery order based upon only one party's perceived modifications, over the objections of another party who was granted its prior motion to compel, then the mere passage of time has the effect of rendering all discovery orders toothless. Additionally, there may seemingly be no end to discovery when the goal posts are ever

Case 2:19-cv-00236   Document 968   Filed 07/08/21   Page 6 of 7 PageID #: 16720

changing. As an additional matter, the undersigned cannot in good conscience allow FNN to raise

a new, and untimely objection to a previously upheld order, notwithstanding that such a maneuver

is wholly improper. See <u>Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.</u>, 246 F.R.D.

522 (S.D.W. Va. Nov. 21, 2007); see also, <u>U.S. Tobacco Cooperative Inc. v. Big South Wholesale</u>

<u>of Virginia, LLC</u>, 899 F.3d 236, 257-260 (4th Cir. 2018); <u>Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.</u>,

148 F.3d 396 (4th Cir. 1998).

Accordingly, the ***<u>Motion Pursuant to Rule 54(b) for Reconsideration by the Magistrate</u>***

***<u>Judge of Prior Discovery Order Given Intervening Events and Integrated Memorandum of Law</u>***

[ECF No. 949] is **DENIED**. To the extent that FNN has not yet done so, FNN is hereby

**ORDERED** to fully and meaningfully respond to Plaintiff's production requests as outlined in the

undersigned's September 21, 2020 Order [ECF No. 573] and as affirmed by Judge Copenhaver's

Order [ECF No. 919] **IMMEDIATELY**.[1] Regarding the production of intra-executive

communications, FNN shall produce same to Plaintiff no later than fourteen (14) days from the

date of this Order[2], otherwise, in accordance with Rule 72(a) of the Federal Rules of Civil

Procedure, FNN may contest the ruling set forth above on this non-dispositive Motion by filing its

---

[1] The dispute between FNN and Plaintiff concerns ONLY the intra-executive communication that FNN has now decided it does not want to disclose and for the first-time objects to disclosing. FNN's newest objection to the intra-executive communication should not delay the disclosure of the remaining matters Ordered by the undersigned in September 2020. Therefore, it is the intent and **ORDER** of the undersigned that FNN shall forthwith make all other disclosures of all remaining matters as outlined in the September 2020 Order and shall make the disclosure of the intra-executive communication within 14 days. The only reason that the undersigned is making a distinction between the intra-executive communication versus the remaining disclosure is because the undersigned does not want FNN to further delay making the disclosure of the non-disputed matters. By separating out the intra-executive communication, there should be no excuse for FNN to not immediately disclose the discovery previously ordered by the undersigned. Furthermore, should FNN decide to file a Rule 72 objection to this order, it should only be regarding the intra-executive communications as that is the only discovery that it newly objects to. FNN's argument that it does not believe it should have to turn over those communications even though it did not specifically object to that before the hearing is tenuous at best and disingenuous at worst. To make it clear, the ONLY issue that FNN has is with the intra-executive communications, and therefore, there is nothing that should prevent FNN from producing the remaining discovery previously ordered by the undersigned. **<u>FNN should make the undisputed disclosures immediately without further delay.</u>**

[2] To the extent that Plaintiff's Request for Clarification Regarding Production of FNN [ECF No. 952] serves as a motion, that matter is now **MOOT**, given the specific deadline outlined *supra*.

objection to same within 14 days with District Judge John T. Copenhaver, Jr. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

**Rule 37 Implications**

As noted *supra*, on September 21, 2020, the undersigned granted Plaintiff's Motion to Compel FNN to produce the materials described herein, and it is inconceivable why the production of those materials has not yet taken place despite this Court's affirmation of that Order on June 8, 2021, a month ago. FNN's latest attempt to avoid production of materials this Court has already determined to be relevant and proportional to the needs of this case cannot be ignored. Therefore, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff is invited to file the appropriate motion for attorney's fees and costs outlining the reasons why they are reasonable in this matter and including the time it took prosecute (and defend upon appeal to the District Court as well as re-litigate these matters before the undesigned) the initial Motion to Compel. FNN shall be allowed to file an appropriate pleading setting forth why this Court should not issue attorneys fees and costs and any other objections to the accounting of time filed by Plaintiff.

The Clerk is requested to distribute a copy of this Order to all counsel of record.

**ENTER: July 8, 2021.**

Omar J. Aboulhosn
United States Magistrate Judge