UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP,

      Plaintiff,

v.                                    Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the plaintiff's objections to the order entered on May 18, 2021, by Magistrate Judge Omar Aboulhosn denying the plaintiff's motion to compel and motion for leave to take depositions after the discovery deadline, filed on May 28, 2021 (ECF No. 897).

## I.    Background

The plaintiff commenced this action by filing his complaint on or about March 14, 2019, in Mingo County Circuit Court against 27 named defendants, including defendant Fox News Network, LLC ("Fox News").  See ECF No. 1-1.  The action was removed to this court on March 29, 2019, see ECF No. 1.  By a November 19, 2019 memorandum opinion and order, the court stayed discovery in this matter pending the resolution of numerous then-pending motions to dismiss.  See ECF No. 390.  In a March 31, 2020

memorandum opinion and order, the court resolved the pending motions to dismiss and lifted the stay, see ECF No. 398, and discovery resumed.  Pursuant to the court's May 13, 2020 scheduling order, discovery in this matter closed on May 3, 2021. See ECF No. 444.

The present objections concern the plaintiff's attempts to conduct depositions of (A) Martha MacCallum, (B) certain executives and directors of Fox News or entities related to Fox News, and (C) Donald Trump, Jr., before and after the discovery deadline.  The court sets forth the background with respect to these putative deponents, along with the Magistrate Judge's decision regarding them, separately.

A.    Martha MacCallum

From December 2020 until March 2021, the plaintiff sent multiple requests to Fox News to provide potential dates on which to schedule a deposition of Martha MacCallum, a Fox News employee and on-air host.  See ECF No. 855-1 at 1-26.  Fox News responded to many of these requests, stating that it was working on providing the plaintiff with potential dates.  See id.  On March 23, 2021, however, Fox News informed the plaintiff that it would not produce Ms. MacCallum for a deposition, as the plaintiff had exceeded the number of allowable depositions.  See id. at 28.  Fox News stated that it might be willing to permit additional

2

depositions so long as the parties came to an agreement as to the number of additional depositions but that it would not produce Ms. MacCallum before such an agreement was reached.  See id.

On March 26, 2021, the plaintiff filed a notice of subpoena, stating that he intended to serve Ms. MacCallum with a Fed. R. Civ. P. 45 subpoena, which he attached to the notice, for Ms. MacCallum to testify at a deposition.  See ECF No. 776; ECF No. 776-1.  On March 29, 2021, the plaintiff filed a deposition notice, setting Ms. MacCallum's deposition for April 16, 2021. See ECF No. 781.  On March 30, 2021, the plaintiff filed an amended deposition notice, setting Ms. MacCallum's deposition for April 20, 2021, and attached an amended subpoena for her to testify at the deposition.  See ECF No. 785; ECF No. 785-1.  On April 1, 2021, the plaintiff filed a motion to compel Fox News to produce witnesses, including Ms. MacCallum, for deposition.  See ECF No. 790.[1]

The Magistrate Judge held informal telephone conferences regarding the plaintiff's motion to compel and other discovery

_____

[1] Citing a 1941 decision from the Mississippi Supreme Court, the plaintiff, in his brief supporting his motion to compel, analogized Fox News to an "egg sucking dog" that might be justifiably shot by a poultry farmer.  ECF No. 791 at 2.  Oddly enough, in the very next sentence, the plaintiff notes Chief Justice John Roberts' admonishment for lawyers "to avoid antagonistic tactics, wasteful procedural maneuvers, and teetering brinksmanship."  Id. (internal quotation marks omitted).  The plaintiff would do well to abide by Chief Justice Roberts' admonishment.

motions on April 7 and 8, 2021.  See ECF No. 805; ECF No. 810; ECF
No. 812.  In a subsequent order the Magistrate Judge noted the
parties' representation that significant progress had been made
toward resolution and set another telephone conference for April
12, 2021.  See ECF No. 812.

On April 11, 2021, prior to the scheduled conference
call, the parties filed a stipulation regarding the motion to
compel.  See ECF No. 820.  The stipulation notes that the
plaintiff's motion sought to compel the testimony of Ms. McCallum
and other Fox News witnesses, which Fox News had opposed, and that
the parties had "reached a resolution as to this motion."  Id. at
1.  Specifically, the parties stipulated that the plaintiff
withdrew the deposition notice and subpoena he had issued to
another Fox News witness and that the plaintiff may conduct
depositions of two other Fox News witnesses.  See id. at 1-2.  The
parties stated that the stipulation resolved the motion to compel
but that the plaintiff "reserve[d] the right to renew [his] motion
to compel a deposition of Martha MacCallum."  Id. at 2.  The
Magistrate Judge later entered an order terminating the motion to
compel as moot in light of the parties' stipulation.  See ECF No.
826 at 1-2.  The Magistrate Judge noted the plaintiff had reserved
a right to renew his motion to compel as to Ms. MacCallum.  See
id. at 2 n.1.

4

On Wednesday, April 27, 2021, the plaintiff filed a renewed motion to compel Fox News to produce Ms. MacCallum for a deposition.  <u>See</u> ECF No. 854.  At 11:12 p.m. on Monday, May 3, 2021 – the date of the scheduled deadline for completing discovery – the plaintiff filed a motion for leave to take a host of depositions, including Ms. McCallum's deposition, after the discovery deadline.  <u>See</u> ECF No. 861.

In a May 18, 2021 order, the Magistrate Judge denied the plaintiff's renewed motion to compel Fox News to produce Ms. MacCallum for a deposition.  <u>See</u> ECF No. 871.  The Magistrate Judge explained that, although the plaintiff had noticed a deposition for Ms. MacCallum to occur on April 20, 2021, and moved to compel her deposition, the motion to compel the deposition had been resolved by the parties' April 11, 2021 stipulation, and the plaintiff had not filed a renewed deposition notice or subpoena for Ms. MacCallum before the discovery period expired.  <u>See</u> <u>id.</u> at 6 & n.3.  The Magistrate Judge also determined that the plaintiff had "already taken the depositions or had opportunities to take the depositions of several others who would have had personal knowledge concerning" the information the plaintiff sought through deposing Ms. MacCallum and that "a less burdensome means," namely, written discovery, "was also available" to the plaintiff to obtain the information he sought through a deposition.  <u>Id.</u> at 6.

The Magistrate Judge also denied the plaintiff's motion for leave to take depositions after the discovery deadline. See id. at 7. With respect to Ms. MacCallum, the Magistrate Judge denied the motion for leave on the ground that he had already determined that he had denied the plaintiff's motion to compel her deposition. See id.

B.    Fox Officers

In a September 21, 2020 order, the Magistrate Judge granted a motion brought by the plaintiff to compel Fox News to produce documents responsive to his discovery requests from thirty-seven custodians, including, among others, seven Fox News senior business executives, fifteen current or former executives or directors of Fox Corporation or its predecessor 21st Century Fox, Inc., and one executive of Fox Television Studios. See ECF No. 573. Fox News filed objections to the Magistrate Judge's order, which were overruled following the Magistrate Judge's May 18, 2021 order, and filed a motion to stay the order's enforcement pending resolution of the objection, which was denied following the Magistrate Judge's May 18, 2021 order. See ECF No. 589; ECF No. 590; ECF No. 919.[2]

_____

[2] After Fox News's objections to the Magistrate Judge's September 21, 2020 order were overruled, Fox News filed a motion requesting that the Magistrate Judge reconsider the order. See ECF No. 949.

As noted earlier, the plaintiff, in the final hour of the discovery period, filed a motion for leave to take depositions after the discovery deadline.  See ECF No. 861.  Aside from the deposition of Ms. McCallum, the plaintiff requested that he be permitted to take the depositions of unspecified "Fox News Media officers[] and Fox Corporation board members," (collectively referred to herein as the "Fox Officers") from whom the Magistrate Judge had previously compelled Fox News to produce responsive documents.  Id.

As explained earlier, in his May 18, 2021 order, the Magistrate Judge denied the plaintiff's motion for leave to take depositions after the discovery deadline.  See ECF No. 871.  With respect to the Fox Officers, the Magistrate Judge explained that "there is no indication in the record that such individuals were properly noticed or issued subpoenas for their deposition testimonies as endorsed by the Federal Rules of Civil Procedure." Id. at 7.  The Magistrate Judge further noted Fox News's arguments that the plaintiff's motion did not offer any reason for his failure to depose the unidentified Fox Officers prior to the close of discovery and that no evidence indicated any of the Fox

---

In a July 8, 2021 order, the Magistrate Judge denied the motion to reconsider.  See ECF No. 968.  Fox News has since filed objections to the Magistrate Judge's July 8, 2021 order, which have not yet been fully briefed and which remain pending before the undersigned.

Officers had personal knowledge of the events underlying the plaintiff's claims.  See id. at 7 n.7.  See id. at 7 & n.9.

## C.    Donald Trump, Jr.

On March 16, 2021, the plaintiff filed a deposition notice, setting a deposition for Donald Trump, Jr., for April 19, 2021, and attached a subpoena for him to testify at the deposition and to produce documents.  See EFC No. 760.  On April 1, 2021, the plaintiff filed a notice of subpoena, stating that he intended to serve Mr. Trump with a Fed. R. Civ. P. 45 subpoena.  See ECF No. 792.[3]

On April 1, 2021, the plaintiff served the deposition notice and subpoena on Mr. Trump and, in an email, confirmed with Mr. Trump's counsel that Mr. Trump would not attend the deposition on April 19, 2021, but would instead provide other dates for a deposition.  See ECF No. 861-1.  On April 19, 2021, counsel for the plaintiff and Mr. Trump again discussed by email a date for conducting Mr. Trump's deposition, but no date was agreed upon. See id.

---

[3] Although Mr. Trump is not a party to this case, he is the named defendant in another case brought by the plaintiff concerning similar allegations and claims.  See Blankenship v. Trump, No. 2:19-cv-00549 (S.D.W. Va.).  Discovery in that case has been stayed pursuant to a February 13, 2020 memorandum opinion and order.

As noted earlier, the plaintiff, in the final hour of the discovery period, filed a motion for leave to take depositions after the discovery deadline.  See ECF No. 861.  Aside from the depositions of Ms. McCallum and unidentified Fox Officers, the plaintiff requested that he be permitted to take Mr. Trump's deposition after the discovery deadline.  See id.

As explained earlier, in his May 18, 2021 order, the Magistrate Judge denied the plaintiff's motion for leave to take depositions after the discovery deadline.  See ECF No. 871.  With respect to Mr. Trump, the Magistrate Judge explained that, although the plaintiff had served a deposition notice and subpoena on Mr. Trump by April 1, 2021, the plaintiff failed to take Mr. Trump's deposition within the discovery period, which ended on May 3, 2021.  See id. at 7.  The Magistrate Judge noted that he lacked the authority to extend the discovery deadline and that no party had requested the court to extend it.  See id. at 7 & n.8.  The Magistrate Judge concluded that the plaintiff had failed to demonstrate good cause for the relief he sought as he had not been diligent seeking to depose Mr. Trump within the discovery period.  See id. at 7.  The Magistrate Judge also determined that the motion for leave, having been filed in the final hour of the discovery period, was untimely.  See id. at 7 & n.9.

\*          \*          \*

9

On May 28, 2021, the plaintiff timely filed objections to the Magistrate Judge's May 18, 2021 order denying his motion to compel Fox News to produce Ms. MacCallum for a deposition and his motion for leave to take depositions after the discovery deadline. See ECF No. 897.  The objections have been fully briefed.  See ECF No. 930; ECF No. 944.[4]

## II.  Legal Standard

A magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'"  Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014).  Under the "clearly erroneous" standard, "[a] district court should reverse a magistrate judge's decision in a discovery dispute . . . only if the district court is left with a definite and firm conviction that a mistake has been made."  Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003) (citing Clark v. Milam, 155 F.R.FD. 546, 547 (S.D.W. Va. 1994)).

---

[4] Fox News filed a response to the plaintiff's objections on June 11, 2021.  See ECF No. 930.  The plaintiff filed a reply brief on June 18, 2021, and a corrective reply brief on June 21, 2021.  See ECF No. 943; ECF No. 944.  Although the plaintiff does not state what corrections are made in it, the court will rely on the corrective reply brief.

"Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes . . . are accorded greater deference." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted) (citing, inter alia, In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)).

In light of the discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014). "The objecting party bears the 'high burden' of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law." Courtland Co., Inc. v. Union Carbide Corp., No. 2:19-cv-00894, 2021 WL 1320714, at *4 (S.D.W. Va. Apr. 8, 2021) (quoting Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014)).

### III. Discussion

In his objections, the plaintiff challenges the Magistrate Judge's rulings with respect to Ms. MacCallum, the Fox Officers, and Mr. Trump. The court addresses his objections in turn.

A.   <u>Martha MacCallum</u>

The plaintiff first argues that the Magistrate Judge clearly erred in determining that his motion to compel Ms. MacCallum's deposition should be denied on the ground that the plaintiff had failed to comply with Fed. R. Civ. P. 30.  Under Rule 30, before deposing a person, a party "must give . . . to every other party" "reasonable written notice," including, among other things, "the time and place of the deposition and, if known, the deponent's name and address."  Fed. R. Civ. P. 30(b)(1).  "The deponent's attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P. 30(a)(1).  The failure of a party to serve a deposition notice or issue a subpoena may be a ground to deny the party's motion to compel the person's attendance at a deposition.  <u>See</u> <u>Staniford v. Humberto</u>, No. 5:10-cv-24, 2011 WL 400013, at *3 (N.D.W. Va. Feb. 2, 2011) (denying motion to compel on this ground); <u>see also</u> <u>Huddleston v. Bowling Green Inn of Pensacola</u>, 333 F.R.D. 581, 588 (N.D. Fla. 2019) (collecting cases).

Here, on March 30, 2021, the plaintiff served a deposition notice and issued a subpoena for Ms. MacCallum's deposition before filing, on April 1, 2021, his initial motion to compel her attendance at a deposition set for April 20, 2021.  So far, so good.  However, the motion to compel was terminated after the parties filed a stipulation resolving it, and the Magistrate

Judge concluded — though not in so many words — that the termination of the motion to compel extinguished the deposition notice and subpoena.  See ECF No. 871 at 6 & nn. 3 & 5 (citing Standiford, 2011 WL 400013).  Because, following the stipulation and termination, the plaintiff had not served a renewed deposition notice or issued a renewed subpoena, the Magistrate Judge determined that the plaintiff "ha[d] not followed the procedural and notice requirements to depose Ms. MacCallum" and that the plaintiff's renewed motion to compel should be denied on this ground.  Id. at 6.

The plaintiff does not appear to dispute the premise of the Magistrate Judge's decision, i.e., that, as a matter of law, termination of a motion to compel a deposition following stipulation of the parties may extinguish the underlying deposition notice and subpoena.  See ECF No. 897 at 2, 9-11; ECF No. 944 at 1-8.  Instead, relying on principles of contract law, the plaintiff argues that the language of the stipulation demonstrates that the parties did not intend it as a withdrawal or cancellation of the deposition notice or subpoena.  See ECF No. 897 at 9-11; ECF No. 944 at 4-6.  He thus argues that the Magistrate Judge clearly erred in interpreting from the stipulation an intent by the parties to extinguish the deposition notice and subpoena.  See ECF No. 897 at 9-11; ECF No. 944 at 4-6.

13

The court disagrees.  In both of his relevant orders, the Magistrate Judge observed that the stipulation resolved the plaintiff's motion to compel and reserved the plaintiff's right to file a renewed motion to compel.  See ECF No. 826 at 1-2 & n.1; ECF No. 871 at 6 & n.3.  Nothing in the orders indicates that the Magistrate Judge determined or believed that the parties, through their stipulation, intended that the underlying deposition notice or subpoena would be withdrawn or canceled.  See ECF No. 826 at 1-2 & n.1; ECF No. 871 at 6 & n.3.  Instead, it appears that the Magistrate Judge determined that the resolution of the motion to compel — indisputably intended by the parties' stipulation — and the subsequent lapse of the noticed deposition's date resulted in the deposition notice and subpoena being extinguished.  The plaintiff does not seem to argue that such a determination would be clearly erroneous.  Thus, to the extent the plaintiff objects to the Magistrate Judge's denial of his renewed motion to compel Ms. MacCallum's deposition on the ground that the denial was premised on the Magistrate Judge's misinterpretation of the parties' stipulation, that objection is overruled.

Even assuming the plaintiff's objection with respect to the Magistrate Judge's understanding of the parties' stipulation had merit, the plaintiff fails to meaningfully address the Magistrate Judge's alternative, independent reason for denying his renewed motion to compel Ms. MacCallum's deposition.  The

Magistrate Judge determined that the plaintiff "had, and exhausted, ample opportunities to obtain whatever information he is now attempting to glean from Ms. MacCallum" in a deposition, including through propounding written discovery, and that he "had numerous other sources from which he could have obtained this information."  Id. at 6.

Although the plaintiff does not assert that the Magistrate Judge's determination in this regard was clearly erroneous, he does state that he was "taken aback" by it.  ECF No. 897 at 11 n.2.  The plaintiff explains that, in an informal conference, the Magistrate Judge suggested that the plaintiff depose three other Fox News employees before deposing Ms. MacCallum to ascertain whether her deposition was necessary.  See id.; see also ECF No. 944 at 6, 8.  The plaintiff states that the three other Fox News deponents "were either unwilling or unable to provide pertinent information concerning Ms. MacCallum."  ECF No. 897 at 11 n.2.

To the extent the plaintiff argues that the Magistrate Judge clearly erred in determining that he had other opportunities and sources from which to obtain the information he sought through deposing Ms. MacCallum, the court is not persuaded.  The mere assertions (assuming they are credited) that the Magistrate Judge suggested the plaintiff depose other Fox News employees first and

15

that those employees lacked information concerning Ms. MacCallum
is not sufficient for the court to conclude that the Magistrate
Judge's determination that the plaintiff had alternative means of
obtaining the information sought from Ms. MacCallum in a
deposition is clearly erroneous.  Indeed, the court notes that, in
addition to the three Fox News deponents identified by the
plaintiff, the Magistrate Judge noted the plaintiff had the
opportunity to obtain the information he sought from four other
Fox News deponents as well as through written discovery.  See id.
at 6 n.4.  The court is not left with a definite and firm
conviction that the Magistrate Judge's determination was mistaken,
and the plaintiff's objection in this regard is overruled.

    The plaintiff next argues that the Magistrate Judge
clearly erred by denying his motion for leave to take Ms.
MacCallum's deposition after the discovery deadline.  The
plaintiff asserts that he established good cause to take Ms.
MacCallum's deposition after the discovery deadline, arguing that
Fox News agreed to her deposition and pointing to evidence
indicating her deposition testimony would be relevant to the
plaintiff's claims.  See ECF No. 897 at 11-17; ECF No. 944 at 8-
12.  In this vein, the plaintiff argues that the Magistrate Judge
clearly erred in determining that the plaintiff had not shown Ms.
MacCallum's testimony would be relevant.  See ECF No. 944 at 3.

Again, the court is not persuaded.  The Magistrate Judge denied the motion for leave with respect to Ms. MacCallum for the same reasons that he concluded that the plaintiff's motion to compel Ms. MacCallum's deposition should be denied.  See ECF No. 871 at 7.  The court has determined that the Magistrate Judge's reasons for denying the motion to compel were not clearly erroneous, and the plaintiff has not argued that those reasons would not be a proper basis for denying the motion for leave with respect to Ms. MacCallum.  Accordingly, the plaintiff's arguments regarding the relevance of Ms. MacCallum's testimony and Fox News's agreement to her deposition – arguments the Magistrate Judge did not address – are misguided, and the plaintiff's objections based on those arguments are overruled.

B.   <u>Fox Officers</u>

Next, the plaintiff argues that the Magistrate Judge clearly erred by denying his motion for leave to take depositions of an unknown number of unidentified Fox Officers after the discovery deadline.  The Magistrate Judge denied the motion for leave with respect to the Fox Officers on the ground that the plaintiff had not served deposition notices or issued subpoenas for them in compliance with Rule 30.  See ECF No. 871 at 7.  The plaintiff objects, arguing that, having not received the documents from the Fox Officers that the Magistrate Judge had ordered

produced in his September 21, 2020 order before the discovery deadline, he "could not intelligently choose which [of the Fox Officers] to depose, let alone take meaningful depositions."  ECF No. 897 at 17; see also ECF No. 944 at 12-13.

The court overrules the objection.  The plaintiff does not dispute the Magistrate Judge's determination that, at the time of the Magistrate Judge's ruling, he had not served deposition notices or issued subpoenas for any of the Fox Officers, nor does it appear that he has done so any time thereafter.  The Magistrate Judge appears to have determined that, without deposition notices or subpoenas sufficiently identifying the Fox Officers to be deposed, as contemplated by Rule 30, he could not order that the Fox Officers be deposed and thus that it would be inappropriate to grant the plaintiff's motion to the extent it sought permission to take their depositions after the discovery deadline.  See ECF No. 871 at 7.  The failure to serve deposition notices or issue subpoenas is a sound basis – and certainly not a clearly erroneous one – for determining that the plaintiff's motion should be denied to the extent it sought the court's imprimatur on his request to depose unidentified Fox Officers after the discovery deadline.

C.    Donald Trump, Jr.

Finally, the plaintiff argues that the Magistrate Judge clearly erred by denying his motion for leave to take Mr. Trump's

deposition after the discovery deadline.  The Magistrate Judge
denied the motion with respect to Mr. Trump on the ground that the
plaintiff failed to show good cause due to his lack of diligence
in attempting to depose Mr. Trump before the expiration of the
discovery period.  See ECF No. 871 at 7.  The Magistrate Judge
noted that, although the plaintiff had served a deposition notice
and subpoena on Mr. Trump on April 1, 2021, setting the deposition
for April 19, 2021, the plaintiff had not taken Mr. Trump's
deposition by the May 3, 2021 discovery deadline or successfully
moved to extend that deadline.  See id.  The Magistrate Judge
further found that, although the plaintiff's motion for leave to
take Mr. Trump's deposition was filed in the final hour of the
discovery period, it was nonetheless untimely, further
demonstrating a lack of diligence.  See id. at 7 & n.9.

          The plaintiff does not seem to dispute the premise of
the Magistrate Judge's ruling, i.e., that a lack of diligence in
attempting to depose Mr. Trump before the end of discovery would
warrant a denial of the motion for leave with respect to Mr.
Trump.  See ECF No. 897 at 17-18; ECF No. 944 at 3, 14.  Instead,
the plaintiff challenges the Magistrate Judge's finding that he
was not diligent in seeking to depose Mr. Trump, pointing out that
he served Mr. Trump a deposition notice and subpoena a month
before the discovery deadline, scheduled a deposition that was
postponed because of a conflicting obligation of Mr. Trump's

counsel, and filed a motion for leave to take Mr. Trump's deposition after the discovery deadline.  See ECF No. 897 at 17-18; ECF No. 944 at 3, 14.

        The court is not left with a definite and firm conviction that the Magistrate Judge mistakenly found that the plaintiff failed to act with diligence.  The plaintiff provides no explanation why, despite knowing of Mr. Trump's connection to this case since nearly its inception,[5] he waited until one month before the discovery deadline to serve him with a deposition notice and subpoena.  See ECF No. 861-1.  The court further notes that, despite being informed by April 1, 2021, that Mr. Trump's deposition would not proceed as scheduled, the plaintiff, with the May 3, 2021 discovery deadline looming, did not contact Mr. Trump's counsel to reschedule the deposition until April 19, 2021. See id.  Further, although the plaintiff did not receive on April 19, 2021, or thereafter an agreement for a date to conduct Mr. Trump's deposition, he did not seek any kind of relief from the

---

[5] The plaintiff commenced the present action on March 19, 2019, by filing a state-court complaint alleging that the named defendants defamed or conspired to defame him in an effort to defeat his senatorial campaign.  See ECF No. 1-1.  On April 25, 2019, the plaintiff filed a state-court complaint against Mr. Trump, alleging that Mr. Trump had defamed and conspired with defendants in the present action to defame him in an effort to defeat his senatorial campaign.  See Trump, No. 2:19-cv-00549, ECF No. 1-2. The court further notes that, in the Trump case, the plaintiff asked, almost a year before the discovery deadline in this case, that the court confirm that Mr. Trump was subject to non-party discovery in this action.  See id., ECF No. 22.

20

discovery deadline until less than an hour before the discovery period lapsed.  <u>See</u> ECF No. 861; <u>see also</u> <u>Robinette v. Zurich Am. Ins. Co.</u>, No. 2:19-cv-00688, 2021 WL 1436637, at *2 (S.D.W. Va. Apr. 15, 2021) (explaining, in the context of seeking an extension of a scheduling order's deadlines, "the primary consideration is the diligence of the moving party" (internal quotation marks omitted)); <u>accord</u> <u>RFT Mgmt. Co., LLC v. Powell</u>, 607 F. App'x 238, 242 (4th Cir. 2015).  In light of these circumstances, the court cannot conclude that the Magistrate Judge clearly erred in finding that the plaintiff had not acted with diligence in attempting to depose Mr. Trump before the discovery deadline.[6]

## IV.   Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's objections to the Magistrate Judge's order (ECF No. 897) be, and hereby they are, overruled.  It is further ORDERED that the Magistrate Judge's order (ECF No. 871) be, and hereby it is, accepted and affirmed.

---

[6] Additionally, the court notes that the defendants in this matter have timely filed eleven motions for summary judgment and that these motions have been fully briefed in accordance with the court's scheduling and subsequent briefing orders.  There thus appears even less reason to permit the parties to continue discovery efforts past the deadline beyond what is absolutely necessary.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 30, 2021

John T. Copenhaver, Jr.
Senior United States District Judge