UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DON BLANKENSHIP,

      Plaintiff,

v.                                    Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC et al.,

      Defendants.


MEMORDANDUM OPINION AND ORDER


      Pending is the objection by the defendant Fox News Network, LLC ("Fox News") to the Magistrate Judge's order denying Fox News's Fed. R. Civ. P. 54(b) motion to reconsider his previous discovery order, filed on July 15, 2021 (ECF No. 974).


I.    Background


      In the operative amended complaint, the plaintiff alleges that, during the 2018 election cycle, in which he campaigned for the Republican nomination to be United States Senator from West Virginia, "mainstream" Republicans engaged in a "clandestine campaign" along with "contacts in the establishment media, including Fox News in particular," to defeat the plaintiff's candidacy.  ECF No. 14 ¶¶ 3-4.  As part of this "concerted plot," the plaintiff alleges that, in the days leading up to the West Virginia Republican primary election, numerous news

media outlets, including Fox News and several of its reporters and contributors, falsely referred to him as a "'convicted felon,'" resulting in his losing the primary election and sustaining reputational and financial injuries.  Id. ¶ 6; see also id. ¶¶ 24, 190.

Based on these allegations, the plaintiff asserts claims against Fox News, other news media outlets and figures, as well as non-media entities, for defamation and conspiracy to defame (Count I) and false light invasion of privacy and conspiracy to commit false light invasion of privacy (Count II).  See id. ¶¶ 222-250. Although the complaint states that both counts, including the conspiracy claims, are asserted against "all defendants," the conspiracy related allegations contained in the counts involve only three defendants: (1) the National Republican Senatorial Committee ("NRSC"); (2) Kevin McLaughlin, whom the complaint identifies as the current director of NRSC and "a longtime Republican Party operative"; and (3) and 35th Inc ("35th PAC" [1]), a political committee that used independent expenditures to support West Virginia Attorney General Patrick Morrissey's candidacy for the Republican nomination for the same Senate seat

---

[1] Although the caption of the complaint identifies this defendant as "35th Inc," it later refers to it throughout the body of the complaint as "35th PAC".  ECF No. 14 at 1, 15, 35, 55.  The parties refer to the defendant as "35th PAC" in their briefing, see ECF No. 893; ECF No. 916; ECF No. 974, and the court does the same herein.

that the plaintiff sought in 2018. Id. at 53, 56 (capitalization altered). Specifically, the complaint alleges that 35th PAC, NRSC, Mr. McLaughlin, and other unnamed conspirators shared a common plan to defame the plaintiff and to cast him in a false light and agreed to publish or cause others to publish claims that he was a convicted felon, despite knowing the claims were false. See id. ¶¶ 234, 247.

Although the conspiracy allegations set forth in the complaint's two counts focus on 35th PAC, NRSC, and Mr. McLaughlin, other portions of the complaint concern Fox New's involvement in the conspiracy. For instance, the complaint alleges that Senate Majority Leader Mitch McConnell, who opposed the plaintiff's candidacy, "set in motion the wheels of a clandestine campaign," "using . . . [NRSC] and his contacts in the establishment media, including Fox News in particular, to do [his] (and in turn, the NRSC's) bidding," "including lying and smearing to stop [the plaintiff] from winning the primary." Id. ¶¶ 4, 14; see id. ¶¶ 3, 19, 150. It further alleges that "multiple news personalities, . . . some at the direction of [Senator] McConnell and other GOP leaders, repeatedly and falsely called [the plaintiff] a 'felon' and 'convicted felon'" and that "[t]hese defamatory statements were made on Fox News . . . by conservative commentators." Id. ¶ 21; see id. ¶ 6; see also id. ¶¶ 16-17, 156-

57, 166-68, 196 (alleging certain Fox News hosts and commentators referred to the plaintiff as a felon on Fox News broadcasts).

During discovery, Fox News proposed to collect and produce materials from 16 custodians who were likely to have been involved in the matters alleged in the complaint.  See ECF No. 589 at 6.  The plaintiff, however, complained that the proposed field of custodians was too limited and filed a motion to compel production from 37 named individuals, which included the 16 identified by Fox News, as well as other unnamed individuals, all of whom the plaintiff sought to designate as custodians.  See ECF No. 486; ECF No. 536; ECF No. 551.  Fox News has divided the named custodians into five categories, one of which is relevant here, namely:

> six Fox News senior business executives (John Fiedler, Danny O'Brien, Sharri Berg, Irena Briganti, Suzanne Scott, and Jay Wallace).

See ECF No. 565 at 2 n.1; ECF No. 589 at 6 n.1, 7-9.[2]  The court hereinafter refers to these six executives as the "Fox Executives."

The plaintiff argued that collection and production from the Fox Executives is relevant in light of his claim that Fox News conspired with establishment Republicans to defame him.  See ECF

---

[2] The plaintiff confirmed at a subsequent hearing that the dispute giving rise to the current objection concerns only the category containing these six executives.  See ECF No. 969 at 63-65.

No. 536; ECF No. 551.  He asserted that a close relationship between establishment Republicans and the Fox Executives and executives and officers of entities related to Fox News has been well-documented in the press and that responsive materials in the Fox Executives' custody would be probative of his conspiracy claims.  See ECF No. 536; ECF No. 551.

In a September 21, 2020 order, the Magistrate Judge granted the plaintiff's motion to compel.  See ECF No. 573 at 28-34.  The Magistrate Judge rejected Fox News's argument that the plaintiff's requested expansion of custodians was based on speculation.  See id.  The Magistrate Judge explained that the complaint alleges a conspiracy between Fox News and establishment Republicans to defame the plaintiff and that such a conspiracy would likely involve senior Fox News officials beyond those who produced the programs on which the allegedly defamatory statements were made.  See id.  The Magistrate Judge also pointed to documentation — specifically, press reports cited in the plaintiff's briefing — evidencing an "intertwining relationship between [Fox News] executives and Board members" and "high-ranking Republican officials."  Id. (citing ECF No. 551 at 20-23).  The Magistrate Judge further noted that some Fox News broadcasts had accurately reported that the plaintiff had been convicted of a misdemeanor, indicating that Fox News was aware of the falsity of the allegedly defamatory statements made in other broadcasts, and

concluded that the plaintiff was thus entitled to seek discovery from the Fox Executives in order to explore further evidence of actual malice.  See id.

On October 5, 2020, Fox News filed an objection to the Magistrate Judge's order granting the plaintiff's motion to compel.  See ECF No. 589.  Fox News argued that the Magistrate Judge clearly erred in compelling discovery from the Fox Executives because he incorrectly concluded that the complaint adequately alleged a relationship between them and establishment Republicans.  See id. at 11-14.  In a June 8, 2021 memorandum opinion and order, the court rejected Fox News's arguments and overruled its objection.  See ECF No. 919.

While its objection to the Magistrate Judge's order compelling it to produce materials from the Fox Executives remained pending, Fox News apparently did not produce all of the materials at issue.[3]  Shortly after Fox News filed its objection, the case developed in ways pertinent to the current objection. First, by a December 17, 2020 order, the court dismissed NRSC following the plaintiff's and NRSC's submission of a stipulation

---

[3] Contemporaneously with its objection, Fox News filed a motion to stay the Magistrate Judge's order compelling it to produce the materials while its objection remained pending.  See ECF No. 590. The court addressed the motion to stay in its June 8, 2021 memorandum opinion and order and denied it as moot.  See ECF No. 919.

of dismissal.  See ECF No. 692; ECF No. 694.  Second, the claims against Mr. McLaughlin, which had been pursued in another forum, were dismissed.[4]  And, third, the plaintiff's briefing in response to 35th PAC's motion for summary judgment indicates that he has abandoned his conspiracy claims against 35th PAC.[5]

---

[4] In a March 31, 2020 memorandum opinion and order, the court dismissed Mr. McLaughlin as a defendant on personal-jurisdiction grounds.  See ECF No. 398 at 52, 78.  On April 17, 2020, the plaintiff filed a complaint against Mr. McLaughlin in the Eastern District of Virginia, asserting substantially the same allegations and claims that had been asserted against Mr. McLaughlin in this case.  See Compl., Blankenship v. McLaughlin, No. 1:20-cv-00429-LMB-IDD (E.D. Va.), ECF No. 1.  As has been noted in other filings in this case, on November 13, 2020, Mr. McLaughlin notified the plaintiff that he intended to seek Fed. R. Civ. P. 11 sanctions against the plaintiff, on the ground that the plaintiff's interrogatory responses demonstrated the plaintiff had no factual basis for pursuing his claims against Mr. McLaughlin, unless the plaintiff agreed to dismiss the claims.  See ECF No. 802-1 (sealed).  On December 11, 2020, the plaintiff and Mr. McLaughlin stipulated to dismissal of the claims against Mr. McLaughlin pending in the Eastern District of Virginia with prejudice.  See McLaughlin, ECF No. 91.

[5] In its summary-judgment briefing, 35th PAC argues that it is entitled to summary judgment on all four causes of action asserted against it.  See ECF No. 893 at 9-20 (arguing expressly for summary judgment on claims of defamation, conspiracy to defame, false light invasion of privacy, and conspiracy to commit false light invasion of privacy).  In response, the plaintiff argues that the court should deny the motion for summary judgment "as to defamation and false light invasion of privacy contained in Counts One and Three of the Amended Complaint."  ECF No. 916 at 5-6.  Although the plaintiff apparently recognizes that his complaint asserts more than two claims against 35th PAC, he expressly opposes summary judgment as to only the two non-conspiracy claims, and his briefing contains no discussion of the facts or law related to the two conspiracy claims.

After the court overruled Fox News's objection to the Magistrate Judge's order compelling it to produce materials from the Fox Executives, Fox News filed a Rule 54(b) motion to reconsider, which it directed to the Magistrate Judge. See ECF No. 949. The motion asked the Magistrate Judge to reconsider his order "in light of intervening events . . . that occurred after" the Magistrate Judge's September 21, 2020 order and thus "could not have properly been presented" as an objection to the order. Id. at 1. As relevant here, Fox News raised two arguments.

First, in Fox News's view, the Magistrate Judge, in his September 21, 2020 order had determined that materials from the Fox Executives were discoverable only because they may be relevant to the conspiracy claims asserted in the complaint. See id. at 3-4 & n.2 (citing ECF No. 573 at 6-7, 28-30); ECF No. 962 at 1-2. However, Fox News argued, following the September 21, 2020 order, the conspiracy claims — which the complaint asserts against only 35th PAC, NRSC, and Mr. McLaughlin — were extinguished by the dismissals of NRSC and Mr. McLaughlin and the plaintiff's abandonment of his conspiracy claims against 35th PAC. See EFC No. 949 at 4; ECF No. 962 at 4-7. Thus, because no conspiracy claims remained, Fox News contended, the Fox Executives' materials that might shed light on a conspiracy were no longer relevant.

Second, Fox News argued that, since the September 21, 2020 order, it had searched for and produced all communications concerning the plaintiff between the Fox Executives and Fox News personnel or commentators involved in producing the programs on which the allegedly defamatory statements were made. See ECF No. 949 at 5. In Fox News's view, the only materials in the Fox Executives' custody that might be relevant are limited to communications between the Fox Executives and those who produced the programs at issue. See id. at 5-6. Fox News thus argued that it had produced all relevant materials from the Fox Executives and should not be compelled to produce additional, irrelevant materials. See id.

On July 7, 2021, the Magistrate Judge held a hearing regarding Fox News's motion to reconsider as well other matters. See ECF No. 956; ECF No. 967; ECF No. 969. At the hearing, Fox News stated, that it was willing to producing all outstanding responsive materials from the Fox Executives, with one exception.[6]

---

[6] In his order denying Fox News's motion to reconsider, the Magistrate Judge states that Fox News "ha[d] no objection" to producing all remaining discovery subject to the September 21, 2021 order, except for "intra-executive communications." ECF No. 698 at 4-5. In its objection, Fox News takes issue with the Magistrate Judge's understanding that it did not object to producing the remaining discovery aside from the intra-executive communications. See ECF No. 974 at 8 n.1. However, because Fox News states that it has produced all materials compelled by the September 21, 2020 order except for the intra-executive communications, see id. at 13-14, the court need not address the Magistrate Judge's characterization of Fox News's position.

See ECF No. 968 at 4-5; ECF No. 969 at 19-22, 25-27, 30, 33-36, 40-54, 56-57, 59-61, 64-65.  The exception Fox News sought was that it not be compelled to produce "intra-executive communications," i.e., communications between or among Fox Executives concerning the plaintiff and or the nature of his criminal conviction that were not communicated to other alleged conspirators or to those alleged to have been involved in producing the programs on which the alleged defamatory statements were made.  See ECF No. 969 at 22, 35-36, 43-54, 56-57, 61, 64-65.

        In a July 8, 2021 order, the Magistrate Judge denied Fox News's motion to reconsider.  See ECF No. 968.  The Magistrate Judge concluded that the passage of time and the concomitant changes in the posture of litigation does not provide a basis for reconsidering a prior discovery order that was valid at the time it was entered.  See id. at 5-6.  The Magistrate Judge also concluded that Fox News's arguments amounted to new, improper objections to a discovery order that the undersigned had previously affirmed.  See id. at 6 & n.1.  The Magistrate Judge thus ordered Fox News to immediately produce all materials subject to the September 21, 2020 order to which it did not object and to either produce the challenged intra-executive communications within 14 days or file an objection.  See id.; see also ECF No. 978.

On July 15, 2021, Fox News filed the current objection to the Magistrate Judge's order denying its motion to reconsider. See ECF No. 974.  The objection has been fully briefed and is ready for disposition.

## II.  Legal Standard

A magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'"  Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014).  Under the "clearly erroneous" standard, "[a] district court should reverse a magistrate judge's decision in a discovery dispute . . . only if the district court is left with a definite and firm conviction that a mistake has been made."  Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003) (citing Clark v. Milam, 155 F.R.FD. 546, 547 (S.D.W. Va. 1994)).  "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes . . . are accorded greater deference."  Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted) (citing, inter alia, In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)).

In light of the discretion given to a magistrate judge in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014). "The objecting party bears the 'high burden' of demonstrating that a magistrate judge's non-dispositive ruling is clearly erroneous or contrary to law." Courtland Co., Inc. v. Union Carbide Corp., No. 2:19-cv-00894, 2021 WL 1320714, at *4 (S.D.W. Va. Apr. 8, 2021) (quoting Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014)).

Under Rule 54(b), a trial court retains the power to reconsider and modify its interlocutory orders at any time prior to final judgment when such is warranted. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). The Fourth Circuit has applied two analyses to determine the applicable standard of a review for a motion to reconsider: (1) comparison to the standards of Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for amending a final judgment and (2) comparison to the law-of-the-case doctrine. Under the first Rules-based analysis, amending or reconsidering a judgment, is proper on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see, e.g., Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, 999 F. Supp. 2d 906, 919 (S.D.W. Va. 2014) (applying these analyses to review a motion to reconsider); In re C.R. Bard, Inc., 948 F. Supp. 2d 589, 649 (S.D.W. Va. 2013) (same). In general, reconsideration of a judgment is an "extraordinary remedy [that] should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Under the second analysis, federal courts cabin revision of interlocutory orders pursuant to Rule 54(b) by treating such rulings as law of the case. Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). Although it is not a limitation on the court's power, the law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." Messenger v. Anderson, 225 U.S. 436, 444 (1912). The doctrine provides that, in the interest of finality, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). A court may revise an interlocutory order under

the law-of-the-case doctrine under three circumstances: (1) "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice." Am. Canoe Ass'n, 326 F.3d at 515 (quoting Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)); see, e.g., U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (applying these circumstances to review a motion to reconsider); Hinkle v. Matthews, 337 F. Supp. 3d 674, 677 (S.D.W. Va. 2018) (same).

"[A] motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered . . . . Nor should such a motion be used to raise new arguments or evidence that could have been raised previously." South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017); accord United States v. Lovely, 420 F. Supp. 3d 398, 403 (M.D.N.C. 2019); Burrell v. Bayer Corp., 260 F. Supp. 3d 485, 490 (W.D.N.C. 2017); Wootten v. Virginia, 168 F. Supp. 3d 890, 894 (W.D. Va. 2016).

Thus, when objecting to a magistrate judge's order denying a motion to reconsider his previous non-dispositive discovery ruling, a party bears the burden of demonstrating that the order is clearly erroneous or contrary to law because the magistrate judge failed to employ the extraordinary remedy of reconsideration and modify his previous ruling in order to

accommodate an intervening change in controlling law, account for new evidence not previously available, correct a clear error of law, or prevent manifest injustice.  This is an "astronomically high burden."  <u>Certain Underwriters at Lloyd's, London Subscribing to Policy No. BO 823PP1308460 v. Advanfort Co.</u>, No. 1:18-cv-1421, 2019 WL 7816852, at *2 n.4 (E.D. Va. Nov. 13, 2019) (addressing motion to reconsider district court's order overruling objections to magistrate judge's non-dispositive order).

III. Discussion

A.   <u>Procedural objection</u>

Fox News first argues that the Magistrate Judge's order denying reconsideration is contrary to law because the Magistrate Judge failed to reach the merits of Fox News's arguments for reconsideration on the procedural ground that changes in the posture of litigation effected by the mere passage of time do not warrant reconsideration.  <u>See</u> ECF No. 974 at 6-8 (citing ECF No. 968 at 5-6).  In Fox News's view, Rule 54(b) authorizes judges to reconsider previous interlocutory orders precisely because the passage of time may change the posture of litigation in ways that call for reconsideration.  <u>See</u> <u>id.</u>  The court declines to address this argument because, as explained more fully below, the motion

15

would be properly denied on the merits and Fox News has not met its burden for the court to sustain its merits-based objection.[7]

B.   Merits objection

Next, Fox News argues that the Magistrate Judge clearly erred in denying its motion for reconsideration because the motion should have been granted on its merits.  See id. at 8-15. Specifically, Fox News argues that the intra-executive communications that the Magistrate Judge ordered Fox News to produce are not relevant and should not be subject to compelled production because (1) to the extent they were relevant to the plaintiff's conspiracy claims, all such claims have been extinguished by intervening events and (2) they are not relevant to the plaintiff's defamation and false light invasion of privacy claims because communications between the Fox Executives that were not also communicated to persons alleged to have been involved in some fashion with making the allegedly defamatory or false

---

[7] Fox News asserts that the Magistrate Judge did not reach the merits of its arguments for reconsideration.  See ECF No. 974 at 8.  The court does not fully agree with this assertion, but, to the extent the Magistrate Judge did not reach the merits of Fox News's arguments, the court, reviewing the merits of the motion for reconsideration in the first instance, would affirm the Magistrate Judge's decision on the merits for the reasons expressed herein.

statements are not relevant to such claims.  See id.  The court addresses these arguments in turn.

### 1.    Relevance to conspiracy claims

As it did before the Magistrate Judge, Fox News argues that intervening events — namely, the dismissal or abandonment of the plaintiff's conspiracy claims against NRSC, Mr. McLaughlin, and 35th PAC, the only three defendant against which conspiracy claims were levied — have resulted in the plaintiff's conspiracy claims being extinguished.  Fox News also argues, the plaintiff's contentions to the contrary notwithstanding, that the plaintiff has not pled or otherwise validly asserted a conspiracy claim against Fox News.  Because the conspiracy claims no longer exist, Fox News explains, the intra-executive communications can no longer be relevant to the claims, and Fox News should not be compelled to produce the intra-executive communications on the ground that they would be relevant to the now-extinguished conspiracy claims.  Because the Magistrate Judge's September 21, 2020 order compelled the production of the intra-executive communications on the ground they were relevant to the conspiracy claims, Fox News contends that reconsideration of the order is now appropriate and that the Magistrate Judge clearly erred by denying its motion to reconsider.

The flaw in this line of argument is that the Magistrate Judge's September 21, 2020 order determined that the intra-executive communications, as well as other materials in the Fox Executives' custody, were relevant for purposes of discovery not only as to the plaintiff's conspiracy claims but also as to the actual malice element of his defamation and false light invasion of privacy claims against Fox News.[8]  Indeed, at the hearing addressing the motion to reconsider, the Magistrate Judge pointed out that his September 21, 2020 order determined that the intra-executive communications and other materials are relevant to both the conspiracy claims and the defamation and false light invasion of privacy claims, and he reiterated that determination several times.[9]  Fox News appears to have acknowledged in its briefing on

_____

[8] See ECF No. 573 at 29 (noting the "[p]laintiff is tasked with proving malice" and "should be able to obtain" materials from the Fox Executives "in order to determine how and why the defamation was allowed to happen"); id. (explaining that the "[p]laintiff should be permitted to obtain the necessary discovery to demonstrate how [Fox News] . . . has shown any actual malice towards [him]"); id. at 30 ("Given that [the] [p]laintiff has a higher burden of proof to demonstrate actual malice by [Fox News], [the] [p]laintiff is entitled to explore these communications, as the relevance of these particular custodians and any . . . communications they may have is clear when considering [the] [p]laintiff's claims.").

[9] See ECF No. 969 at 17 ("[T]he order, as I recall, also discussed about allowing the discovery to go forward for purposes of proving the defamation as well, not just the conspiracy."); id. at 18 ("[W]hat about the fact that this — this disclosure would also help the plaintiff in proving his case on defamation?"); id. at 46 (determining that the intra-executive communications are "relevant and [they] go[] to the defamation or the conspiracy, clearly. There's no way to get around that"); id. at 70-71 (agreeing that

the current objection that the Magistrate Judge's September 21, 2020 order compelled production of the intra-executive communications on the ground that they were relevant for purposes of discovery to the plaintiff's claims for defamation and false light invasion of privacy against Fox News.  See ECF No. 974 at 4 ("In his September 21, 2020 Discovery Order, . . . the Magistrate Judge granted the discovery against [Fox News] 'to explore the depths of the alleged conspiracy' and 'actual malice.'" (quoting ECF No. 573 at 30)).

In sum, as the court sees it, the Magistrate Judge from the bench rejected Fox News's arguments regarding the extinguishment of the plaintiff's conspiracy claims on the ground that, regardless whether any conspiracy claims remained, the intra-executive communications were relevant to the plaintiff's defamation and false light invasion of privacy claims against Fox News.  See ECF No. 969 at 70-71 (agreeing that "maybe" the changed circumstances alter the analysis "on the conspiracy, but not on the defamation," as the "[intra-executive] communications are relevant to the defamation as [they are] to the conspiracy.  So I'm going to order [Fox News] to comply with the Court's previous order and to disclose those documents within 14 days").  Aside

---

"maybe" the changed circumstances alter the analysis "on the conspiracy, but not on the defamation," as the "[intra-executive] communications are relevant to the defamation as [they are] to the conspiracy").

from one argument, addressed below, Fox News does not object to
the Magistrate Judge's determinations both in his September 21,
2020 order and at the July 7, 2021 motions hearing that the intra-
executive communications are relevant to the plaintiff's
defamation and false light invasion of privacy claims and that
their production may thus appropriately be compelled.  Because, as
set forth below, Fox News's arguments regarding the relevance of
the intra-executive communications to the defamation and false
light invasion of privacy claims provide no basis for
reconsideration, the court concludes that Fox News has not met its
burden to demonstrate that the changed circumstances occasioned by
the dismissals and abandonment of the conspiracy claims against
NRSC, Mr. McLaughlin, and 35th PAC warranted the extraordinary
remedy of reconsideration, such that the Magistrate Judge's denial
of reconsideration was clearly erroneous or contrary to law.[10]

2.   <u>Relevance to defamation and false light invasion of
     privacy claims</u>

Next, Fox News argues that the intra-executive
communications are not relevant to the plaintiff's claims of

---

[10] The parties bicker over whether the plaintiff has pled or
otherwise asserted a conspiracy claim against Fox News and whether
the court has in previous rulings already decided that the
plaintiff has pled or asserted such a claim.  The court has not
heretofore decided this issue and declines to do so in this
memorandum opinion and order.

defamation and false light invasion of privacy against Fox News. See ECF No. 974 at 11-15.  As Fox News notes, the Supreme Court has said that "the state of mind required for actual malice would have to be brought home to the persons in the [news media] organization having responsibility for the [broadcast] of the [allegedly defamatory or false statements]."  New York Times Co. v. Sullivan, 376 U.S. 254, 287 (1964).  Fox News argues that, because the actual-malice inquiry focuses on the subjective state of mind of the persons alleged to have made the defamatory or false statements, the Fox Executives' state of mind — i.e., their knowledge of or reckless disregard concerning the nature of the plaintiff's criminal conviction — cannot be imputed to hosts, commentators, and others at Fox News who are alleged to have made such statements merely because they are part of the same news media organization as the Fox Executives.  See ECF No. 974 at 11-12.  Thus, in Fox News's view, communications between or among Fox Executives that would otherwise be responsive to the plaintiff's discovery requests but that were not shared in some fashion with those who are alleged to have made the statements outlined in the plaintiff's complaint are irrelevant for the actual-malice inquiry.  The intra-executive communications at issue here, Fox News argues, are irrelevant to the actual-malice inquiry because they are contained within document families (presumably email chains along with their attachments or similarly structured

21

electronic communications) that were not sent to or received by those alleged to have been involved in broadcasting the allegedly defamatory or false statements.  Because the intra-executive communications are irrelevant for purposes of actual malice, Fox News contends, the Magistrate Judge's September 21, 2020 order compelling their production on the ground they are relevant to the actual-malice issue is subject to reconsideration, and the Magistrate Judge's decision to deny the motion to reconsider was thus clear error.

There are two flaws in Fox News's argument.  First, this argument appears to be either an attempt to raise a new argument that could have been raised previously or to rehash an argument that Fox News previously raised and the court rejected.  Fox News did not raise this argument in its briefing on the plaintiff's motion to compel.  <u>See</u> ECF No. 565 at 6-8.[11]  Thus, inasmuch as Fox News's motion to reconsider asked the Magistrate Judge to reconsider his September 21, 2020 order, the court notes that Fox

---

[11] In its briefing on the motion to compel, Fox News advanced the somewhat related arguments that it should not have to designate the Fox Executives as custodians because the plaintiff had failed to demonstrate they would have custody of responsive materials or that they were involved in making the allegedly defamatory or false statements regarding the plaintiff.  <u>See</u> ECF No. 565 at 6-9; ECF No. 589 at 11-14.  Fox News did not argue, however, that communications between Fox Executives that did not reach those alleged to have made the statements could not be relevant because, for purposes of the actual-malice inquiry, the Fox Executives' state of mind could not be imputed to those alleged to have made the statements.

News could have raised this argument in its briefing on the motion to compel but failed to do so, and thus, as the Magistrate Judge concluded, the argument may be rejected as "new" and "improper." ECF No. 968 at 6.

Apparently anticipating this conclusion, Fox News seems to contend that it can raise the argument now in light of changed circumstances, namely, that it has completed its production of all other documents and communications requested in discovery (aside from the intra-executive communications) and has unearthed no indication that the Fox Executives had any communication regarding the allegedly defamatory or false statements with the persons who made the statements or with the producers of the programs on which the statements were made.  See ECF No. 974 at 13-15.  The court fails to see how these so-called changed circumstances make any difference.  The argument Fox News attempts to raise here – that intra-executive communications are irrelevant for purposes of actual malice unless they are also shared with persons involved in making the allegedly defamatory or false statements – is largely a legal one that could have been (and indeed was, see infra) raised before the discovery efforts Fox News relies upon were completed.

Although Fox News failed to raise the argument before the Magistrate Judge, it did raise the argument – albeit somewhat fleetingly and only in a reply brief – when it objected to the

Magistrate Judge's September 21, 2020 order.  <u>See</u> ECF No. 596-1 at 3, 6-7.  But this presents another impediment.  Fox News raised the argument in briefing its objection, but the court considered Fox News's arguments concerning the relevance of the Fox Executives' materials and overruled its objection.  <u>See</u> ECF No. 919.  Thus, the motion to reconsider, to the extent it is premised on Fox News's argument that the intra-executive communications are irrelevant to the plaintiff's defamation and false light invasion of privacy claims is inappropriate because it rehashes an argument Fox News previously raised that the court has already considered and rejected.

        Second, Fox News' argument appears to misapprehend to a large extent the relevance inquiry for purposes of discovery. Fed. R. Civ. P. 26, which governs discovery, "allows parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'"  <u>Gilmore v. Jones</u>, ___ F.R.D. ___, 2021 WL 2709669, at *7 (W.D. Va. July 1, 2021) (brackets omitted) (quoting Fed. R. Civ. P. 26(b)(1)).  "Relevance for discovery purposes is defined more broadly than relevance for evidentiary purposes," and "courts broadly construe relevancy in the context of discovery." <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 199 (N.D.W. Va. 2000).  In "civil discovery," then, "[r]elevance is not, on its own, a high bar," <u>Va. Dep't of Corr. v. Jordan</u>, 921

24

F.3d 180, 188 (4th Cir. 2019), and district courts have broad discretion in determining whether requested material or information is relevant for purposes of discovery, see Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992).

Here, Fox New may be correct that otherwise responsive communications between and among the Fox Executives that were not shared with those involved in making the allegedly defamatory or false statements are perhaps not relevant for the purposes of proving actual malice as an evidentiary matter.[12]  That contention, however, does not address whether the communications would be relevant for purposes of discovery.  Given the broad construction of relevancy in the discovery context, there are numerous conceivable ways in which communications between two or more Fox Executives concerning the plaintiff or the nature of his criminal conviction might be relevant to the defamation and false light invasion of privacy claims against Fox News, even if those communications are not shared with those involved in making the

---

[12] **Notably,** the authorities Fox News cites to support its argument do not address whether requested materials concerning a non-speaker's state of mind are relevant for purposes of discovery but rather whether such materials are relevant evidence for purposes of demonstrating actual malice – by imputing the non-speaker's state of mind to the speaker – at the summary-judgment stage.  See Mimms v. CVS Pharmacy, Inc., 889 F.3d 865, 868-69 (7th Cir. 2018); Dongguk Univ. v. Yale Univ., 734 F.3d 113, 123-24 (2d Cir. 2013); Holbrook v. Harman Automotive, Inc., 58 F.3d 222, 225-26 (6th Cir. 1995).

allegedly defamatory of false statements.  For instance, such communications may be useful in comprehending the extent and sources of information concerning the plaintiff and the nature of his conviction that were available to and circulating among Fox News employees near the time the statements were made.  They might also shed light on whether, how, and to what extent **the knowledge and views of the Fox Executives might have filtered down to the persons who were involved in making the statements, even if those persons were not, for example, copied on an email chain between two Fox Executives.  In sum, the fact that the intra-executive communications perhaps might not be used for summary judgment or admitted at trial does not mean they are not relevant for purposes of discovery.**

In his September 21, 2020 order and at the motions hearing, the Magistrate Judge expressed his view that the intra-executive communications would be relevant for purposes of discovery on the actual malice issue.  The court is not left with a definite and firm conviction that the Magistrate Judge made a mistake in determining that the extraordinary remedy of reconsideration was not warranted under these circumstances.

## IV.  Conclusion

For the foregoing reasons, it is ORDERED that Fox News's objection to the Magistrate Judge's order (ECF No. 974) be, and

hereby it is, overruled.  It is further ORDERED that the Magistrate Judge's order denying Fox News's motion to reconsider (ECF No. 968) be, and hereby it is, accepted and affirmed.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: August 20, 2021

John T. Copenhaver, Jr.
Senior United States District Judge