```
          UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

DON BLANKENSHIP,

    Plaintiff,

v.                            Civil Action No. 2:19-cv-00236

FOX NEWS NETWORK, LLC, et. al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Fox News Network, LLC's ("Fox News") Motion for Protective Order to Preclude Plaintiff from Conducting Deposition <u>Pro Se</u> (ECF 1046), filed November 11, 2021.

The deposition of Martha MacCallum is currently scheduled for Monday, November 15, 2021. In its motion, Fox News states that Mr. Blankenship's counsel notified Fox News and Ms. MacCallum that Mr. Blankenship intends to personally conduct the examination of Ms. MacCallum at the deposition, with his counsel acting as "standby counsel." ECF 1046 at 1. Fox News objects to Mr. Blankenship personally conducting the deposition and avers controlling precedent prohibits the same so long as Mr. Blankenship is represented by counsel. <u>See id.</u> To avoid further delay in this matter, Fox News requests that the court

order that Mr. Blankenship is prohibited from personally questioning Ms. MacCallum "and that the deposition may proceed only by questioning through his counsel of record." ECF 1046 at 2.

## I. Governing Standard

Federal Rule of Civil Procedure Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 377 (D. Md. 2014) (internal quotations omitted). On matters relating to depositions, Rule 26(c) permits a district court, for good cause shown, "'to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 543 (4th Cir. 2004) (quoting Fed.R.Civ.P. 26(c)).

## II. Discussion

A plaintiff has "no right to proceed pro se" in an action wherein he is "represented by retained counsel." Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 422 (4th Cir. 1990) (citing O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir. 1982). Thus, it follows that a represented party "has no

right to conduct part of his own case by filing pleadings, conducting depositions, arguing motions, or examining witnesses during trial." Haefner v. County of Lancaster, Pa., 165 F.R.D. 58, 59 (E.D. Va. 1996). Mr. Blankenship is represented by numerous attorneys in this action. It would thus be inappropriate to permit him to personally conduct the deposition of Ms. MacCallum with his counsel acting as "standby counsel."

Accordingly, for good cause shown, the court GRANTS Fox News' motion (ECF 1046) and limits Mr. Blankenship's participation in the deposition of Ms. MacCallum to counsel of record for Mr. Blankenship in this case.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 12, 2021

John T. Copenhaver, Jr.
Senior United States District Judge