IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

| | |
|---|---|
| DON BLANKENSHIP, | ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) Civil Action No. 2:19-cv-00236 <br> ) |
| FOX NEWS NETWORK, LLC, *et al.*, | ) <br> ) |
| *Defendants*. | ) <br> ) |

**FOX NEWS NETWORK, LLC'S COMBINED OPPOSITION TO PLAINTIFF'S
MOTION TO STAY TAXING OF COSTS AND RESPONSE TO PLAINTIFF'S
<u>OBJECTIONS TO FOX NEWS NETWORK, LLC'S BILL OF COSTS</u>**

I.      **INTRODUCTION**

Federal Rule of Civil Procedure 54(d) "gives rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). To deviate from this general rule, the Court "must justify its decision by 'articulating some good reason.'" *Id.* After two years of scorched-earth litigation in which Plaintiff Blankenship demanded and obtained dozens of depositions, took extensive third-party discovery and took supplemental document discovery and depositions after the discovery period ended, Plaintiff objects to nearly every cost sought by Fox News Network, LLC ("FNN"). Blankenship confuses the true nature of several costs, clumsily argues that the Court should reject entire invoices on the basis of his objections to single line-items, and otherwise wrongly nit-picks various costs. That Blankenship would reduce FNN's $68,507.09 bill of costs more than 99% to $636.49 demonstrates the absurdity of his position. Blankenship has provided this Court with no good reason for denying FNN an award of the necessary and reasonable costs set forth in its application.

FNN carefully catalogued the hundreds of thousands of dollars it expended in defending Plaintiff's unsuccessful lawsuit. It then winnowed those costs down according to 28 U.S.C. § 1920 and cases interpreting that statute. The Court should award FNN's full bill of costs, and deny Plaintiff's motion to stay.

II.      **ARGUMENT**

    A.    **The Court should deny Plaintiff's motion to stay the taxing of costs pending his appeal.**

The Court should tax costs now. In light of the Rule 54(d)'s presumption in favor of taxing costs, a district court must have good reason "not to award costs *at the customary stage*" following a dispositive order in the district court. *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, 2015 WL 1417058, at *2 (W.D. Va. Mar. 27, 2015) (emphasis added); *Singleton v. Dep't of*

1

*Corr. Educ.*, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003). Here, that "customary stage" has arrived.

Taxing costs at this stage furthers judicial economy by "avoid[ing] piecemeal appeals," *Singleton*, 2003 WL 22299039 at *2, because "any appeal as to the award of costs may be consolidated with the appeal on the merits," *Hanwha Azdel, Inc.*, 2015 WL 1417058, at *8. In addition, taxing costs now "will not present a hardship on the parties, as [the] parties have already spent significant resources and filed . . . briefs defending their position on the issue." *Id.*

If, after rendering an award on costs, the Court chooses to stay payment of those costs pending the appeal, the Court should direct Blankenship to post a supersedeas bond. *See Certusview Tech., LLC v. S&N Locating Servs. LLC*, 2017 WL 1745046, at *3 (E.D. Va. 2017). "Under Federal Rule of Civil Procedure 62(d), the appellant moving for a stay generally must post a bond securing the amount of the judgment and costs." *Hanwha Azdel, Inc.*, 2015 WL 1417058, at *8 (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)). While the Court maintains discretion to allow a stay absent a bond, "such discretion normally is exercised in extraordinary circumstances." *Id.* (citing *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999)). Blankenship has not shown extraordinary circumstances that would defeat the imposition of a bond here.

    **B.**    **The Court should tax all costs submitted by FNN.**

        **1.**    **Fees of the clerk**

            **a)**    **FNN does not seek *pro hac vice* fees.**

Section 1920(1) entitles prevailing parties to recover fees paid to the clerk. 28 U.S.C. § 1920(1). Blankenship argues that FNN "seeks to recover *pro hac vice* fees in the amount of

$545.00." Blankenship Mem., ECF No. 1080, at 5–6. That argument is wrong for at least two reasons.

*First*, FNN does not seek *pro hac vice* fees as Blankenship erroneously suggests. Instead, FNN's bill of costs itemizes and documents six "visiting attorney fees." ECF No. 1073-1, at 2. In contrast to *pro hac vice* fees, which out-of-state attorneys pay to the West Virginia State Bar, L.R. Civ. P. 83.6(c)(2), "visiting attorney fees" are paid directly to the Clerk, L.R. Civ. P. 83.6(c)(1). Because FNN's attorneys could not have participated in this case without first paying these fees, and because they were paid directly to the Clerk, visiting attorney fees fall squarely within section 1920(1).

*Second*, the amount FNN seeks in visiting attorney fees is $300, not the $545 figure that Blankenship cites. $545 represents the total amount FNN seeks in "fees of the clerk," including filing fees expended to oppose Blankenship subpoenas served in other jurisdictions (*see infra* subsection B.1.b).[1]

The Court should award FNN the $300 it paid to the Clerk in visiting attorney fees.

---

[1] Even if visiting attorney fees could be lumped together with *pro hac vice* fees (despite constituting a direct payment to the Clerk), case law supports taxation of *pro hac vice* costs. *See Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) ("We agree with those courts that have concluded that *pro hac vice* fees are recoverable as fees of the clerk under § 1920."); *Phillips & Jordan, Inc. v. McCarthy Improvement Co.*, 2021 WL 364644, at *5 (D.S.C. Feb. 3, 2021) ("The court finds [pro hac vice] costs are taxable because, in the court's view, they amount to fees of the Clerk."); *but see Moss v. Spartanburg Cty. Sch. Dist. No. 7*, 2011 WL 1870280, at *1 (D.S.C. May 17, 2011) ("The court agrees with those jurisdictions concluding that pro hac vice fees are not properly taxable under § 1920."). Notably, in light of this conflicting authority, FNN omitted from its bill of costs substantial *pro hac vice* fees, even though a single *pro hac vice* fee is higher than all of the visiting attorney fees combined.

3

### b) Filing fees paid to quash Blankenship subpoenas and to seek protective orders.

FNN also seeks $245 in "fees of the clerk" for the case initiation fees it paid to move to quash and seek protective orders pursuant to five subpoenas Blankenship served on current and former FNN officers and employees. Blankenship admits that "filing fees may generally be recoverable." Blankenship Mem. at 6. He nevertheless argues—without citing any authority—that because these fees "were incurred to initiate other cases . . . ultimately transferred to this District Court," they were "wholly unnecessary." *Id.* Not so. As FNN explained in each of its motions to quash, it was required to file the motions in New York and the District of Columbia because the subpoenas commanded compliance within those jurisdictions. *See* Fed. R. Civ. P. 45(d)(3)(A)("[T]he court for the district where compliance is required must quash or modify a subpoena . . . ."). It was necessary for FNN to pay these fees in order to seek relief, and the Court should award them.

### c) Costs for private process servers are recoverable.

FNN seeks $5,145 in costs for the service of subpoenas that were necessarily incurred to defend this case. Blankenship objects to these costs because they were paid to private process servers. Although the Fourth Circuit "has not spoken on whether private process server fees are taxable," "of the courts that have considered the issue, a majority have determined that such fees *are taxable* under § 1920(1)." *EQT Corp. v. Miller*, 2013 WL 2103148, at *3 (N.D. W.Va. May 14, 2013) (emphasis added) (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991), *aff'd*, 961 F.2d 174 (11th Cir. 1992); *Card v. State Farm Fire & Casualty Co.*, 126 F.R.D. 658, 662 (N.D. Miss. 1989), *aff'd w/o opinion*, 902 F.2d 957 (5th Cir. 1990); *Roberts v. Homelite Div. of Textron, Inc.*, 117 F.R.D. 637, 641 (N.D. Ind. 1987); *In re Howard*, 1991 Bankr. LEXIS 695,

\*6 (Bankr. D. Md. May 2, 1991); *Cross v. Gen. Motors Corp.*, 563 F. Supp. 368, 370 (E.D. Mo. 1982)). The Northern District of West Virginia in *EQT Corporation* sided with the weight of authority on this question, *id.*, and this Court should also.

### 2. Transcript fees

Section 1920(2) allows prevailing parties to recover fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). FNN seeks $51,177.05 in such costs. As FNN explained in connection with its bill of costs, this sum is far less than the actual costs FNN paid for transcripts. ECF No. 1073-1, at 4. For example, FNN omitted from its bill of costs (and painstakingly redacted from its invoices) for the sake of efficiency all costs Blankenship could argue were incurred for the convenience of counsel, such as costs for Realtime service, advanced rough drafts of transcripts, concierge support for remote depositions necessitated by the pandemic, archiving, and so forth. Many of the costs FNN seeks were incurred pursuant to deposition protocols agreed upon by all parties for remote depositions conducted during the pandemic. Order and Stipulation Regarding Protocol for Remote Depositions, ECF No. 651.

Ignoring all of this, Blankenship seeks to strike all but $521.45 of FNN's transcript costs. He first argues that deposition costs may be taxed only if the deposition testimony is "submitted in connection with [a] dispositive motion that terminated the litigation." Blankenship Mem. at 7–8. But the Fourth Circuit has flatly rejected that unduly narrow interpretation of taxable deposition costs. Over thirty years ago it instructed that "[a] district court should award costs when the taking of a deposition *is reasonably necessary at the time of its taking*." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (emphasis added); *see also* 10 Wright & Miller, *Federal Practice and Procedure* § 2676 ("When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may

be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken."). Thus, contrary to Blankenship's argument, "[i]t is not necessary for depositions to be used in trial or dispositive motion for a party to recover those costs." *McRae v. Town of Hope Mills*, 2020 WL 896486, at *2 (E.D.N.C. Feb. 24, 2020) (quoting *Ray Commc'ns, Inc. v. Clear Channel Commc'ns*, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011)). FNN incurred each of the transcript fees it seeks for depositions that were "reasonably necessary at the time of [their] taking." Moreover, it is untenable for Blankenship to object to costs for the depositions that were noticed and taken *by Blankenship* (which represent more than half of the depositions for which FNN seeks costs); he cannot now object on the ground that those depositions were not necessary. The Court should award FNN's transcript costs for all of the depositions it carefully itemized in its bill of costs.

Blankenship next objects to FNN seeking $598.95 for the cost of two hearing transcripts it ordered from the Court. The acquisition of these transcripts was "reasonably necessary at the time" they were ordered. In one of the hearings, the Magistrate Judge directed Blankenship to produce documents by dates certain, ECF No. 708, and the transcript was needed to assist in the ensuing meet and confer process. The other hearing concerned FNN's motion for reconsideration of a discovery order, and the transcript reflected statements and arguments FNN relied on when objecting to the Magistrate Judge's decision on that motion. *See* ECF No. 974, at 8 n.1.

Finally, notwithstanding FNN's meticulous culling of convenience charges, Blankenship nit-picks several line-items from the invoices FNN presented in support of its transcript costs. But as explained below, each of those charges is taxable. More troubling, although Blankenship never fully explains how he arrives at the $521.45 transcript figure, it appears that he uses his

objections to *itemized* charges as a basis for excluding *all* charges on the invoices on which they appear. Nothing in law or logic supports that approach—to the extent the Court finds any charges objectionable (which it should not) those charges are severable from the itemized invoices FNN provided.

### a) Costs for expedited transcripts are recoverable.

As Blankenship recognizes, Mem. at 10, courts regularly award costs for expedited transcripts. *See, e.g.*, *SAS Inst., Inc. v. World Programming Ltd.*, 2016 WL 4995071, at *3 (E.D.N.C. Sept. 19, 2016) (recognizing that expedition may be "more than a luxury to counsel" in light of "the length and complexity of the trial"); *Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 774–75 (W.D. Wis. 2015) ("[I]t was not unreasonable for Trek to have sought rough drafts of certain transcripts or expedited transcripts to prepare for summary judgment and trial timely."). Here, each of the expedited transcripts FNN seeks costs for were necessary in context. FNN sought expedited transcripts for the depositions of Farrah Meiling Hobbs (Plaintiff's fiancée), Don Blankenship, and Stan V. Smith (Plaintiff's damages expert), which took place between April 28, 2021 and May 3, 2021. FNN required those transcripts promptly because testimony in those depositions was relevant for the others following immediately thereafter, and to prepare FNN's summary judgment motion, which was due only three weeks later. FNN also sought expedited transcripts for three depositions Blankenship took after the end of fact discovery: Gary Villapiano, Martha MacCallum, and Jay Wallace, respectively on November 9, 15, and 16, 2021. FNN needed those transcripts promptly as well because Blankenship's surreply brief in opposition to FNN's summary judgment motion and FNN's surrebuttal brief in support were due soon thereafter, on December 3 and 10, 2021, respectively.

The Court should award FNN costs for expedited transcripts.

### b) Exhibit costs are taxable.

The Court should also tax the exhibit costs FNN seeks, especially because all depositions were conducted remotely during the Covid-19 pandemic. The most recent cases addressing this question—issued since the onset of the pandemic—uphold the taxability of these costs. *See, e.g.*, *Yates v. City of Chicago*, 2021 WL 6063862, at *2 (N.D. Ill. Dec. 22, 2021) ("Here, the depositions were conducted remotely, and were necessary for their orderly conduction. The costs for the deposition exhibits, and related incidental costs are recoverable and reasonable."); *id.* ("[E]xhibits can be essential to understanding the content of a deposition and, thus, can be reasonable." (citation omitted)); *Dowler v. Geico Gen. Ins. Co.*, 2022 U.S. Dist. LEXIS 18921, at *9–10 (M.D. Fla. Feb. 2, 2022) (awarding exhibit costs and exhibit share fee for depositions taken via Zoom due to the COVID-19 pandemic).

In addition, because all depositions in this case were conducted remotely, the parties agreed that the depositions would be recorded by videographic means, and would incorporate exhibits. ECF No. 651, ¶¶ 8, 16–17, 25. Blankenship acknowledged the importance of transcript and videographic exhibits when he stipulated that "[t]he questioning attorney shall distribute exhibits to the witness and to the other participants electronically via the Lexitas/Veritext platform, which permits all participants (including the witness) to download a complete copy of an exhibit when it is marked." *Id.* ¶ 16. He cannot now object to FNN's request for the costs of using and incorporating those same methods for exhibits.

### c) FNN does not seek handling and processing costs.

FNN does not seek handling and processing fees as Blankenship suggests. FNN omitted from its bill of costs the "processing, handling & archiving" fee from each of its Lexitas invoices, as well as the "electronic delivery and handling" fees from each of its Veritext invoices. And although FNN *does* seek the "production and processing" charges on its Veritext

8

invoices, FNN was informed by the vendor that those charges refer to the company's quality control measures—not fees for delivering, shipping, or handling.

### d) DVD/MPEG costs were necessary.

Blankenship objects to the inclusion of "DVD/MPEG Conversion" fees. But, notably, he never objects to the recordation of deposition testimony through videographic means. Nor could he—the parties agreed that the depositions would be recorded by that medium. ECF No. 651, ¶ 25. Because FNN could not have accessed the video-recorded depositions without this conversion,[2] these fees were necessarily incurred.

### e) The additional costs Blankenship disputes are recoverable.

Blankenship also objects to the taxing of costs for "E-bundle/Lit Support Package," "Document Technician Services," and "LegalView" fees. But these all represent necessarily incurred costs. "E-bundle/Lit Support Package" refers to the backend work that Veritext and Lexitas perform after receiving raw transcript material from the reporter. These processes make the transcripts accessible, readable, searchable, and are thus essential. "LegalView" is Lexitas's remote deposition platform. As explained throughout, the parties agreed to using such technology for remote depositions during the pandemic, and these fees were necessarily incurred, as were the "Document Technician Services," used to properly manage exhibits at the remote depositions. *See* ECF No. 651, ¶ 4 ("The Parties agree to use Lexitas's and/or Veritext's Zoom-based platform for remote depositions."); *id.* ¶ 16 ("The questioning attorney shall distribute exhibits to the witness and to the other participants electronically via the Lexitas/Veritext platform.").

---

[2] Transcript companies perform this conversion to put the files in a readable format.

### 3. Printing and witness fees

Blankenship questions whether FNN appropriately categorized the printing fees it seeks pursuant to section 1920(3). It did. The list of jobs submitted with FNN's bill of costs describes charges for printing deposition and discovery materials in the duplicating department at Hunton Andrews Kurth LLP's office. *See* ECF No. 1073-1, at 4–5. These necessary printing jobs are recoverable. *See, e.g.*, *Osborn v. Horry Cty. Police Dep't*, , 2021 WL 3146047, at *3 (D.S.C. July 26, 2021). None of these costs include PACER-related charges that Blankenship says the Court should exclude.

### 4. Copying fees

Finally, Blankenship objects to the $10,229.50 that FNN seeks in fees "for exemplification and the costs of making copies of any materials . . . necessarily obtained for use in the case." 28 U.S.C. 1920(4). But FNN seeks only fees for preparing document productions for TIFF conversion export and associated charges. The Fourth Circuit squarely endorsed the taxing of such fees in *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261 (4th Cir. 2013), holding that "the conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs, constitute[s] 'making copies' under § 1920(4)," *id.* And it is not the only Circuit that allows prevailing parties to tax copying costs associated with production of electronic materials. *See, e.g.*, *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329 (Fed. Cir. 2013); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012). Blankenship demanded and obtained vast document discovery in this case and those costs were a necessary component of complying with his requests. The Court should award these costs in full.

### III.   CONCLUSION

For the foregoing reasons, FNN respectfully submits that the Court should award FNN's full bill of costs, and that it should award those costs now. If, after rendering an award on costs, the Court chooses to stay payment of costs pending Blankenship's appeal, it should require Blankenship to post a supersedeas bond.

Respectfully submitted,

/s/ J. Zak Ritchie
J. Zak Ritchie (WVSB #11705)
Ryan McCune Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
zritchie@hfdrlaw.com
rdonovan@hfdrlaw.com

Elbert Lin (WVSB #12171)
David Parker (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
804-788-8200 *office*
804-788-8218 *fax*
elin@HuntonAK.com
dparker@HuntonAK.com

Shawn Patrick Regan (*pro hac vice*)
Silvia Ostrower (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
212-309-1000 *office*
212-309-1100 *fax*
sregan@HuntonAK.com
sostrower@HuntonAK.com

*Counsel for Fox News Network LLC*