```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**DON BLANKENSHIP,**

      **Plaintiff,**

**v.**                              **Civil Action No. 2:19-cv-00236**

**FOX NEWS NETWORK, LLC et al.,**

      **Defendants.**

## ORDER

Pending are plaintiff's motions to stay, incorporated in his memoranda filed on March 16, 2022, in support of his objections to defendants' proposed bills of costs. See ECF 1079, 1081, 1083, 1085, and 1087.

Following the court's entry of summary judgment in favor of defendants on February 2, 2022, (ECF 1068), proposed bills of costs were filed by the following defendants: Fox News Network, LLC (ECF 1073); MSNBC Cable, Inc. (ECF 1074); American Broadcast Companies, Inc. (ECF 1075); Cable News Network, Inc. (ECF 1076); and WP Company, LLC (ECF 1077). In response plaintiff filed memoranda in support of his motions to stay taxing of costs and objections to the defendants' proposed bills of costs pending final resolution of the court's judgment in

this case on appeal.[1]  See ECF 1079, 1081, 1083, 1085, and 1087. Defendants filed responses in opposition to the motions to stay and the objections to the proposed bills of costs.  See ECF 1090, 1091, 1092, and 1093.  Plaintiff then filed an omnibus reply in support of his motions to stay taxing of costs.  See ECF 1094.

"The decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court." Singleton v. Dep't of Corr. Educ., No. 1:03CV00004, 2003 WL 22299039 at *1 (W.D.Va. Oct. 3, 2003); See Reed v. Health and Hum. Servs., 774 F.2d 1270, 1277 (4th Cir. 1985) (stating "a district court may properly defer ruling pending ultimate resolution of the merits, hence determination of the prevailing party question."), rev'd on other grounds sub nom. Lukhard v. Reed, 481 U.S. 368 (1987); Certusview Tech., LLC v. S&N Locating Servs., LLC, No. 2:13cv346, 2017 WL 1745046 (E.D.Va. May 2, 2017); Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2015 WL 1417058 (W.D.Va. Mar. 27, 2015).  If the district court stays the taxation of costs, generally, the appellant is required to post a bond pending outcome of the

---

[1] The court notes while plaintiff makes specific objections to each defendants' proposed costs, plaintiff asserts the same grounds against all defendants in support of his motions to stay.

appeal. Certusview Tech., LLC, 2017 WL 1745046 at *2.  However, district courts may exercise discretion to determine whether a bond should be posted, but this discretion is normally only exercised in extraordinary circumstances.  Hanwha Azdel Inc., 2015 WL 1417058 at 8.

In this instance, the court finds judicial economy would be best served by staying the taxation of costs pending the outcome of plaintiff's appellate proceedings.[2]  Given the legal issues involved in this action and plaintiff's assertion that members of the Supreme Court of the United States have expressed interest in reviewing the standard set forth in New York Times v. Sullivan, 376 U.S. 254 (1964), the court recognizes that plaintiff may seek relief from the United States Supreme Court.  It would be unwise at this time to expend judicial resources on adjudicating defendants' proposed bills of costs and plaintiff's objections until finality has been realized.  See American Heartland Port, Inc. v. American Port Holdings, Inc., 53 F. Supp.3d 871 (N.D.W. Va. 2014) (finding it premature to decide the bill of costs when matters remain pending on appeal); CSX Transp., Inc. v. Pierce, No. 5:05CV202,

---

[2] The Fourth Circuit Court of Appeals recently affirmed this court's order granting summary judgment to defendants. Blankenship v. NBCUniversal, LLC, 60 F.4th 744 (4th Cir. 2023). The mandate was issued on March 16, 2023; however, the time has not yet expired for filing of a petition seeking certiorari.

2013 WL 5375983 at *3 (N.D.W. Va. Sept. 25, 2013) ("In the interest of judicial economy, this Court finds that holding CSX's motion for attorneys' fees and litigation expenses and bill of costs in abeyance pending the resolution of any appeal of the underlying jury verdict or other resolution of this civil action is the proper course of action at this time."). The stay allows for plaintiff's appellate proceedings to reach a conclusion before the court rules on the costs awardable to the prevailing party.

Additionally, the court finds it unnecessary to require plaintiff to post a bond to secure the payment of potential costs. Courts may exercise discretion in determining whether the posting of a bond is appropriate and may grant unsecured stays in instances where "the judgment debtor can currently easily meet the judgment and demonstrate that it will maintain the same level of solvency during appeal and when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose undue financial burden.'" Southeast Booksellers Ass'n v. McMaster, 233 F.R.D. 456, 458 (D.S.C. 2006) (quoting Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D.Va. 1999)). Here, there is no evidence nor argument to suggest plaintiff's

4

level of solvency is of any concern. Therefore, the court finds plaintiff is not required to post a bond.

It is ORDERED that plaintiff's motions to stay the taxing of costs are GRANTED.

The Clerk is directed to remove this case from the active docket while awaiting finality of the judgment entered herein and the Fourth Circuit's affirmance thereof.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 27, 2023

John T. Copenhaver, Jr.
Senior United States District Judge