UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DON BLANKENSHIP,

        Plaintiff,

v.                          Civil Action No.: 2:19-cv-00236

FOX NEWS NETWORK, LLC;
CABLE NEWS NETWORK, INC.;
MSNBC CABLE, LLC; 35th INC.;
WP COMPANY, LLC d/b/a The Washington Post;
MEDIAITE, LLC; FISCALNOTE, INC. d/b/a Roll Call;
NEWS AND GUTS, LLC; THE CHARLESTON GAZETTE-MAIL;
AMERICAN BROADCASTING COMPANIES, INC.; TAMAR AUBER;
GRIFFIN CONNOLLY; ELI LEHRER; and
DOES 1-50 INCLUSIVE,

        Defendants.


## MEMORANDUM OPINION AND ORDER


      Pending are the defendants' proposed bills of costs filed on March 4, 2022, by the following five defendants: Fox News Network, LLC ("Fox News") (ECF No. 1073); American Broadcasting Companies, Inc. ("ABC") (ECF No. 1075); MSNBC Cable, LLC ("MSNBC") (ECF No. 1074); Cable News Network, Inc. ("CNN") (ECF No. 1076); and WP Company, LLC (the "Washington Post") (ECF No. 1077).

The total costs sought are:

| | |
|---|---|
| Fox News | $ 68,507.09 |
| ABC | $ 27,971.77 |
| MSNBC | $ 24,216.37 |
| CNN | $ 15,921.71 |
| WP | $ 10,155.21 |
| Total | $146,772.15 |

See ECF No. 1073 at 1; ECF No. 1075 at 1; ECF No. 1076 at 1; ECF No. 1077 at 1; ECF No. 1074 at 1.[1]

Plaintiff filed motions objecting to nearly all costs sought by defendants. See Pl.'s Mots., ECF Nos. 1079, 1083, 1081, 1085, and 1087. Defendants filed responses in opposition

---

[1] The great portion of these costs are for deposition transcripts, the bulk of which are for non-expedited transcripts but a few of which are for expedited transcripts. Sought costs unrelated to transcripts are as follows:

| | |
|---|---|
| Fox News | $17,330.04 |
| ABC | $   250.00 |
| MSNBC | $   150.00 |
| CNN | $   116.84 |
| WP | $    75.00 |
| Total | $17,921.88 |

Excluding Fox News, the non-transcript costs are for the $50.00 visiting attorney fees paid to the District Clerk except for $41.84 of the $116.84 sought by CNN.

to plaintiff's objections.  <u>See</u> Def.'s Opp'ns. ECF Nos. 1090, 1091, 1092, and 1093.

## I.  Background

Plaintiff Don Blankenship instituted this action in the Circuit Court of Mingo County, West Virginia on March 14, 2019, asserting defamation and false light invasion of privacy claims against the defendants which are numerous media organizations, individual reporters, and others.  <u>See</u> Compl. ECF No. 1-1.  Defendant Fox News removed the case to federal court on March 29, 2019, citing the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, ECF No. 1 at ¶ 6.  Plaintiff and Fox News agree that the amount in controversy exceeded $75,000.  <u>Id.</u>; Compl. at ¶¶ 24-25.

Plaintiff, who had been convicted of a misdemeanor, alleged that media coverage during his campaign to run for United States Senate for the State of West Virginia, in which the media made statements referring to the plaintiff as a "felon" or "convicted felon," was responsible for his loss of the Republican party's bid during the Senate primary election.  <u>See</u> <u>id.</u>

All five of the defendants seeking costs filed separate motions for summary judgment, as did six of the other

defendants.  The court granted all the motions for summary
judgment by memorandum opinion and order, (ECF No. 1068), and
accompanying judgment order, (ECF No. 1069), on February 2,
2022.

Plaintiff filed a Notice of Appeal on February 24,
2022, indicating his appeal from the final judgment to the
United States Court of Appeals for the Fourth Circuit.  <u>See</u> ECF
No. 1071.  The court stayed the bills of costs proceedings
pending the appeal by order entered on March 27, 2023.  <u>See</u>
Order, ECF No. 1099.  The Court of Appeals for the Fourth
Circuit, on February 22, 2023, affirmed the court's judgment by
mandate, (ECF No. 1096), and the United States Supreme Court
denied certiorari on October 11, 2023, (ECF No. 1100).  The
court lifted the stay on December 1, 2023.  <u>See</u> Order, ECF No.
1101.

As earlier noted, defendants Fox News, ABC, MSNBC,
CNN, and the Washington Post filed proposed bills of costs.
Plaintiff takes objection to most of the costs sought by the
defendants.  Specifically, plaintiff objects to proposed costs
for (1) visiting attorney fees and, regarding Fox News, for
filing fees incurred in other districts to quash plaintiff-
served subpoenas in those districts; (2) Fox News' costs for
private service of process; (3) deposition costs related to

witness depositions that plaintiff claims were not used in defendants' respective motions for summary judgment; (4) other deposition related costs; (5) Fox News' costs for two hearing transcripts; and (6) Fox News' copying and printing costs.

Due to the COVID-19 pandemic, Magistrate Judge Omar Aboulhosn entered an agreed order in this case entitled "Order and Stipulation Regarding Protocol for Remote Depositions," (the "Protocol"), which established expectations and guidelines to govern how the parties would conduct remote depositions. <u>See</u> Protocol, ECF No. 651.

## II.  Legal Standard

Under the "American Rule," each party ordinarily bears the cost of their own litigation unless statutory authority provides otherwise. <u>See</u> <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hom. Res.</u>, 532 U.S. 598, 602 (2001); <u>see also</u> 10 <u>Wright & Miller's Fed. Prac. & Proc. Civ.</u> § 2675 (4th ed.).

Federal Rule of Civil Procedure 54(d)(1), entitled "Costs Other than Attorney's Fees," provides in part:

> Unless a federal statute, these rules, or a court
> order provides otherwise, costs -- other than
> attorney's fees -- should be allowed to the prevailing
> party.

Fed. R. Civ. P. 54(d)(1).  This rule "gives rise to a 'presumption that costs are to be awarded to the prevailing party[,]'" subject to the discretion of the district court. <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999).

The expenses which may be taxed are set forth in 28 U.S.C. § 1920 (2004), as noted below.  <u>See Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 441–42 (1987) (stating that section 1920 sets forth the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)).

The party opposing the imposition of costs must "show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."  <u>Ellis v. Grant Thornton LLP</u>, 434 F. App'x 232, 235 (4th Cir. 2011) (citing <u>Teague v. Bakker</u>, 35 F.3d 978, 996 (4th Cir. 1994)).

Moreover, the Fourth Circuit has stated that the district court "may not depart from the normal practice of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." <u>Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.</u>, 899 F.2d 291, 296 (4th Cir. 1990); <u>see Constantino v. Am. S/T Achilles</u>, 580 F.2d 121, 122–23 (4th Cir. 1978) (reversing the district

court's denial of costs where the district court stated no reason for its action).

An award of costs should be entered if a listed expense is authorized by statute and reasonably necessary to the litigation. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987).

The United States Supreme Court has cautioned that "taxable costs are limited by statute and are modest in scope." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012).

### III.  Analysis

Pursuant to 28 U.S.C. § 1920, a judge may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The latter two, (5) and (6), are not in issue.

## A.   Fees of the Clerk and Marshal

Plaintiff contests the visiting attorney fees sought by each defendant.[2]  See Pl.'s Mot., ECF No. 1079 at 9-10; Pl.'s Mot., ECF No. 1083 at 10-11; Pl.'s Mot., ECF No. 1081 at 10-11; Pl.'s Mot., ECF No. 1085 at 9-10; Pl.'s Mot., ECF No. 1087 at 9-10.  Additionally, regarding Fox News, plaintiff contests filing fees for "initiating five . . . additional cases in other district courts," in order to quash subpoenas served there by plaintiff.  Pl.'s Mot., ECF No. 1079 at 10.

### 1. Visiting Attorney Fees

At the time of filing, the fee for admission to practice as a "Visiting Attorney" in this district was $50.  See U.S.D.C. S.D. W. Va. District Court Fees (effective Dec. 1, 2020).

---

[2]  Plaintiff and all defendants excluding Fox News refer to the fees as "pro hac vice" fees.  Fox News appropriately labels these "visiting attorney" fees in accordance with our Local Rules.  See L.R. Civ. P. 83.6(c)(1).  Regardless of how they label the fees sought, all defendants seek the same: fees paid to the clerk of court to practice in the Southern District on a case-by-case basis.  No defendant seeks fees paid to the West Virginia State Bar.

Fox News seeks attorney fees totaling $300 for six attorneys. ECF No. 1073-1 at 2. ABC seeks attorney fees totaling $250 for five attorneys. ECF No. 1075-1 at 1. MSNBC seeks attorney fees totaling $150 for three attorneys. ECF No. 1074 at 2. CNN and the Washington Post seek attorney fees totaling $75 each, for a total of $150 for three attorneys, as the parties shared counsel and split costs in this matter. ECF No. 1076 at 3; ECF No. 1077 at 3.

Plaintiff opposes each request, arguing that, although section 1920(1) allows courts to tax "fees of the clerk," section 1914 suggests the clerk may collect additional fees aside from the filing fee "only as are prescribed by the Judicial Conference of the United States." Pl.'s Mot., ECF No. 1079 at 9-10 (quoting 28 U.S.C. § 1914(b)); Pl.'s Mot., ECF No. 1083 at 10-11; Pl.'s Mot., ECF No. 1081 at 10-11; Pl.'s Mot., ECF No. 1085 at 9-10; Pl.'s Mot., ECF No. 1087 at 9-10. Further, plaintiff argues, because visiting attorney fees are neither expressly stated by statute nor mentioned in the Judicial Conference Schedule of Fees, they should not be considered taxable costs. See Pl.'s Mot., ECF No. 1079 at 10; Pl.'s Mot., ECF No. 1083 at 11; Pl.'s Mot., ECF No. 1081 at 11; Pl.'s Mot., ECF No. 1085 at 10; Pl.'s Mot., ECF No. 1087 at 10.

Defendants emphasize that they seek the fees paid to the clerk of this court, not those payable to the West Virginia Bar.  See Def.'s Opp'n., ECF No. 1092 at 4 (Fox News seeks only visiting attorney fees paid directly to the clerk); Def.'s Opp'n., ECF No. 1093 at 9 (ABC did not seek out-of-state attorney fees paid to the West Virginia State Bar); Def.'s Opp'n., ECF No. 1090 at 7 (MSNBC seeks only its visiting attorney fees that were paid to the Clerk's office); Def.'s Opp'n., ECF No. 1091 at 6 (CNN and WP seek only the filing fees paid to the Clerk).

The Fourth Circuit has not ruled whether visiting attorney or pro hac vice fees are recoverable under section 1920, and district courts within the circuit are split on the issue.  See In re Tara Retail Grp., LLC, 636 B.R. 439, 460 (Bankr. N.D. W. Va. 2021) (collecting cases).  When considering the taxability of costs, district courts look to the local rules for guidance.  Compare Belk, Inc. v. Meyer Corp., No. 3:07-cv-168-DSC, 2010 WL 3474918, at *10 (W.D.N.C. Aug. 31, 2010) (denying pro hac vice fees by local rule), with Synergistic Int'l, L.L.C. v. Korman, No. 2:05-cv-49, 2007 WL 517676, at *2 (E.D. Va. Feb. 8, 2007) (finding taxation of pro hac vice fees to be proper).

Our Local Rule 54.1 provides that "[f]ees and costs shall be taxed and paid in accordance with the provisions of 28 U.S.C. §§ 1911-1929, and other controlling statutes and rules." L.R. Civ. P. 54.1.  Local Rule 83.6(c) splits the fee for admission; the "Visiting Attorney fee" is listed as payable to the Clerk, whereas the "Pro Hac Vice" fee imposed by the Supreme Court of Appeals of West Virginia applicable to visiting attorneys, which is not sought here, is not payable to this court's clerk.  L.R. Civ. P. 83.6(c)(1)-(2).

The court has awarded visiting attorney fees in instances where the requests for the fees were unopposed, but inasmuch as the requests for fees are opposed here, those cases are of no precedential value to this matter.  See W. Va. Highlands Conservancy, Inc., No. 2:07-CV-0410, 2011 WL 90163, at *4 (S.D.W. Va. Jan. 10, 2011); see also W. Va. Coal. against Domestic Violence, Inc. v. Morrisey, No. 2:19-CV-00434, 2023 WL 8582593, at *14 (S.D.W. Va. Dec. 11, 2023).

The Ninth and Seventh Circuits have found that pro hac vice fees are not recoverable under section 1920(1) and the narrow construction applied thereto in Taniguchi.  See Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013); Canter v. AT&T Umbrella Benefit Plan No. 3, 33

F.4th 949, 959 (7th Cir. 2022) (<u>citing</u> <u>Taniguchi</u>, 566 U.S. at 573).[3]

      The Ninth Circuit reasoned in a per curiam opinion that the term "fees of the clerk" in section 1920(1) draws its meaning from 28 U.S.C. § 1914, which authorizes district courts to collect a filing fee and "such additional fees only as are prescribed by the Judicial Conference of the United States." <u>See</u> <u>Kalitta</u>, 741 F.3d at 957.  The Judicial Conference's fee schedule does not refer to "<u>pro</u> <u>hac</u> <u>vice</u>" fees and only provides for a $199 fee "[f]or original admission of attorneys to practice," which includes a certificate of admission.  <u>See</u> 28 U.S.C. § 1914, Dist. Ct. Misc. Fee Schedule # 10.  The Seventh Circuit in <u>Canter</u> "align[ed itself] with the Ninth Circuit, which came to the same conclusion with respect to <u>pro</u> <u>hac</u> <u>vice</u> fees" and, citing <u>Taniguchi</u>, set aside its previous conclusion

---

[3]  The Eighth Circuit has addressed this issue, awarding costs for <u>pro</u> <u>hac</u> <u>vice</u> admission, but the court issued the opinion in that instance prior to the Supreme Court's decision in <u>Taniguchi</u>, and the court relied in part on a district court opinion which "conclude[d] that 28 U.S.C. § 1920 should not be construed so narrowly as to preclude the taxing of [<u>pro</u> <u>hac</u> <u>vice</u>] costs," a proposition unaligned with <u>Taniguchi</u>.  <u>See</u> <u>Craftsmen Limousine, Inc. v. Ford Motor Co.</u>, 579 F.3d 894, 898 (8th Cir. 2009) (internal quotations omitted)(quoting <u>Glastetter v. Sandoz Pharms. Corp.</u>, No. 1:97cv131ERW, 2000 WL 34017154, at *1 n.2 (E.D.Mo. Oct.3, 2000)); <u>see also</u> <u>Taniguchi</u>, 566 U.S. at 572.

that such fees were recoverable.  Canter, 33 F.4th at 959 (citing Taniguchi, 566 U.S. at 573).

The Ninth Circuit's analysis comports with the limited and modest scope disseminated by Taniguchi, wherein the Supreme Court closely read the pertinent statute and concluded that "[t]axable costs are limited to relatively minor, incidental expenses," and that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit."  566 U.S. at 573 (internal quotation marks omitted).

In view of the Supreme Court's decision in Taniguchi, and inasmuch as pro hac vice fees – defined in this District as visiting attorney fees – are not mentioned in the Judicial Conference Schedule of Fees, the court concludes that section 1920(1) does not allow for an award of pro hac vice fees as taxable costs.  Accordingly, visiting attorney fees are not recoverable as "fees of the clerk" under section 1920(1).  The total requested costs are denied as follows:

Fox News   $300.00

ABC        $250.00

MSNBC      $150.00

CNN        $ 75.00

WP         $ 75.00

Total      $850.00

2.  Filing Fees in Other Cases

In the only request in this sub-category, Fox News seeks $245 for filing fees related to five "miscellaneous" cases ($49 each) opened in the Southern District of New York and the District of Columbia to quash various subpoenas served by plaintiff.  ECF No. 1073-1 at 2.

Plaintiff objects in a single paragraph without citation to law to support his position, that although filing fees may generally be recoverable, the costs incurred to initiate other cases are not.  Pl.'s Mot., ECF No. 1079 at 10. Plaintiff asserts that the motions "were ultimately transferred to [the Southern District of West Virginia], thereby rendering the initiation of these additional cases wholly unnecessary." Id.

Fox News argues, also without citation to law in support of its position, that these fees are "'fees of the clerk' for the case initiation it paid to move to quash and seek protective orders pursuant to five subpoenas [that plaintiff] served on current and former . . . officers and employees." Def.'s Opp'n., ECF No. 1092 at 5.  Fox News states that it was required to file the motions in New York and the District of Columbia "because the subpoenas commanded compliance within those jurisdictions."  Id.

14

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), a motion to quash a subpoena must be made to "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Fox News' characterization of the fees as "miscellaneous" in its Bill of Costs does not abrogate their necessity under Rule 45. The fees were necessarily incurred and paid to each court's respective clerk to quash plaintiff's subpoenas related to this matter. See ECF No. 1073-2 at 14-28. Furthermore, plaintiff has not shown these fees to be unreasonable or the product of misconduct on the part of Fox News. The court taxes plaintiff the filing fees from other jurisdictions, necessitated by plaintiff's subpoenas, in the amount of $245.00 payable to Fox News.

3.  Private Process Server Costs

In the only request in this sub-category, Fox News seeks to recover $5,145 in costs for the service of sixteen subpoenas by private process servers. ECF No. 1073-1 at 2-3. Plaintiff objects to such costs on the basis that district courts have found that private process server costs are not taxable under section 1920. Pl.'s Mot., ECF No. 1079 at 11 (citing Ramonas v. W. Virginia Univ. Hosps.-E., Inc., No. 3:08-CV-136, 2010 WL 3282667, at *18 (N.D.W. Va. Aug. 19, 2010) (additional citations omitted)).

15

The district court in <u>Ramonas</u> concluded that service of process by private process servers is not taxable under section 1920(1) because private process costs do not fall within the purview of "[f]ees of the clerk and marshal." <u>Id.</u> at *18 (citing <u>Cofield v. Crumpler</u>, 179 F.R.D. 510, 515 (E.D. Va. 1998)). The <u>Ramonas</u> court did not consider the relevant circuit split on the issue. <u>See id.</u> Although the Fourth Circuit has not weighed in on whether costs for private process servers are taxable, many sister circuits have. <u>See Qayumi v. Duke Univ.</u>, 350 F. Supp. 3d 432, 435 (M.D.N.C. 2018) (collecting cases); <u>Knowles v. Temple Univ.</u>, 109 F.4th 141 (3d Cir. 2024); <u>infra</u> at 16-17.

The Eighth and Third Circuits interpret section 1920 as not allowing the taxation of private process server costs. <u>Crues v. KFC Corp.</u>, 768 F.2d 230, 234 (8th Cir. 1985) ("Nor can KFC recover $250 for use of a special process server, because [section 1920] contains no provision for such expenses."); <u>Knowles</u>, 109 F.4th at 145 ("[W]e decline to interpret § 1920(1) to reach private actors and thus reverse the award for costs incurred for private process servers."). The Fifth Circuit has held that private process server costs are taxable only under "exceptional circumstances." <u>Marmillion v. Am. Int'l Ins. Co.</u>, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (unpublished)

16

(citing <u>Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.</u>, 118
F.3d 245 (5th Cir. 1997)).

  In contrast, the Seventh, Eleventh, Sixth, and Second
Circuits have all held that private process server costs are
taxable under section 1920, not exceeding the amount of taxable
costs had the U.S. Marshals Service itself effectuated service.
In <u>Collins v. Gorman</u>, Judge Easterbrook observed that section
1920(1) may be read "to permit an award of costs <u>measured</u> by the
marshal's fees, whether or not the prevailing party <u>used</u> the
marshal . . . Section 1920(1) refers to the fees 'of' the
marshal but does not require payment 'to' the marshal."  96 F.3d
1057, 1060 (7th Cir. 1996) (emphasis in original).  It was
further held that, "[a]lthough the language of § 1920 does not
compel this understanding, neither does it preclude it . . . we
think it best to resolve the ambiguity of § 1920 in favor of
permitting the prevailing party to recover service costs that do
not exceed the marshal's fees, no matter who actually effected
service."  <u>Id</u>.

  In accordance with the result reached in <u>Collins v.
Gorman</u> are <u>U.S. E.E.O.C. v. W&O, Inc.</u>, 213 F.3d 600, 624 (11th
Cir. 2000) (holding the same); <u>Arrambide v. Wal-Mart Stores,
Inc.</u>, 33 F. App'x 199, 203 (6th Cir. 2002) (per curiam)
(unpublished) (holding the same); <u>see</u> <u>U.S. for Use & Benefit of</u>

17

<u>Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.</u>, 95 F.3d 153, 172 (2d Cir. 1996) (holding that the taxation of private process server costs is allowed at the discretion of the district court, up to the amount the marshals service would have incurred). The Ninth Circuit allows taxation of private process server costs without the abovementioned limitation. <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 178 (9th Cir. 1990).

While the Third Circuit's recent analysis in <u>Knowles</u> is a sound one, the court finds the majority's reasoning most persuasive, and taxes the amount of private process server costs that the marshals service would have incurred in effectuating service of the sixteen subpoenas to the extent that cost is known. The marshals service's fee schedule specifies that the "[service] shall routinely collect fees . . . [f]or process served or executed personally — $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee . . . plus travel costs and any other out-of-pocket expenses."[4] 28 C.F.R. § 0.114 (2013).

---

[4] Section 1921 does not allow the marshal to collect, nor the court to tax, travel expenses for service of process within the District of Columbia. <u>See</u> 28 U.S.C. § 1921(a)(1)(G). Two invoices reflect service of process within Washington, D.C. <u>See</u> ECF No. 1073-3 at 3, 8 (showing that DecisionQuest, LLC was served twice in Washington, D.C.).

However, the relevant invoices produced by Fox News do not reflect the time spent, mileage covered, or out-of-pocket expenses incurred by respective private process servers on respective service attempts. <u>See</u> ECF No. 1073-3. Fox News also fails to explain the necessity of "rush" or "immediate" service in fifteen of the sixteen service invoices, <u>see</u> ECF No. 1073-3 at 2-4, 7-35, or the necessity of the many service attempts at incorrect addresses. <u>See</u> ECF No. 1073-3 at 6, 10, 12, 14, 18, 22, 24, 26, 28, 35 (listing twelve service attempts at incorrect addresses which then required additional service attempts).

Because the court cannot meaningfully determine the corresponding marshals service costs for effectuating the sixteen subpoenas, it taxes plaintiff the minimum amount of costs the marshals service could have incurred, which is $65 per subpoena for the first hour of service of each of the sixteen subpoenas, for a total of $1,040.00 payable to Fox News. Fox News' total requested costs are denied by $4,105.00.

B.    Transcript Costs

This is a broad category that includes primarily non-expedited deposition transcripts, five expedited deposition transcripts, and costs for miscellaneous services related to those transcripts. All five defendants seek costs for transcripts as follows:

```
Fox News   $ 51,177.05

ABC        $ 27,721.77

MSNBC      $ 24,066.37

CNN        $ 15,804.87

WP         $ 10,080.21

Total      $128,850.27
```

See ECF No. 1073 at 1; ECF No. 1075 at 1; ECF No. 1074 at 1; ECF No. 1076 at 1; ECF No. 1077 at 1.

Plaintiff argues that defendants Fox News, ABC, and MSNBC should not be permitted to recover costs for various depositions that he alleges were not used in connection with defendants' respective motions for summary judgment. Pl.'s Mot., ECF No. 1079 at 13 (Fox News); Pl.'s Mot., ECF No. 1083 at 11-12 (ABC); Pl.'s Mot., ECF No. 1081 at 11-12 (MSNBC). Plaintiff objects to line items in the transcript invoices he claims are "ancillary costs" and not "'necessary for use,' as opposed to conveniences that do not come within the purview of Section 1920." Pl.'s Mot., ECF No. 1079 at 13; Pl.'s Mot., ECF No. 1083 at 14; Pl.'s Mot., ECF No. 1081 at 12-13; Pl.'s Mot., ECF No. 1085 at 10; Pl.'s Mot., ECF No. 1087 at 10. Plaintiff also argues:

(1) costs for expedited transcripts are not recoverable;

(2) processing and handling of deposition transcripts are not recoverable;

(3) "DVD/MPEG conversion" costs were not necessary and are not taxable;

(4) exhibit costs are not taxable as they are "primarily for the convenience of counsel;" and

(5) additional "convenience" charges are not included in Section 1920 and thus cannot be recovered.

See id.

Regarding defendants ABC, MSNBC, CNN, and the Washington Post, plaintiff contends:

(1) costs for rough and for condensed transcripts are not recoverable;

(2) as defendants did not prove that "Realtime" transcription costs were necessary, such costs are not recoverable; and

(3) "text-to-video synchronization" costs were not necessary and thus are not taxable to plaintiff. [5]

See Pl.'s Mot., ECF No. 1083 at 11-12 (ABC); Pl.'s Mot., ECF No. 1081 at 11-12 (MSNBC); Pl.'s Mot., ECF No. 1085 at 10-12 (CNN); Pl.'s Mot., ECF No. 1087 at 10-12 (the Washington Post).

---

[5] Fox News does not request costs for rough or condensed transcripts, "Realtime" transcription costs, or "text-to-video synchronization" costs.

Under section 1920, a court may only grant costs for printed or electronically recorded transcripts that are "necessarily obtained" for use in the case.  28 U.S.C. § 1920(2).

1.  Deposition Related Costs for Depositions Not Used in Motions for Summary Judgment

Plaintiff does not oppose the recovery of non-expedited transcript costs incurred by CNN or the Washington Post because of non-use in those defendant's respective dispositive motions.  See Pl.'s Mot., ECF No. 1085 (CNN); Pl.'s Mot., ECF No. 1087 (the Washington Post).  Rather, plaintiff objects on the mistaken ground that all of the six transcripts ordered by either CNN or the Washington Post were expedited. See ECF No. 1085-1 (CNN); ECF No. 1087-1 (the Washington Post). This is simply not the case.  See ECF No. 1076 (CNN); ECF No. 1077 (the Washington Post).  Pursuant to the analysis that follows, those costs of CNN and the Washington Post will be further dealt with on page 33 and in the chart on page 35.

As to Fox News, ABC, and MSNBC, plaintiff opposes many of their costs for transcripts, arguing that district courts within the Fourth Circuit "have concluded that it is reasonable to tax only those depositions submitted in connection with the dispositive motion that terminated the litigation," and

22

contending that defendants Fox News, ABC, and MSNBC should not be permitted to recover costs for various depositions that he alleges were not used in connection with their respective motions for summary judgment. Pl.'s Mot., ECF No. 1079 at 11 (Fox News) (citing Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 589 (D. Md. 2004)); Pl.'s Mot., ECF No. 1083 at 11-12 (ABC); Pl.'s Mot., ECF No. 1081 at 11 (MSNBC).

It is to be noted that the bulk of these depositions were noticed for deposition by plaintiff. Plaintiff adds that "[t]he general rule is that 'depositions taken solely for discovery are not taxable as costs.'" Pl.'s Mot., ECF No. 1079 at 11 (quoting Marcoin, Inc. v. Edwin K. Williams & Co., 88 F.R.D. 588, 592 (E.D. Va. 1980)); Pl.'s Mot., ECF No. 1083 at 12; Pl.'s Mot., ECF No. 1081 at 12. By virtue of the following analysis, the resolution of these costs claimed by Fox News, ABC, and MSNBC is set forth on the summary chart at the conclusion of this segment on page 34.

When considering whether to award the cost of a deposition transcript to the prevailing party, the Fourth Circuit has directed the court to consider whether a challenged deposition was "reasonably necessary at the time of its taking." LaVay Corp., 830 F.2d at 528. The Fourth Circuit has since clarified that "the concept of necessity for use in the case connotes something more

than convenience or duplication to ensure alternative methods for presenting materials at trial." Cherry, 186 F.3d at 449 (citing 28 U.S.C. § 1920).

The district court in Wyne — upon which authority plaintiff primarily relies — acknowledged that its decision to decline to tax the costs of some depositions not submitted on the issue resulting in summary judgment was discretionary, based on the standard promulgated by Cherry. See Wyne, 329 F. Supp. 2d at 589 (citing Advance Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 161 (D. Md. 1968), aff'd and remanded, 415 F.2d 55 (4th Cir. 1969)).

In Marcoin, the district court concluded that specific depositions which were introduced as evidence or used at trial for impeachment purposes were necessarily obtained for use in the case and taxable as costs. See Marcoin, 88 F.R.D. 588 at 592. The court was not faced with the issue of taxing costs related to depositions not used at trial. Id. Indeed, the court conducted a "necessary for preparation" analysis and concluded that "the cost of depositions necessarily obtained for use in the case are taxable as costs. They are taxable 'where necessary for defendant's preparation for trial,' and where there was 'a reasonable need that counsel have a copy of the depositions.'" Id. (citing Worley v. Massey-Ferguson, Inc., 79

24

F.R.D. 534, 537 (D.C. Miss.1978) (collecting cases) (additional citations omitted)).

More analogous to the circumstances before the court is LaVay Corp., wherein the Fourth Circuit considered whether the party seeking costs could recover the costs of obtaining deposition transcripts that were not introduced at trial because the defendant won a directed verdict at the conclusion of the plaintiff's case. 830 F.2d at 528. Considering the "reasonably necessary" standard, the court concluded that the deposition transcripts were only unused because of the directed verdict outcome and not due to the unreasonable taking of the depositions. Id. The court remanded for consideration of whether the costs were consistent with the "reasonably necessary" standard. Id. This approach follows the language of 28 U.S.C. § 1920(2) which permits recovery for costs for "printed or electronically recorded transcripts necessarily obtained for use in the case."

Similarly, here, defendants were not required to use some of the deposition transcripts for their dispositive motions; but costs are awardable "when the taking of a deposition is reasonably necessary at the time of its taking." Id. (citing Schmid v. Frosch, 609 F. Supp. 490, 492 (D.D.C. 1985)).

a.   ABC

First, the transcript of the deposition of John Verhovek was used in ABC's motion for summary judgment. See ECF No. 889.  Plaintiff does not object to the cost of the transcript based on non-use in ABC's motion.  See Pl.'s Mot., ECF No. 1083 at 12.  Plaintiff objects on the basis that the transcript was expedited.  See ECF No. 1083-1.  This again is not the case.  ECF No. 1075-2 at 11-12 (invoice reflecting the non-expedited transcript cost of John Verhovek).  Because of the transcript's use in the dispositive motion that resolved plaintiff's claims against ABC, its costs are taxable.

Plaintiff objects to ABC's proposed costs for transcripts of each of ten plaintiff-noticed depositions of: Richard Davis, ECF No. 1075-2 at 17-18; Dana Bash, id. at 19-20; Marian Porges, id. at 21; Sarah Cupp, id. at 22-23; Christopher Hayes, id. at 24-25; Joshua Dawsey, id. at 26-27; Neil Cavuto, id. at 28-29; Karl Rove, id. at 30-31; Andrew Napolitano, id. at 32-33; and Joy Reid, id. at 34-35.

Plaintiff's own initiation of these depositions serves as plaintiff's acknowledgment of their necessity at the respective times of their taking.  See e.g., Irani v. Palmetto Health, No. 3:14-CV-3577-CMC, 2016 WL 3922329, at *3 (D.S.C. July 21, 2016) ("Having been the party who noticed these

26

depositions, Plaintiff cannot (and does not) argue the depositions themselves were unnecessary."); <u>Salamey v. Salami</u>, No. 23-10630, 2025 WL 1113136, at *1 (E.D. Mich. Apr. 15, 2025) ("When plaintiffs either initiated or relied on the depositions in defending the motions for summary judgment, they cannot claim they were unnecessary.").  It is reasonable that opposing counsel sought transcripts of the depositions noticed by plaintiff for use at trial or to prepare its case for trial, and thus the above transcripts from plaintiff-noticed depositions are taxable.

Plaintiff also objects to ABC's proposed costs for transcripts of Fox News-noticed depositions of: Stan Smith, ECF No. 1075-2 at 13-14; Jordan Burgess, <u>id.</u> at 15; and Farrah Meiling Hobbs, <u>id.</u> at 16.

Stan Smith is an economic and financial consultant who served as plaintiff's expert witness with regard to "the loss of earnings suffered by [plaintiff]."  ECF No. 884-31 at 2.  The necessity for opposing counsel, including ABC's counsel, to depose plaintiff's expert witness before trial is apparent.  The deposition of plaintiff's expert falls squarely within the reasonably necessary standard, and the transcript cost is taxable.

With respect to Jordan Burgess and Farrah Meiling Hobbs, ABC asserts their depositions were reasonably necessary inasmuch as the two individuals were "third party witnesses" to plaintiff's claims.  See Def.'s Opp'n., ECF No. 1083 at 12. Aside from plaintiff's objections that these depositions were not used in ABC's motion for summary judgment and are not shown as reasonably necessary, plaintiff does not contest ABC's characterization of those two individuals as third party witnesses.  See ECF No. 1094.  However, ABC does not provide any further information as to why they sought the testimony of these witnesses or how that testimony was reasonably necessary to aid in ABC's defense or preparation for trial.  Accordingly, ABC's total requested costs for deposition transcripts are denied by $1,043.90, being those costs for Burgess and Hobbs.

The court taxes plaintiff for transcript costs notwithstanding the non-use of the transcripts in ABC's motion for summary judgment as depicted in the chart on page 34.

b.   MSNBC

The transcripts of the depositions of Christopher Hayes, Marian Porges, and Joy Reid were used in MSNBC's motion for summary judgment.  See ECF No. 883.  Plaintiff does not object to the cost of the transcripts based on non-use in MSNBC's motion.  See Pl.'s Mot., ECF No. 1081 at 12.  Plaintiff

28

objects on the basis that the transcripts were expedited, see ECF No. 1081-1, which, once again, is not the case.  ECF No. 1074 at 16-17 (invoice reflecting the non-expedited transcript cost of Christopher Hayes); id. at 20-21 (invoice reflecting the non-expedited transcript cost of Marian Porges); id. at 18-19 (invoice reflecting the non-expedited transcript cost of Joy Reid).  Because of the use of those three transcripts in the dispositive motion that resolved plaintiff's claims against MSNBC, their costs are taxable.

Plaintiff objects to MSNBC's proposed costs for transcripts of six plaintiff-noticed depositions of: Dennis Horgan,[6] ECF No. 1074 at 26-27; Richard Davis, id. at 29-30; John Verhovek, id. at 31-32; Rupert Murdoch, id. at 35; Sarah Cupp, id. at 38-39; and Kevin McLaughlin, id. at 40.  Consistent with the above analysis, the court taxes plaintiff for the above six transcript costs notwithstanding the non-use of the transcripts in MSNBC's motion for summary judgment as depicted in the chart on page 34.

---

[6]  Contrary to plaintiff's position, the deposition transcript of Dennis Horgan was relevant to MSNBC's summary judgment proceedings.  Def.'s Opp'n., ECF No. 1090 at 8-9.  MSNBC cited Horgan's deposition in its reply in support of its motion for summary judgment.  ECF No. 938 at 13.  Further, the court cited to it in its memorandum opinion and order granting summary judgment.  See ECF 1068.

Plaintiff also objects to MSNBC's proposed cost for the transcript of the Fox News-noticed deposition of plaintiff's expert witness, Stan Smith, ECF No. 1074 at 22-25.  Having determined the reasonable necessity of deposing plaintiff's expert before trial, the court also taxes plaintiff for the transcript cost of Stan Smith notwithstanding its non-use in MSNBC's motion for summary judgment as depicted in the chart on page 34.

    c.   Fox News

First, the transcripts of the 12 depositions of Andrew Napolitano, Neil Cavuto, John Verhovek, Joy Reid, Sarah Cupp, Kevin McLaughlin, Joseph Lockhart, Alan Komissaroff, Gavin Hadden, Karrah Kaplan, Karl Rove, Chris Stirewalt were used in Fox News' motion for summary judgment.  See ECF No. 891. Plaintiff does not object to the cost of these transcripts based on non-use in Fox News' motion.  See Pl.'s Mot., ECF No. 1079 at 12.  Plaintiff objects on the basis that the transcripts were expedited, see ECF No. 1079-1, which, once more, is not the case.  See ECF No. 1073-4.  Because of the transcripts' use in the dispositive motion that resolved plaintiff's claims against Fox News, their costs are taxable.

Plaintiff objects to Fox News' proposed costs for transcripts of three plaintiff-noticed depositions: Antonia

Ferrier, ECF No. 1073-4 at 15-16; Rupert Murdoch, id. at 27-28; and Karrah Kaplan, id. at 103-105.  Consistent with the above analysis, these transcripts are taxable.

Plaintiff objects to the Fox News-noticed deposition of plaintiff's expert, Stan Smith, id. at 50-51, 57-60, which the court finds reasonably necessary and taxable.

Plaintiff also objects to the Fox News-noticed depositions of: Paula Blankenship, id. at 62-63, 65-66; Farrah Meiling Hobbs, id. at 80-82, 87-88; Jordan Burgess, id. at 84-85, 90-91, 124-125; and First Page Management,[7] id. at 120-122, 135-136. Plaintiff objects as well to Fox News receiving costs for the deposition transcripts of: Darius Fisher, id. at 53-55, 75-78; Paul Jepsen, id. at 68-70, 72-73; and Alex Isenstadt, id. at 166-167.  The court cannot determine from the docket who noticed these three depositions.

The court declines to tax costs for the deposition transcripts of Paula Blankenship, Farrah Meiling Hobbs, Jordan Burgess, First Page Management, Darius Fisher, Paul Jepsen, and Alex Isenstadt.  Fox News provides no information as to why these depositions were reasonably necessary at the time of their taking to aid in its defense or preparation for trial.  Further,

---

[7]  Two invoices reflect "First Page Management" as the deposition witness.  ECF No. 1073-4 at 120-122, 135-136.

it is not discernable from the docket which party noticed the depositions of the latter three. Accordingly, Fox News' total requested transcript costs are denied by $3,526.95.

      d.  CNN and the Washington Post

      With respect to CNN and the Washington Post, plaintiff does not contest the recovery of transcript costs because of non-use in the Washington Post's and CNN's respective dispositive motions. See Pl.'s Mot., ECF No. 1085 (CNN); Pl.'s Mot., ECF No. 1087 (the Washington Post). Plaintiff objects instead on the basis that the transcripts were expedited, which is not the case. Supra at 22-23.

      CNN seeks the five transcript costs of Dana Bash, Sarah Cupp, Richard Davis, Joseph Lockhart, and Kevin McLaughlin, all of which were used in CNN's motion for summary judgment. See ECF No. 885. The Washington Post seeks the transcript cost of Joshua Dawsey, which was used in the Washington Post's motion for summary judgment. See ECF No. 887. Because of the transcripts' use in the dispositive motion that resolved plaintiff's claims against CNN and the Washington Post, their costs are taxable.

e.   Summary of Non-Expedited Transcript Costs

The chart that follows depicts the total non-expedited transcript costs of Fox News, ABC, and MSNBC with a column for those granted as reasonably necessary and one for those denied. In the "granted" column, "MSJ" signifies use in a defendants' motion for summary judgment; "PN" signifies that the corresponding deposition was noticed by plaintiff; and "PE" signifies plaintiff's expert:

| Deponent | Fox News | ABC | MSNBC | Granted | Denied |
|---|---|---|---|---|---|
| Dana Bash | | $657.00 | | MSJ & PN | |
| Paula Blankenship | $481.50 | | | | X |
| Jordan Burgess | $588.90 | $551.15 | | | X |
| Neil Cavuto | $1,023.35 | $949.50 | | MSJ & PN | |
| Sarah Cupp | $790.55 | $790.55 | $790.55 | MSJ & PN | |
| Richard Davis | $621.00 | $621.00 | $621.00 | MSJ & PN | |
| Joshua Dawsey | | $648.00 | | MSJ & PN | |
| Antonia Ferrier | $716.10 | | | PN | |
| Darius Fisher | $479.40 | | | | X |
| Gavin Hadden | $549.00 | | | MSJ | |
| Christopher Hayes | | $778.50 | $839.05 | MSJ & PN | |
| Farrah Hobbs | $735.75 | $492.75 | | | X |
| Dennis Horgan | | | $431.65 | MSJ & PN | |
| Alex Isenstadt | $746.90 | | | | X |
| Paul Jepsen | $494.50 | | | | X |
| Karrah Kaplan | $630.00 | | | MSJ | |
| Alan Komissaroff | $913.50 | | | MSJ | |
| Joseph Lockhart | $391.50 | | | MSJ | |
| Kevin McLaughlin | $758.45 | | $758.45 | MSJ & PN | |
| Rupert Murdoch | $999.45 | | $342.65 | PN | |
| Andrew Napolitano | $1,246.45 | $1,156.50 | | MSJ & PN | |
| Marian Porges | | $319.55 | $319.55 | MSJ & PN | |
| Joy Reid | $472.50 | $472.50 | $509.25 | MSJ & PN | |
| Karl Rove | $774.00 | $774.00 | | MSJ & PN | |
| Stan Smith | | $1,469.55 | $1,469.55 | PE | |
| Chris Stirewalt | $808.50 | | | MSJ | |
| John Verhovek | $751.50 | $751.50 | $751.50 | MSJ & PN | |
| **Total Requested** | **$14,972.80** | **$10,432.05** | **$6,833.20** | | |
| **Less Denied** | $3,526.95 | $1,043.90 | – | | |
| **Total Granted** | **$11,445.85** | **$9,388.15** | **$6,833.20** | | |

For the reasons earlier given, the following non-expedited transcript costs of CNN and the Washington Post are all granted as reasonably necessary:

| Deponent | CNN | WP |
|---|---|---|
| Dana Bash | $657.00 | |
| Sarah Cupp | $790.55 | |
| Richard Davis | $621.00 | |
| Joshua Dawsey | | $648.00 |
| Joseph Lockhart | $421.95 | |
| Kevin McLaughlin | $758.45 | |
| **TOTAL** | $3,248.95 | $648.00 |

e.    Expedited Transcript Costs

Expedited transcript costs are sought for only five of those who were deposed, as set forth in the chart on page 39.

Plaintiff argues that the costs for expedited deposition transcripts are taxable "only when expedited processing was 'necessarily obtained [] for use in the case'" and that defendants "offered no justification for the expenses charged for expedited deposition transcripts."  Pl.'s Mot., ECF No. 1079 at 14 (quoting Borum v. Brentwood Vill., LLC, No. CV 16-1723 (RC), 2020 WL 5291982, at *16 (D.D.C. Sept. 4, 2020)); Pl.'s Mot., ECF No. 1083 at 13; Pl.'s Mot., ECF No. 1081 at 13; Pl.'s Mot., ECF No. 1085 at 11; Pl.'s Mot., ECF No. 1087 at 11.

35

Defendants respond by pointing out that courts have repeatedly awarded costs for expedited transcripts when such costs were reasonably necessary, and that the expedited transcripts sought here were necessary because of fast-approaching deadlines that required use of the transcripts. Def.'s Opp'n., ECF No. 1093 at 13–14 (ABC) (citing <u>Francisco v. Verizon S., Inc.</u>, 272 F.R.D. 436, 444 (E.D. Va. 2011)); Def.'s Opp'n., ECF No. 1090 at 11 (MSNBC) (citing, <u>inter alia</u>, <u>SAS Inst., Inc. v. World Programming Ltd.</u>, No. 5:10-CV-25-FL, 2016 WL 4995071, at *3 (E.D.N.C. Sept. 19, 2016)); <u>see also</u> Def.'s Opp'n., ECF No. 1092 at 8 (Fox News); Def.'s Opp'n., ECF No. 1091 at 4 (CNN & the Washington Post).

Specifically, defendants argue they needed expedited transcripts for plaintiff's deposition because the deposition "was taken on April 29-30, 2021, and the deadline for filing motions for summary judgment was May 24, 2021 – barely three weeks later." Def.'s Opp'n., ECF No. 1093 at 14 (ABC); <u>see also</u> Def.'s Opp'n., ECF No. 1092 at 8 (Fox News); Def.'s Opp'n., ECF No. 1090 at 12 (MSNBC); Def.'s Opp'n., ECF No. 1091 at 4 (CNN & the Washington Post). Fox News, CNN, and the Washington Post apply the same argument to the deposition of Stan Smith, which took place less than 30 days before the motion for summary

judgment deadline.[8]  See Def.'s Opp'n., ECF No. 1092 at 8; Def.'s
Opp'n., ECF No. 1091 at 4.  Regarding the remaining three
expedited deposition transcripts of Gary Villapiano, Martha
MacCallum and Jay Wallace, Fox News states that "plaintiff took
[the three depositions] after the end of fact discovery . . .
[and Fox News] needed those transcripts promptly . . . because
[plaintiff's] surreply brief in opposition to [Fox News']
summary judgment motion and [its] surrebuttal brief in support
were due soon thereafter . . . ."  Def.'s Opp'n., ECF No. 1092
at 8.

    Critically, plaintiff is unresponsive to any of the
above justifications for expedition costs in his reply to
defendants' response briefings.  See ECF No. 1094.

    Plaintiff's deposition, as noted in the previous
paragraph, was necessarily delayed until defendants received
documents withheld by plaintiff in discovery, documents only
disclosed after a combined motion to compel.  See Def.'s Opp'n.,
ECF No. 1090 at 8 ("[Plaintiff's] own failure to produce
documents delayed his deposition until the end of discovery.");
ECF No. 818 (Defs.' Combined Motion to Compel); ECF No. 835
(ordering plaintiff to produce documents sought in the Combined

---

[8]  The court notes that defendants ABC and MSNBC did not expedite
the transcript of plaintiff's expert, Stan Smith.

Mot. to Compel).  As an examination of the chart on page 39 reflects, plaintiff's delay of his two-day deposition resulted in expedited transcript costs that alone aggregate $27,311.80.

The May 2, 2021, deposition of plaintiff's damages expert, Stan Smith, was similarly taken within the same three weeks of the impending deadline.  The November 9, 2021, deposition of Gary Villapiano, ECF No. 1073-4 at 31-32, the November 15, 2021, deposition of Martha MacCallum, id. at 24-25, and the November 16, 2021, deposition of Jay Wallace, id. at 19-20, were taken by plaintiff after the close of discovery and near the deadline for Fox News' surrebuttal brief to plaintiff's surreply brief in opposition to Fox News' summary judgment motion on December 10, 2021.  Def.'s Opp'n., ECF No. 1092 at 8. The expedited transcripts of all three were used in Fox News' surrebuttal brief.  See ECF No. 1059.

It is clear defendants did not seek expedited transcripts frivolously or for mere convenience.  They sought expedited transcripts when the respective deposition's content was necessary in complying with an impending deadline. Accordingly, the court taxes plaintiff the expedited transcript costs of the above-mentioned depositions as reasonably necessary, all of which were used in the motions for summary

38

judgment except that Stan Smith was not so used by Fox News, as depicted by the following chart:

| Deponent | Fox News | ABC | MSNBC | CNN | WP |
|---|---|---|---|---|---|
| Don Blankenship Day 1[9] | $6,149.00 | $4,404.92 | $2,202.46 | $2,202.46 | $2,202.46 |
| Don Blankenship Day 2[9] | $3,333.00 | $2,727.00 | $1,363.50 | $1,363.50 | $1,363.50 |
| Martha MacCallum | $1,154.30 | | | | |
| Stan Smith | $2,866.35 | | | $1,514.66 | $1,514.66 |
| Gary Villapiano | $688.70 | | | | |
| Jay Wallace | $630.50 | | | | |
| TOTAL | $14,821.85 | $7,131.92 | $3,565.96 | $5,080.62 | $5,080.62 |

## 2. Other Deposition Related Costs

Plaintiff contests the following deposition costs irrespective of whether the corresponding transcripts were used in the dispositive motions: (1) costs for rough drafts of transcripts; and costs for "Mini/Condensed" transcripts; (2) costs for "Evening/Early AM Pages"; (3) processing and handling costs; (4) various costs related to videotaped depositions; and (5) costs of exhibits. See Pl.'s Mot., ECF No. 1079; Pl.'s Mot., ECF No. 1083; Pl.'s Mot., ECF No. 1081; Pl.'s Mot., ECF No. 1085; Pl.'s Mot., ECF No. 1087.

Generally, transcript deposition costs are taxable if their incurrence was reasonably necessary rather than for the mere convenience of counsel. See Cherry, 186 F.3d at 449;

---

[9] Plaintiff's expedited transcript costs from his delayed two-day deposition total $27,311.80.

<u>Francisco v. Verizon S., Inc.</u>, 272 F.R.D. 436, 444 (E.D. Va. 2011); <u>Colosi v. Jones Lang LaSalle Americas, Inc.</u>, 781 F.3d 293, 295 (6th Cir. 2015); <u>Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.</u>, 817 F.3d 433, 437−38 (2d Cir. 2016).  The prevailing party bears the initial burden of showing their requested costs are allowable under 28 U.S.C § 1920.  <u>Francisco</u>, 272 F.R.D. at 441.  After such a showing, the burden shifts to the non-prevailing party to "identify any impropriety of taxing the proposed costs."  <u>Id.</u>

Having earlier found that the transcripts of Paula Blankenship, Farrah Meiling Hobbs, Jordan Burgess, First Page Management, Darius Fisher, Paul Jepsen, and Alex Isenstadt do not meet the reasonably necessary standard, the costs ancillary to those depositions are accordingly denied.  The total requested costs are denied by $10,601.45 with respect to Fox News and $563.85 with respect to ABC.

a.  Rough Draft Costs and "Mini/Condensed" Costs

ABC argues it needed a rough draft of plaintiff's deposition of witness John Verhovek "to timely prepare for potential depositions of [its] other . . . witnesses" as ABC had no way of knowing if plaintiff would depose other ABC witnesses. Def.'s Opp'n., ECF No. 1093 at 17.  MSNBC asserts that it required rough drafts of the Christopher Hayes and Joy Reid

deposition transcripts because they were its chief witnesses, and their testimony was needed "to prepare for other upcoming depositions and to facilitate MSNBC's defense strategy for the case." Def.'s Opp'n., ECF No. 1090 at 12.  CNN and the Washington Post state that they incurred expenses for rough drafts of two transcripts "in circumstances when counsel deemed them reasonably necessary."  Def.'s Opp'n., ECF No. 1091 at 4.

Plaintiff objects to the costs of rough draft transcripts on the grounds that they were "not necessary." Pl.'s Mot., ECF No. 1083 at 14; Pl.'s Mot., ECF No. 1081 at 14; Pl.'s Mot., ECF No. 1085 at 11; Pl.'s Mot., ECF No. 1087 at 11.

Defendants fail to show how their respective procurements of transcript rough drafts amounted to anything more than convenience.  ABC's procurement was precautionary at best.  CNN and the Washington Post do not offer any details regarding the "circumstances" which they say warranted counsel's procurement.  MSNBC's above stated contention is the most persuasive.  However, while an immediate rough draft transcript may supplement good notetaking and memory retention skills, it is not necessary for counsel's understanding of witness testimony for the purpose of "prepar[ing] for other upcoming depositions" or "facilitat[ing] [a] defense strategy for the case."  The court declines to tax the costs of any rough draft

transcripts.  The total requested costs are denied as follows: $686.25 with respect to ABC; $2,472.76 with respect to MSNBC; $637.88 with respect to CNN; and $327.38 with respect to the Washington Post.

Additionally, the court declines to tax costs for "Mini/Condensed" transcripts, inasmuch as no party defines such costs (though the court discerns the parties are referring to 4 pages appearing on a single page).  Nor is any showing made to support their taxability under Section 1920.  The total requested costs are denied as follows: $377.00 with respect to ABC; $232.00 with respect to MSNBC; $159.50 with respect to CNN; and $72.50 with respect to the Washington Post.

b.  "Evening/Early AM Pages" Costs

Plaintiff objects to the costs of "Evening/Early AM Pages," contending they were "not necessary." Pl.'s Mot., ECF No. 1083 at 14; Pl.'s Mot., ECF No. 1081 at 14; Pl.'s Mot., ECF No. 1085 at 11; Pl.'s Mot., ECF No. 1087 at 11.

ABC explains that the "Evening/Early AM Pages" cost "simply reflects that limited portions of the deposition took place before or after standard business hours, something that was necessary for multiple defendants to complete [p]laintiff's

deposition in two days, pursuant to the parties' agreement."
Def.'s Opp'n., ECF No. 1093 at n.4.

This cost is one that is simply an additional charge
for court reporter appearance costs — costs which plaintiff
otherwise does not contest — to compensate for court reporter
appearance time outside normal business hours.  Inasmuch as the
"Evening/Early AM Pages" costs correspond with court reporter
appearance costs for the plaintiff's two-day deposition alone,
the court taxes plaintiff court reporter appearance costs and
"Evening/Early AM Pages" costs as follows: $117.00 payable to
Fox News; $513.00 payable to ABC; $276.00 payable to MSNBC;
$256.50 payable to CNN; and $256.50 payable to the Washington
Post.

     c.   "Processing and Handling" Costs

Plaintiff contests costs related to the postproduction
of deposition transcripts, which he generally labels "processing
and handling" costs.  Pl.'s Mot., ECF No. 1079 at 9.  Plaintiff
specifically objects to three line-items in the deposition
transcript invoices as "processing and handling" costs:
"Processing, Handling & Archiving" costs from Lexitas, <u>see</u> ECF
No. 1077 at 9 and ECF No. 1075-2 at 7, and "Production and
Processing" and "Electronic Delivery and Handling" costs from
Veritext, <u>see</u> ECF No. 1074 at 40 and ECF No. 1075-2 at 16.

43

Lexitas and Veritext are court reporting agencies offering services to facilitate remote depositions of the kind contemplated by the Protocol entered in this case.

Fox News maintains that the "Production and Processing" charges on its Veritext invoices "refer to the [court reporter service's] quality control measures," but fails to otherwise explain what services such costs encompass.  See Def.'s Opp'n., ECF No. 1092 at 9-10.  Similarly, ABC justifies "Processing, Handling & Archiving" costs as "simply part of the bundle of costs associated with taking depositions via remote video teleconference, as the parties agreed was necessary under the circumstances," Def.'s Opp'n., ECF No. 1093 at 16, but it does not offer any explanation as to what specific services the costs encompass.  "Electronic Delivery and Handling" costs are not defined by any party.  MSNBC, CNN, and the Washington Post, make no direct argument regarding any such costs.  See Def.'s Opp'n., ECF No. 1090; Def.'s Opp'n., ECF No. 1091.  In the absence of defendant explanation as to what actions these costs entail, the court declines to speculate whether the services go beyond counsels' mere convenience and declines to tax the associated costs.  The total requested costs are denied as follows: $150.00 with respect to Fox News; $580.00 with respect

to ABC; $625.00 with respect to MSNBC; $307.50 with respect to
CNN; $117.50 with respect to the Washington Post.

        **d.  Videotaped Deposition Related Costs**

        Plaintiff contests various costs related to conducting
depositions remotely.  Specifically, plaintiff contests: (1)
costs for Realtime transcription service, which allows for real-
time transcription of spoken words during a deposition (Pl.'s
Mot., ECF No. 1083 at 14; Pl.'s Mot., ECF No. 1081 at 14; Pl.'s
Mot., ECF No. 1085 at 12; Pl.'s Mot., ECF No. 1087 at 12); (2)
Document Technician Services costs, which he claims "are not
included in Section 1920 and, thus, are not recoverable" (Pl.'s
Mot., ECF No. 1079 at 15-16; Pl.'s Mot., ECF No. 1083 at 16;
Pl.'s Mot., ECF No. 1081 at 16; Pl.'s Mot., ECF No. 1085 at 14;
Pl.'s Mot., ECF No. 1087 at 14); (3) costs relating to
LegalView, Lexitas's remote deposition platform (id.); (4)
DVD/MPEG conversion costs, which allowed the parties to access
and view the video-recorded depositions, and which plaintiff

claims were, "merely for the convenience of counsel"[10] (Pl.'s Mot., ECF No. 1079 at 15; Pl.'s Mot., ECF No. 1081 at 16; Pl.'s Mot., ECF No. 1085 at 13); (5) "E-bundle/Lit Support Package" costs (Pl.'s Mot., ECF No. 1079 at 15-16; Pl.'s Mot., ECF No. 1083 at 16; Pl.'s Mot., ECF No. 1081 at 16; Pl.'s Mot., ECF No. 1085 at 14; Pl.'s Mot., ECF No. 1087 at 14); (6) and costs for text-to-video synchronization, which plaintiff asserts are generally not recoverable under § 1920 (Pl.'s Mot., ECF No. 1083 at 16; Pl.'s Mot., ECF No. 1081 at 16; Pl.'s Mot., ECF No. 1085 at 14; Pl.'s Mot., ECF No. 1087 at 14).

As previously noted, Magistrate Judge Aboulhosn entered an agreed upon order and stipulation defining the Protocol, which established expectations and guidelines to govern how the parties would conduct remote depositions in light of the COVID-19 pandemic.  See Protocol, ECF No. 651.

---

[10]  Plaintiff urges the court to rely on Cherry, 186 F.3d at 449, and Preis v. Lexington Ins. Co., No. CIV.A. 06-0360WSC, 2007 WL 3120268, at *3 (S.D. Ala. Oct. 22, 2007), to support his argument.  However, neither case supports denying costs in this instance.  In Cherry, the Fourth Circuit considered whether the prevailing party could be awarded costs for both deposition transcripts and deposition videotaping.  Id. at 449.  It concluded that the prevailing party may recover both where both are necessary.  See id.  It did not address fees for DVD/MPEG conversion.  See id.  In Preis, the court denied recovery of costs for converting videotapes to DVD format since nothing in the record suggested that both storage formats were necessary. No. CIV.A. 06-0360WSC, 2007 WL 3120268, at *3.

Plaintiff's argument that the court should decline costs for Realtime transcription service, use of the LegalView platform, and Document Technician services as unnecessary wholly ignores the dictates of the order and stipulation – which plaintiff's counsel conferred about, agreed upon, and signed – wherein Magistrate Judge Aboulhosn ordered that "Lexitas/Veritext shall provide a real-time transcript during the deposition that shall be available to all attendees upon request," and that "[a] videographer shall remotely capture the deposition video and provide a certified recording." Id. at ¶¶ 24-25.

Indeed, after meeting to discuss the way depositions would proceed through the COVID-19 pandemic, the parties and Magistrate Judge Aboulhosn collectively agreed upon the necessity of the Protocol. Protocol, ECF No. 651 at 1 ("The Parties submit and the Court agrees that, given the ongoing COVID-19 pandemic, good cause exists for entry of the stipulated protocol described in this order."). Courts have determined similar costs for video depositions incurred during the pandemic as being necessary. See, e.g., Dewberry Eng'rs, Inc. v. Dewberry Grp., Inc., No. 1:20-CV-00610, 2022 WL 20804194, at *8 (E.D. Va. July 29, 2022), aff'd, 77 F.4th 265 (4th Cir. 2023), vacated and remanded on other grounds, 145 S. Ct. 681, 221 L. Ed. 2d 156 (2025); Fair Isaac Corp. v. Fed. Ins. Co., 763 F. Supp. 3d 832,

841 (D. Minn. 2025).  Further, the district court in <u>Dewberry</u> found an agreement by the parties to conduct depositions remotely in light of the pandemic indicative of the necessity of related fees.  <u>See</u> <u>Dewberry Eng'rs, Inc.</u>, No. 1:20-CV-00610, 2022 WL 20804194, at *8.  Accordingly, the court taxes plaintiff costs for use of Realtime transcription, Document Technician services, and LegalView platform as follows: $5,014.00 payable to Fox News; $4,717.10 payable to ABC; $4,340.73 payable to MSNBC; $4,718.14 payable to CNN; and $3,016.94 payable to the Washington Post.

Regarding "DVD/MPEG Conversion" costs, defendants assert the parties could not have accessed the ordered and stipulated video-recorded depositions without the service.  <u>See</u> Def.'s Opp'n., ECF No. 1092 at 10; Def.'s Opp'n., ECF No. 1090 at 13-14.  Plaintiff does nothing to refute this assertion or alternatively characterize the service these costs were based upon.[11]  <u>See</u> Pl.'s Mot., ECF No. 1079; Pl.'s Mot., ECF No. 1083; Pl.'s Mot., ECF No. 1081; Pl.'s Mot., ECF No. 1085; Pl.'s Mot., ECF No. 1087; ECF No. 1094.  The court thus concludes the

---

[11]  In his memoranda objecting to ABC's and the Washington Post's proposed bill of costs, plaintiff contends that both ABC and the Washington Post seek costs related to DVD/MPEG conversion and Text-to-Video Synchronization.  However, neither seek such costs.  <u>See</u> ECF No. 1075-2; ECF No. 1077.

service was necessary to ensure the recorded depositions occupied a format that was of use to the parties.  The court taxes plaintiff costs for "DVD/MPEG conversion" as follows: $2,340.00 payable to Fox News and $1,170.00 payable to MSNBC.

        Defendants assert that "E-bundle/Lit Support Package" costs are expenses required to make deposition transcripts "accessible, readable, and searchable."  <u>See</u> Def.'s Opp'n., ECF No. 1090 at 13-14; Def.'s Opp'n., ECF No. 1092 at 10; Def.'s Opp'n., ECF No. 1091 at 5.  Plaintiff does nothing to combat this assertion or alternatively characterize the service the costs are based upon, claiming merely, that the costs were unnecessary.  <u>See</u> Pl.'s Mot., ECF No. 1079 at 15-16; Pl.'s Mot., ECF No. 1083 at 16; Pl.'s Mot., ECF No. 1081 at 16; Pl.'s Mot., ECF No. 1085 at 14; Pl.'s Mot., ECF No. 1087 at 14.  However, defendants' assertion implies that at least a portion of the service was performed for the convenience of counsel.  The court declines to speculate how much of the service was necessary as opposed to the mere convenience of counsel, and declines to tax "E-bundle/Lit Support Package" costs.  The total requested costs are denied as follows: $963.50 with respect to Fox News; $672.50 with respect to ABC; $545.00 with respect to MSNBC; $316.25 with respect to CNN; and $118.75 with respect to the Washington Post.

Finally, defendants fail to address their request for costs related to text-to-video synchronization, also referred to as "VideoSync."  Only defendants MSNBC and CNN request such costs.  The purpose of this synchronization is unclear from the bills of costs; neither is it shown to have been contemplated under the Protocol established by Magistrate Judge Aboulhosn. It is also unclear whether the synchronization was in any way redundant with the Realtime transcription service or other services which the court has already taxed.[12]  In the absence of any meaningful articulation of how the service was necessary and thus allowable under Section 1920, the court declines to speculate and tax plaintiff for any associated costs.  The total requested costs are denied as follows: $2,395.00 with respect to MSNBC and $375.00 with respect to CNN.

---

[12]  The Northern District of California defined text-to-video synchronization as occurring where a video technician synchronizes the time of a video-recorded deposition to the lines of a transcript.  See Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010).

e.   Exhibit Costs

Plaintiff objects to exhibit costs related to deposition transcripts, arguing that such costs are not taxable. Pl.'s Mot., ECF No. 1079 at 14; Pl.'s Mot., ECF No. 1083 at 10; Pl.'s Mot., ECF No. 1081 at 15; Pl.'s Mot., ECF No. 1085 at 12; Pl.'s Mot., ECF No. 1087 at 13.

Plaintiff points the court to a line of cases in which costs for transcript exhibits were denied when the exhibits were "primarily for the convenience of counsel, who often has a copy of the exhibit at hand already." Scallet, 176 F.R.D. at 529; see Delapp v. Shearer's Foods, Inc., No. 1:15CV00020, 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016); Centennial Broad., LLC v. Burns, No. 6:06CV006, 2007 WL 1839736, at *2 (W.D. Va. June 22, 2007); Clehm v. BAE Sys., Inc., No. 7:16-CV-00012, 2018 WL 3978183, at *7 (W.D. Va. May 9, 2018), report and recommendation adopted sub nom. Clehm v. BAE Sys. Ordnance Sys., Inc., No. 7:16-CV-00012, 2018 WL 3978995 (W.D. Va. Aug. 20, 2018).

As justification for the taxation of exhibit costs, defendants assert that all depositions were conducted remotely during the COVID-19 pandemic. Def.'s Opp'n., ECF No. 1092 at 9; Def.'s Opp'n., ECF No. 1090 at 13; Def.'s Opp'n., ECF No. 1091. Further, the parties agreed that the depositions would be recorded by videographic means and would incorporate exhibits.

Def.'s Opp'n., ECF No. 1092 at 9; Def.'s Opp'n., ECF No. 1093 at 16; Def.'s Opp'n., ECF No. 1090 at 13.  Indeed, plaintiff stipulated in the Protocol to using the Lexitas/Veritext platform, which permits all participants to download exhibits. See Protocol, ECF No. 651.

In contrast to the cases cited by plaintiff and as discussed above, the parties explicitly agreed to the Protocol, in which they agreed to take depositions remotely due to the ongoing COVID-19 pandemic.  The parties also explicitly agreed to use electronic transcript exhibits during the remote depositions.  See Protocol, ECF No. 651 at 4 (detailing that for the remote depositions, the parties agreed to "distribute exhibits to the witnesses [and other participants] . . . electronically via the Lexitas/Veritext platform").  Defendants assert that transcript exhibits were not merely "for the convenience of counsel" but were "reasonably necessary" to effectuate the remote depositions.  The Protocol itself evidences as much.  The court taxes plaintiff costs for transcript exhibits as follows: $1,597.50 payable to Fox News; $2,048.10 payable to ABC; $1,610.73 payable to MSNBC; $704.56 payable to CNN; $442.06 payable to the Washington Post.

3. Hearing Transcript Costs

Plaintiff also objects to Fox News seeking $598.95 for the cost of two hearing transcripts as "[Fox News] fails to provide any explanation as to why these transcripts were a necessity under Section 1920." Pl.'s Mot., ECF No. 1079 at 13. Fox News responds that the respective acquisitions of the hearing transcripts were "reasonably necessary" because:

> In one of the hearings, the Magistrate Judge directed [plaintiff] to produce documents by dates certain . . . and the transcript was needed to assist in the ensuing meet and confer process. The other hearing concerned [Fox News'] motion for reconsideration of a discovery order, and the transcript reflected statements and arguments [Fox News] relied on when objecting to the Magistrate Judge's decision on that motion.

Def.'s Opp'n., ECF No. 1092 at 7.

The first transcript requested by Fox in the above quote concerns a telephonic hearing held on December 22, 2020, before Magistrate Judge Aboulhosn to address plaintiff's motions to compel production of documents from all defendants.  See ECF Nos. 705, 708.  The second transcript, at ECF No. 969, concerns a hearing held on July 7, 2001, before Magistrate Judge Aboulhosn to address Fox News' Rule 54(b) motion for reconsideration of a prior discovery order and plaintiff's request for clarification regarding Fox News' production of discovery materials.  See ECF No. 967.  The initial courtroom

53

minute entries reflect the proceedings generally; they do not provide the specifics.  See ECF Nos. 705, 967.

While the Fourth Circuit has not addressed the issue, courts have allowed the taxation for costs of hearing transcripts "if [they were] necessary for effective performance in the case."  Scallet, 176 F.R.D. at 525; see, e.g., Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys Inc., 569 F.3d 1353, 1358 (Fed. Cir. 2009) (affirming the Northern District of West Virginia's holding that costs for a transcript of a pre-trial hearing are recoverable).  This approach is consistent with the language of the statute, which allows for taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

Inasmuch as Fox News purchased the first transcript to "assist in the ensuing meet and confer process," the court finds the transcript was at most a supplement to good notetaking and memory retention skills, unnecessary for effective performance in the case.  The court declines to tax its costs.  Fox News' total requested costs are denied by $163.35.

In contrast, the second hearing transcript was necessary inasmuch as Fox News needed to quote verbatim statements made at the hearing for purposes of their motion. The court taxes plaintiff the cost of the second hearing

transcript, ECF No. 969, in the amount of $435.60 payable to Fox News.

## C.   Witness and Printing Costs

Under § 1920(3), Fox News and CNN seek taxation for the costs of witnesses.  See ECF No. 1073-1 at 5 ("[Fox News] seeks $115.04 in costs incurred by [Fox News] for witness Gary Villapiano's travel to a deposition noticed by [plaintiff]."); ECF No. 1076 at 3 (CNN seeks $41.84 in costs for witness Jordan Burgess).

Plaintiff does not object.  See Pl.'s Mot., ECF No. 1079 at 12; Pl.'s Mot., ECF No. 1085 at 15.  The costs are taxable to plaintiff under Section 1920(3).  The court taxes plaintiff witness costs in the amount of $115.04 payable to Fox News and $41.84 payable to CNN.

Also under § 1920(3), Fox News seeks $1,295.50 for printing costs.  ECF No. 1073 at 1; ECF No. 1073-1 at 4-5.  Fox News states the printing jobs were "performed at the offices of Hunton Andrews Kurth LLP," and that the firm's Accounting Department tracked the jobs, but "[n]o physical record [was] generated for printing costs in the ordinary course of business."  ECF No. 1073-1 at 1.  Fox News states that these

55

costs constitute "disbursement for printing necessarily performed to defend this case."  Id.

Plaintiff argues that because Fox News lists various charges for "duplicating" and "copies" under the form Bill of Costs' subsection for "Fees and disbursements for printing," these costs would be "more appropriately included under section 1920(4) concerning 'copying fees,'" which he contends are not recoverable here.  See Pl.'s Mot., ECF No. 1079 at 16. Plaintiff maintains that Fox News provides no description as to what documents were duplicated and/or copied, but that to the extent these costs include "PACER print charges," the costs should be denied.  Pl.'s Mot., ECF No. 1079 at 16 (citing Marks Const. Co. v. Huntington Nat. Bank, No. 1:05-cv-73, 2010 WL 3418329, at *14–15 (N.D.W. Va. Aug. 27, 2010)).

Fox News responds that the printing jobs were necessary and are recoverable, and that none of the "printing costs" include PACER-related charges.  Def.'s Opp'n., ECF No. 1092 at 11.  They insist that "the list of jobs submitted with [Fox News'] bill of costs describes charges for printing deposition and discovery materials in the duplicating department at Hunton Andrews Kurth LLP's office."  Id.

Section 1920(3) allows for "[f]ees and disbursement for printing and witnesses."  28 U.S.C. § 1920(3).  The court

56

may tax printing costs if they were necessarily obtained for use in the case.  <u>Francisco</u>, 272 F.R.D. at 445 (collecting cases). Crucially, **Fox News** submitted line-itemization for printing costs that does not specify to any extent what documents were printed.  <u>See</u> 1073-1 at 4–5.  The court declines to speculate whether the unspecified print jobs were necessarily obtained and declines to tax the associated costs.  Fox News' total requested costs are denied by $1,295.50.

D.   Copying Costs

Under § 1920(4), **Fox News** seeks $10,229.50 for "copying costs," for what it describes as "the costs of making copies of materials where the copies were necessarily obtained for use in the case."  ECF No. 1073-1 at 6; ECF No. 1073 at 1. Fox News states that these costs "were incurred to copy electronic materials Blankenship requested of [Fox News]."  ECF No. 1073-1 at 6.  Fox News states that these costs represent "only a fraction of the actual costs [Fox News] paid to Cognicion LLC," the entity that charged the costs.  <u>Id.</u>  The invoices show the costs, per ECF No. 1078, as follows:

| Line-Item Cost | Amount |
|---|---|
| Preparing Production for TIFF Conversion Export | $7,367.50 |
| Making Redacted Copies of Documents for Production | $1,724.00 |
| Production QC | $472.50 |
| Export Production from Relativity | $665.50 |
| **TOTAL** | **$10,229.50** |

Plaintiff states that Section 1920(4) allows a court "to tax as costs '[f]ees for exemplification and copies of papers necessarily obtained for use in the case.'" Pl.'s Mot., ECF No. 1079 at 16 (quoting 28 U.S.C. § 1920(4)). Plaintiff argues that, generally, prevailing parties "are not entitled to recover costs incurred in responding to discovery because the producing party possesses the original documents, and such papers are not 'obtained' for purposes of Section 1920(4)." Id. (quoting Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys Inc., No. CIV.A. 1:02CV32, 2008 Case 2:19-cv-00236, 2008 WL 7384877, at *8 (N.D.W. Va. Aug. 18, 2008), aff'd in part, vacated in part, 569 F.3d 1353 (Fed. Cir. 2009)). Plaintiff asserts that because Fox News possessed the original documents, the photocopies made in

response to his discovery requests "were for the convenience of [Fox News'] counsel and were not necessary for litigation." Id. at 17.

Fox News disagrees, arguing that they seek "only fees for preparing document productions for TIFF conversion export and associated charges." Def.'s Opp'n., ECF No. 1092 at 11. Further, Fox News maintains that the court should award the copying costs in full as plaintiff "demanded and obtained vast document discovery in this case and those costs were a necessary component of complying with his requests." Id. Fox News argues that the Fourth Circuit has endorsed the taxing of copying costs. Id. (quoting Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 261 (4th Cir. 2013)).

In Country Vintner, the Fourth Circuit held that conversion of native files to the TIFF format constitutes "making copies" under § 1920(4). Id. There, the court allowed the prevailing party to recover costs associated with converting electronically stored documents/information ("ESI") to non-editable formats and burning the files onto discs. Id. at 260. Similarly here, photocopies were not made "for the convenience of [Fox News'] counsel," (Pl.'s Mot., ECF No. 1079 at 16), but rather the copies were made — and costs incurred — "to copy electronic materials Blankenship requested of [Fox News]," which

59

required converting the files from their native format to TIFF. ECF No. 1073-1 at 6.  However, <u>Country Vintner</u> affirmed the disallowance of the lion's share of ESI-related costs, including costs for "preparing the production of documents to opposing counsel."  718 F.3d at 251–253.

Except for the conversion to TIFF, Fox News has failed to elaborate what the other line-item costs from the invoices entail, and it has not met its burden of showing how those costs are allowable under Section 1920.  Specifically, the court declines to parse "Making Redacted Copies of Documents for Production" into wholly allowable costs without any further explanation by Fox News.  The same applies to the remaining two categories of "Production QC" and the indecipherable "Export Production from Relativity."  The court taxes plaintiff with TIFF conversion line-item costs only, in the amount of $7,367.50 payable to Fox News.  Fox News' total requested costs are reduced by $2,862.00.

## IV.  Conclusion

For the reasons stated above, the plaintiff's objections to defendants' bills of costs are SUSTAINED IN PART and OVERRULED IN PART.  Pursuant to Federal Rule of Civil Procedure Rule 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. Section 1920, the court taxes plaintiff total costs in the applicable categories as depicted in bold type in the following chart:

| 28 U.S.C. | Fox News | ABC | MSNBC | CNN | WP |
|---|---|---|---|---|---|
| § 1920(1) | $1,285.00 | – | – | – | – |
| § 1920(2) | | | | | |
| Non-Exp. Tr. | $11,445.85 | $9,388.15 | $6,833.20 | $3,248.95 | $648.00 |
| Exp. Tr. | $14,821.85 | $7,131.92 | $3,565.96 | $5,080.62 | $5,080.62 |
| Anc. Tr.[13] | $9,504.10 | $7,278.20 | $7,397.46 | $5,679.20 | $3,715.50 |
| | $35,771.80 | $23,798.27 | $17,796.62 | $14,008.77 | $9,444.12 |
| § 1920(3) | $115.04 | – | – | $41.84 | – |
| § 1920(4) | $7,367.50 | – | – | – | – |
| TOTAL | $44,539.34 | $23,798.27 | $17,796.62 | $14,050.61 | $9,444.12 |

The court denies costs in the applicable categories as depicted in the following chart and as more fully set forth in the Appendix, page i–ii, hereto:

---

[13]  "Anc. Tr." refers to the allowable deposition costs ancillary to reasonably necessary transcripts.

| Costs Denied | Fox News | ABC | MSNBC | CNN | WP |
|---|---|---|---|---|---|
| § 1920(1) | $4,405.00 | $250.00 | $150.00 | $75.00 | $75.00 |
| § 1920(2) | $15,405.25 | $3,923.50 | $6,269.76 | $1,796.13 | $636.13 |
| § 1920(3) | $1,295.50 | – | – | – | – |
| § 1920(4) | $2,862.00 | – | – | – | – |
| TOTAL | $23,967.75 | $4,173.50 | $6,419.76 | $1,871.13 | $711.13 |

It is so ORDERED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:  October 29, 2025

John T. Copenhaver, Jr.
Senior United States District Judge

## Appendix

### Costs Denied:

**Fox News**

| | |
|---|---|
| Visiting Attorney Fees – | $   300.00 |
| Marshals Fees – | $ 4,105.00 |
| Transcript – | $ 3,526.95 |
| Anc. Transcript – | $10,601.45 |
| Processing and Handling – | $   150.00 |
| Litigation Bundle – | $   963.50 |
| Hearing Transcript – | $   163.35 |
| Copying Costs – | $ 2,862.00 |
| Printing Costs - | $ 1,295.50 |
| **Total -** | **$23,967.75** |

**ABC**

| | |
|---|---|
| Visiting Attorney Fees – | $   250.00 |
| Transcript – | $1,043.90 |
| Anc. Transcript – | $   563.85 |
| Processing and Handling – | $   580.00 |
| Litigation Bundle – | $   672.50 |
| Rough Draft - | $   686.25 |
| Mini/Condensed - | $   377.00 |
| **Total -** | **$4,173.50** |

**MSNBC**

Visiting Attorney Fees –        $  150.00

Processing and Handling –       $  625.00

Litigation Bundle –             $  545.00

Rough Draft -                   $2,472.76

Mini/Condensed -                $  232.00

Video Sync –                    $2,395.00

**Total -**                     **$6,419.76**

**CNN**

Visiting Attorney Fees –        $   75.00

Processing and Handling –       $  307.50

Litigation Bundle –             $  316.25

Rough Draft -                   $  637.88

Mini/Condensed -                $  159.50

Video Sync –                    $  375.00

**Total -**                     **$1,871.13**

**The Washington Post**

Visiting Attorney Fees –        $ 75.00

Processing and Handling –       $117.50

Litigation Bundle –             $118.75

Rough Draft -                   $327.38

Mini/Condensed -                $ 72.50

**Total -**                     **$711.13**